UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| POLYNICE, EDWIN, | HON. MADELINE COX ARLEO, U.S.D.J. |
| | HON. LEDA DUNN WETTRE, U.S.M.J. |
| Plaintiff, | |
| v. | Civ. Dkt. 2:19-cv-16875-MCA-LDW |
| NJ DEPARTMENT OF CORRECTIONS, ET AL., | |
| Defendants. | |

---

**BRIEF IN SUPPORT OF DEFENDANTS MOTION TO DISMISS THE COMPLAINT WITH PREJUDICE AS AGAINST THEM FOR FAILURE TO STATE A CLAIM PURSUANT TO <u>FED. R. CIV. P.</u> 12(b)(6)**

---

GURBIR S. GREWAL
ATTORNEY GENERAL OF NEW JERSEY
R.J. Hughes Justice Complex
25 Market Street
P.O. Box 112
Trenton, NJ 08625-0112
*Attorney for Defendants*


By:  Chanell Branch

## TABLE OF CONTENTS

**PAGE**

INTRODUCTION ................................................ 1

PROCEDURAL HISTORY ......................................... 2

STATEMENT OF FACTS ......................................... 3

STANDARD OF REVIEW ........................................ 4

ARGUMENT .................................................. 6

    POINT I

    POLYNICE'S CLAIM AGAINST NEW JERSEY DEPARTMENT OF CORRECTIONS,
    NORTHERN STATE PRISON, AND ADMINISTRATOR GEORGE ROBINSON IN HIS
    OFFICIAL CAPACITY UNDER 42 U.S.C. § 1983 MUST BE DISMISSED
    BECAUSE STATE ENTITIES AND/OR STATE EMPLOYEES IN THEIR OFFICIAL
    CAPACITIES ARE NOT "PERSONS" AMENABLE TO SUIT UNDER 42 U.S.C. §
    1983 AND SUCH CLAIMS ARE BARRED BY THE ELEVENTH AMENDMENT.... 6

        A. Defendants New Jersey Department of Corrections, Northern
        State Prison, and Administrator George Robinson, in Their
        Official Capacities, Are Not "Persons" Amendable to Suit
        Under 42 U.S.C. § 1983 and Therefore must be Dismissed.. ..8

    POINT II

    POLYNICE'S CLAIM AGAINST ADMINISTRATOR GEORGE ROBINSON IN HIS
    INDIVIDUAL CAPACITY SHOULD BE DISMISSED WITH PREJUDICE BECAUSE
    THE COMPLAINT DOES NOT ALLEGE SPECIFIC FACTS ESTABLISHING
    PERSONAL INVOVLEMENT AND ARE BASED UPON AN IMPERMISSIBLE THEORY
    OF RESPONDEAT SUPERIOR................................... 10

    POINT III

    POLYNICE'S NEGLIGENCE CLAIM AGAISNT DEFENDANTS MUST BE DISMISSED
    BECAUSE NEGLIGENCE DOES NOT RISE TO THE LEVEL OF A
    CONSTITUTIONAL VIOLATION................................. 13

    POINT IV

    TO THE EXTENT POLYNICE IS ARGUING NEGLIGENCE UNDER NJTCA,
    DISMISSAL OF THE COMPLAINT IS WARRANTED AS THE CLAIM WOULD BE
    BARRED................................................... 14

POINT V

POLYNICE'S COMPLAINT MUST BE DISMISSED BECAUSE HE HAS FAILED TO EXHAUST HIS ADMINISTRATIVE REMEDIES WITH REGARD TO THESE CLAIMS ................................................. 16

CONCLUSION ................................................. 17

## TABLE OF AUTHORITIES

### Cases

*A.M. ex rel. J.M.K. v. Luzerne County Juvenile Detention Center*,
   372 F.3d 572 (3d Cir. 2004) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

*Ahmed v. Dragovich*,
   297 F.3d 201 (3d Cir. 2002) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16

*Alabama v. Pugh*,
   438 U.S. 781 (1987) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

*Ashcroft v. Iqbal*,
   129 S. Ct. 1937 (2009) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

*Ashcroft v. Iqbal*,
   556 U.S. 662 (2009) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

*Baker v. Monroe Twp.*,
   50 F.3d 1186 (3d Cir. 1995) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

*Beauchamp v. Amedio*,
   164 N.J. 111 (2000) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

*Bell Atl. Corp. v. Twombly*,
   550 U.S. 544 (2007) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

*Blanciak v. Allegheny Ludlum Corp.*,
   77 F.3d 690 (3d Cir. 1995) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

*Bonitsis v. New Jersey Institute of Technology*,
   363 N.J. Super. 505 (App. Div. 2003) . . . . . . . . . . . . . . . . . . . . . . . . 14

*College Savings Bank v. United States of America*,
   948 F. Supp. 400 (D.N.J. 1996) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

*Concepcion v. Morton*,
   306 F.3d 1347 (3d Cir. 2002) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16

*Daniel v. Williams*,
   474 U.S. 327, 328 (1986) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

*Fuller v. Rutgers, The State University*,
   154 N.J. Super. 420 (App. Div. 1977) . . . . . . . . . . . . . . . . . . . . . . . . . 15

*Gittlemacker v. Prasse*,
  428 F.2d 1(3d Cir. 1970) ..................................... 12

*Hammond v. City of Paterson*,
  145 N.J.Super. 452 (App. Div. 1976) ......................... 15

*Jimenez v. New Jersey*,
  245 F. Supp. 2d 584(D.N.J. 2003) ............................ 10

*Karczewski v. Nowicki*,
  188 N.J. Super. 355(App. Div. 1982) ......................... 16

*Kentucky v. Graham*,
  473 U.S. 159 (1985) .......................................... 7

*Meyer v. New Jersey*,
  46 F.2d 1252 (3rd Cir. 1972) ................................. 6

*Miller v. Rutgers*,
  619 F. Supp. 1386 (D.N.J. 1985) .............................. 7

*Parratt v. Taylor*,
  451 U.S. 527 (1981) ......................................... 13

*Pennhurst State School and Hosp. v. Halderman*,
  465 U.S. 89(1984) ........................................... 7

*Polk County v. Dodson*,
  454 U.S. 312(1981) ......................................... 10

*Quern v. Jordan*,
  440 U.S. 332 (1979) .......................................... 6

*Rasmussen v. Larson*,
  863 F.2d 603 (8th Cir. 1988) ................................ 12

*Rode v. Dellarciprete*,
  845 F.2d 1195(3d Cir. 1988) ................................. 11

*Rudolph v. Adamar of N.J., Inc.*,
  153 F.Supp.2d 528(D.N.J. 2001) .............................. 7

*Stoneking v. Bradford Area Sch. Dist.*,
  882 F.2d 720(3d Cir.1989) .................................. 12

