UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| EDWIN POLYNICE, | : HON. MADELINE COX ARLEO, U.S.D.J. |
| | : HON. LEDA DUNN WETTRE, U.S.M.J. |
| Plaintiff, | : |
| v. | : |
| | : Civ. Dkt. 2:19-cv-16875-MCA-LDW |
| N.J. DEPARTMENT OF CORRECTIONS, ET AL. | : |
| Defendants. | : |

**BRIEF IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS THE COMPLAINT WITH PREJUDICE AS AGAINST THEM FOR FAILURE TO STATE A CLAIM PURSUANT TO FED. R. CIV. P. 12(B)(6)**

**OPTIMUM LAW GROUP, P.C.**
BY: Joseph D. Lento, Esquire
Atty ID 013252008
3000 Atrium Way – Suite # 200
Mount Laurel, NJ 08054
(856) 652-2000 (T)
(856) 375-1010 (F)
jdlento@optimumlawgroup.com
*Attorney for Plaintiff, Edwin Polynice*

1

# TABLE OF CONTENTS

**Table of Contents**

TABLE OF CONTENTS ................................................................................................2
TABLE OF AUTHORITIES .........................................................................................3
PRELIMINARY STATEMENT ...................................................................................4
INTRODUCTION ..........................................................................................................4
PROCEDURAL HISTORY ...........................................................................................4
STANDARD OF REVIEW ............................................................................................4
LEGAL ARGUMENT ....................................................................................................5
   POINT I: THE PLAINTIFF CONCEDES THAT NEW JERSEY DEPARTMENT OF CORRECTIONS AND NORTHERN STATE PRISON ARE NOT AMENABLE TO SUIT UNDER 42 U.S.C. § 1983, AND THAT ADMINISTRATOR GEORGE ROBINSON CAN ONLY BE SUED IN HIS INDIVIDUAL CAPACITY, AND SO THE PLAINTIFF WOULD SEEK TO AMEND THE COMPLAINT ACCORDINGLY. ................................................................................5
   POINT II: THE CLAIM AGAINST ADMINISTRATOR GEORGE ROBINSON IN HIS INDIVIDUAL CAPACITY SHOULD NOT BE DISMISSED AS IT IS PROPERLY PLEADED. .....6
   POINT III: THE NEGLIGENCE CLAIM AGAINST DEFENDANTS SHOULD NOT BE DISMISSED AS THEY ARE NOT BASED UPON A DEPRIVATION UNDER § 1983, AS ARGUED BY THE DEFENDANTS. ...............................................................................9
   POINT IV: ALTHOUGH THE NEGLIGENCE CLAIM IN COUNT FIVE SHOULD HAVE COMPLIED WITH THE N.J.T.C.A. NOTICE PROVISIONS, THE PLAINTIFF WOULD ARGUE THAT THERE ARE RELEVANT EXCEPTIONS THAT CAN BE CONSIDERED BY THIS COURT. .....................................................................................................................9
   POINT V: THE COMPLAINT SHOULD NOT BE DISMISSED BECAUSE THE PLAINTIFF IS NOT REQUIRED TO ALLEGE THAT HE HAS EXHAUSTED HIS ADMINISTRATIVE REMEDIES. ................................................................................................................10
CONCLUSION .............................................................................................................11

