**GURBIR S. GREWAL**
**ATTORNEY GENERAL OF NEW JERSEY**
R.J. Hughes Justice Complex
P.O. Box 112
25 Market Street
Trenton, New Jersey 08625-0112
Attorney for Defendant Administrator George Robinson

By: Chanell Branch
    Deputy Attorney General
    Bar No. 029342010
    609-376-3367
    Chanell.Branch@law.njoag.gov


                 UNITED STATES DISTRICT COURT
                 FOR THE DISTRICT OF NEW JERSEY
                      VICINAGE OF NEWARK

| | |
|---|---|
| EDWIN POLYNICE,<br><br>         Plaintiff,<br><br>      v.<br><br>ROBINSON, ET AL.,<br><br>        Defendants. | CIVIL ACTION NO.<br>2:19-cv-16875-MCA-LDW<br><br><u>CIVIL ACTION</u><br><br>**DEFENDANTS' ANSWER WITH**<br>**AFFIRMATIVE DEFENSES TO**<br>**PLAINTIFF'S COMPLAINT** |

TO: Clerk of Court

    Michael Poreda, Esq.
    Wronko Loewen Benucci
    69 Grove Street
    Sommerville, NJ 08876


     Defendant Administrator George Robinson(hereinafter

"Answering Defendant"), by and through counsel, Gurbir S.

Grewal, Attorney General of New Jersey, by Chanell Branch,

Deputy Attorney General, hereby answers Plaintiff's complaint as

follows:

                  <u>**Introductory Statement**</u>

1. This paragraph makes conclusions of law, not allegations of operative fact; therefore no responsive pleading is required. To the extent that this paragraph contains factual allegations, they are hereby denied.

2. This paragraph makes conclusions of law, not allegations of operative fact; therefore no responsive pleading is required. To the extent that this paragraph contains factual allegations, they are hereby denied.

3. This paragraph makes conclusions of law, not allegations of operative fact; therefore no responsive pleading is required. To the extent that this paragraph contains factual allegations, they are hereby denied.

## Jurisdiction and Venue

4. This paragraph makes conclusions of law, not allegations of operative fact; therefore no responsive pleading is required. To the extent that this paragraph contains factual allegations, they are hereby denied.

5. This paragraph makes conclusions of law, not allegations of operative fact; therefore no responsive pleading is required. To the extent that this

paragraph contains factual allegations, they are
hereby denied.

6. This paragraph makes conclusions of law, not
   allegations of operative fact; therefore no responsive
   pleading is required. To the extent that this
   paragraph contains factual allegations, they are
   hereby denied.

7. This paragraph makes conclusions of law, not
   allegations of operative fact; therefore no responsive
   pleading is required. To the extent that this
   paragraph contains factual allegations, they are
   hereby denied.

8. This paragraph makes conclusions of law, not
   allegations of operative fact; therefore no responsive
   pleading is required. To the extent that this
   paragraph contains factual allegations, they are
   hereby denied.

9. This paragraph makes conclusions of law, not
   allegations of operative fact; therefore no responsive
   pleading is required. To the extent that this
   paragraph contains factual allegations, they are
   hereby denied.

**Parties**

10.    Admitted.

11.     Denied. Defendants New Jersey Department of Corrections and Northern State Prison were dismissed from the case by Order of this Court, dated May 28, 2020 (ECF No. 15)

12.     Denied.

13.     Denied. Defendant Northern State Prison was dismissed from the case by Order of this Court, dated May 28, 2020 (ECF No. 15).

14.     Denied. Defendant New Jersey Department of Corrections was dismissed from the case by Order of this Court, dated May 28, 2020 (ECF No. 15).

15.     Denied.

16.     Defendant Sergeant Gibson has not been served. Northern State Prison has not identified an employee named Sergeant Gibson. Plaintiff is left to his proofs.

17.     Denied.

18.     Denied.

19.     Denied.

## **FACTUAL ALLEGATIONS**

20.     Admitted only that Edwin Polynice was incarcerated at Northern State Prison.

21.     Denied.

22.    Answering defendant lacks knowledge or
information to form a belief to the truth or veracity
of the allegations. Plaintiff is left to his proofs.

