**WRONKO LOEWEN BENUCCI**
Michael Poreda, Esq. (025492010)
69 Grove Street
Somerville, NJ 08876
Telephone: (908) 704-9200
Fax: (908) 704-9291
e-Mail: poreda@poredalaw.com
*Attorney for Plaintiff*

### UNITED STATES DISTRICT COURT
### DISTRICT OF NEW JERSEY

| | |
|---|---|
| EDWIN POLYNICE, *individually and on behalf of a class of similarly situated individuals,*<br><br>*Plaintiff*,<br><br>vs.<br><br>NEW JERSEY DEPARTMENT OF CORRECTIONS, et al.,<br><br>*Defendants*. | Docket No. 2:19-cv-16875-MCA-LDW<br><br>**Civil Action**<br><br>**CERTIFICATION IN SUPPORT OF MOTION TO AMEND PLAINTIFF'S COMPLAINT** |

I, Michael Poreda, of full age, do certify as follows:

1.) I represent Plaintiff in this case.

2.) Plaintiff's Complaint was initially filed by the Optimum Law Firm on August 19, 2019, naming the Department of Corrections and several of its employees as defendants.

3.) The claim involved an accident in which Plaintiff fell out of a top prison bunk and sustained permanent injuries.

4.) At the time of the fall, Plaintiff was bottom bunk restricted due to diabetes and a torn Achilles tendon.

5.) On October 2, 2019, counsel for Defendants filed a Motion to Dismiss for failure to state a claim.

6.) On March 6, 2020, I submitted a Substitution of Attorney.

7.) On May 28, 2020, the court issued an order dismissing some of Plaintiff's claims without prejudice.

8.) In particular, the negligence claims were dismissed for failure to plead compliance with the notice provisions of the Tort Claims Act.

9.) After receiving the court's opinion (which was delayed several months by a technical issue with PACER), I proceeded to attempt contact with Plaintiff.

10.) I learned that Plaintiff had been placed in "temporary housing" which a prison employee identified as St. Francis Medical Center.

11.) On or about August 14, 2020, I received a phone call from Plaintiff, who had returned to South Woods State Prison after a long stay in the hospital.

12.) Plaintiff informed me that his kidneys had failed.

13.) He ran out of blood pressure medications, and the prison's health care provider did not refill the prescription, leading to his blood pressure spiking out of control.

14.) The out-of-control blood pressure destroyed his kidneys.

15.) Plaintiff now needs a kidney transplant.

16.) Plaintiff's complaint is not unique.

17.) I have several other prison clients who have complained of exactly the same problem with gaps in between refills of prescriptions for medications.

18.) I have been informed that one prisoner, Michael Henderson, killed himself when he experienced a gap in psychiatric medications.

19.) I spoke with a UCHC doctor, Sandra Connolly about this problem several months ago, and she admitted that it was unacceptable.

20.) The Amended Complaint fixes the technical failings of the original Complaint. In particular, it states with particularity, the details about the timely filing of the required Tort Claim Notice against the Department of Corrections and its employees.

21.) The Amended Complaint adds causes of action based on failure to accommodate a disability. These legal theories involve exactly the same set of facts as were originally plead.

22.) The Amended Complaint also adds causes of action against University Correctional Health Care and includes a putative class.

23.) Plaintiff has just been released from prison, his sentence having come to an end.

24.) No discovery has been demanded or exchanged in this case yet.

I swear that the foregoing statements by me are true. I understand that if any of the foregoing statements are knowingly false, I am subject to punishment.

                                                    Michael Poreda, Esq.
                                                    *Attorney for Plaintiff*

Date: August 23, 2020