# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| EDWIN POLYNICE, INDIVIDUALLY AND ON BEHALF OF A CLASS OF SIMILARLY SITUATED INDIVIDUALS, <br><br> Plaintiff, <br><br> vs. <br><br> NEW JERSEY DEPARTMENT OF CORRECTIONS, ET AL., <br><br> Defendants | Civil Action No.: 2:19-CV-16875-MCA-LDW <br><br> Document electronically filed |

## BRIEF IN OPPOSITION TO PLAINTIF'S MOTION TO FILE AN AMENDED COMPLAINT TO ASSERT CLAIMS AGAINST UCHC AND ITS EMPLOYEES

MACNEILL, O'NEILL & RIVELES, LLC
THOMAS J. PYLE, JR. (018411995)
240 CEDAR KNOLLS ROAD, SUITE 104
CEDAR KNOLLS, NJ 07927
973-409-6600
ATTORNEYS FOR DEFENDANT, UNIVERSITY CORRECTIONAL HEALTH CARE
OUR FILE NO. 9028.05267

*Thomas J. Pyle, Jr., Esq.*
    On the Brief

*Gary L. Riveles, Esq.*
    Of Counsel

## INTRODUCTORY STATEMENT

Plaintiff seeks to file an Amended Complaint to assert a medical malpractice action against UCHC and certain of its employees. For the reasons set forth herein, Plaintiff's Motion should be denied. UCHC is a public entity of the State of New Jersey. As such, the provisions of the New Jersey Tort Claims Act, N.J.S.A. 59:1-1 *et seq.* ("TCA") apply to this claim. Pursuant to the TCA, Plaintiff is required to wait a minimum of six months after filing or serving a Notice of Claim before filing a lawsuit. N.J.S.A. 59:8-8. In the instant case, Plaintiff filed a Notice of Claim as to UCHC on August 19, 2020. Therefore, Plaintiff cannot, by law, commence a lawsuit against UCHC for these claims for at least six months after August 19, 2020. Since six months have not yet expired after the serving of the Notice of Claim, Plaintiff's Motion as to UCHC and its employees should be denied. Moreover, Plaintiff seeks punitive damages from UCHC in the proposed Amended Complaint. Pursuant to N.J.S.A. 59:9-2(c), punitive damages are not recoverable against a public entity. In addition, to the extent Plaintiff is asserting a class action in this matter relating to UCHC employees failing to provide medication to inmates, Plaintiff does not meet the requirements of Fed. R. Civ. Proc. 23 for a class action.

Finally, Plaintiff's claims initially brought against the DOC Defendants in the original Complaint filed in August 2019 are separate and distinct from the facts that Plaintiff is alleging against the UCHC Defendants. The claims against the

DOC Defendants arise out of a claim that Plaintiff fell out of his prison bunk in October 2017 and was injured. The medical malpractice claims against the UCHC Defendants that Plaintiff seeks to assert in the Amended Complaint arise out of allegations that in July 2020 Plaintiff was not provided his blood pressure medication and as a result suffered kidney damage. Clearly, these claims do not arise out of the same transaction or occurrence. As such, Plaintiff should not be permitted to add UCHC or its employees as a Defendant and this would violate the Permissive Joinder Rule set forth in Fed. R. Civ. Proc. 20. Moreover, the claims against the DOC defendants arising out of the fall out of the prison bunk, and the purported claims against the UCHC Defendants, should be litigated in separate lawsuits as there is no commonality of facts.

Therefore, as set forth herein, Plaintiff's Motion should be denied.

### STATEMENT OF FACTS

The UCHC Defendants shall rely upon the fact set forth in the Certification of Thomas J. Pyle, Jr., Esq., submitted contemporaneously herewith as if fully set forth herein.