*Torres v. Jersey City Medical Center*,
  140 N.J.Super. 323(Law Div. 1976) .......................... 15

*Velez v. City of Jersey City*,
   180 *N.J.* 284 (2004) ........................................ 14

Whesper v. Tulli,
   2008 N.J. Super. Unpub. LEXIS 498 *9; 2008 WL 582800 ........ 13

*Will v. Michigan Dep't of State Police*,
   491 U.S. 58 (1989) ......................................... 9

**Statutes**

N.J.S.A. 59:8-1 ............................................... 15

*N.J.S.A.* 59:8-3 ............................................. 14

*N.J.S.A.* 59:8-4 ............................................. 14

N.J.S.A. 59:8-8 ........................................... 14, 15

**Other Authorities**

42 U.S.C. § 1915 ............................................. 16

42 U.S.C. § 1983 ......................................... passim

**Rules**

Fed. R. Civ. P. 12(b)(6) .................................... 4

Fed. R. Civ. P. 8(a)(2) ..................................... 6

**Constitutional Provisions**

U.S. Const., Amend. XI ...................................... 7

## INTRODUCTION

Plaintiff, Edwin Polynice, (hereinafter "Polynice") has filed his Complaint alleging a violation under 42 U.S.C. § 1983 against Defendants New Jersey Department of Corrections, Northern State Prison, and Administrator George Robinson (collectively, "Defendants"). While Sergeant Gibson is a named defendant in Plaintiff's complaint, the Office of the Attorney General is not representing his legal interest. Plaintiff has not served Sergeant Gibson nor has Sergeant Gibson requested representation from the Office of the Attorney General. The only individual state employee being represented is Administrator George Robinson.

In his Complaint, Polynice alleges that Defendants are responsible for the injury he sustained after dismounting from the top bunk of cell 104. The Complaint alleges that Defendants failure to keep him in a safe and secure environment were violations of the Eighth and Fourteenth Amendments.

Polynice's Complaint against Defendants brought under 42 U.S.C. § 1983 must be dismissed because a suit in federal court against the State, State entities, and individual State employees in their official capacity is barred by the Eleventh Amendment. Moreover, the State, State entities, and State officials in their official capacity are not "persons" amendable to suit within the meaning of the statute.

1

Additionally, the Complaint must also be dismissed against Defendant Administrator George Robinson in his individual capacity because Polynice has failed to establish that Robinson had any personal involvement in the alleged violation. Without alleging any personal knowledge of Administrator George Robinson, Polynice's claim of supervisor liability must be dismissed. Lastly, because Polynice has failed to demonstrate that he has complied with the notice provisions of the New Jersey Tort Claims Act (hereinafter "NJTCA"), any tort claims within the Complaint must be dismissed.

## PROCEDURAL HISTORY

Plaintiff commenced this action by filing a Complaint with this Court on August 19, 2019. *See* ECF docket entry no. 1. On or about September 19, 2019, an extension to respond to the complaint was requested to allow all Represented Defendants to submit a complete response to Plaintiff's Complaint. *See* ECF docket entry no. 6. The request for the extension was granted on or about September 23, 2019. *See* ECF docket entry no. 7. This Motion to Dismiss in lieu of an Answer now follows.

**STATEMENT OF FACTS**[1]

Polynice alleges that he was incarcerated at the Detention Unit of Northern State Prison (hereinafter "NSP") on or about September 30, 2017. *See* Exhibit A, Polynice's Complaint ¶ 20. Polynice alleges that on that date a corrections officer whom he identifies as S.C.O John Doe instructed him to utilize the top bunk of cell 104. *Id.* at ¶ 21. Polynice alleges that he informed S.C.O. John Doe that he could not be on the top bunk due to "mandated medical restrictions and persistent medical issues" and could only be placed on the bottom bunk. *Id.* at ¶ 22. Polynice alleges that S.C.O. John Doe ordered him to utilize the top bulk and that this order came from Sergeant Gibson. *Id.* at ¶ 23. Given the ranking of Sergeant Gibson, Polynice alleges he felt compelled to follow the order to sleep on the top bulk. *Id.* at ¶ 23.

Polynice alleges that on October 1, 2017, at or about 12:35 p.m. when dismounting the top bunk to take his daily shower he "became extremely dizzy and fell." *Id.* at ¶ 25. Additionally, Polynice alleges that while he was falling he attempted to step on a stool but slipped and fell "striking his head on the toilet and his leg against the stool." *Id.* at ¶ 26. Due to the fall, Polynice

---

[1] The information in this section is drawn from Polynice's Complaint. While the Court must treat the allegations therein as true for purposes of the Defendant's Rule 12(b)(6) motion, Defendants submits that any reference made to these allegations should not be construed as admissions of fact or as a waiver of any counterclaim or defense.

allegedly sustained severe injuries including thirteen stitches, five staples, a dislocated shoulder, severe neck pain, and bruising on his legs. *Id.* at ¶¶ 27-28.

Polynice also alleges that his injuries required a ten day extended stay in the prison infirmary. *Id.* at ¶ 29. While in the infirmary, Polynice alleges he "experienced debilitating headaches with the pain extending throughout his entire head, chronic pain in his facial area, ongoing dizziness, and a bruised leg." *Id.* at ¶ 30. Polynice alleges to continue to experience neck and lower back pain because of the incident "requiring ongoing physical therapy." *Id.* at ¶ 31.

Polynice's Complaint, as to Defendants New Jersey Department of Corrections, Northern State Prison, and administrator George Robinson should be dismissed because Polynice has failed to state a claim upon which relief can be granted. Specifically, under § 1983 any claim against the State, State entities, and individual State employees in their official capacity is barred by the Eleventh Amendment.

Accordingly, Defendants' motion to dismiss, in lieu of an Answer, should be granted and Polynice's Complaint against Defendants should be dismissed.

### STANDARD OF REVIEW

There are two working principles underlying the motion to dismiss standard, pursuant to Fed. R. Civ. P. 12(b)(6). First,

"the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). Instead, legal conclusions "must be supported by factual allegations" in order to be "entitled to the assumption of truth." *Id.* at 679.

Second, "only a complaint that states a plausible claim for relief survives a motion to dismiss." *Id.; see also Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Whether a complaint states a plausible claim for relief is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* A claim is plausible on its face when the plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, *supra*, 556 U.S. at 678 (citing *Twombly*, *supra*, 550 U.S. at 556). This standard is not a probability requirement, but it "asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, *supra*, 556 U.S. at 678.

In other words, a complaint that pleads facts "merely consistent with a defendant's liability" raises the possibility that the defendant is liable for the alleged misconduct, but "stops short of the line" of plausibility required for entitlement to

relief. *Id.* When the "well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged - but it has not shown - that the pleader is entitled to relief." *Id.* (citing Fed. R. Civ. P. 8(a)(2)) (quotations omitted).