# **TABLE OF AUTHORITIES**

## Cases

A.M. v. Luzerne County Juvenile Detention Ctr., 372 F.3d 572 (3d Cir. 2004) ............................... 6, 7, 9
Abdur-Raheem v. N.J. Dep't of Corr., Civil Action No. 15-1743 (MAS) (TJB) (D.N.J. Mar. 20, 2017) ................. 9
Anske v. Borough of Palisades Park, 139 N.J. Super. 342 (App.Div. 1976) ............................... 10
Baker v. Monroe Township, 50 F.3d 1186 (3d Cir. 1995) ............................... 7
Baraka v. McGreevey, 481 F.3d 187 (3d Cir.2007) ............................... 4
Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007) ............................... 4, 5
Garden State Elec. Inspection Servs., Inc. v. Levin, 144 Fed. Appx. 247 (3d Cir. 2005) ............................... 5
Jones v. Bock, 549 U.S. 199 (2007) ............................... 11
Karczewski v. Nowicki, 188 N.J. Super. 355 (App.Div. 1982) ............................... 10
Kentucky v. Graham, 473 U.S. 159 (1985) ............................... 6
Lassoff v. New Jersey, 414 F. Supp. 2d 483 (D.N.J. 2006) ............................... 6
Lutz v. Township of Gloucester, 153 N.J. Super. 461 (App.Div. 1977) ............................... 10
Moore v. Vangelo, No. 03-4718, 2004 WL 292482 (E.D. Pa. Feb. 12, 2004) ............................... 9
Neitzke v. Williams, 490 U.S. 319 (1989) ............................... 5
Scheuer v. Rhodes, 416 U.S. 232 (1974) ............................... 5
Shah v. Am. Express Co., Am. Express Bank, FSB, Am. Express Centurion Bank, CIV.A.0900622(JAP), 2009 WL 3234594 (D.N.J. Sept. 30, 2009) ............................... 5
Small v. Department of Corrections, 243 N.J. Super. 439 (N.J. Super. 1990) ............................... 10
Stoneking v. Bradford Area Sch. Dist., 882 F.2d 720 (3d Cir. 1989) ............................... 7

## Statutes

42 U.S.C. § 1915 ............................... 11
42 U.S.C. § 1983 ............................... 5, 7, 9, 11
42 U.S.C. § 1997e ............................... 11
Fed. R. Civ. P. 12(b)(6) ............................... 4, 5
N.J.S.A. 59:8-8 ............................... 10
U.S. Const. amend. XI ............................... 5, 6

## PRELIMINARY STATEMENT

The Plaintiff, Edwin Polynice (hereinafter, "Polynice"), hereby responds to the Motion to Dismiss the Complaint for Failure to State a Claim Upon Which Relief Can Be Granted Pursuant to Fed. R. Civ. P. 12(b)(6) (hereinafter, the "Motion to Dismiss"), brought by Defendants New Jersey Department of Corrections (hereinafter, "NJDOC"), Northern State Prison (hereinafter, "NSP") and Administrator George Robinson (hereinafter, "Robinson"), (collectively, "Defendants"). As noted in the Motion to Dismiss, the Defendant Sergeant Gibson is not moving to dismiss at this time. (Motion to Dismiss, p. 1, ¶ 1).

## INTRODUCTION

## PROCEDURAL HISTORY

## STANDARD OF REVIEW

Under Federal Rule of Civil Procedure 12(b)(6), a court may grant a motion to dismiss if the complaint fails to state a claim upon which relief can be granted. Refashioning the appropriate standard, the United States Supreme Court found that, "[w]hile a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, ... a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do[.]" Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007) (internal citations omitted); *see also* Baraka v. McGreevey, 481 F.3d 187, 195 (3d Cir.2007) (stating that standard of review for motion to dismiss does not require courts to accept as true "unsupported conclusions and unwarranted inferences" or "legal conclusion[s] couched as factual allegation[s]" (internal quotation marks omitted)). Therefore, for a complaint to withstand a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the "[f]actual allegations must be enough to raise a right to relief above the speculative level, ... on the assumption that all the allegations in the complaint are true (even if doubtful in fact) ...."

Twombly, 550 U.S. at 556 (internal citations and footnote omitted). Shah v. Am. Express Co., Am. Express Bank, FSB, Am. Express Centurion Bank, CIV.A.0900622(JAP), 2009 WL 3234594, at *2 (D.N.J. Sept. 30, 2009); Cf., Neitzke v. Williams, 490 U.S. 319, 327 (1989) ("Rule 12(b)(6) does not countenance ... dismissals based on a judge's disbelief of a complaint's factual allegations"); Scheuer v. Rhodes, 416 U.S. 232, 236 (1974) (a well-pleaded complaint may proceed even if it appears "that a recovery is very remote and unlikely").

## LEGAL ARGUMENT

### POINT I: THE PLAINTIFF CONCEDES THAT NEW JERSEY DEPARTMENT OF CORRECTIONS AND NORTHERN STATE PRISON ARE NOT AMENABLE TO SUIT UNDER 42 U.S.C. § 1983, AND THAT ADMINISTRATOR GEORGE ROBINSON CAN ONLY BE SUED IN HIS INDIVIDUAL CAPACITY, AND SO THE PLAINTIFF WOULD SEEK TO AMEND THE COMPLAINT ACCORDINGLY.