23.    Answering defendant lacks knowledge or
information to form a belief to the truth or veracity
of the allegations. Plaintiff is left to his proofs.

24.    Answering defendant lacks knowledge or
information to form a belief to the truth or veracity
of the allegations. Plaintiff is left to his proofs.

25.    Answering defendant lacks knowledge or
information to form a belief to the truth or veracity
of the allegations. Plaintiff is left to his proofs.

26.    Answering defendant lacks knowledge or
information to form a belief to the truth or veracity
of the allegations. Plaintiff is left to his proofs.

27.    Answering defendant lacks knowledge or
information to form a belief to the truth or veracity
of the allegations. Plaintiff is left to his proofs.

28.    Answering defendant lacks knowledge or
information to form a belief to the truth or veracity
of the allegations. Plaintiff is left to his proofs.

29.    Answering defendant lacks knowledge or
information to form a belief to the truth or veracity
of the allegations. Plaintiff is left to his proofs.

30.   Answering defendant lacks knowledge or information to form a belief to the truth or veracity of the allegations. Plaintiff is left to his proofs.

31.   Answering defendant lacks knowledge or information to form a belief to the truth or veracity of the allegations. Plaintiff is left to his proofs.

32.   Denied.

33.   Denied.

34.   This paragraph makes conclusions of law, not allegations of operative fact; therefore no responsive pleading is required. To the extent that this paragraph contains factual allegations, they are hereby denied.

35.   This paragraph makes conclusions of law, not allegations of operative fact; therefore no responsive pleading is required. To the extent that this paragraph contains factual allegations, they are hereby denied.

36.   This paragraph makes conclusions of law, not allegations of operative fact; therefore no responsive pleading is required. To the extent that this paragraph contains factual allegations, they are hereby denied.

37.   This paragraph makes conclusions of law, not allegations of operative fact; therefore no responsive

pleading is required. To the extent that this
paragraph contains factual allegations, they are
hereby denied.

**FIRST CLAIM FOR RELIEF**

38.    Answering Defendant repeats each and every
response to all preceding paragraphs of this Answer as
if set forth herein at length.

39.    These allegations were dismissed from this case
by Order of this Court, dated May 28, 2020 (ECF No.
15).

40.    These allegations were dismissed from this case
by Order of this Court, dated May 28, 2020 (ECF No.
15).

41.    These allegations were dismissed from this case
by Order of this Court, dated May 28, 2020 (ECF No.
15).

> **a.** These allegations were dismissed from this case
> by Order of this Court, dated May 28, 2020 (ECF
> No. 15).
>
> **b.** These allegations were dismissed from this case
> by Order of this Court, dated. May 28, 2020
> (ECF No. 15).
>
> **c.** These allegations were dismissed from this case
> by Order of this Court, dated May 28, 2020 (ECF
> No. 15).

    **d.** These allegations were dismissed from this case by Order of this Court, dated May 28, 2020 (ECF No. 15).

    **e.** These allegations were dismissed from this case by Order of this Court, dated May 28, 2020 (ECF No. 15).

    **f.** These allegations were dismissed from this case by Order of this Court, dated May 28, 2020 (ECF No. 15).

42.    These allegations were dismissed from this case by Order of this Court, dated May 28, 2020 (ECF No. 15).

43.    These allegations were dismissed from this case by Order of this Court, dated May 28, 2020 (ECF No. 15).

**SECOND CLAIM FOR RELIEF**

44.    Answering Defendant repeats each and every response to all preceding paragraphs of this Answer as if set forth herein at length.

45.    These allegations were dismissed from this case by Order of this Court, dated May 28, 2020 (ECF No. 15).

46.    These allegations were dismissed from this case by Order of this Court, dated May 28, 2020 (ECF No. 15).

47.    Answering defendant lacks knowledge or
information to form a belief to the truth or veracity
of the allegations. Plaintiff is left to his proofs.