### LEGAL ARGUMENT

### POINT I

**PLAINTIFF'S MOTION MUST BE DENIED AS PLAINTIFF HAS NOT WAITED THE STATUTORILY MANDATED SIX MONTHS REQUIRED BY THE NEW JERSEY TORT CLAIMS ACT BEFORE FILING A COMPLAINT AS TO THE UCHC DEFENDANTS AFTER SERVING A NOTICE OF CLAIM**

N.J.S.A. 59:8-8 provides:

Time for presentation of claims. A claim relating to a cause of action for death or for injury or damage to person or to property shall be presented as provided in this chapter not later than the 90th day after accrual of the cause of action. **After the expiration of six months from the date notice of claim is received, the claimant may file suit in an appropriate court of law.** The claimant shall be forever barred from recovering against a public entity or public employee if:

    **a.** The claimant failed to the claim with the public entity within 90 days of accrual of the claim except as otherwise provided in N.J.S.59:8-9; or

    **b.** Two years have elapsed since the accrual of the claim; or

    **c.** The claimant or the claimant's authorized representative entered into a settlement agreement with respect to the claim. (emphasis added).

Plaintiff's Motion seeks leave from the court to file an Amended Complaint to assert claims as to UCHC for alleged medical negligence occurred in or around July 2020. On August 18, 2020, Plaintiff served a Notice of Claim on Rutgers with respect to the claims relating to the allegations of medical negligence against UCHC. UCHC it is part of Rutgers, the State University. As such, it is entitled to the protections of the New Jersey Tort Claims Act. Pursuant to N.J.S.A. 59:8-8, Plaintiff is statutorily required to wait at least six months from the date they filed/served the Notice of Claim, August 19, 2020, before filing any Complaint as

4

to UCHC or its employees named in the Notice of Claim. For the foregoing reason, Plaintiff's Motion to permit Plaintiff to assert claims arising out of the allegations set forth in the Notice of Claim and proposed Amended Complaint as to UCHC and its employees must be denied.

## POINT II

### THE NEW JERSEY TORT CLAIMS ACT BARS RECOVERY OF PUNITIVE DAMAGES FROM A PUBLIC ENTITY

N.J.S.A. 59:9-2 (c) specifically provides: "No punitive or exemplary damages shall be awarded against a public entity." See Scott-Neal v. State Dep't of Corrections, 366 N.J. Super. 570, 577 (App. Div. 2004); Marion v. Borough of Manasquan, 231 N.J. Super. 320, 323 (App. Div. 1989); Wildoner v. Borough of Ramsey, 316 N.J. Super. 487, 507-508 (App. Div. 1998), rev'd on other grnds 162 N.J. 375 (2000).

In the instant case, Plaintiff's proposed Amended Complaint in the Seventh and Eighth Claims for Relief seeks to assert a claim for punitive damages as to UCHC. Since punitive damages against a public entity are barred, Plaintiff cannot recover punitive damages as to UCHC.

## POINT III

### PLAINTIFF'S MOTION SHOULD BE DENIED AS PLAINTIF SEEKS TO ADD THE UCHC DEFENDANTS IN VIOLATION OF FED R. CIV. PRO 20

Fed. R. Civ. Proc. 20(a)(2) states:

Defendants. Persons . . . may be joined in one action as defendants if:

(A) Any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and

(B) Any question of law or fact common to all defendants will arise in the action.

In analyzing the first prong of Rule 20 joinder—whether the claims in the federal action arise out of the same transaction— federal courts in New Jersey generally apply a case-by-case approach. Lopez v. City of Irvington, No. 05-5323, 2008 U.S. Dist. LEXIS 14941, 2008 WL 565775 at *2 (D.N.J. 28 Feb 2008). "Transaction" is a word of fluid meaning and may signify one or many occurrences, depending not so much on the temporal immediacy of each occurrence to each other but on their logical relationship. Lopez, 2008 U.S. Dist. LEXIS 14941, 2008 WL 565776 at *2 [citing Boyer v. Johnson Matthew Inc., No. 02-8382, 2004 U.S. Dist. LEXIS 9802, 2004 WL 835082, *2 (E.D. Pa. April 16, 2004)].

In analyzing the second prong of Rule 20 joinder--whether "any [common] question of law or fact ... will arise in the action," courts have looked to the commonality requirement under Rule 23(a) for an analogy. See Mosley v. Gen. Motors Corp., 497 F.2d 1330, 1333 (8th Cir.1974); Barnes v. American Tobacco Co., 161 F.3d 127, 141 (3d Cir.1998). "Joinder may be permissible if there is but

6

one question of law or fact common to the parties.'" Morris v. Paul Revere Ins. Grp., 986 F. Supp. 872, 885 (D.N.J.1997) (citing Mesa Computer Utilities, Inc. v. Western Union Computer Utilities, Inc., 67 F.R.D. 634, 636 (D. Del.1975)).