## ARGUMENT

### POINT I

**POLYNICE'S CLAIM AGAINST NEW JERSEY DEPARTMENT OF CORRECTIONS, NORTHERN STATE PRISON, AND ADMINISTRATOR GEORGE ROBINSON IN HIS OFFICIAL CAPACITY UNDER 42 U.S.C. § 1983 MUST BE DISMISSED BECAUSE STATE ENTITIES AND/OR STATE EMPLOYEES IN THEIR OFFICIAL CAPACITIES ARE NOT "PERSONS" AMENABLE TO SUIT UNDER 42 U.S.C. § 1983 AND SUCH CLAIMS ARE BARRED BY THE ELEVENTH AMENDMENT.**

Polynice's Complaint fails to specifically whether Defendants are being sued in their official and/or individual capacities. However, it is well-established that a federal cause of action cannot be maintained against either a state or an agency of that state. *See Quern v. Jordan*, 440 U.S. 332 (1979); *Alabama v. Pugh*, 438 U.S. 781 (1987); *Meyer v. New Jersey*, 46 F.2d 1252 (3rd Cir. 1972). The prohibition against naming a state or state agency as a party in a federal suit derives from the Eleventh Amendment, which provides:

> the judicial power of the United States shall not be construed to extend to any suit in law or equity commenced or prosecuted against one of the United States by citizens of any foreign state.

6

[U.S. Const., Amend. XI]

The amendment precludes federal jurisdiction over a state absent the state's consent to suit. *Pennhurst State School and Hosp. v. Halderman*, 465 U.S. 89, 99 (1984).

The immunity from suit extends to "agencies or Department[s]" of the state as well. *Id.* at 101-102; *Pugh*, *supra*, 438 U.S. at 781. The state is considered the real party in interest in two circumstances, whenever "'the judgment sought would expend itself on the public treasury or domain, or interfere with the public administration' or if the effect of the judgment would be 'to restrain the Government from acting, or to compel it to act.'" *College Savings Bank v. United States of America*, 948 F. Supp. 400, 409 (D.N.J. 1996)(quoting *Pennhurst*, *supra*, 465 U.S. at 101 n. 11). A state's sovereign immunity can be invoked even where the suit is against a state agency, official or employee. *Rudolph v. Adamar of N.J., Inc.*, 153 F.Supp.2d 528, 534 (D.N.J. 2001); *See Pennhurst*, *supra*, 465 U.S. 89.

The Eleventh Amendment prohibition of lawsuits for damages against the State in federal court also applies when a state official is sued for damages in his or her official capacity. *Kentucky v. Graham*, 473 U.S. 159 (1985); *Miller v. Rutgers*, 619 F. Supp. 1386 (D.N.J. 1985). While prospective relief may be sought against state officials acting in their official capacity, a

monetary award indistinguishable from one against the state itself is prohibited by the Eleventh Amendment even when a suit is filed against nominal state officials. *Miller*, *supra*, 619 F. Supp. at 1392-93.

In his Complaint, Polynice seeks compensatory damages and punitive damages from New Jersey Department of Corrections, Northern State Prison, and Administrator George Robinson. *See* Plaintiff's Complaint. Due to Eleventh Amendment immunity, New Jersey Department of Corrections and Northern State Prison as agencies or departments of the state are barred from suit.

At the time of these alleged events, Administrator George Robinson was, and still is, employed by the New Jersey Department of Corrections, an agency of the State. As such, the Eleventh Amendment bars suit against Defendant Administrator George Robinson. Therefore, Polynice's § 1983 claims seeking monetary damages against Defendants must be dismissed based on Eleventh Amendment immunity.

A. **Defendants New Jersey Department of Corrections, Northern State Prison, and Administrator George Robinson, in Their Official Capacities, Are Not "Persons" Amendable to Suit Under 42 U.S.C. § 1983 and Therefore must be Dismissed.**

42 U.S.C. § 1983 provides, in pertinent part:
> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges or

> immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

To be liable within the meaning of the statute, a defendant must be a "person." The Supreme Court of the United States has held that "States are not 'persons' within the meaning of § 1983 and, therefore, cannot be among those held liable for violations of the civil rights statute." *Blanciak v. Allegheny Ludlum Corp.*, 77 F.3d 690, 697 (3d Cir. 1995) (citing *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 66 (1989)). Additionally, in *Will*, the Supreme Court specifically held that state agencies and officials acting in their official capacity are not "persons" under § 1983. *Will*, *supra*, 491 U.S. at 70-71.

In *Will*, the United States Supreme Court held that in enacting § 1983, Congress did not intend to override well-established common law immunities or defenses, specifically that of a state not to be sued without its consent. *Id*. at 71. While § 1983 is a remedy for an official violation of federal rights, it "does not suggest that the State itself was a person that Congress intended to be subject to liability." *Id*. at 68.

Here, Defendants New Jersey Department of Corrections and Northern State Prison as agencies of the state and administrator George Robinson in his official capacity, are not "persons" for purposes of the 42 U.S.C. § 1983 under *Will*. Further, any suit

9

against Defendants New Jersey Department of Corrections, Northern State Prison, and Administrator George Robinson in his official capacity is a suit against the State. As such, the State of New Jersey has not consented to suit under 42 U.S.C. § 1983. Therefore, the entirety of the Complaint should be dismissed because Defendants are not "persons" amendable to suit pursuant to 42 U.S.C. § 1983.

<u>POINT II</u>

**POLYNICE'S CLAIM AGAINST ADMINISTRATOR GEORGE ROBINSON IN HIS INDIVIDUAL CAPACITY SHOULD BE DISMISSED WITH PREJUDICE BECAUSE THE COMPLAINT DOES NOT ALLEGE SPECIFIC FACTS ESTABLISHING PERSONAL INVOLVEMENT AND ARE BASED UPON AN <u>IMPERMISSIBLE THEORY OF RESPONDEAT SUPERIOR.</u>**

Polynice's claims against Defendant Administrator George Robinson in his individual capacity should be dismissed because Polynice fails to allege facts establishing that Robinson was personally involved in the alleged wrongdoings. Rather, Polynice's claim against Robinson appears to be based solely on an impermissible theory of *respondeat superior*. *Jimenez v. New Jersey*, 245 F. Supp. 2d 584, 586 n. 3 (D.N.J. 2003) (citing *Polk County v. Dodson*, 454 U.S. 312, 325 (1981)).