The Defendants argue that the New Jersey Department of Corrections, Northern State Prison, and Administrator George Robinson in his official capacity, cannot be sued under 42 U.S.C. § 1983, pursuant to the Eleventh Amendment to the United States Constitution.

With respect to these the New Jersey Department of Corrections and Northern State Prison, the point is conceded that these are not the correct defendants and they are not amenable to suit. On the other hand, with respect to Administrator George Robinson, the Eleventh Amendment does not bar suits for damages against government officials sued in their personal capacities. Garden State Elec. Inspection Servs., Inc. v. Levin, 144 Fed. Appx. 247, 251 (3d Cir. 2005). "In personal capacity suits, a plaintiff seeks to impose personal liability upon an individual officer and recover from the personal assets of that officer." Id. Therefore, the Eleventh Amendment is not implicated because the State is not the real party in interest. Kentucky v. Graham, 473 U.S. 159, 165 (1985).

Accordingly, the Plaintiff concedes that the claims for damages asserted against the New Jersey Department of Corrections, Northern State Prison, and Administrator George Robinson (only in his *official* capacity) are barred by the Eleventh Amendment. Lassoff v. New Jersey, 414 F. Supp. 2d 483, 487 (D.N.J. 2006). As such, the Plaintiff would seek to amend the Complaint to remove the New Jersey Department of Corrections, Northern State Prison, to specify more specifically that Administrator George Robinson is being sued in his individual capacity, and to replace the New Jersey Department of Corrections and Northern State Prison with the correct individuals, named in their individual capacities.

### POINT II: THE CLAIM AGAINST ADMINISTRATOR GEORGE ROBINSON IN HIS INDIVIDUAL CAPACITY SHOULD NOT BE DISMISSED AS IT IS PROPERLY PLEADED.

The Defendants allege that the claims against Administrator George Robinson ("Robinson") should be dismissed because they are based "solely on an impermissible theory of *respondeat superior*". (Motion to Dismiss, p. 10, ¶ 1)[1]. However, the Defendants also concede that there are two other theories of liability under which a supervisor may be personally liable, citing to A.M. v. Luzerne County Juvenile Detention Ctr., 372 F.3d 572, 586 (3d Cir. 2004). However, although the Defendants attempt to distinguish or differentiate the allegations against Robinson as being outside of those two theories, the Defendants' arguments are inapplicable, which is best expressed through a thorough comparison with Luzerne.

In Luzerne, the Third Circuit notes that the two theories of supervisory liability that are applicable to these types of cases involve: (1) allegations against defendants in their roles as policymakers; and (2) actual knowledge and acquiescence. 372 F.3d at 586.

Individual defendants who are policymakers may be liable under § 1983 if it is shown that such defendants, "with deliberate indifference to the consequences, established and maintained a policy, practice or custom which directly caused [the] constitutional harm." Id.; (quoting Stoneking v. Bradford

---

[1] Here, in light of the arguments in Point I, the arguments here with respect to Robinson are directed solely at his being sued solely in his individual capacity.

6

Area Sch. Dist., 882 F.2d 720, 725 (3d Cir. 1989)). Here, as in Luzerne, the allegations argue that the Defendants "had responsibility for developing policies and procedures". Luzerne, 372 F.3d at 586. However, Luzerne was a case dealing with summary judgment, and at that time, the plaintiff was able to present "sufficient evidence to present a jury question on whether the Center's policies and procedures caused his injuries," and that therefore, *summary judgment* was inappropriate. Luzerne, 372 F.3d at 586. Given that this case is currently at the initial stages, dismissal would be inappropriate, given that the discovery process has not even begun. The allegations in the Complaint are completely appropriate, and while the Defendants appear to be arguing that summary judgment rules would apply here, at the motion to dismiss stage, the Complaint is sufficiently pleaded.