48.    Answering defendant lacks knowledge or
information to form a belief to the truth or veracity
of the allegations. Plaintiff is left to his proofs.

49.    Answering defendant lacks knowledge or
information to form a belief to the truth or veracity
of the allegations. Plaintiff is left to his proofs.

50.    Answering defendant lacks knowledge or
information to form a belief to the truth or veracity
of the allegations. Plaintiff is left to his proofs.

**WHEREFORE,** Answering Defendant denies that Plaintiff is
entitled to the relief he seeks and demands judgment dismissing
Plaintiff's Complaint with prejudice, together with an award of
attorney's fees and costs of suit to Answering Defendant.

**THIRD CLAIM FOR RELIEF**

51.    Answering Defendant repeats each and every
response to all preceding paragraphs of this Answer as
if set forth herein at length.

52.    Admitted in part. Denied in part. Admitted only
that George Robinson is Administrator of Northern
State Prison. Denied that Sergeant Gibson is an
employee of Northern State Prison.

53.    These allegations were dismissed from the case by Order of this Court, dated May 28, 2020 (ECF No. 15).

54.    These allegations were dismissed from the case by Order of this Court, dated May 28, 2020 (ECF No. 15).

55.    This paragraph contains legal conclusions, not allegations of operative fact; therefore, no response is required. To the extent that a response is required, the allegations are denied.  Defendant Sergeant Gibson is not identified as ever being an employee of Northern State Prison.

56.    This paragraph contains legal conclusions, not allegations of operative fact; therefore, no response is required. To the extent that a response is required, the allegations are denied.  Defendant Sergeant Gibson is not identified as ever being an employee of Northern State Prison.

**WHEREFORE,** Answering Defendant denies that Plaintiff is entitled to the relief he seeks and demands judgment dismissing Plaintiff's Complaint with prejudice, together with an award of attorney's fees and costs of suit to Answering Defendant.

**FOURTH CLAIM FOR RELIEF**

57.    Answering defendant repeats each and every response to all preceding paragraphs of this Answer as if set forth herein at length.

58.    These allegations were dismissed from the case by Order of this Court, dated May 28, 2020 (ECF No. 15).

59.    These allegations were dismissed from the case by Order of this Court, dated May 28, 2020 (ECF No. 15).

60.    These allegations were dismissed from the case by Order of this Court, dated May 28, 2020 (ECF No. 15).

**FIFTH CLAIM FOR RELIEF**

61.    These allegations were dismissed from the case by Order of this Court, dated May 28, 2020 (ECF No. 15).

62.    These allegations were dismissed from the case by Order of this Court, dated May 28, 2020 (ECF No. 15).

63.    These allegations were dismissed from the case by Order of this Court, dated May 28, 2020 (ECF No. 15).

64.    These allegations were dismissed from the case by Order of this Court, dated May 28, 2020 (ECF No. 15).

65.    These allegations were dismissed from the case by Order of this Court, dated May 28, 2020 (ECF No. 15).

66.    These allegations were dismissed from the case by Order of this Court, dated May 28, 2020 (ECF No. 15).

**<u>AFFIRMATIVE DEFENSES</u>**

<u>FIRST AFFIRMATIVE DEFENSE</u>

At all times relevant hereto, Answering Defendant has acted in good faith and without fraud or malice.

<u>SECOND AFFIRMATIVE DEFENSE</u>

Answering Defendant has not deprived Plaintiff of any right, privilege or immunity secured to him by the New Jersey or United States Constitutions or any Act of Congress or the Legislature of New Jersey.

## THIRD AFFIRMATIVE DEFENSE

The complaint fails to state a claim against Answering Defendant upon which relief may be granted.

## FOURTH AFFIRMATIVE DEFENSE

Answering Defendant is immune from suit.

## FIFTH AFFIRMATIVE DEFENSE

Answering Defendant is an employee of an agency of the State of New Jersey and at all relevant times was performing acts within the scope of his official duty in good faith without fraud or malice, and is immune from liability sought to be imposed upon him based on the doctrine of qualified immunity.

## SIXTH AFFIRMATIVE DEFENSE

This suit is barred by the Eleventh Amendment.