In the instant case, Plaintiff's claims against the DOC Defendants that are the subject of the original Complaint filed on August 19, 2019 arise out of a completely different set of facts, or transaction, then the claims Plaintiff seeks to assert against the UCHC Defendants in the proposed Amended Complaint. The basis for Plaintiff's claims against the DOC in the original Complaint arise out of Plaintiff falling out of his prison bunk on or about October 1, 2017 and injuring his head, shoulder, neck and legs. Pyle Certif., Exhibit B. There is no allegation of medical negligence in connection with those claims.

The medical malpractice claims that Plaintiff seeks to assert against the UCHC Defendants in the Amended Complaint allegedly arise out of a failure to provide medication to Plaintiff in July 2020, which is alleged to have caused damage to Plaintiff's kidneys. Pyle Certif., Exhibit B. Clearly, the medical malpractice claims do not arise out of the same "transaction, occurrence, or series of transactions or occurrences" that is required for Permissive Joinder under Fed. R. Civ. Proc. 20(a)(2). Not only did the events take place at different times, and involve different claims of negligence, but they even occurred at different facilities. The fall from the prison bunk in 2017 occurred in Northern State Prison

while the allegations of medical malpractice occurred in 2020 at South Woods State Prison. See Pyle Certif., Exhibit B.

## POINT IV

### PLAINTIFF'S PURPORTED REQUEST TO FILE A CLASS ACTION SUIT SHOULD BE DENIED AS PLAINTIFF FAILS TO MEET THE REQUIREMENTS FOR CLASS CERTIFICATION

To obtain certification, Plaintiffs must demonstrate that the proposed class satisfies all four prerequisites of Fed. R. Civ. Proc. 23(a), as well as one of the three sets of criteria set out in Rule 23(b). See, e.g., Georgine v. Amchem Prods., Inc., 83 F.3d 610, 624 (3d Cir. 1996); Baby Neal v. Casey, 43 F.3d 48, 55 (3d Cir. 1994). Class certification cannot be presumed and must only be entered after a "rigorous analysis" that the requirements of Rule 23 are met. Gen. Tel. Co. v. Falcon, 457 U.S. 147, 161, 102 S. Ct. 2364, 72 L. Ed. 2d 740 (1982). As part of this rigorous analysis, the Court "must make whatever factual and legal inquiries are necessary and must consider all relevant evidence and arguments presented by the parties." In re Hydrogen Peroxide Antitrust Litig., 552 F.3d 305, 307 (3d Cir. 2008). In making these inquiries, "the Court must resolve all factual or legal disputes relevant to class certification, even if they overlap with the merits - including disputes touching on elements of the cause of action." Id. Any "[f]actual determinations necessary to make Rule 23 findings must be made by a preponderance of the evidence." Id. at 320. "In other words, to certify a class the

district court must find that the evidence more likely than not establishes each fact necessary to meet the requirements of Rule 23." Id.

## A. Fed R. Civ. Proc. 23(a) Requirements

Fed. R. Civ. Proc. 23(a) requires Plaintiffs to show that:

(1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class. Fed. R. Civ. P. 23(a); Amchem, 521 U.S. at 613. These prerequisites are commonly known as numerosity, commonality, typicality, and adequacy. Baby Neal, 43 F.3d at 55. They are "meant to assure both that class action treatment is necessary and efficient and that it is fair to absentees under the particular circumstances." Id.

### 1. Numerosity

"Satisfaction of the first prerequisite, numerosity, does not require evidence of the exact number or identification of the members of the proposed class, but rather that the proposed class is so 'numerous that joinder of all members is impracticable.'" In re Linerboard Antitrust Litig., 203 F.R.D. 197, 205 (E.D. Pa. 2001) (citing Fed. R. Civ. P. 23(a)(1)). Although "[n]o minimum number of plaintiffs is required . . . generally if the named plaintiff demonstrates that the

potential number of plaintiffs exceeds 40, the first prong of Rule 23(a) has been met." Stewart v. Abraham, 275 F.3d 220, 226-27 (3d Cir. 2001). Numerosity is not, however, determined solely by the size of the class; the geographic location of class members is also considered in determining whether joinder would be impracticable. See, e.g., Marsden v. Select Med. Corp., 246 F.R.D. 480, 484 (E.D. Pa. 2007).