> A defendant in a civil rights action must have personal involvement in the alleged wrongs; liability cannot be predicated solely on the operation of respondeat superior. Personal involvement can be shown through allegations of personal direction or of actual knowledge and acquiescence. Allegations of

> participation or actual knowledge and
> acquiescence, however, must be made with
> appropriate particularity.
> [*Rode v. Dellarciprete*, 845 F.2d 1195, 1207
> (3d Cir. 1988) (citations omitted).]

There are two theories of liability under which a supervisor may be personally liable. The first theory of liability "provides that a supervisor may be personally liable under § 1983 if he or she participated in violating the plaintiff's rights, directed others to violate them, or, as the person in charge, had knowledge of and acquiesced in his subordinates' violations." *A.M. ex rel. J.M.K. v. Luzerne County Juvenile Detention Center*, 372 F.3d 572, 586 (3d Cir. 2004).

Under the first theory, "Actual knowledge and acquiescence" suffice for supervisory liability because it can be equated with "personal direction." *Rode*, supra. Furthermore, while knowledge can be inferred from circumstances, *Baker v. Monroe Twp.*, 50 F.3d 1186, 1194 (3d Cir. 1995), it nevertheless must be actual knowledge. *Id.* at 1201 n. 6 (Alito, C.J. concurring and dissenting).

Under the second theory of liability, "[i]ndividual defendants who are policymakers may be liable under § 1983 if it is shown that such defendants, 'with deliberate indifference to the consequences, established and maintained a policy, practice or custom which directly caused [the] constitutional harm.'" *Luzerne*

*County Juvenile Detention Center*, 372 F.3d at 586 (quoting *Stoneking v. Bradford Area Sch. Dist.*, 882 F.2d 720, 725 (3d Cir.1989)). If governmental policy or custom causes injury, liability can be imposed. *Oklahoma City v. Tuttle*, 471 U.S. 808, 810 (1985). However, a single incident of unconstitutional activity is not sufficient to constitute a policy or custom to impose liability. *Id.* at 823.

A plaintiff "must portray specific conduct by state officials which violates some constitutional right". *Gittlemacker v. Prasse*, 428 F.2d 1, 3 (3d Cir. 1970); see *also Rasmussen v. Larson*, 863 F.2d 603 (8th Cir. 1988) (holding § 1983 liability would not be held against supervisory officers absent a showing of personal and direct involvement in the alleged constitutional violation).

Here the Complaint fails to set forth any factual allegations regarding personal involvement or even actual knowledge on the part of administrator George Robinson. In the complaint, the only individual Polynice informs about his alleged medical issue is S.C.O. John Doe. Furthermore, Polynice does not allege that administrator George Robinson was present during the conversation with S.C.O John Doe nor does he allege that any information was given to anyone in the jail regarding his alleged accommodation. Polynice is solely attempting to attach liability through an impermissible theory of *repsondeat superior* and has failed to demonstrate any specific conduct on behalf of administrator George

12

Robinson to establish personal involvement. Accordingly, all claims against Defendant administrator George Robinson should be dismissed.

### POINT III

**POLYNICE'S NEGLIGENCE CLAIM AGAISNT DEFENDANTS MUST BE DISMISSED BECAUSE NEGLIGENCE DOES NOT RISE TO THE LEVEL OF A CONSTITUTIONAL VIOLATION.**

The fifth claim of relief, in Polynice's complaint, is negligence against the Defendants. However, allegations of negligence are insufficient to rise to the level of a constitutional violation. In *Daniel v. Williams*, an inmate filed civil rights claims against a correctional officer to recover for injuries allegedly sustained from falling on jail stairs after slipping on a pillow allegedly left there by the officer. 474 U.S. 327, 328 (1986).

Overruling *Parratt v. Taylor*, 451 U.S. 527 (1981), the Supreme Court held "that negligent conduct by a state official, even though causing injury," does not constitute a deprivation under the Due Process Clause of the Fourteenth Amendment. *Id*. at 331. Accordingly, to establish a civil rights violation under 42 U.S.C. § 1983, proof of something beyond mere negligence is required. See *also* Whesper v. Tulli, 2008 N.J. Super. Unpub. LEXIS 498 *9; 2008 WL 582800.

Plaintiff's complaint does not allege anything more than mere negligence, which does not rise to the level of a constitutional violation.   As such, Plaintiff's negligence claim should be dismissed.

### POINT IV

**TO THE EXTENT POLYNICE IS ARGUING NEGLIGENCE UNDER NJTCA, DISMISSAL OF THE COMPLAINT IS WARRANTED AS THE CLAIM WOULD BE BARRED.**

Polynice's complaint fails to state any negligence claims under NJTCA. However, in the event his fifth claim of relief referencing negligence referred to NJTCA, *N.J.S.A.* 59:8-3 states that "[n]o action shall be brought against a public entity or public employee under [the NJTCA] unless the claim upon which it is based shall have been presented in accordance with the procedure set forth in this chapter." Chapter 8 of the NJTCA requires a claimant to file a notice of claim containing certain information to allow the public entity to investigate and evaluate the merits of the claim. *N.J.S.A.* 59:8-4. The notice requirements "are a jurisdictional precondition to filing suit." *Bonitsis v. New Jersey Institute of Technology*, 363 N.J. Super. 505, 516 (App. Div. 2003). The NJTCA expressly bars recovery against public employees and public entities if the notice requirements of the Act are not met. *Velez v. City of Jersey City*, 180 *N.J.* 284, 290-91 (2004); N.J.S.A. 59:8-8.

14

The notice of claim must be signed and filed with the public entity within ninety (90) days of the accrual of the cause of action. N.J.S.A. 59:8-8. "'The notice [requirements are] triggered by the occurrence of injury and [notice] must be filed in order for a complaint to be lodged against the public entity.'" *Velez*, *supra*, 180 *N.J.* at 290 (quoting *Beauchamp v. Amedio*, 164 *N.J.* 111, 121 (2000)). The burden of proving that the claim was filed with the appropriate public entity is on the claimant/plaintiff. *Hammond v. City of Paterson*, 145 N.J.Super. 452 (App. Div. 1976).

Accrual of a claim occurs when the tort is committed or the date on which the accident occurs. N.J.S.A. 59:8-1; *Fuller v. Rutgers, The State University*, 154 *N.J.Super.* 420, 423 (App. Div. 1977); *Torres v. Jersey City Medical Center*, 140 N.J.Super. 323, 326 (Law Div. 1976). N.J.S.A. 59:8-8 provides:

> A claim relating to a cause of action for death or for injury or damage to person or to property shall be presented as provided in this chapter not later than the ninetieth day after accrual of the cause of action...The claimant shall be forever barred from recovering against a public entity or public employee if:
>
> > a. He failed to file his claims with the public entity within 90 days of accrual of his claim except as otherwise provided in section 59:8-9[.]