The second theory of liability provides that a supervisor may be personally liable under § 1983 if he or she participated in violating the plaintiff's rights, directed others to violate them, or, as the person in charge, had knowledge of and acquiesced in his subordinates' violations. Luzerne, 372 F.3d at 586; *See also*, Baker v. Monroe Township, 50 F.3d 1186, 1190-91 (3d Cir. 1995).

In the Complaint, the Plaintiff argues that Robinson "developed policies, procedures and/or customs which caused the deprivation of Plaintiff, Edwin Polynice's constitutional rights". (Complaint, p. 7, ¶ 39). The Plaintiff further argues that Robinson "negligently, recklessly, and/or intentionally":

   a. failed to properly train and supervise Defendant Sergeant Gibson and Defendant S.C.O. John Doe with regard to adequately assessing, monitoring and providing necessary and reasonable accommodations for inmates with medical issues, including but not limited to inmates with documented medical restrictions and;

   b. failed to properly train and supervise Defendant Sergeant Gibson and Defendant S.C.O. John Doe, or other prison staff to maintain a safe and suitable environment, and to keep inmates safe from injury or serious harm;

   c. maintained policies, procedures and/or customs that were deliberately indifferent to the constitutional rights of inmates to be adequately screened for medical issues, to provide necessary and reasonable accommodations for inmates with medical issues; and to be kept safe from injury or serious harm;

7

    d. failed to enforce the contractual obligations of the Health Services Unit for the Department of Corrections for the State of New Jersey, to monitor and treat inmates with medical issues, including but not limited to inmates with documented medical restrictions;

    e. with full knowledge, allowed institutional policies and procedures regarding intake, medical screening, custodial watch and medical treatment to be ignored and violated with reckless abandon; and

    f. failed to provide adequate and needed health care for inmates at the Detention Unit of the Northern State Prison.

(Complaint, pp. 7-8, ¶ 41).

The Complaint also alleges that Robinson was:

> …aware of, should have been aware of, and/or had actual knowledge of the pattern and culture of unconstitutional behavior and indifference, including failure to properly screen inmates for medical injuries, or other mental health problems, failure to adequately monitor and guard inmates, failure to have inmates properly treated medically, failure to have inmates provided necessary and reasonable medical accommodations, and failure to protect inmates from injury or harm whether self-inflicted or by other inmates, staff, employees and/or corrections officers at the Northern State Prison.

(Complaint, pp. 10-11, ¶ 53).

The Complaint also alleges that Robinson:

> encouraged, tolerated, acquiesced to this behavior, but [was] deliberately indifferent to the likelihood that [the] staff, employees and/or corrections officers would fail to properly screen inmates for medical issues, fail to adequately monitor inmates, fail to have inmates provided necessary and reasonable medical accommodations, fail to treat inmates medically and fail to protect inmates from injury or harm at the Northern State Prison.

(Complaint, 11, ¶ 54).

As a result, there are sufficient allegations in the Complaint to withstand the Motion to Dismiss at this time, given that in <u>Luzerne</u>, the evidence that the defendants "took little or no action to protect him" was held to be sufficient to present a genuine issue of material fact as to knowledge of and acquiescence

in the conduct complained of, and again, that was at the *summary judgment* stage, where actual evidence had been presented. Luzerne, 372 F.3d at 586.

### POINT III: THE NEGLIGENCE CLAIM AGAINST DEFENDANTS SHOULD NOT BE DISMISSED AS THEY ARE NOT BASED UPON A DEPRIVATION UNDER § 1983, AS ARGUED BY THE DEFENDANTS.

The Defendants' "Point III" is a most peculiar "strawman" argument, in that it makes assumptions in such a way as to then attack those assumptions, although these assumptions do not appear to be based in fact. Essentially, the Defendants' argument boils down the idea that the negligence count (Claim Five) in the Complaint should be dismissed, as it "does not rise to the level of a constitutional violation". (Motion to Dismiss, p. 14, ¶ 1). However, nowhere in the Complaint is it argued that negligence is being sought as under the auspices of a constitutional violation. The Plaintiff does not therefore argue in opposition to the case-law presented by the Defendants in Point III, but rather, that said case-law is irrelevant to a negligence count where no constitutional violations are argued. *See*, Moore v. Vangelo, No. 03-4718, 2004 WL 292482, at *3 (E.D. Pa. Feb. 12, 2004) ("'Intentional Infliction Of Emotional Distress,' `Assault And Battery,' `Negligent Infliction Of Emotional Distress,' and `Negligence,' do not encompass § 1983 violations, but instead are exclusively supplemental state law tort claims.") (*quoted in* Abdur-Raheem v. N.J. Dep't of Corr., Civil Action No. 15-1743 (MAS) (TJB), at *19 (D.N.J. Mar. 20, 2017)).