## SEVENTH AFFIRMATIVE DEFENSE

The complaint is barred by the doctrine of res judicata and/or collateral estoppel.

## EIGHTH AFFIRMATIVE DEFENSE

The action is so lacking in fact-based merit as to warrant dismissal with prejudice.

## NINTH THIRTEENTH AFFIRMATIVE DEFENSE

Damages, if any, were the result of the Plaintiff's own actions and/or inactions.

<u>TENTH AFFIRMATIVE DEFENSE</u>

Damages, if any, sustained by the Plaintiff were the result of the actions of persons and/or entities over whom Answering Defendant had no control.

<u>ELEVENTH AFFIRMATIVE DEFENSE</u>

Answering Defendants reserve the right to interpose each and every such separate defense that continuing investigation and discovery may indicate.

<u>TWELFTH AFFIRMATIVE DEFENSE</u>

Answering Defendant is not liable for acts taken in good faith in the enforcement of any law pursuant to <u>N.J.S.A.</u> 59:3-3.

<u>THIRTEENTH AFFIRMATIVE DEFENSE</u>

Plaintiffs' claims must be dismissed because Answering Defendant committed no violation of public policy.

<u>FOURTEENTH AFFIRMATIVE DEFENSE</u>

Answering Defendant is not guilty of any negligence, wrongdoing, breach of duty or misconduct that was the proximate or producing cause of any injuries or damages alleged by plaintiff.

<u>FIFTEENTH AFFIRMATIVE DEFENSE</u>

Any injuries and damages were caused by and arose out of risks of which Plaintiff had full knowledge and which Plaintiff assumed.

## SIXTEENTH AFFIRMATIVE DEFENSE

Answering Defendant owed no legal duty to the Plaintiff.

## SEVENTEENTH AFFIRMATIVE DEFENSE

Answering Defendant breached no duty owed to the Plaintiff.

## EIGHTEENTH AFFIRMATIVE DEFENSE

Answering Defendant performed each and every duty, if any, owed to the Plaintiff.

## NINETEENTH AFFIRMATIVE DEFENSE

Any action or inaction on the parts of Answering Defendant is a result of the exercise of judgment or discretion vested in Answering Defendant within the meaning of the applicable law.

## TWENTIENTH AFFIRMATIVE DEFENSE

Answering Defendant acted in good faith without malicious intent in carrying out all duties.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

Plaintiff has not pled and cannot establish a viable claim of constitutional deprivation due to a policy, practice or custom of constitutional violations.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

Punitive damages cannot be awarded against Answering Defendant under both common law and statute.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

Plaintiff is not entitled to an award of economic damages against Answering Defendant.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

Plaintiff is not entitled to an award of interest against Answering Defendant.

<u>TWENTY-FIFTH AFFIRMATIVE DEFENSE</u>

None of Plaintiff's statutory, constitutional or common law rights were violated.

<u>TWENTY-SIXTH AFFIRMATIVE DEFENSE</u>

Answering Defendant is protected by the defenses and immunities provided by the Prison Litigation Reform Act.

<u>TWENTY-SEVENTH AFFIRMATIVE DEFENSE</u>

Plaintiff has failed to exhaust his administrative remedies in accordance with the Prison Litigation Reform Act.

<u>JURY DEMAND</u>

Answering Defendant demands a trial by jury for all issues of fact.

<u>DESIGNATION OF TRIAL COUNSEL</u>

Please be advised that Chanell Branch, Deputy Attorney General, is hereby designated as trial counsel.

<u>CERTIFICATION OF SERVICE</u>

I, Chanell Branch, hereby certify that Defendant Administrator George Robinson's Answer with Affirmative Defenses to Plaintiff's Complaint and Jury Demand was electronically filed with the Clerk of the United States District Court and all attorneys of record.

```
                              GURBIR S. GREWAL
                              ATTORNEY GENERAL OF NEW JERSEY
                              Attorney for Defendants

Dated: June 23, 2020          By: s/Chanell Branch
                                  Chanell Branch
                                  Deputy Attorney General
```