Plaintiff has provided no specific number as to the proposed class, except for 2 individuals mentioned in this motion. That does not meet the numerosity requirement. Moreover, joinder of all members of the proposed class would be practicable as they all purport to be incarcerated in the New Jersey State Prison system.

## 2. Commonality

Fed. R. Civ. Pro 23(a)'s second prerequisite, commonality, requires Plaintiffs to demonstrate that there are questions of law or fact common to the class. Fed. R. Civ. P. 23(a)(2). This test is "satisfied if the named plaintiffs share at least one question of fact or law with the grievances of the prospective class." Stewart, 275 F.3d at 227.

In this case, Plaintiff's claims as to the UCHC Defendants are separate and distinct from other purported members of the putative class. Each member of the putative class will, by necessity, have to allege that there was medical negligence

10

in failing to provide medication to them that caused them some sort of harm. Unlike a class action lawsuit against a drug manufacturing company, where the allegation is of the same negligent act or conduct, with respect to the proposed members of the putative class, to wit, incarcerated individuals in the New Jersey State Prison system, the facts of each case will be different as to type of medication, purpose of medication, and impact of any alleged failure to provide medication on each member (which will no doubt vary from individual to individual). Therefore, Plaintiff could not satisfy the requirement of commonality.

### 3. Typicality

The third prerequisite, typicality, requires that "the claims . . . of the representative parties are typical of the claims . . . of the class." Fed. R. Civ. P. 23(a)(3). The typicality inquiry "evaluates the sufficiency of the named plaintiff." Hassine v. Jeffes, 846 F.2d 169, 177 n.4 (3d Cir. 1988). It is intended to assess "whether the named plaintiffs have incentives that align with those of absent class members so as to assure that the absentees' interests will be fairly represented." Baby Neal, 43 F.3d at 57. It does so by "requiring that the common claims are comparably central to the claims of the named plaintiffs as to the claims of the absentees." Id. Named plaintiffs' claims are generally found to be typical if they "arise from the same alleged wrongful conduct" and are based upon the "same general legal theories" of those of the class. In re Warfarin Sodium Antitrust Litig.,

11

391 F.3d 516, 532 (3d Cir. 2004); see also Newton v. Merrill Lynch, 259 F.3d 154 183-84 n.28 (3d Cir. 2001)("[c]ases challenging the same unlawful conduct which affects both the named plaintiffs and the putative class usually satisfy the typicality requirement"). This is the case even where there are factual differences among plaintiffs. Baby Neal, 43 F.3d at 58.

There is no information presented in the instant Motion as to how the alleged failure to provide medication by the UCHC Defendants is the same as to each proposed member of the putative class. Moreover, since this is a medical malpractice action, the facts would be different for each member of the putative class as discussed *supra*. Therefore, Plaintiff cannot satisfy the Typicality requirement.

### 4. Adequacy

Under Rule 23(a)'s fourth prerequisite, both the class representatives and their attorneys must "fairly and adequately protect the interests of the class." Rule 23(a)(4). Adequacy is, therefore, a two-part inquiry "designed to ensure that absentees' interests are fully pursued." Warfarin, 391 F.3d at 532. First, "the court must determine whether the representatives' interests conflict with those of the class." Johnston v. HBO Film Mgmt., Inc., 265 F.3d 178, 185 (3d Cir. 2001). Second, the Court must assess the qualifications of class counsel to determine "whether the class attorney is capable of representing the class." Id. at 185.

In the instant case, the interest of the absentee members, given the factual difference in each and every medical malpractice claim that each member would assert, it would be nearly impossible for the class representatives to ensure the interests of the absentee members are fully pursued. Further, each seeks to recover for a different type of injury suffered by each individual member. Second, Plaintiff's counsel has presented no evidence that he is qualified to represent the putative class.

For the foregoing reasons, Plaintiff cannot satisfy the requirements of Rule 23(a).