Polynice has failed to demonstrate that he complied with the notice provisions of the NJTCA with respect to his tort claims

alleged in the complaint. In fact, Polynice complaint does not allege any compliance with the notice provisions of NJTCA. *See generally*, Plaintiff's Complaint. The failure to timely satisfy the notice requirements of N.J.S.A. 59:8-8(a) serves as an absolute bar to recovery where Title 59 is applicable. *Karczewski v. Nowicki*, 188 *N.J. Super*. 355, 357 (App. Div. 1982).

POINT V

**POLYNICE'S COMPLAINT MUST BE DISMISSED BECAUSE HE HAS FAILED TO EXHAUST HIS ADMINISTRATIVE REMEDIES WITH REGARD TO THESE CLAIMS.**

42 U.S.C. § 1915 provides that "[a]s used in this section, the term 'prisoner' means any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms and conditions of parole, probation, pretrial release, or diversionary program." In assessing whether the exhaustion requirement applies to Polynice, a court must look to his status at the time he filed his complaint. *Ahmed v. Dragovich*, 297 *F.3d* 201, 210 (3d Cir. 2002).

In this case, the record is undisputed that Polynice was a prisoner incarcerated with the DOC at the time he filed his Complaint. Plaintiff's Complaint, ¶ 20. Thus, the exhaustion rule is applicable here.

In *Concepcion v. Morton*, 306 *F.3d* 1347 (3d Cir. 2002), the Third Circuit held that the Prison Litigation Reform Act's

exhaustion requirement applies to the grievance procedure set forth in a DOC inmate handbook. 306 *F.3d* at 1348-1349. Thus, based on *Concepcion*, Polynice was obligated to properly exhaust all available administrative remedies pursuant to the DOC's procedures prior to filing his Complaint. Polynice failed to allege that he exhausted all available administrative remedies with regard to his claims against Defendants. Therefore, his Complaint must be dismissed.

## CONCLUSION

For the foregoing reasons, all claims against Defendants New Jersey Department of Corrections, Northern State Prison, and Administrator George Robinson in his official and individual capacity under 42 U.S.C. § 1983 should be dismissed.

Respectfully submitted,

GURBIR S. GREWAL
ATTORNEY GENERAL OF NEW JERSEY

By: s/Chanell Branch
Chanell Branch
Deputy Attorney General

Date: October 2, 2019

17

# EXHIBIT A

## THE UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| EDWIN POLYNICE, | : | |
| | : | |
| | : | |
| Plaintiff | : | |
| | : | |
| v. | : | Civil Action No.: |
| | : | |
| NEW JERSEY DEPARTMENT OF | : | CIVIL ACTION |
| CORRECTIONS, NORTHERN STATE | : | |
| PRISON, ADMINSITRATOR GEORGE | : | **COMPLAINT** |
| ROBINSON, SERGEANT GIBSON | : | **AND JURY DEMAND** |
| (individually), and S.C.O. JOHN DOE | : | |
| (individually), JOHN DOES 1-10 AND | : | |
| ABC ENTITIES A-Z | : | |
| | : | |
| Defendant | : | |

**NOW COMES**, Plaintiff, by and through the undersigned Counsel, and hereby bring this action against the Defendants as follows:

### INTRODUCTORY STATEMENT

1.     This is a civil rights action brought pursuant to the State of New Jersey tort laws, the United States Constitution and 42 U.S.C. § 1983 seeking damages against Defendants for committing acts under color of law that deprived Plaintiff, Edwin Polynice, of his rights secured to him by the Constitution and laws of the United States of America.

2.     In particular on October 11, 2017, Defendants violated the rights of Edwin Polynice by failing to keep him in a safe and secure environment where he could be kept free from

1

injury and harm, by failing to respect and abide by medical professionals, and by failing to adhere to adequately mandated medical regulations and custodial attention, in violation of the Eighth and Fourteenth Amendments to the United States Constitution.

3.   In addition, this action is brought by Plaintiff against Defendants under the Laws of New Jersey that relate to Prisoner rights to be kept in a safe and secure environment where he could be kept free from injury, harm, and death, by failing to provide him with adequate medical care and custodial attention, and by demonstrating deliberate indifference to Edwin Polynice's necessary medical accommodations.

## **JURISDICTION AND VENUE**

4.   Plaintiff's case arises under the Constitution and laws of the United States, specifically, the Eighth and Fourteenth Amendments to the United States Constitution.

5.   Plaintiff's suit is authorized by 42 U.S.C. § 1983 (allowing suit to correct constitutional violations) and 42 U.S.C. § 1988 (providing for attorney fees and litigation expense-awards).

6.   This Court has jurisdiction over Plaintiff's federal constitutional claims under 28 U.S.C. § 1331 and 28 U.S.C. § 1343(3).

7.   This case also arises under the law of the State of New Jersey that deal with Prisoners' Rights to be kept in a safe and secure environment free from injury, harm and death, and to receive adequate medical care and custodial attention.

8.   This Court has pendant jurisdiction over Plaintiff's state law claims under 28 U.S.C. §1367.

9.      Venue is proper under 28 U.S.C. § 1391 in that the incident took place in the County

of Essex, State of New Jersey, and upon information and belief, the Defendants are

employed in or around the County of Essex, State of New Jersey.


**PARTIES**

10.     Plaintiff, Edwin Polynice, brings this action on behalf of himself and in his own right.

11.     Defendant, New Jersey Department of Corrections, located in the County of Essex, is

a county in the state of New Jersey and owns, operates, manages, directs and controls

the New Jersey Department of Corrections.  The Northern State Prison division of the

New Jersey Department of Corrections is located at 168 Frontage Rd, Newark, NJ

07114 (referred at times herein as the "Northern State Prison").

12.     Defendants, at all times material hereto, were the Administrators of the Northern

State Prison, located at 168 Frontage Rd, Newark, NJ 07114.  To the extent the Court

deems appropriate, Administrators of the Northern State Prison for the New Jersey

Department of Corrections and Defendants that were active participants in the events

leading to Plaintiff's injuries, such as S.C.O. John Doe, should be held liable in their

individual capacity.

13.     Defendant, Northern State Prison, is a law enforcement entity in the state of New

Jersey which operates, manages, directs and controls the Northern State Prison

facility within the County of Essex.

14.  Defendant, New Jersey Department of Corrections, is a law enforcement entity in the state of New Jersey which operates, manages, directs and controls the Northern State Prison facility within the County of Essex.

15.  Defendant, S.C.O. John Doe was at all times material hereto, employed by the Northern State Prison located at 168 Frontage Rd, Newark, NJ 07114.  Defendant, S.C.O. John Doe is sued in his individual capacity.

16.  Defendant, Sergeant Gibson, was at all times material hereto, employed by the Northern State Prison located at 168 Frontage Rd, Newark, NJ 07114.  Defendant, Sergeant Gibson is sued in his individual capacity.