### POINT IV: ALTHOUGH THE NEGLIGENCE CLAIM IN COUNT FIVE SHOULD HAVE COMPLIED WITH THE N.J.T.C.A. NOTICE PROVISIONS, THE PLAINTIFF WOULD ARGUE THAT THERE ARE RELEVANT EXCEPTIONS THAT CAN BE CONSIDERED BY THIS COURT.

Although failure to satisfy the N.J.T.C.A.'s time requirement under N.J.S.A. 59:8-8 generally constitutes a bar to recovery against an entity after two years, Karczewski v. Nowicki, 188 N.J. Super. 355, 357 (App.Div. 1982), the doctrine of substantial compliance has been invoked to alleviate the hardship and unjust consequences which result when an otherwise valid claim is defeated on technical

9

grounds even though it would have posed no prejudice to the entity. Anske v. Borough of Palisades Park, 139 N.J. Super. 342, 347 (App.Div. 1976); Small v. Department of Corrections, 243 N.J. Super. 439, 445 (N.J. Super. 1990).

The purpose of the 90-day limit contained in N.J.S.A. 59:8-8 is to "compel a claimant to expose his intention and information early in the process in order to permit the public entity to undertake an investigation while witnesses are available and the facts are fresh." Lutz v. Township of Gloucester, 153 N.J. Super. 461, 466 (App.Div. 1977).

Here, the public entity had due notice of the Plaintiff's claim. The Plaintiff was confined to the prison infirmary for ten days due to the injuries sustained, and the Plaintiff has alleged that the Defendants repeatedly failed to provide him with adequate medical care or to heed the counsel or recommendations of medical professionals. Further, given that the Defendants were fully invested in all of the daily aspects of controlling the Plaintiff's movements, medical care, and all aspects of his day-to-day life, it is inconceivable that the Defendants were in any way unaware of the damages that the Plaintiff suffered. The purpose of the N.J.T.C.A. is not to serve as a "gotcha" for government or state agencies to deny redress to citizens, and to wield it thusly is not in the interests of the Plaintiff or the public policy concerns of the State of New Jersey. Finally, this lawsuit was filed less than two years after the incident in question occurred, and as a result, this Court should allow a late notice, related back to the filing of this action.

As a result, this Court should allow the Plaintiff to make a belated notice to the State actors in this case, pursuant to the N.J.T.C.A.

### POINT V: THE COMPLAINT SHOULD NOT BE DISMISSED BECAUSE THE PLAINTIFF IS NOT REQUIRED TO ALLEGE THAT HE HAS EXHAUSTED HIS ADMINISTRATIVE REMEDIES.

In "Point V", the Defendants argue only that Plaintiff met the definition of a "prisoner" under 42 U.S.C. § 1915, and then conclude that "the exhaustion rule is applicable here". (Motion to Dismiss, p. 16,

¶¶ 1-2). The Defendants fail to elucidate as to what "rule" is being referenced, but it is likely that they were referring to 42 U.S.C. § 1997e, which states that:

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

However, there are a variety of reasons for which the Defendants' arguments fails but the most glaring omission here is that the Defendants fail to present any case-law that suggests that a prisoner must allege compliance with any such "rule" in a Complaint, nor does 42 U.S.C. § 1997e require it.

In fact, the reason that the Defendants are unable to point to any such law requiring such an allegation in a complaint is because the United States Supreme Court actually stated conclusively that no such requirement exists. Specifically, in Jones v. Bock, the Supreme Court stated:

> We conclude that failure to exhaust is an affirmative defense under the PLRA, and that **inmates are not required to specially plead or demonstrate exhaustion in their complaints.** We understand the reasons behind the decisions of some lower courts to impose a pleading requirement on plaintiffs in this context, but that effort cannot fairly be viewed as an interpretation of the PLRA.