### B. Rule 23(b) Requirements

If the requirements of Fed. R. Civ. Proc. 23(a) are satisfied, Plaintiff must next demonstrate that the proposed class is maintainable under one of the three subsections of Fed. R. Civ. Proc. 23(b). In the instant case, Plaintiff must show that (1) "questions of law or fact common to class members predominate over any questions affecting only individual members," and that (2) "a class action is superior to other available methods for fairly and efficiently adjudicating the controversy." Fed. R. Civ. Proc. 23(b)(3). These twin requirements are known as predominance and superiority.

1. **Predominance**

Predominance demands that "[i]ssues common to the class [] predominate over individual issues." In re Prudential Ins. Co. Am. Sales Practice Litig., 148 F.3d 283, 313-14 (3d Cir. 1998). This inquiry "measures whether the class is sufficiently cohesive to warrant certification." Newton, 259 F.3d at 187. It is a standard "far more demanding" than the commonality requirement of Fed. R. Civ. Proc. 23(a), because it requires more than a single common claim. Hydrogen Peroxide, 552 F.3d at 311 (quoting Amchem, 521 U.S. at 623). Instead, "[p]redominance requires that common issues be both numerically and qualitatively substantial in relation to issues peculiar to individual class members." In re Mercedes-Benz Antitrust Litig., 213 F.R.D. 180, 186 (D.N.J. 2003). While "[i]ndividual issues do[] not necessarily defeat certification," they must "have less overall significance than the issues common to the class." K-Dur, 2008 U.S. Dist. LEXIS 118396, 2008 WL 2699390, at *11.

"Because the nature of the evidence that will suffice to resolve a question determines whether the question is common or individual, a district court must formulate some prediction as to how specific issues will play out in order to determine whether common or individual issues predominate in a given case." Hydrogen Peroxide, 552 F.3d at 311 (internal quotations and citations omitted); see also Sandwich Chef, Inc. v. Reliance Nat'l Indem. Ins. Co., 319 F.3d 205, 218 (5th Cir. 2003) (Rule 23(b)(3) requires the court to "consider how a trial on the merits

14

would be conducted if a class were certified"). This inquiry requires an examination of the elements of a plaintiff's claim "through the prism of Rule 23." Hydrogen Peroxide, 552 F.3d at 311. That is, the court must consider the substantive elements of a plaintiff's claims and the type of proof that plaintiff plans to proffer to establish those elements in order to determine whether common issues predominate. In doing so, "[t]he relevant question is not whether each element can be proved, but whether such proof will require evidence individual to class members." McDonough v. Toys R Us, Inc., No. 06-0242, 638 F. Supp. 2d 461, 2009 US Dist. LEXIS 60684, at *58-59 (E.D. Pa. July 15, 2009) (citing Hydrogen Peroxide, 552 F.3d at 311-12). To be certified as a class under Fed. R. Civ. Pro. 23(b)(3), Plaintiffs must show that common or generalized proof will predominate at trial with respect to each of these essential elements. Linerboard, 203 F.R.D. at 214; see also Meijer, 246 F.R.D. at 307 (predominance satisfied "when there exists generalized evidence which proves or disproves an element [of plaintiff's claim] on a simultaneous, class-wide basis, since such proof obviates the need to examine each class member's individual position").

In the instant case, each member of the putative class will have to establish their own individual facts of negligence, causation and damages to prove any claim for medical negligence against the UCHC Defendants. Therefore, individual issues as to each class member's medical treatment and injuries will predominate

in this case. Accordingly, Plaintiff cannot establish the Predominance requirement for a class action.

## CONCLUSION

For the foregoing reasons, Defendant University Correctional Health Care and its employees named, but not yet served, respectfully request that Plaintiff's Motion to File the Amended Complaint as to claims against the UCHC Defendants be denied.

                                            Respectfully submitted,

                                            **MACNEILL, O'NEILL & RIVELES, LLC**
Attorneys for Defendant, University Correctional Health Care

Dated: September 21, 2020        By:   /s/ *Thomas J. Pyle, Jr.*
                                                        Thomas J. Pyle, Jr.
                                                        240 Cedar Knolls Road, Suite 104,
                                                        Cedar Knolls, NJ 07927
                                                        Tel. 973-409-6600
                                                         Fax 862-260-9313
                                                        tjp@morlawnj.com