17.  The Health Services Unit for the Department of Corrections for the State of New Jersey, with corporate offices located at 168 Frontage Rd, Newark, NJ 07114, was contractually engaged with the Northern State Prison and the New Jersey Department of Corrections to provide health care services for inmates at the Northern State Prison.

18.  At all times relevant hereto, Defendant, John Doe Personnel and/or Corrections Officers and/or Administrators, may contain fictitious names representing unnamed corrections officers and/or other individuals, employed with the Northern State Prison facility located at 168 Frontage Rd, Newark, NJ 07114, who were acting under the supervision of the New Jersey Department of Corrections, the Northern State Prison and Administrators of both agencies. These Defendants are sued in their individual capacities.

19.  All Defendants, for one or more entities, which were contracted to provide medical and/or psychiatric services, counseling, security and custodial care to inmates under the custody of the New Jersey Department of Corrections.

## FACTUAL ALLEGATIONS

20.  Plaintiff, Edwin Polynice, was incarcerated at the Detention Unit of Northern State Prison on or about September 30, 2017.

21.  At said date, S.C.O. John Doe instructed Plaintiff, Edwin Polynice, to move into cell 104, on the *top* bunk.

22.  Plaintiff, Edwin Polynice, expressed to S.C.O. John Doe that due to mandated medical restrictions and persistent medical issues, he was only permitted to be placed on the bottom bunk.  Mr. Polynice further advised that his mandatory medical accommodation was for the remainder of his incarceration.

23.  Following his explanation, Mr. Polynice was ordered to utilize the top bunk, and S.C.O. John Doe reiterated that this order came from Sergeant Gibson.

24.  Given the gentlemen listed in ranking order, Plaintiff, Edwin Polynice was compelled to comply with said order.

25.  On or about, October 1, 2017, at approximately 12:35 p.m., while attempting to dismount from the top bunk, to take his daily shower, Plaintiff, Edwin Polynice, became extremely dizzy and fell.

26.  During this fall, Plaintiff, Edwin Polynice, attempted to step down on the stool, but slipped.  He fell, striking his head on the toilet and his leg against the stool.

27.   Post-fall, Mr. Polynice sustained severe injuries leading to thirteen stitches and five staples.

28.   Mr. Polynice also suffered from a dislocated right shoulder, severe neck pain, and bruising on his legs.

29.   Plaintiff, Edwin Polynice, required an extended stay in the prison infirmary for ten days due to these injuries.

30.   Throughout his time in the infirmary, he experienced debilitating headaches with the pain extending throughout his entire head, chronic pain in his facial area, ongoing dizziness, and a bruised leg.

31.   Additionally, Plaintiff, Edwin Polynice, continues to experience neck pain and lower back from, stemming from this incident, requiring ongoing physical therapy to treat his neck and his back.

32.   Upon information and belief, Defendants and representatives and/or employees of Defendant New Jersey Department of Corrections at all times material hereto, failed to properly evaluate Mr. Polynice's medical needs and restrictions, while simultaneously ignoring previously mandated medical advice.

33.   Furthermore, Mr. Polynice was ordered to be exposed to harmful and hazardous conditions.  Therefore, they failed to do their duty to maintain a safe and suitable environment, keeping Mr. Polynice safe from injury and harm.

34.   In the events described above, Defendants acted contrary to law, and intentionally, willfully, wantonly, and unreasonably deprived Mr. Polynice of his right and privileges secured by the Eighth and Fourteenth Amendments to the United States Constitution and 42 U.S.C. § 1983.

35.   The failures of Defendants to properly protect and carry out medical instructions for Mr. Polynice's imminent risk for a head, neck, and back injuries demonstrated a deliberate indifference to and a conscious disregard for medical needs and requirements and the overall safety of Mr. Polynice.

36.   In the events described above, Defendants acted contrary to law, and intentionally, willfully, wantonly, and unreasonably deprived Mr. Polynice of his right and privileges secured by the United States Constitution and 42 U.S.C. § 1983.

37.   The failures of Defendants to properly adhere to Mr. Polynice's medically mandated restrictions, demonstrated a deliberate indifference to and a conscious disregard for the medical requirements and the overall safety of Mr. Polynice.

**FIRST CLAIM FOR RELIEF**
**FEDERAL CONSTITUTIONAL VIOLATIONS BY**
**ALL DEFENDANTS**

38.   The allegations set forth in the preceding paragraphs are incorporated by reference as if fully set forth herein.

39.   Defendant, Northern State Prison, by and through their Administrator George Robinson and other policymakers, developed policies, procedures and/or customs which caused the deprivation of Plaintiff, Edwin Polynice's constitutional rights.

40.   Said policies were inherently deficient, or inappropriate as formulated, as to the adherence of mandated medical care provided to an inmate that presented with documented medical issues.

41.   Defendant Northern State Prison, by and through Defendant Administrator George Robinson and other policymakers, negligently, recklessly, and/or intentionally:

a.   failed to properly train and supervise Defendant Sergeant Gibson and Defendant

S.C.O. John Doe with regard to adequately assessing, monitoring and providing

necessary and reasonable accommodations for inmates with medical issues,

including but not limited to inmates with documented medical restrictions and;

b.   failed to properly train and supervise Defendant Sergeant Gibson and Defendant

S.C.O. John Doe, or other prison staff to maintain a safe and suitable

environment, and to keep inmates safe from injury or serious harm;

c.   maintained policies, procedures and/or customs that were deliberately indifferent

to the constitutional rights of inmates to be adequately screened for medical

issues, to provide necessary and reasonable accommodations for inmates with

medical issues; and to be kept safe from injury or serious harm;

d.   failed to enforce the contractual obligations of the Health Services Unit for the

Department of Corrections for the State of New Jersey, to monitor and treat

inmates with medical issues, including but not limited to inmates with

documented medical restrictions;

e.   with full knowledge, allowed institutional policies and procedures regarding

intake, medical screening, custodial watch and medical treatment to be ignored

and violated with reckless abandon; and

f.   failed to provide adequate and needed health care for inmates at the Detention

Unit of the Northern State Prison.

42.   The actions and/or failures to act by Defendant, Northern State Prison, Defendant

Administrator George Robinson, Defendant Sergeant Gibson and Defendant S.C.O.,

8

as illustrated above, amounted to a deliberate indifference of Mr. Polynice's

constitutional rights and proximately caused his injuries.

43.     The violation of Mr. Polynice's rights under the United States Constitution was the

proximate cause of damages to Plaintiff, thereby entitling Plaintiff to compensatory

damages from Defendants, Northern State Prison and Defendant Administrator

George Robinson, Defendant Sergeant Gibson and Defendant S.C.O., in an amount

exceeding $1,000,000.00.