549 U.S. 199, 216 (2007) (emphasis added).

As a result, this Court should not dismiss any claims in the Plaintiff's Complaint pursuant to the arguments presented in the Defendants' Point V.

## CONCLUSION

For the foregoing reasons, it is respectfully requested that the Court deny the Defendants' Motion to Dismiss, and to permit the Plaintiff to amend the Complaint as argued in Point I.

Respectfully submitted,

Dated: November 4, 2019

**OPTIMUM LAW GROUP, P.C.**
BY:  /s/ Joseph D. Lento
JOSEPH D. LENTO, ESQUIRE
Attorney for Plaintiff

**OPTIMUM LAW GROUP, P.C.**
BY: Joseph D. Lento, Esquire
Atty ID 013252008
3000 Atrium Way – Suite # 200
Mount Laurel, NJ 08054
(856) 652-2000 (T)
(856) 375-1010 (F)
jdlento@optimumlawgroup.com
*Attorney for Plaintiff, Edwin Polynice*

| | |
|---|---|
| EDWIN POLYNICE, | : UNITED STATES DISTRICT COURT |
| | : DISTRICT OF NEW JERSEY |
| Plaintiff, | : NEWARK VICINAGE |
| v. | : |
| | : Civ. Dkt. 2:19-cv-16875-MCA-LDW |
| NJ DEPARTMENT OF CORRECTIONS, et al., | : |
| | : **CERTIFICATION OF COUNSEL** |
| Defendants. | : |
| | : |

I, Joseph D. Lento, of full age, hereby certify:

1. I am an attorney licensed to practice in the State of New Jersey, with Optimum Law Group, P.C., on behalf of the Plaintiff in this action, Edwin Polynice.

2. As such, I am familiar with the facts set forth herein.

3. I make this Certification in support of Plaintiff's Response to Defendants' Motion to Dismiss Plaintiff's Complaint in this action.

4. Plaintiff opposes dismissal of this action, as explained in the accompanying Brief in Opposition to Defendants' Motion to Dismiss Plaintiff's Complaint With Prejudice for Failure to State a Claim Pursuant to Fed. R. Civ. P. 12(b)(6).

I hereby certify that the foregoing statements are true. I am aware that if any of the foregoing statements are willfully false, I am subject to punishment.

                                              OPTIMUM LAW GROUP, P.C.

Dated: November 4, 2019        BY:  /s/ Joseph D. Lento
                                                  JOSEPH D. LENTO, ESQUIRE
                                                  Attorney for Defendant

**OPTIMUM LAW GROUP, P.C.**
BY: Joseph D. Lento, Esquire
Atty ID 013252008
3000 Atrium Way – Suite # 200
Mount Laurel, NJ 08054
(856) 652-2000 (T)
(856) 375-1010 (F)
jdlento@optimumlawgroup.com
*Attorney for Plaintiff, Edwin Polynice*

| EDWIN POLYNICE, | : UNITED STATES DISTRICT COURT |
|---|---|
| | : DISTRICT OF NEW JERSEY |
| Plaintiff, | : NEWARK VICINAGE |
| v. | : |
| | : Civ. Dkt. 2:19-cv-16875-MCA-LDW |
| NJ DEPARTMENT OF CORRECTIONS, et al., | : |
| | : CIVIL ACTION |
| Defendants. | : |
| | : **CERTIFICATION OF SERVICE** |
| | : |

I certify that on November 5, 2019, I the undersigned forwarded a copy of the foregoing Response to Defendants' Motion to Dismiss, by First Class Regular Mail and E-Courts filing to all counsel of record addressed as follows:

Chanell Branch, Deputy Attorney General
Gurbir S. Grewal, Attorney General of New Jersey
R.J. Hughes Justice Complex
25 Market Street
P.O. Box 112
Trenton, New Jersey 08625-0112

I certify that the foregoing statements made by me are true. I am aware that if any of the foregoing statements are willfully false, I am subject to discipline.

                                                           OPTIMUM LAW GROUP, P.C.

Dated: November 4, 2019         BY:  /s/ Joseph D. Lento
                                                   JOSEPH D. LENTO, ESQUIRE
                                                   Attorney for Defendant