**WHEREFORE**, the Plaintiff demands judgment against the Defendants, and each of them,

for compensatory and punitive damages, counsel fees, and all costs of suit.

### SECOND CLAIM FOR RELIEF
### LIABILITY OF DEFENDANTS NEW JERSEY DEPARTMENT OF CORRECTIONS, NORTHERN STATE PRISON, ADMINISTRATORS GEORGE ROBINSON, SERGEANT GIBSON, AND S.C.O. JOHN DOE FOR FEDERAL CONSTITUTIONAL VIOLATIONS

44.     The allegations set forth in the proceeding paragraphs are incorporated by reference

as if fully set forth herein.

45.     At all times relevant hereto, Defendants were acting under color of state law as

employees or agents of the Northern State Prison and/or Health Services Unit of New

Jersey, and/or if not employees or agents, by direction of and under the supervision

and control of New Jersey Department of Corrections, the Detention Unit of Northern

State Prison and/or Health Services Unit of New Jersey.

46.     The actions of Defendants as set forth above violated the late Mr. Polynice's rights

under the Eighth and Fourteenth Amendments of the United States Constitution to be

incarcerated in a safe and suitable environment, and to be safe from injury and harm

while incarcerated at the Detention Unit of Northern State Prison.

9

47.    The violations of Mr. Polynice's rights under the United States Constitution was the
       severe and continuous injuries to Edwin Polynice, thereby entitling Plaintiff to
       compensatory damages from Defendants in their individual capacities.

48.    The actions of Defendants in their individual capacities were intentional, malicious,
       willful, wanton, and/or in reckless disregard of Plaintiff's federally protected rights,
       therefore entitling Plaintiff to an award of punitive damages.

49.    Plaintiff is entitled to recover damages against Defendants the individual capacity in
       an amount greater than $1,000,000.00.

50.    Plaintiff is entitled to recover reasonable attorney's fees and the costs and expenses of
       this action.

**WHEREFORE**, the Plaintiff demands judgment against the Defendants, and each of them,
for compensatory and punitive damages, counsel fees, and all costs of suit.

### THIRD CLAIM FOR RELIEF
### SUPERVISORY LIABILITY OF DEFENDANTS
### ADMINISTRATOR GEORGE ROBINSON, AND
### SERGEANT GIBSON UNDER 42 U.S.C. § 1983

51.    The allegations set forth in the preceding paragraphs are incorporated by reference as
       is fully set forth herein.

52.    At all times relevant hereto, Defendant Administrator George Robinson, and
       Defendant Sergeant Gibson served as Administrators of the Northern State Prison, in
       Newark, New Jersey.

53.    Plaintiffs are informed, believe and therefore allege that on October 1, 2017,
       Defendant Administrator George Robinson, and Defendant Sergeant Gibson were
       aware of, should have been aware of, and/or had actual knowledge of the pattern and
       culture of unconstitutional behavior and indifference, including failure to properly

10

screen inmates for medical injuries, or other mental health problems, failure to adequately monitor and guard inmates, failure to have inmates properly treated medically, failure to have inmates provided necessary and reasonable medical accommodations, and failure to protect inmates from injury or harm whether self-inflicted or by other inmates, staff, employees and/or corrections officers at the Northern State Prison.

54. As such, Defendant Administrator George Robinson, and Defendant Sergeant Gibson not only directed, encouraged, tolerated, acquiesced to this behavior, but were deliberately indifferent to the likelihood that their staff, employees and/or corrections officers would fail to properly screen inmates for medical issues, fail to adequately monitor inmates, fail to have inmates provided necessary and reasonable medical accommodations, fail to treat inmates medically and fail to protect inmates from injury or harm at the Northern State Prison.

55. The deliberate indifference of Defendant Administrator George Robinson, and Defendant Sergeant Gibson as to the need for training and supervision of their staff, employees and/or detention officers was a proximate cause of the constitutional violations suffered by the Plaintiff, Edwin Polynice.

56. The violation of Mr. Polynice's rights under the United States Constitution was a proximate cause of damages and harm to Plaintiff, thereby entitling Plaintiff to compensatory damages from Defendant Administrator George Robinson, and Defendant Sergeant Gibson in an amount exceeding $1,000,000.00.

**WHEREFORE**, the Plaintiff demands judgment against Defendant Administrator George Robinson, and Defendant Sergeant Gibson for compensatory and punitive damages, counsel fees and all costs of suit.

**FOURTH CLAIM FOR RELIEF**
**VIOLATION OF CIVIL RIGHTS BY DEFENDANTS**
**NEW JERSEY DEPARTMENT OF CORRECTIONS, NORTHERN STATE PRISON,**
**ADMINISTRATOR GEORGE ROBINSON, SERGEANT GIBSON,**
**AND S.C.O. JOHN DOE**

57.     The allegations set forth in the preceding paragraphs are incorporated by reference as if fully set forth herein.

58.     The Defendants were acting under color of law when they failed to properly provide medical accommodations for Plaintiff, Edwin Polynice, for medical issues, failed to adequately monitor Mr. Polynice while incarcerated at the Northern State Prison, and failed to protect Mr. Polynice from injury and harm.

59.     The Defendants failed to adequately train or otherwise have and maintain or enforce effective policies regarding the screening and care of inmates with medical restrictions, the adequate monitoring of inmates, and the protection of inmates from injury or harm.

60.     The Defendants, New Jersey Department of Corrections, Northern State Prison, Administrator George Robinson, Sergeant Gibson and S.C.O. John Doe were deliberately indifferent to the likelihood that Northern State Prison's staff, employees and/or Detention Officers, would fail to properly screen inmates for medical issues, fail to adequately monitor inmates, fail to properly provide necessary medical accommodations, and fail to protect inmates from injury or harm at the Detention Unit of Northern State Prison.

**WHEREFORE,** Plaintiff brings this cause of action and demands judgment against Defendants for compensatory and punitive damages, counsel fees and all costs of suit.

### FIFTH CLAIM FOR RELIEF
### NEGLIGENCE
### DEFENDANTS NEW JERSEY DEPARTMENT OF CORRECTIONS, NORTHERN STATE PRISON, ADMINISTRATORS GEORGE ROBINSON, SERGEANT GIBSON, AND S.C.O. JOHN DOE

61.   The allegations set forth in the preceding paragraphs are incorporated by reference as if fully set forth herein.

62.   Defendants owed a duty of reasonable care to Plaintiff, Edwin Polynice, and to others at the Northern State Prison, to properly screen inmates for medical issues, to properly and adequately monitor inmates, to treat inmates medically when indicated, to provide medical accommodations when necessary, and to protect inmates from injury or harm at the Northern State Prison.

63.   The Defendants failed to use the requisite standard of care pursuant to sound policies and procedures and/or knowingly violated established policies and procedures with reckless abandon.

64.   The actions and/or failures to act by the Defendants amounted to a breach of said duty of care to Mr. Polynice.

65.   As a direct and proximate result of Defendants' negligence, Mr. Polynice was seriously injured while in the custody of the Northern State Prison on October 1, 2017.

66.   Plaintiff is entitled to an award of compensatory damages against the above-referenced Defendants in an amount which exceeds $1,000,000.00.

**WHEREFORE**, the Plaintiff demands judgment against the Defendants for damages, counsel fees and all costs of suit.

## JURY DEMAND

The Plaintiff hereby demands trial by jury.

OPTIMUM LAW GROUP, P.C.

Dated: August 16, 2019                    BY: _____
                                               Joseph D. Lento, Esquire
                                               3000 Atrium Way, Suite 200
                                               Mount Laurel, NJ 08054
                                               (T) 856-652-2000
                                               (F) 856-375-1010
                                               (E) jdlento@optimumlawgroup.com

OPTIMUM LAW GROUP, P.C.

Dated: August 16, 2019                    BY: /s/ Lisa J. Pietras_____
                                               Lisa J. Pietras, Esquire
                                               3000 Atrium Way, Suite 200
                                               Mount Laurel, NJ 08054
                                               (T) 856-652-2000
                                               (F) 856-375-1010
                                               (E) ljpietras@optimumlawgroup.com

Case 2:19-cv-16875-MCA-LDW   Document 1-1   Filed 08/19/19   Page 1 of 1 PageID: 15

JS 44 (Rev. 02/19)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
Edwin Polynice

**(b)** County of Residence of First Listed Plaintiff    Essex County
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Joseph Lento, Esquire Optimum Law Group, PC
3000 Atrium Way, Suite 200
Mount Laurel, NJ 08054  856-652-2000

### DEFENDANTS
New Jersey Department of Corrections, Northern State Prison, Administrator George Robinson (individually), Sergeant Gibson (individually), S.C.O. John Doe (individually), John Does 1-10 and AB

County of Residence of First Listed Defendant
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1  U.S. Government Plaintiff
- ☒ 3  Federal Question *(U.S. Government Not a Party)*
- ☐ 2  U.S. Government Defendant
- ☐ 4  Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*
Click here for: Nature of Suit Code Descriptions.

### CONTRACT
- ☐ 110 Insurance
- ☐ 120 Marine
- ☐ 130 Miller Act
- ☐ 140 Negotiable Instrument
- ☐ 150 Recovery of Overpayment & Enforcement of Judgment
- ☐ 151 Medicare Act
- ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans)
- ☐ 153 Recovery of Overpayment of Veteran's Benefits
- ☐ 160 Stockholders' Suits
- ☐ 190 Other Contract
- ☐ 195 Contract Product Liability
- ☐ 196 Franchise

### REAL PROPERTY
- ☐ 210 Land Condemnation
- ☐ 220 Foreclosure
- ☐ 230 Rent Lease & Ejectment
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

### TORTS
**PERSONAL INJURY**
- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel & Slander
- ☐ 330 Federal Employers' Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☐ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☐ 360 Other Personal Injury
- ☐ 362 Personal Injury - Medical Malpractice

**PERSONAL INJURY**
- ☐ 365 Personal Injury - Product Liability
- ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability
- ☐ 368 Asbestos Personal Injury Product Liability

**PERSONAL PROPERTY**
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

### CIVIL RIGHTS
- ☐ 440 Other Civil Rights
- ☐ 441 Voting
- ☐ 442 Employment
- ☐ 443 Housing/ Accommodations
- ☐ 445 Amer. w/Disabilities - Employment
- ☐ 446 Amer. w/Disabilities - Other
- ☐ 448 Education

### PRISONER PETITIONS
**Habeas Corpus:**
- ☐ 463 Alien Detainee
- ☐ 510 Motions to Vacate Sentence
- ☐ 530 General
- ☐ 535 Death Penalty
**Other:**
- ☐ 540 Mandamus & Other
- ☒ 550 Civil Rights
- ☐ 555 Prison Condition
- ☐ 560 Civil Detainee - Conditions of Confinement

### FORFEITURE/PENALTY
- ☐ 625 Drug Related Seizure of Property 21 USC 881
- ☐ 690 Other

### LABOR
- ☐ 710 Fair Labor Standards Act
- ☐ 720 Labor/Management Relations
- ☐ 740 Railway Labor Act
- ☐ 751 Family and Medical Leave Act
- ☐ 790 Other Labor Litigation
- ☐ 791 Employee Retirement Income Security Act

### IMMIGRATION
- ☐ 462 Naturalization Application
- ☐ 465 Other Immigration Actions

### BANKRUPTCY
- ☐ 422 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

### PROPERTY RIGHTS
- ☐ 820 Copyrights
- ☐ 830 Patent
- ☐ 835 Patent - Abbreviated New Drug Application
- ☐ 840 Trademark

### SOCIAL SECURITY
- ☐ 861 HIA (1395ff)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405(g))
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g))

### FEDERAL TAX SUITS
- ☐ 870 Taxes (U.S. Plaintiff or Defendant)
- ☐ 871 IRS—Third Party 26 USC 7609

### OTHER STATUTES
- ☐ 375 False Claims Act
- ☐ 376 Qui Tam (31 USC 3729(a))
- ☐ 400 State Reapportionment
- ☐ 410 Antitrust
- ☐ 430 Banks and Banking
- ☐ 450 Commerce
- ☐ 460 Deportation
- ☐ 470 Racketeer Influenced and Corrupt Organizations
- ☐ 480 Consumer Credit
- ☐ 485 Telephone Consumer Protection Act
- ☐ 490 Cable/Sat TV
- ☐ 850 Securities/Commodities/ Exchange
- ☐ 890 Other Statutory Actions
- ☐ 891 Agricultural Matters
- ☐ 893 Environmental Matters
- ☐ 895 Freedom of Information Act
- ☐ 896 Arbitration
- ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision
- ☐ 950 Constitutionality of State Statutes

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation - Transfer
- ☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
42 U.S.C. § 1983 and 42 U.S.C 1988
Brief description of cause:
keeping prisoners safe and secure

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.
DEMAND $
CHECK YES only if demanded in complaint:
JURY DEMAND:   ☐ Yes   ☐ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions)*:
JUDGE _____   DOCKET NUMBER _____

DATE
08/19/2019

SIGNATURE OF ATTORNEY OF RECORD
*Joseph D. Lento*

### FOR OFFICE USE ONLY

RECEIPT #_____   AMOUNT_____   APPLYING IFP_____   JUDGE_____   MAG. JUDGE_____