**MacNeill, O'Neill & Riveles, LLC**
Thomas J. Pyle, Jr. (018411995)
240 Cedar Knolls Road, Suite 104
Cedar Knolls, NJ  07927
973-409-6600
Attorneys For Defendant, University Correctional Health Care
Our File No.  9028.05267

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| EDWIN POLYNICE, INDIVIDUALLY AND ON BEHALF OF A CLASS OF SIMILARLY SITUATED INDIVIDUALS,<br><br>Plaintiff,<br><br>vs.<br><br>NEW JERSEY DEPARTMENT OF CORRECTIONS, ET AL.,<br><br>Defendants. | Civil Action No.: 2:19-CV-16875-MCA-LDW<br><br>Document Filed Electronically<br><br><br>**CERTIFICATION OF THOMAS J. PYLE, JR.** |

Thomas J. Pyle, Jr. hereby certifies as follows:

1.     I am an attorney at law of the State of New Jersey and am partner in the law firm of MacNeill, O'Neill & Riveles, LLC, attorneys for Defendant, University Correctional Health Care ("UCHC").  As such, I am fully familiar with the facts as hereinafter set forth.

2.     I make this Certification on behalf of Defendant University Correctional Health Care ("UCHC") and its employees, named as defendants but

not yet served (collectively, "UCHC Defendants"), in opposition to Plaintiff's Motion to File an Amended Complaint to assert claims as to the UCHC Defendants.

3.      Plaintiff initially commenced this action by the filing of a Complaint against Defendant New Jersey Department of Corrections on August 19, 2019. Plaintiff's Complaint filed August 19, 2019 is annexed hereto as Exhibit A.

4.      Plaintiff's original Complaint contends that the DOC defendants were negligent in connection with Plaintiff falling out of a top prison bunk on October 17, 2017 while he was incarcerated at Northern State Prison, allegedly sustaining injuries.  See Exhibit A.

5.      Therefore, the facts giving rise to the filing of the Complaint in 2019 related to Plaintiff's fall from the top bunk in prison on October 17, 2017.

6.      Plaintiff now files a Motion seeking leave from this Court to Amend the Complaint to add UCHC and certain of its employees as defendants in the pending action.   A true and accurate copy of Plaintiff's Motion to Amend is annexed hereto as Exhibit B.

7.      The factual basis for the claim Plaintiff purports to assert against the UCHC defendants is that he was allegedly not provided blood pressure medication during a period of time in July 2020, thereby causing his blood pressure to rise and cause kidney failure.  See Exhibit B.

8.      Specifically, on or about July 4, 2020, Plaintiff alleges that he ran out of his prescriptions of the blood pressure medications.  Plaintiff alleges that he alerted his medication nurse to the fact that he needed his prescriptions refilled, but the prescriptions were never refilled.  See Exhibit B.

9.      The alleged medical malpractice occurred while Plaintiff was incarcerated at South Woods State Prison in July 2020.  See Exhibit B, Proposed Amended Complaint, ¶¶37-46.

10.     Plaintiff contends that as a result of not having his medications, Plaintiff's blood pressure spiked out of control.

11.     Plaintiff alleges that he previously had a history of renal insufficiency and diabetes.

12.     Plaintiff contends that diabetes and high blood pressure both placed Plaintiff at increased risk for kidney insufficiency and kidney failure.

13.     Plaintiff alleges that as a result of Plaintiff's uncontrolled blood pressure, Plaintiff became extremely ill.

14.     Plaintiff alleges that on or about July 27, 2020, Plaintiff was taken to St. Francis Medical Center due to the illness, where he was diagnosed with kidney failure.  See Exhibit B.

15.     These allegations are wholly unrelated to the allegations against the DOC, both factually and temporally.

16.    In connection with the claims Plaintiff is asserting against the UCHC Defendants, Plaintiff's counsel served a Notice of Claim as to UCHC and its employees via fax on August 19, 2020.  A true and accurate copy Plaintiff's Notice of Claim dated August 18, 2020 is annexed hereto as Exhibit C.

17.    UCHC is a part of Rutgers University, and as such, is a public entity. A true and accurate copy of the website for University Correctional Health Care is annexed hereto as Exhibit D.

18.    As a public entity, UCHC is subject to the provisions of the New Jersey Tort Claims Act, N.J.S.A. 59:1-1 *et seq*.

19.    Employees of UCHC are public employees also subject to the New Jersey Tort Claims Act, <u>N.J.S.A</u>. 59:1-1 *et seq*.

20.    A Notice of Claim was filed as UCHC is a public entity subject to the requirements, privileges and immunities of the New Jersey Tort Claims Act, <u>N.J.S.A</u>. 59:1-1 et seq.

21.    By letter dated August 23, 2020, Plaintiff sent a copy of the instant Motion to UCHC.  A true and accurate copy of the August 23, 2020 letter is annexed hereto as Exhibit E.

22.    Plaintiff's August 23, 2020 letter requested UCHC's consent to file the Amended Complaint.  See Exhibit E.

23.    By letter dated September 9, 2020, we sent a letter to Plaintiff's counsel on behalf of UCHC advising that UCHC does not consent to the filing of the Amended Complaint.  A true and accurate copy of the September 9, 2020 letter is annexed hereto as Exhibit F.

24.    On September 14, 2020, this office filed a Notice of Appearance on behalf of University Correctional Health Care. A true and accurate copy of the Notice of Appearance dated September 14, 2020 is annexed hereto as Exhibit G.

25.    Pursuant to the New Jersey Tort Claim Act, N.J.S.A. 59:8-8, a plaintiff must wait at least 6 months after filing a Notice of Claim before filing a complaint.

26.    Plaintiff filed a Notice of Claim as to UCHC and its employees on August 19, 2020.

27.    Therefore, statutorily, Plaintiff in this instant case is prohibited from filing a complaint as to UCHC and its employees until the expiration of 6 months, which would be no earlier than February 19, 2021.

28.    For that reason alone, Plaintiff's Motion should be denied.

29.    Plaintiff's proposed Amended Complaint also asserts a claim for punitive damages as to the UCHC defendants in the Seventh and Eighth Claims for Relief.  See Exhibit B.

30.     Pursuant to the New Jersey Tort Claims Act, N.J.S.A. 59:9-2(c), punitive damages are not recoverable against a public entity.

31.     Since UCHC is a public entity, punitive damages are not recoverable against UCHC in this matter.

32.     Thus, Plaintiff's Motion to file an Amended Complaint to assert punitive damages as to UCHC should be denied.

33.     Plaintiff's claims against the DOC Defendants that are the subject of the original Complaint filed on August 19, 2019 arise out of a completely different set of facts, or transaction, then the claims Plaintiff seeks to assert against the UCHC Defendants in the proposed Amended Complaint.  See Exhibits A and B.

34.     The basis for Plaintiff's claims against the DOC Defendants in the original Complaint arise out of Plaintiff falling out of his prison bunk on or about October 1, 2017 and injuring his head, shoulder, neck and legs.  See Exhibit A.

35.     There is no allegation of medical negligence in connection with those claims.  See Exhibit A.

36.     The medical malpractice claims that Plaintiff seeks to assert against the UCHC Defendants allegedly arise out of a failure to provide medication to Plaintiff in July 2020, which is alleged to have caused damage to Plaintiff's kidneys.  See Exhibit B, Proposed Amended Complaint, ¶¶37-46.

37.    Not only did the events take place at different times, and involve different claims of negligence, but they even occurred at different facilities.

38.    The fall from the prison bunk in 2017 occurred in Northern State Prison while the allegations of medical malpractice occurred in 2020 at South Woods State Prison.

39.    Clearly, the medical malpractice claims do not arise of the same out "transaction, occurrence, or series of transactions or occurrences" that is required for Permissive Joinder under Fed. R. Civ. Proc. 20(a)(2).

40.    Moreover, to attempt to litigate and try the claims against the DOC Defendants arising in 2017 and the medical malpractice claims against the UCHC Defendants arising in 2020 would be tantamount to trying and litigating two separate and distinct cases simultaneously, as there are no common facts or transactions.

41.    For the foregoing reasons, the proposed Amended Complaint as to the UCHC Defendants should be denied.

42.    The proposed medical malpractice claims against the UCHC Defendants should be the subject of a separate lawsuit.

43.     Furthermore, to the extent that Plaintiff's proposed Amended Complaint purports to assert a class action, Plaintiff does not satisfy the requirements of Fed. R. Civ. Proc. 23 for a class action.

I hereby certify that the foregoing statements made by me are true.  I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

Dated:  September 21, 2020             By:   /s/ *Thomas J. Pyle, Jr.*
                                             Thomas J. Pyle, Jr.
                                             240 Cedar Knolls Road, Suite 104,
                                             Cedar Knolls, NJ  07927
                                             Tel. 973-409-6600
                                             Fax 862-260-9313
                                             tjp@morlawnj.com

# EXHIBIT
# A

JS 44 (Rev. 02/19)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

**I. (a) PLAINTIFFS**
Edwin Polynice

**DEFENDANTS**
New Jersey Department of Corrections, Northern State Prison, Administrator George Robinson (individually), Sergeant Gibson (individually), S.C.O. John Doe (individually), John Does 1-10 and AB

**(b)** County of Residence of First Listed Plaintiff   Essex County
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Joseph Lento, Esquire Optimum Law Group, PC
3000 Atrium Way, Suite 200
Mount Laurel, NJ 08054  856-652-2000

Attorneys *(If Known)*

**II. BASIS OF JURISDICTION** *(Place an "X" in One Box Only)*

- ☐ 1  U.S. Government Plaintiff
- ☒ 3  Federal Question *(U.S. Government Not a Party)*
- ☐ 2  U.S. Government Defendant
- ☐ 4  Diversity *(Indicate Citizenship of Parties in Item III)*

**III. CITIZENSHIP OF PRINCIPAL PARTIES** *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. NATURE OF SUIT** *(Place an "X" in One Box Only)*                    Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ | ☐ 690 Other | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & | Pharmaceutical | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | Slander | Personal Injury Product Liability | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' Liability | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 460 Deportation |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 160 Stockholders' Suits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | **LABOR** | ☐ 480 Consumer Credit |
| ☐ 190 Other Contract | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | ☐ 710 Fair Labor Standards Act | **SOCIAL SECURITY** | ☐ 485 Telephone Consumer Protection Act |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 720 Labor/Management Relations | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 196 Franchise | ☐ 362 Personal Injury - Medical Malpractice | | ☐ 740 Railway Labor Act | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| | | | ☐ 751 Family and Medical Leave Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 790 Other Labor Litigation | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | ☐ 791 Employee Retirement Income Security Act | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 896 Arbitration |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | ☐ 950 Constitutionality of State Statutes |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | | ☒ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

**V. ORIGIN** *(Place an "X" in One Box Only)*

- ☒ 1  Original Proceeding
- ☐ 2  Removed from State Court
- ☐ 3  Remanded from Appellate Court
- ☐ 4  Reinstated or Reopened
- ☐ 5  Transferred from Another District *(specify)*
- ☐ 6  Multidistrict Litigation - Transfer
- ☐ 8  Multidistrict Litigation - Direct File

**VI. CAUSE OF ACTION**
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
42 U.S.C. § 1983 and 42 U.S.C1988
Brief description of cause:
keeping prisoners safe and secure

**VII. REQUESTED IN COMPLAINT:**
☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.
DEMAND $
CHECK YES only if demanded in complaint:
JURY DEMAND:  ☐ Yes  ☐ No

**VIII. RELATED CASE(S) IF ANY**
*(See instructions):*
JUDGE _____   DOCKET NUMBER _____

DATE
08/19/2019

SIGNATURE OF ATTORNEY OF RECORD
*Joseph D. Lento*

**FOR OFFICE USE ONLY**
RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

## THE UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

---

EDWIN POLYNICE,

     Plaintiff

v.

NEW JERSEY DEPARTMENT OF
CORRECTIONS, NORTHERN STATE
PRISON, ADMINSITRATOR GEORGE
ROBINSON, SERGEANT GIBSON
(individually), and S.C.O. JOHN DOE
(individually), JOHN DOES 1-10 AND
ABC ENTITIES A-Z

     Defendant

Civil Action No.:

CIVIL ACTION

**COMPLAINT
AND JURY DEMAND**

---

**NOW COMES**, Plaintiff, by and through the undersigned Counsel, and hereby bring this action against the Defendants as follows:

### INTRODUCTORY STATEMENT

1. This is a civil rights action brought pursuant to the State of New Jersey tort laws, the United States Constitution and 42 U.S.C. § 1983 seeking damages against Defendants for committing acts under color of law that deprived Plaintiff, Edwin Polynice, of his rights secured to him by the Constitution and laws of the United States of America.

2. In particular on October 11, 2017, Defendants violated the rights of Edwin Polynice by failing to keep him in a safe and secure environment where he could be kept free from

1

injury and harm, by failing to respect and abide by medical professionals, and by failing to adhere to adequately mandated medical regulations and custodial attention, in violation of the Eighth and Fourteenth Amendments to the United States Constitution.

3.  In addition, this action is brought by Plaintiff against Defendants under the Laws of New Jersey that relate to Prisoner rights to be kept in a safe and secure environment where he could be kept free from injury, harm, and death, by failing to provide him with adequate medical care and custodial attention, and by demonstrating deliberate indifference to Edwin Polynice's necessary medical accommodations.

## JURISDICTION AND VENUE

4.  Plaintiff's case arises under the Constitution and laws of the United States, specifically, the Eighth and Fourteenth Amendments to the United States Constitution.

5.  Plaintiff's suit is authorized by 42 U.S.C. § 1983 (allowing suit to correct constitutional violations) and 42 U.S.C. § 1988 (providing for attorney fees and litigation expense-awards).

6.  This Court has jurisdiction over Plaintiff's federal constitutional claims under 28 U.S.C. § 1331 and 28 U.S.C. § 1343(3).

7.  This case also arises under the law of the State of New Jersey that deal with Prisoners' Rights to be kept in a safe and secure environment free from injury, harm and death, and to receive adequate medical care and custodial attention.

8.  This Court has pendant jurisdiction over Plaintiff's state law claims under 28 U.S.C. §1367.

9.    Venue is proper under 28 U.S.C. § 1391 in that the incident took place in the County

of Essex, State of New Jersey, and upon information and belief, the Defendants are

employed in or around the County of Essex, State of New Jersey.


**PARTIES**

10.    Plaintiff, Edwin Polynice, brings this action on behalf of himself and in his own right.

11.    Defendant, New Jersey Department of Corrections, located in the County of Essex, is

a county in the state of New Jersey and owns, operates, manages, directs and controls

the New Jersey Department of Corrections.  The Northern State Prison division of the

New Jersey Department of Corrections is located at 168 Frontage Rd, Newark, NJ

07114 (referred at times herein as the "Northern State Prison").

12.    Defendants, at all times material hereto, were the Administrators of the Northern

State Prison, located at 168 Frontage Rd, Newark, NJ 07114.  To the extent the Court

deems appropriate, Administrators of the Northern State Prison for the New Jersey

Department of Corrections and Defendants that were active participants in the events

leading to Plaintiff's injuries, such as S.C.O. John Doe, should be held liable in their

individual capacity.

13.    Defendant, Northern State Prison, is a law enforcement entity in the state of New

Jersey which operates, manages, directs and controls the Northern State Prison

facility within the County of Essex.


3

14.    Defendant, New Jersey Department of Corrections, is a law enforcement entity in the state of New Jersey which operates, manages, directs and controls the Northern State Prison facility within the County of Essex.

15.    Defendant, S.C.O. John Doe was at all times material hereto, employed by the Northern State Prison located at 168 Frontage Rd, Newark, NJ 07114.  Defendant, S.C.O. John Doe is sued in his individual capacity.

16.    Defendant, Sergeant Gibson, was at all times material hereto, employed by the Northern State Prison located at 168 Frontage Rd, Newark, NJ 07114.  Defendant, Sergeant Gibson is sued in his individual capacity.

17.    The Health Services Unit for the Department of Corrections for the State of New Jersey, with corporate offices located at 168 Frontage Rd, Newark, NJ 07114, was contractually engaged with the Northern State Prison and the New Jersey Department of Corrections to provide health care services for inmates at the Northern State Prison.

18.    At all times relevant hereto, Defendant, John Doe Personnel and/or Corrections Officers and/or Administrators, may contain fictitious names representing unnamed corrections officers and/or other individuals, employed with the Northern State Prison facility located at 168 Frontage Rd, Newark, NJ 07114, who were acting under the supervision of the New Jersey Department of Corrections, the Northern State Prison and Administrators of both agencies. These Defendants are sued in their individual capacities.

4

19.   All Defendants, for one or more entities, which were contracted to provide medical and/or psychiatric services, counseling, security and custodial care to inmates under the custody of the New Jersey Department of Corrections.

## FACTUAL ALLEGATIONS

20.   Plaintiff, Edwin Polynice, was incarcerated at the Detention Unit of Northern State Prison on or about September 30, 2017.

21.   At said date, S.C.O. John Doe instructed Plaintiff, Edwin Polynice, to move into cell 104, on the *top* bunk.

22.   Plaintiff, Edwin Polynice, expressed to S.C.O. John Doe that due to mandated medical restrictions and persistent medical issues, he was only permitted to be placed on the bottom bunk.  Mr. Polynice further advised that his mandatory medical accommodation was for the remainder of his incarceration.

23.   Following his explanation, Mr. Polynice was ordered to utilize the top bunk, and S.C.O. John Doe reiterated that this order came from Sergeant Gibson.

24.   Given the gentlemen listed in ranking order, Plaintiff, Edwin Polynice was compelled to comply with said order.

25.   On or about, October 1, 2017, at approximately 12:35 p.m., while attempting to dismount from the top bunk, to take his daily shower, Plaintiff, Edwin Polynice, became extremely dizzy and fell.

26.   During this fall, Plaintiff, Edwin Polynice, attempted to step down on the stool, but slipped.  He fell, striking his head on the toilet and his leg against the stool.

27.   Post-fall, Mr. Polynice sustained severe injuries leading to thirteen stitches and five staples.

28.   Mr. Polynice also suffered from a dislocated right shoulder, severe neck pain, and bruising on his legs.

29.   Plaintiff, Edwin Polynice, required an extended stay in the prison infirmary for ten days due to these injuries.

30.   Throughout his time in the infirmary, he experienced debilitating headaches with the pain extending throughout his entire head, chronic pain in his facial area, ongoing dizziness, and a bruised leg.

31.   Additionally, Plaintiff, Edwin Polynice, continues to experience neck pain and lower back from, stemming from this incident, requiring ongoing physical therapy to treat his neck and his back.

32.   Upon information and belief, Defendants and representatives and/or employees of Defendant New Jersey Department of Corrections at all times material hereto, failed to properly evaluate Mr. Polynice's medical needs and restrictions, while simultaneously ignoring previously mandated medical advice.

33.   Furthermore, Mr. Polynice was ordered to be exposed to harmful and hazardous conditions.  Therefore, they failed to do their duty to maintain a safe and suitable environment, keeping Mr. Polynice safe from injury and harm.

34.   In the events described above, Defendants acted contrary to law, and intentionally, willfully, wantonly, and unreasonably deprived Mr. Polynice of his right and privileges secured by the Eighth and Fourteenth Amendments to the United States Constitution and 42 U.S.C. § 1983.

35.     The failures of Defendants to properly protect and carry out medical instructions for Mr. Polynice's imminent risk for a head, neck, and back injuries demonstrated a deliberate indifference to and a conscious disregard for medical needs and requirements and the overall safety of Mr. Polynice.

36.     In the events described above, Defendants acted contrary to law, and intentionally, willfully, wantonly, and unreasonably deprived Mr. Polynice of his right and privileges secured by the United States Constitution and 42 U.S.C. § 1983.

37.     The failures of Defendants to properly adhere to Mr. Polynice's medically mandated restrictions, demonstrated a deliberate indifference to and a conscious disregard for the medical requirements and the overall safety of Mr. Polynice.

## FIRST CLAIM FOR RELIEF
## FEDERAL CONSTITUTIONAL VIOLATIONS BY
## ALL DEFENDANTS

38.     The allegations set forth in the preceding paragraphs are incorporated by reference as if fully set forth herein.

39.     Defendant, Northern State Prison, by and through their Administrator George Robinson and other policymakers, developed policies, procedures and/or customs which caused the deprivation of Plaintiff, Edwin Polynice's constitutional rights.

40.     Said policies were inherently deficient, or inappropriate as formulated, as to the adherence of mandated medical care provided to an inmate that presented with documented medical issues.

41.     Defendant Northern State Prison, by and through Defendant Administrator George Robinson and other policymakers, negligently, recklessly, and/or intentionally:

a.  failed to properly train and supervise Defendant Sergeant Gibson and Defendant S.C.O. John Doe with regard to adequately assessing, monitoring and providing necessary and reasonable accommodations for inmates with medical issues, including but not limited to inmates with documented medical restrictions and;

b.  failed to properly train and supervise Defendant Sergeant Gibson and Defendant S.C.O. John Doe, or other prison staff to maintain a safe and suitable environment, and to keep inmates safe from injury or serious harm;

c.  maintained policies, procedures and/or customs that were deliberately indifferent to the constitutional rights of inmates to be adequately screened for medical issues, to provide necessary and reasonable accommodations for inmates with medical issues; and to be kept safe from injury or serious harm;

d.  failed to enforce the contractual obligations of the Health Services Unit for the Department of Corrections for the State of New Jersey, to monitor and treat inmates with medical issues, including but not limited to inmates with documented medical restrictions;

e.  with full knowledge, allowed institutional policies and procedures regarding intake, medical screening, custodial watch and medical treatment to be ignored and violated with reckless abandon; and

f.   failed to provide adequate and needed health care for inmates at the Detention Unit of the Northern State Prison.

42.   The actions and/or failures to act by Defendant, Northern State Prison, Defendant Administrator George Robinson, Defendant Sergeant Gibson and Defendant S.C.O.,

as illustrated above, amounted to a deliberate indifference of Mr. Polynice's constitutional rights and proximately caused his injuries.

43.     The violation of Mr. Polynice's rights under the United States Constitution was the proximate cause of damages to Plaintiff, thereby entitling Plaintiff to compensatory damages from Defendants, Northern State Prison and Defendant Administrator George Robinson, Defendant Sergeant Gibson and Defendant S.C.O., in an amount exceeding $1,000,000.00.

**WHEREFORE**, the Plaintiff demands judgment against the Defendants, and each of them, for compensatory and punitive damages, counsel fees, and all costs of suit.

## SECOND CLAIM FOR RELIEF
## LIABILITY OF DEFENDANTS NEW JERSEY DEPARTMENT OF CORRECTIONS, NORTHERN STATE PRISON, ADMINISTRATORS GEORGE ROBINSON, SERGEANT GIBSON, AND S.C.O. JOHN DOE FOR FEDERAL CONSTITUTIONAL VIOLATIONS

44.     The allegations set forth in the proceeding paragraphs are incorporated by reference as if fully set forth herein.

45.     At all times relevant hereto, Defendants were acting under color of state law as employees or agents of the Northern State Prison and/or Health Services Unit of New Jersey, and/or if not employees or agents, by direction of and under the supervision and control of New Jersey Department of Corrections, the Detention Unit of Northern State Prison and/or Health Services Unit of New Jersey.

46.     The actions of Defendants as set forth above violated the late Mr. Polynice's rights under the Eighth and Fourteenth Amendments of the United States Constitution to be incarcerated in a safe and suitable environment, and to be safe from injury and harm while incarcerated at the Detention Unit of Northern State Prison.

9

47.   The violations of Mr. Polynice's rights under the United States Constitution was the severe and continuous injuries to Edwin Polynice, thereby entitling Plaintiff to compensatory damages from Defendants in their individual capacities.

48.   The actions of Defendants in their individual capacities were intentional, malicious, willful, wanton, and/or in reckless disregard of Plaintiff's federally protected rights, therefore entitling Plaintiff to an award of punitive damages.

49.   Plaintiff is entitled to recover damages against Defendants the individual capacity in an amount greater than $1,000,000.00.

50.   Plaintiff is entitled to recover reasonable attorney's fees and the costs and expenses of this action.

**WHEREFORE**, the Plaintiff demands judgment against the Defendants, and each of them, for compensatory and punitive damages, counsel fees, and all costs of suit.

**THIRD CLAIM FOR RELIEF**
**SUPERVISORY LIABILITY OF DEFENDANTS**
**ADMINISTRATOR GEORGE ROBINSON, AND**
**SERGEANT GIBSON UNDER 42 U.S.C. § 1983**

51.   The allegations set forth in the preceding paragraphs are incorporated by reference as is fully set forth herein.

52.   At all times relevant hereto, Defendant Administrator George Robinson, and Defendant Sergeant Gibson served as Administrators of the Northern State Prison, in Newark, New Jersey.

53.   Plaintiffs are informed, believe and therefore allege that on October 1, 2017, Defendant Administrator George Robinson, and Defendant Sergeant Gibson were aware of, should have been aware of, and/or had actual knowledge of the pattern and culture of unconstitutional behavior and indifference, including failure to properly

screen inmates for medical injuries, or other mental health problems, failure to adequately monitor and guard inmates, failure to have inmates properly treated medically, failure to have inmates provided necessary and reasonable medical accommodations, and failure to protect inmates from injury or harm whether self-inflicted or by other inmates, staff, employees and/or corrections officers at the Northern State Prison.

54. As such, Defendant Administrator George Robinson, and Defendant Sergeant Gibson not only directed, encouraged, tolerated, acquiesced to this behavior, but were deliberately indifferent to the likelihood that their staff, employees and/or corrections officers would fail to properly screen inmates for medical issues, fail to adequately monitor inmates, fail to have inmates provided necessary and reasonable medical accommodations, fail to treat inmates medically and fail to protect inmates from injury or harm at the Northern State Prison.

55. The deliberate indifference of Defendant Administrator George Robinson, and Defendant Sergeant Gibson as to the need for training and supervision of their staff, employees and/or detention officers was a proximate cause of the constitutional violations suffered by the Plaintiff, Edwin Polynice.

56. The violation of Mr. Polynice's rights under the United States Constitution was a proximate cause of damages and harm to Plaintiff, thereby entitling Plaintiff to compensatory damages from Defendant Administrator George Robinson, and Defendant Sergeant Gibson in an amount exceeding $1,000,000.00.

**WHEREFORE**, the Plaintiff demands judgment against Defendant Administrator George Robinson, and Defendant Sergeant Gibson for compensatory and punitive damages, counsel fees and all costs of suit.

## FOURTH CLAIM FOR RELIEF
## VIOLATION OF CIVIL RIGHTS BY DEFENDANTS
### NEW JERSEY DEPARTMENT OF CORRECTIONS, NORTHERN STATE PRISON, ADMINISTRATOR GEORGE ROBINSON, SERGEANT GIBSON, AND S.C.O. JOHN DOE

57.   The allegations set forth in the preceding paragraphs are incorporated by reference as if fully set forth herein.

58.   The Defendants were acting under color of law when they failed to properly provide medical accommodations for Plaintiff, Edwin Polynice, for medical issues, failed to adequately monitor Mr. Polynice while incarcerated at the Northern State Prison, and failed to protect Mr. Polynice from injury and harm.

59.   The Defendants failed to adequately train or otherwise have and maintain or enforce effective policies regarding the screening and care of inmates with medical restrictions, the adequate monitoring of inmates, and the protection of inmates from injury or harm.

60.   The Defendants, New Jersey Department of Corrections, Northern State Prison, Administrator George Robinson, Sergeant Gibson and S.C.O. John Doe were deliberately indifferent to the likelihood that Northern State Prison's staff, employees and/or Detention Officers, would fail to properly screen inmates for medical issues, fail to adequately monitor inmates, fail to properly provide necessary medical accommodations, and fail to protect inmates from injury or harm at the Detention Unit of Northern State Prison.

**WHEREFORE**, Plaintiff brings this cause of action and demands judgment against

Defendants for compensatory and punitive damages, counsel fees and all costs of suit.

### FIFTH CLAIM FOR RELIEF
### NEGLIGENCE
### DEFENDANTS NEW JERSEY DEPARTMENT OF CORRECTIONS, NORTHERN STATE PRISON, ADMINISTRATORS GEORGE ROBINSON, SERGEANT GIBSON, AND S.C.O. JOHN DOE

61.     The allegations set forth in the preceding paragraphs are incorporated by reference as

if fully set forth herein.

62.     Defendants owed a duty of reasonable care to Plaintiff, Edwin Polynice, and to others

at the Northern State Prison, to properly screen inmates for medical issues, to

properly and adequately monitor inmates, to treat inmates medically when indicated,

to provide medical accommodations when necessary, and to protect inmates from

injury or harm at the Northern State Prison.

63.     The Defendants failed to use the requisite standard of care pursuant to sound policies

and procedures and/or knowingly violated established policies and procedures with

reckless abandon.

64.     The actions and/or failures to act by the Defendants amounted to a breach of said duty

of care to Mr. Polynice.

65.     As a direct and proximate result of Defendants' negligence, Mr. Polynice was seriously

injured while in the custody of the Northern State Prison on October 1, 2017.

66.     Plaintiff is entitled to an award of compensatory damages against the above-referenced

Defendants in an amount which exceeds $1,000,000.00.

**WHEREFORE**, the Plaintiff demands judgment against the Defendants for damages, counsel fees and all costs of suit.

## JURY DEMAND

The Plaintiff hereby demands trial by jury.

OPTIMUM LAW GROUP, P.C.

Dated: August 16, 2019                    BY: _____

Joseph D. Lento, Esquire
3000 Atrium Way, Suite 200
Mount Laurel, NJ 08054
(T) 856-652-2000
(F) 856-375-1010
(E) jdlento@optimumlawgroup.com

OPTIMUM LAW GROUP, P.C.

Dated: August 16, 2019                    BY: /s/ Lisa J. Pietras

Lisa J. Pietras, Esquire
3000 Atrium Way, Suite 200
Mount Laurel, NJ 08054
(T) 856-652-2000
(F) 856-375-1010
(E) ljpietras@optimumlawgroup.com

# EXHIBIT
# B

**WRONKO LOEWEN BENUCCI**
Michael Poreda, Esq. (025492010)
69 Grove Street
Somerville, NJ 08876
Telephone: (908) 704-9200
Fax: (908) 704-9291
e-Mail: poreda@poredalaw.com
*Attorney for Plaintiff*

### UNITED STATES DISTRICT COURT
### DISTRICT OF NEW JERSEY

| | |
|---|---|
| EDWIN POLYNICE, *individually and on behalf of a class of similarly situated individuals,* | Docket No. 2:19-CV-16875-MCA-LDW |
| *Plaintiff,* | **Civil Action** |
| | **NOTICE OF MOTION TO AMEND COMPLAINT** |
| vs. | |
| NEW JERSEY DEPARTMENT OF CORRECTIONS, et al., | |
| *Defendants.* | |

To:
Chanell Branch
Deputy Attorney General
New Jersey Office of the Attorney General -- Division of Law
State Police, Employment, & Corrections Section
Richard J. Hughes Justice Complex

25 Market Street, PO Box 112
Trenton, NJ 08625
Tel: (609) 376-3376
Email: Chanell.Branch@law.njoag.gov

To:
Rutgers University – University Correctional Health Care
Office of the Secretary
7 College Avenue
New Brunswick, NJ 08901

**PLEASE TAKE NOTICE** that Plaintiff Edward Polynice, individually and on behalf of a putative class, will move before the United States District Court for the District of New Jersey on September 21, 2020 for an order granting Plaintiff leave to Amend the Complaint.

_____
Michael Poreda, Esq.
*Attorney for Plaintiff*

Date: August 23, 2020

**WRONKO LOEWEN BENUCCI**
Michael Poreda, Esq. (025492010)
69 Grove Street
Somerville, NJ 08876
Telephone: (908) 704-9200
Fax: (908) 704-9291
e-Mail: poreda@poredalaw.com
*Attorney for Plaintiff*

### UNITED STATES DISTRICT COURT
### DISTRICT OF NEW JERSEY

| | |
|---|---|
| EDWIN POLYNICE, *individually and on behalf of a class of similarly situated individuals,* | Docket No. 2:19-CV-16875-MCA-LDW |
| Plaintiff, | <u>Civil Action</u> |
| vs. | **CERTIFICATION IN SUPPORT OF MOTION TO AMEND PLAINTIFF'S COMPLAINT** |
| NEW JERSEY DEPARTMENT OF CORRECTIONS, et al., | |
| Defendants. | |

I, Michael Poreda, of full age, do certify as follows:

1.)   I represent Plaintiff in this case.

2.)   Plaintiff's Complaint was initially filed by the Optimum Law Firm on August 19, 2019, naming the Department of Corrections and several of its employees as defendants.

3.)   The claim involved an accident in which Plaintiff fell out of a top prison bunk and sustained permanent injuries.

4.)   At the time of the fall, Plaintiff was bottom bunk restricted due to diabetes and a torn Achilles tendon.

5.)   On October 2, 2019, counsel for Defendants filed a Motion to Dismiss for failure to state a claim.

6.)   On March 6, 2020, I submitted a Substitution of Attorney.

7.)   On May 28, 2020, the court issued an order dismissing some of Plaintiff's claims without prejudice.

8.)   In particular, the negligence claims were dismissed for failure to plead compliance with the notice provisions of the Tort Claims Act.

9.)   After receiving the court's opinion (which was delayed several months by a technical issue with PACER), I proceeded to attempt contact with Plaintiff.

10.)   I learned that Plaintiff had been placed in "temporary housing" which a prison employee identified as St. Francis Medical Center.

11.)   On or about August 14, 2020, I received a phone call from Plaintiff, who had returned to South Woods State Prison after a long stay in the hospital.

12.)   Plaintiff informed me that his kidneys had failed.

13.)   He ran out of blood pressure medications, and the prison's health care provider did not refill the prescription, leading to his blood pressure spiking out of control.

14.)   The out-of-control blood pressure destroyed his kidneys.

15.)   Plaintiff now needs a kidney transplant.

16.)   Plaintiff's complaint is not unique.

17.)   I have several other prison clients who have complained of exactly the same problem with gaps in between refills of prescriptions for medications.

18.)   I have been informed that one prisoner, Michael Henderson, killed himself when he experienced a gap in psychiatric medications.

19.)   I spoke with a UCHC doctor, Sandra Connolly about this problem several months ago, and she admitted that it was unacceptable.

20.)   The Amended Complaint fixes the technical failings of the original Complaint. In particular, it states with particularity, the details about the timely filing of the required Tort Claim Notice against the Department of Corrections and its employees.

21.)   The Amended Complaint adds causes of action based on failure to accommodate a disability. These legal theories involve exactly the same set of facts as were originally plead.

22.)   The Amended Complaint also adds causes of action against University Correctional Health Care and includes a putative class.

23.)   Plaintiff has just been released from prison, his sentence having come to an end.

24.)   No discovery has been demanded or exchanged in this case yet.

I swear that the foregoing statements by me are true. I understand that if any of the foregoing statements are knowingly false, I am subject to punishment.

_____
Michael Poreda, Esq.
*Attorney for Plaintiff*

Date: August 23, 2020

**WRONKO LOEWEN BENUCCI**
Michael Poreda, Esq. (025492010)
69 Grove Street
Somerville, NJ 08876
Telephone: (908) 704-9200
Fax: (908) 704-9291
e-Mail: poreda@poredalaw.com
*Attorney for Plaintiff*

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| EDWIN POLYNICE, *individually and on behalf of a class of similarly situated individuals,* | Docket No. 2:19-cv-16875-MCA-LDW |
| Plaintiff, | **Civil Action** |
| | **AMENDED COMPLAINT** |
| vs. | |
| NEW JERSEY DEPARTMENT OF CORRECTIONS, ADMINISTRATOR GEORGE ROBINSON, SERGEANT GIBSON, S.C.O. JOHN DOE, RUTGERS UNIVERSITY – UNIVERSRITY CORRECTIONAL HEALTH CARE ("UCHC"), SHERITA-LATIMORE-COLLIER, M.D., UCHC JOHN DOES 1-20, DOC JOHN DOES 1-10, | |
| Defendants. | |

Edwin Polynice, by way of this Amended Complaint hereby brings the following action against the Defendants as follows:

## JURISDICTION AND VENUE

1.)   This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 because the question arises under the laws and Constitution of the United States.

2.)   This Court has jurisdiction over state law claims herein presented pursuant to 28 U.S.C. § 1367 because the claims are part of a case over which the court has federal question jurisdiction.

3.)   Venue is properly laid in the District of New Jersey pursuant to 28 U.S.C. § 1391(b)(2) because all relevant events took place in New Jersey.


## PARTIES

4.)   Plaintiff Edwin Polynice is a resident of New Jersey whose date of birth is November 15, 1978.  He was in the custody of the New Jersey Department of Corrections from June 2012 until August 2020.  His SBI number was 864138C.  He last resided at South Woods State Prison, 215 South Burlington Road, Bridgeton, NJ 08302.  Due to the recent award of eight months of public health emergency credits, Polynice was just released from prison.  He plans to reside upon release at 60 North Arlington Avenue, Apt. 104, East Orange, NJ 07017.

5.)   Defendant New Jersey Department of Corrections is a New Jersey State agency headquartered at Whittlesey Road, Trenton, NJ 08625.

6.)   Newly added Defendant Rutgers University – University Correctional Health ("UCHC") care is a corporate entity headquartered at 7 College Avenue, New Brunswick, NJ 08901.  UCHC is the medical contractor that provides medical services to inmates within the custody of the New Jersey Department of Corrections.

7.)   Newly added Defendant Sherita Latimore-Collier, M.D. is the Medical Director of South Woods State Prison.  She is an employee of UCHC.

8.)   Defendant George Robinson is currently the Administrator of the Adult Diagnostic and Treatment Center, a prison facility operated by the New Jersey Department of Corrections.  At the times relevant to this complaint, he was the Administrator of

Northern State Prison, P.O. Box, 2300, 168 Frontage Road, Newark, NJ 07114. He is an employee of the New Jersey Department of Corrections.

9.) Defendant Sergeant Gibson, on information and belief, is that name of the correctional sergeant who, on September 30, 2017, was responsible for overseeing the inmates living in Delta Unit 1-E at Northern State Prison. Sergeant Gibson is an employee of Defendant New Jersey Department of Corrections.

10.) Defendant S.C.O. John Doe was an NJ DOC correctional officer employed at Northern State Prison on September 30, 2017.

11.) Newly added Defendants UCHC John Does 1-20 are employees of UCHC, including nurses, doctors, and supervisors.

12.) Newly added Defendants DOC John Does 1-20 are employees and supervisors of the DOC.

## FACTS

13.) Plaintiff is known to have hypertension, diabetes, and history of renal insufficiency.

14.) These are disabilities within the meaning of the New Jersey Law Against Discrimination, the Rehabilitation Act, and the Americans with Disabilities Act.

15.) Plaintiff must take insulin for his diabetes.

16.) Plaintiff must take blood pressure medication to control his high blood pressure.

17.) Hypertension and diabetes are two conditions which can exacerbate renal insufficiency and lead to renal failure.

18.) Due to the diabetes, as well as a tear to his Achilles tendon, Plaintiff was bottom bunk restricted.

19.) The bottom bunk restriction was a reasonable accommodation for Plaintiff's disabilities.

20.) On September 30, 2017, Plaintiff was living in Delta Unit 1-E at Northern State Prison, assigned to a bottom bunk.

21.) For unknown reasons, on September 30, 2020, Plaintiff was told by S.C.O. John Doe to move out of his bottom bunk and move to cell 104 and sleep in a top bunk.

22.)   Polynice told S.C.O. John Doe that he needed to be on the bottom bunk due to his disabilities.

23.)   When S.C.O. John Doe protested that Polynice was no longer entitled to the accommodation, Polynice told him that the accommodation was for the remainder of his incarceration.

24.)   Plaintiff's right to a safe place to sleep is clearly established law.  N.J.A.C. 10A:31-3.6 states: "A qualified inmate with a disability shall be housed in a manner that provides for his or her safety, security and accessibility to facility programs or activities.  Rooms, sleeping units, or housing units shall be designed for use by qualified inmates with disabilities."

25.)   Following his explanation, Polynice was ordered to utilize the top bunk, in clear violation of DOC regulation, state law, and federal law.

26.)   S.C.O. John Doe reiterated that this order had come from Sergeant Gibson.

27.)   Polynice was compelled to follow the order.

28.)   On October 1, 2017, at approximately 12:35pm, while attempting to dismount the top bunk to take a daily shower, Plaintiff Edwin Polynice became extremely dizzy from a drop in his blood sugar and fell.

29.)   During this fall, Plaintiff, Edwin Polynice attempted to land on a stool, but slipped.  He fell, striking his head on the toilet and his leg against the stool.

30.)   Post-fall, Mr. Polynice sustained severe injuries leading to thirteen stitches and five staples.

31.)   Mr. Polynice also suffered a dislocated shoulder, severe neck pain, and bruising on his legs.

32.)   Plaintiff, Edwin Polynice, required an extended stay in the prison infirmary for ten days due to these injuries.

33.)   Throughout his time in the infirmary, he experienced debilitating headaches with the pain extending throughout his entire head, chronic pain in his facial area, ongoing dizziness, and a bruised leg.

34.) Additionally, Plaintiff, Edwin Polynice, continues to experience neck pain, headaches, and lower back pain.

35.) Despite the ongoing pain, Plaintiff was never given any treatment or diagnostic other than Tylenol.

36.) At some point after his accident, Plaintiff was transferred to South Woods State Prison.

37.) On or about July 4, 2020, Plaintiff was living at South Woods State Prison.

38.) On or about July 4, 2020, Plaintiff ran out of his prescriptions of the blood pressure medications coreg and clonidine.

39.) Even before this, he alerted his medication nurse to the fact that he needed his prescriptions refilled.

40.) The prescriptions were never refilled.

41.) Plaintiff's blood pressure spiked out of control in the absence of his medications.

42.) Plaintiff previously had a history of renal insufficiency and diabetes.

43.) Diabetes and high blood pressure both placed Plaintiff at increased risk for kidney insufficiency and kidney failure.

44.) As a result of Plaintiff's uncontrolled blood pressure, Plaintiff became extremely ill.

45.) On or about July 27, 2020, Plaintiff was taken to St. Francis Medical Center due to the illness.

46.) Here, he was diagnosed with kidney failure.

47.) Plaintiff was placed on dialysis and hospitalized for several weeks.

48.) As a result of the kidney failure, Plaintiff will incur the expenses of dialysis until he can obtain a kidney transplant.

49.) Plaintiff will have to incur the expense of a kidney transplant.

50.) Once he obtains the kidney transplant, he will need additional medical care and oversight of the transplant and a shortened life span due to the transplant.

51.) Plaintiff will incur future medical expenses as a result of the kidney transplant.

52.) UCHC is aware and has been aware for some time of a fault in its prescription refill system that allows inmates on life-sustaining chronic care drugs to experience gaps of days or weeks between prescription refills in which inmates are left without access to the medications.

53.) Sherita Lattimore-Collier and UCHC John Does 1-20 have been aware for some time of a fault in UCHC's prescription refill system that allows inmates on life-sustaining chronic care drugs to experience gaps of days or weeks between prescription refills.

54.) Inmates have died due to this fault.

55.) Despite knowledge of this problem, UCHC, Lattimore-Collier, and John Does 1-20 have done nothing to remedy it.

56.) Upon information and belief, representatives and/or employees of Defendant New Jersey Department of Corrections and UCHC at all times material hereto, failed to properly evaluate Mr. Polynice's medical needs and restrictions, while simultaneously ignoring previously-mandated medical advice.

57.) Furthermore, Mr. Polynice was exposed to harmful and hazardous conditions. Therefore, Defendants failed to do their duty to maintain a safe and suitable environment, keeping Mr. Polynice safe from injury and harm.

58.) In the events described above, Defendants acted contrary to law, and intentionally, willfully, wantonly, and unreasonably deprived Mr. Polynice of his right and privileges secured by the Eighth and Fourteenth Amendments to the United States Constitution and 42 U.S.C. § 1983.

59.) The failures of Defendants to properly protect and carry out medical instructions for Mr. Polynice's imminent risk for a head, neck, and back injuries, as well as injuries extending from his chronic conditions, demonstrated a deliberate indifference to and a conscious disregard for medical needs and requirements and the overall safety of Mr. Polynice.

60.) In the events described above, Defendants acted contrary to law, and intentionally, willfully, wantonly, and unreasonably deprived Mr. Polynice of his right and privileges secured by the United States Constitution and 42 U.S.C. § 1983.

61.) The failures of Defendants to properly adhere to Mr. Polynice's medically mandated restrictions, demonstrated a deliberate indifference to and a conscious disregard for the medical requirements and the overall safety of Mr. Polynice.

62.) In the events described above Defendants failed to provide Plaintiff with reasonable accommodations for a disability, resulting in permanent injuries.

63.) As a result of this neglectful, reckless, and/or intentional conduct, Plaintiff has lost the use of his back, neck, and kidneys.

## STATEMENT ON COMPLIANCE WITH NOTICE OF TORT CLAIM RULES

64.) On or about December 19, 2017, Plaintiff, or his then-counsel, Jean Ross, filed a Notice of Tort Claim seeking $100,000 for the injuries sustained in the fall.

65.) Plaintiff filed a notice of tort claim on Rutgers University for its negligence on August 18, 2020.

## CLASS ALLEGATIONS

66.) The gap in Plaintiff's chronic care medication is not an isolated incident.

67.) Every day, in every prison run by the New Jersey Department of Corrections, inmates are left with empty bottles of prescription medications for serious chronic problems such as heart disease, diabetes, high blood pressure, pain management, and psychiatric disorders.

68.) Inmates wait days and weeks while UCHC refills prescriptions that it knows inmates are in peril without.

69.) These gaps in prescription refills have been recognized as unacceptable by UCHC employees.

70.) Yet UCHC does nothing to remedy this life-endangering problem.

71.) Plaintiff's kidney failure is not an isolated event.

72.)    Other inmates have suffered injury and death as a result of UCHC's callous disregard of this problem.

73.)    On information and belief, the callous disregard is actually a calculated effort to cut costs.

## FIRST CLAIM FOR RELIEF
### 42 U.SC. § 1983 – EIGHTH AMENDMENT – DELIBERATE DIFFERNECE TO INMATE SAFETY –AGAINST GEORGE ROBINSON, SGT. GIBSON, S.C.O. JOHN DOE, and DOC JOHN DOES 1-20

74.)    The allegations set forth in the preceding paragraphs are incorporated by reference as if fully set forth herein.

75.)    Defendant New Jersey Department of Corrections, by and through their Administrator George Robinson and DOC John Does 1-20, who are other policymakers, developed policies, procedures and/or customs which caused the deprivation of Plaintiff, Edwin Polynice's constitutional rights.

76.)    Said policies were inherently deficient, or inappropriate as formulated, as to the adherence of mandated medical care provided to an inmate that presented with documented medical issues.

77.)    Defendant New Jersey Department of Corrections, by and through Defendant Administrator George Robinson and DOC John Does 1-20, who are other policymakers, recklessly, and/or intentionally and/or with deliberate indifference to inmate safety:

a.      failed to properly train and supervise Defendant Sergeant Gibson and Defendant S.C.O. John Doe with regard to adequately assessing, monitoring and providing necessary and reasonable accommodations for inmates with medical issues, including but not limited to inmates with documented medical restrictions and

b.      failed to properly train and supervise Defendant Sergeant Gibson and Defendant S.C.O. John Doe, or other prison staff to maintain a safe and suitable environment, and to keep inmates safe from injury or serious harm.

c.      maintained policies, procedures and/or customs that were deliberately indifferent to the constitutional rights of inmates to be adequately screened for medical issues, to provide necessary and reasonable accommodations for inmates with medical issues; and to be kept safe from injury or serious harm;

     d.     failed to enforce the contractual obligations of UCHC to monitor and treat inmates with medical issues, including but not limited to inmates with documented medical restrictions.

     e.     with full knowledge, allowed institutional policies and procedures regarding intake, medical screening, custodial watch and medical treatment to be ignored and violated with reckless abandon; and

     f.     failed to provide adequate and needed health care for inmates at the Detention Unit of the Northern State Prison.

78.)     The actions and/or failures to act by Defendant, New Jersey Department of Corrections, Defendant Administrator George Robinson, Defendant Sergeant Gibson and Defendant S.C.O. John Doe, as illustrated above, amounted to a deliberate indifference of Mr. Polynice's constitutional rights and proximately caused his injuries.

79.)     The violation of Mr. Polynice's rights under the United States Constitution was the proximate cause of damages to Plaintiff, thereby entitling Plaintiff to compensatory damages from Defendants, Administrator George Robinson, Sergeant Gibson, and S.C.O. John Doe in an amount exceeding $1,000,000.00.

**WHEREFORE**, the Plaintiff demands judgment against the Defendants, and each of them, for compensatory and punitive damages, counsel fees, and all costs of suit.

<u>**SECOND CLAIM FOR RELIEF**</u>
**NEGLIGENCE AGAINST ALL DOC DEFENDANTS**

80.)     If not reckless, intentional, or deliberately indifferent to inmate safety, the decision to place Plaintiff in the top bunk was negligent.

81.)     But for the exercise of due care to listen to Plaintiff's truthful pleading that he was bottom-bunk restricted due to his health issues, Plaintiff would not have suffered permanent injuries.

82.)     Had Defendants exercised due care, they would have placed Plaintiff in a bottom bunk, and he would not have fallen even if he had an attack of low blood sugar.

83.)     The failure to exercise due care proximately resulted in Plaintiff's permanent injuries.

84.) The failure to exercise due care was the fault of S.C.O. John Doe, Sergeant Gibson, John Does 1-20, and/or George Robinson.

85.) The Department of Corrections is liable on the theory of respondeat superior for the negligence of its employees.

**WHEREFORE**, the Plaintiff demands judgment against the Defendants, and each of them, for compensatory and punitive damages, counsel fees, and all costs of suit.

<u>**THIRD CLAIM FOR RELIEF**</u>
**NEW JERSEY LAW AGAINST DISCRIMINATION – FAILURE TO ACCOMMODATE A DISABILITY AGAINST DOC DEFENDANTS**

86.) Plaintiff was a person with a disability, namely his diabetes and his Achilles tendon tear.

87.) The New Jersey Law Against Discrimination entitles Plaintiff to reasonable accommodations that would give him a safe place to sleep.

88.) Department of Corrections Defendants denied Plaintiff access to a bottom bunk.

89.) This denial caused Plaintiff permanent injuries.

**WHEREFORE**, the Plaintiff demands judgment against the Defendants, and each of them, for compensatory and punitive damages, counsel fees, and all costs of suit.

<u>**FOURTH CLAIM FOR RELIEF**</u>
**AMERICANS WITH DISABILITIES ACT**
**AGAINST DOC DEFENDANTS**

90.) Plaintiff was a qualified person with a disability, namely his diabetes and his Achilles tendon tear.

91.) One of the public programs, services, or activities of the prison is the provision of safe places to sleep.

92.) Plaintiff's disabilities could have been reasonably accommodated by the provision of a bottom bunk. This would have provided him with a safe place to sleep.

93.)   Department of Corrections Defendants denied Plaintiff access to a bottom bunk.

94.)   This denial caused Plaintiff permanent injuries.

**WHEREFORE**, the Plaintiff demands judgment against the Defendants, and each of them, for compensatory and punitive damages, counsel fees, and all costs of suit.

## FIFTH CLAIM FOR RELIEF
## REHABILITATION ACT

95.)   Like the Americans with Disabilities Act, the Rehabilitation Act also requires prisons to provide inmates with disabilities reasonable accommodations so that they can access all the programs, services, and activities of the prison.

96.)   The substantive standards for liability under the Rehabilitation Act are the same as under the Americans with Disabilities Act.

97.)   The DOC Defendants are liable to Plaintiff under the Rehabilitation Act based upon the same facts recited in the Fourth Claim for Relief above.

**WHEREFORE**, the Plaintiff demands judgment against the Defendants, and each of them, for compensatory and punitive damages, counsel fees, and all costs of suit.

## SIXTH CLAIM FOR RELIEF
## NEGLIGENT TRAINING AND SUPERVISION AGAINST NEW JERSEY
## DEPARTMENT OF CORRECTIONS

98.)   DOC John Does 1-20 and/or Sergeant Gibson had a duty to train SCO John Doe and/or Sergeant Gibson in the proper handling of prisoners with disabilities, especially disabilities that might not be visible.

99.)   DOC John Does 1-20 and/or Sergeant Gibson failed to train SCO John Doe and/or Sergeant Gibson in the proper handling of prisoners with disabilities, especially disabilities that might not be visible.

100.)  Bur for this failure to train, Plaintiff would not have sustained his permanent injuries.

101.)  DOC John Does 1-20 and/or Sergeant Gibson had a duty to supervise the transfer of Plaintiff from his bottom bunk to cell 104.

102.)  DOC John Does 1-20 and/or Sergeant Gibson failed to properly supervise the transfer of Plaintiff from his bottom bunk to cell 104.

103.)  Had the Defendants properly supervised Plaintiff's cell transfer he would have been assigned to a bottom bunk or else left in his original cell.

104.)  But for the negligent failure to supervise Plaintiff's transfer out of his original cell, Plaintiff would not have sustained his permanent injuries.

105.)  The Department of Corrections is liable *respondeat superior* for the negligent training and supervision of its staff.

## SEVENTH CLAIM FOR RELIEF
### NEGLIGENCE OF UNIVERSITY CORRECTIONAL HEALTH CARE

106.)  Rutgers University – University Correctional Health Care and its employees had a duty to make sure that KOP (keep on person) prescriptions for chronic care inmates are promptly refilled such that inmates do not experience gaps in access to life-sustaining medications.

107.)  UCHC and its employees were negligent and failed to make sure that Plaintiff did not suffer a gap in his coreg and clonidine.

108.)  As a proximate result of UCHC's negligence, Plaintiff suffered kidney failure.

109.)  UCHC has also been negligent with regard to all inmates who have suffered similar lapses in refill of life-sustaining prescription medications.

110.)  UCHC's negligence has caused injury and death to inmates in all prisons run by the New Jersey Department of Corrections, and continues to place all class members' lives in jeopardy.

**WHEREFORE**, the Plaintiff demands judgment against the Defendants, and each of them, for compensatory and punitive damages, counsel fees, and all costs of suit.

**WHEREFORE**, the class whom Plaintiff represents demands injunctive relief, along with counsel fees and costs of suit.

## EIGHTH CLAIM FOR RELIEF
### 42 U.S.C. § 1983 AGAINST SHERITA LATTIMORE-COLLIER, UCHC JOHN DOES 1-20, AND UCHC FOR DELIBERATE INDIFFERENCE IN VIOLATION OF THE EIGHTH AMENDMENT

111.)   Gaps in prescription refill is chronic problem that plagues all of the prisons run by the New Jersey Department of Corrections.

112.)   UCHC employees, including South Woods State Prison's Medical Director, Sherita Lattimore-Collier, and UCHC John Does 1-20, are well aware of the gaps occurring in prescription medication refills.

113.)   Lattimore-Collier and UCHC John Does 1-20 refuse to do anything about the gaps in the refill of prescription medications out of callous disregard and deliberate indifference.

114.)   In fact, Lattimore-Collier and UCHC John Does 1-20 do nothing because they are motivated by the practice's cost saving effects.

115.)   The gaps in prescription refills is a policy, practice, or custom of UCHC.

116.)   As such, UCHC is directly liable for the damages to Plaintiff and other class members.

**WHEREFORE**, the Plaintiff demands judgment against the Defendants, and each of them, for compensatory and punitive damages, counsel fees, and all costs of suit.

**WHEREFORE**, the class whom Plaintiff represents demands injunctive relief, along with counsel fees and costs of suit.

## JURY DEMAND

Plaintiff hereby demands a trial by jury.

MICHAEL POREDA, ESQ.
*Attorney for Plaintiff*

Date: August 23, 2020

## NOTICE OF TRIAL COUNSEL

**PLEASE TAKE NOTICE** that Michael Poreda, Esq. is hereby designated as Trial Counsel in the above-captioned matter.

_____
Michael Poreda, Esq.
*Attorney for Plaintiff*

Date: August 23, 2020

## CERTIFICATION OF NO OTHER ACTION

Pursuant to Rule 4:5-1, it is hereby certified that to the best of my knowledge and belief, there are no other pending actions or proceedings involving the matter in controversy, none are contemplated, and I do not presently know the identity of any other party who should be joined.

_____
Michael Poreda, Esq.
*Attorney for Plaintiff*

Date: August 23, 2020

**WRONKO LOEWEN BENUCCI**
Michael Poreda, Esq. (025492010)
69 Grove Street
Somerville, NJ 08876
Telephone: (908) 704-9200
Fax: (908) 704-9291
e-Mail: poreda@poredalaw.com
*Attorney for Plaintiff*

### UNITED STATES DISTRICT COURT
### DISTRICT OF NEW JERSEY

| | |
|---|---|
| EDWIN POLYNICE, *individually and on behalf of others similarly situated,*<br><br>Plaintiff,<br><br>vs.<br><br>NEW JERSEY DEPARTMENT OF CORRECTIONS, ~~NORTHERN STATE PRISON,~~ ADMINISTRATOR GEORGE ROBINSON, SERGEANT GIBSON ,S.C.O. JOHN DOE, <u>RUTGERS UNIVERSITY – UNIVERSRITY CORRECTIONAL HEALTH CARE ("UCHC"), SHERITA-LATIMORE-COLLIER, M.D., UCHC JOHN DOES 1-20, DOC JOHN DOES 1-10,</u> ~~JOHN DOES 1-10 AND ABC ENTITIES A-Z,~~<br><br>*Defendants.* | Docket No. No. 2:19-cv-16875-MCA-LDW<br><br><u>**Civil Action**</u><br><br>**LOCAL RULE 15.1 AMENDED COMPLAINT** |

1

Edwin Polynice, by way of this Amended Complaint hereby brings the following action against the Defendants as follows:

~~NOW COMES, Plaintiff, by and through the undersigned Counsel, and hereby b☐ng this action against the Defendants as follows:~~

## ~~INTRODUCTORY STATEMENT~~

~~1.      This is a civil rights action brought pursuant to the State of New Jersey tort laws, the United States Constitution and 42 U.S.C. § 1983 seeking damages against Defendants for committing acts under color of law that deprived Plaintiff, Edwin Polynice, of his rights secured to him by the Constitution and laws of the United States of America.~~

~~2.      In particular on October 11, 2017, Defendants violated the rights of Edwin Polynice by failing to keep him in a safe and secure environment where he could be kept free from injury and harm, by failing to respect and abide by medical professionals, and by failing to adhere to adequately mandated medical regulations and custodial attention, in violation of the Eighth and Fourteenth Amendments to the United States Constitution.~~

~~3. In addition, this action is brought by Plaintiff against Defendants under the Laws of New Jersey that relate to Prisoner rights to be kept in a safe and secure environment where he could be kept free from injury, harm, and death, by failing to provide him with adequate medical care and custodial attention, and by demonstrating deliberate indifference to Edwin Polynice's necessary medical accommodations.~~

## JURISDICTION AND VENUE

1.)     This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 because the question arises under the laws and Constitution of the United States, namely whether Defendants violated Plaintiff's rights under the U.S. Constitution and the Americans with Disabilities Act.

2.)     This Court has jurisdiction over state law claims herein presented pursuant to 28 U.S.C. § 1367 because the claims are part of a case over which the court has federal question jurisdiction.

3.)     Venue is properly laid in the District of New Jersey pursuant to 28 U.S.C. § 1391(b)(2) because all relevant events took place in New Jersey.

2

## PARTIES

10.    Plaintiff, Edwin Polynice, brings this action on behalf of himself and in his own right.

11.    Defendant, New Jersey Department of Corrections, located in the County of Essex, is a county in the state of New Jersey and owns, operates, manages, directs and controls the New Jersey Department of Corrections. The Northern State Prison division of the New Jersey Department of Corrections is located at 168 Frontage Rd, Newark, NJ 07114 (referred at times herein as the "Northern State Prison").

12.    Defendants, at all times material hereto, were the Administrators of the Northern State Prison, located at 168 Frontage Rd, Newark, NJ 07114. To the extent the Court deems appropriate, Administrators of the Northern State Prison for the New Jersey Department of Corrections and Defendants that were active participants in the events leading to Plaintiff's injuries, such as S.C.O. John Doe, should be held liable in their individual capacity.

13.    Defendant, Northern State Prison, is a law enforcement entity in the state of New Jersey which operates, manages, directs and controls the Northern State Prison facility within the County of Essex.

14.    Defendant, New Jersey Department of Corrections, is a law enforcement entity in the state of New Jersey which operates, manages, directs and controls the Northern State Prison facility within the County of Essex.

15.    Defendant, S.C.O. John Doe was at all times material hereto, employed by the Northern State Prison located at 168 Frontage Rd, Newark, NJ 07114. Defendant, S.C.O. John Doe is sued in his individual capacity.

16.    Defendant, Sergeant Gibson, was at all times material hereto, employed by the Northern State Prison located at 168 Frontage Rd, Newark, NJ 07114. Defendant, Sergeant Gibson is sued in his individual capacity.

17.    The Health Services Unit for the Department of Corrections for the State of New Jersey, with corporate offices located at 168 Frontage Rd, Newark, NJ 07114, was contractually engaged with the Northern State Prison and the New Jersey Department of Corrections to provide health care services for inmates at the Northern State Prison.

18.    At all times relevant hereto, Defendant, John Doe Personnel and/or Corrections Officers and/or Administrators, may contain fictitious names representing unnamed corrections officers and/or other individuals, employed with the Northern State Prison facility located at 168 Frontage Rd, Newark, NJ 07114, who were acting under the supervision of the New Jersey

3

~~Department of Corrections, the Northern State Prison and Administrators of both agencies. These~~
~~Defendants are sued in their individual capacities.~~

~~19.    All Defendants, for one or more entities, which were contracted to provide medical~~
~~and/or psychiatric services, counseling, security and custodial care to inmates under the custody~~
~~of the New Jersey Department of Corrections.~~

4.)    Plaintiff Edwin Polynice is a resident of New Jersey whose date of birth is November 15,
       1978.  He has been in the custody of the New Jersey Department of Corrections since
       June 2012.  His SBI number is 864138C.  He is currently residing at South Woods State
       Prison, 215 South Burlington Road, Bridgeton, NJ 08302.  Due to the recent award of
       eight months of public health emergency credits, Polynice is about to be released from
       prison.  He plans to reside upon release at 60 North Arlington Avenue, Apt. 104, East
       Orange, NJ 07017.

5.)    Defendant New Jersey Department of Corrections is a New Jersey State Agency
       headquartered at Whittlesey Road, Trenton, NJ 08625.

6.)    Newly added Defendant Rutgers University – University Correctional Health ("UCHC")
       care is a corporate entity headquartered at 7 College Avenue, New Brunswick, NJ 08901.
       UCHC is the medical contractor that provides medical services to inmates within the
       custody of the New Jersey Department of Corrections.

7.)    Newly added Defendant Sherita Latimore-Collier, M.D. is the Medical Director of South
       Woods State Prison.  She is an employee of UCHC.

8.)    Defendant George Robinson is currently the Administrator of the Adult Diagnostic and
       Treatment Center, a prison facility operated by the New Jersey Department of
       Corrections.  At the times relevant to this complaint, he was the Administrator of
       Northern State Prison, P.O. Box, 2300, 168 Frontage Road, Newark, NJ 07114.  He is an
       employee of the New Jersey Department of Corrections.

9.)    Defendant Sergeant Gibson, on information and belief, is that name of the correctional
       sergeant who, on September 30, 2017, was responsible for overseeing the inmates living
       in Delta Unit 1-E at Northern State Prison.  Sergeant Gibson is an employee of Defendant
       New Jersey Department of Corrections.

10.)   Defendant S.C.O. John Doe was an NJ DOC correctional officer employed at Northern
       State Prison on September 30, 2017.

11.)     Newly added Defendants UCHC John Does 1-20 are employees of UCHC, including
         nurses, doctors, and supervisors.

12.)     Newly added Defendants DOC John Does 1-20 are employees and supervisors of the
         DOC.

## FACTS

13.)     Plaintiff is known to have both hypertension, diabetes, and history of renal insufficiency.

14.)     These are disabilities within the meaning of the New Jersey Law Against Discrimination
         and the Americans with Disabilities Act.

15.)     Plaintiff must take insulin for his diabetes.

16.)     Plaintiff must take blood pressure medication to control his high blood pressure.

17.)     Hypertension and diabetes are two conditions which can exacerbate renal insufficiency
         and lead to renal failure.

18.)     Due to the diabetes, as well as a tear to his Achilles tendon, Plaintiff was bottom bunk
         restricted.

19.)     The bottom bunk restriction was a reasonable accommodation for Plaintiff's disabilities.

20.)     On September 30, 2017, Plaintiff was living in the Delta Unit 1-E at Northern State
         Prison, assigned to a bottom bunk.  ~~Polynice was incarcerated at the Detention Unit of
         Northern State Prison on or about September 30, 2017.~~

21.)     For unknown reasons, on September 30, 2020, Plaintiff was told by S.C.O. John Doe to
         move out of his bottom bunk and move to cell 104 and sleep in a top bunk. ~~At said date,
         S.C.O. John Doe instructed Plaintiff to move into cell 104 top bunk.~~

22.)     Polynice told S.C.O. John Doe that he needed to be on the bottom bunk due to his
         disabilities.

23.)     When S.C.O. protested that the accommodation, Polynice told him that the
         accommodation was for the remainder of his incarceration.

24.) Following his explanation, Polynice was ordered to utilize the top bunk, and S.C.O. John Doe reiterated that this order had come from Sergeant Gibson.

25.) Polynice was compelled to follow the order.

26.) On October 1, 2017, at approximately 12:35pm, while attempting to dismount the top bunk to take a daily shower, Plaintiff Edwin Polynice became extremely dizzy from a drop in his blood sugar and fell.

27.) During this fall, Plaintiff, Edwin Polynice attempted to land on a stool, but slipped. He fell, striking his head on the toilet and his leg against the stool.

28.) Post-fall, Mr. Polynice sustained severe injuries leading to thirteen stitches and five staples.

29.) Mr. Polynice also suffered a dislocated shoulder, severe neck pain, and bruising on his legs.

30.) Plaintiff, Edwin Polynice, required an extended stay in the prison infirmary for ten days due to these injuries.

31.) Throughout his time in the infirmary, he experienced debilitating headaches with the pain extending throughout his entire head, chronic pain in his facial area, ongoing dizziness, and a bruised leg.

32.) Additionally, Plaintiff, Edwin Polynice, continues to experience neck pain, headaches, and lower back pain.

33.) Despite the ongoing pain, Plaintiff was never given any treatment or diagnostic other than Tylenol.

34.) On or about July 4, 2020, Plaintiff ran out of his prescriptions of the blood pressure medications coreg and clonidine.

35.) Even before this, he alerted his medication nurse to the fact that he needed his prescriptions filled.

36.) The prescriptions were never refilled.

37.) Plaintiff's blood pressure spiked out of control in the absence of his medications.

38.)   Plaintiff previously had a history of renal insufficiency and diabetes.

39.)   Diabetes and high blood pressure both placed Plaintiff at increased risk for kidney insufficiency and kidney failure.

40.)   As a result of Plaintiff's uncontrolled blood pressure, Plaintiff became extremely ill.

41.)   On or about July 27, 2020, Plaintiff was taken to St. Francis Medical Center due to the illness.

42.)   Here, he was diagnosed with kidney failure.

43.)   Plaintiff was placed on dialysis and hospitalized for several weeks.

44.)   As a result of the kidney failure, Plaintiff will incur the expenses of dialysis until he can obtain a kidney transplant.

45.)   Plaintiff will have to incur the expense of a kidney transplant.

46.)   Once he obtains the kidney transplant, he will need additional medical care and oversight of the transplant and a shortened life span due to the transplant.

47.)   Plaintiff will incur future medical expenses as a result of the kidney transplant.

48.)   UCHC is aware and has been aware for some time of a fault in its prescription system that allows Plaintiff's on life-sustaining chronic care drugs to experience gaps of days or weeks between prescriptions.

49.)   Rutgers John Does 1-20 have been aware for some time of a fault in its prescription system that allows Plaintiff's on life-sustaining chronic care drugs to experience gaps of days or weeks between prescriptions.

50.)   Inmates have died due to this fault.

51.)   Despite knowledge of this problem, UCHC and John Does 1-20 have done nothing to remedy it.

52.)   Upon information and belief, representatives and/or employees of Defendant New Jersey Department of Corrections and UCHC at all times material hereto, failed to properly

evaluate Mr. Polynice's medical needs and restrictions, while simultaneously ignoring previously mandated medical advice.

53.)   Furthermore, Mr. Polynice was ordered to be exposed to harmful and hazardous conditions. Therefore, they failed to do their duty to maintain a safe and suitable environment, keeping Mr. Polynice safe from injury and harm.

54.)   In the events described above, Defendants acted contrary to law, and intentionally, willfully, wantonly, and unreasonably deprived Mr. Polynice of his right and privileges secured by the Eighth and Fourteenth Amendments to the United States Constitution and 42 U.S.C. § 1983.

55.)   The failures of Defendants to properly protect and carry out medical instructions for Mr. Polynice's imminent risk for a head, neck, and back injuries demonstrated a deliberate indifference to and a conscious disregard for medical needs and requirements and the overall safety of Mr. Polynice.

56.)   In the events described above, Defendants acted contrary to law, and intentionally, willfully, wantonly, and unreasonably deprived Mr. Polynice of his right and privileges secured by the United States Constitution and 42 U.S.C. § 1983.

57.)   The failures of Defendants to properly adhere to Mr. Polynice's medically mandated restrictions, demonstrated a deliberate indifference to and a conscious disregard for the medical requirements and the overall safety of Mr. Polynice.

58.)   In the events described above Defendants failed to provide Plaintiff with reasonable accommodations for a disability, resulting in permanent injuries.

59.)   As a result of this neglectful, reckless, and/or intentional conduct, Plaintiff has lost the use of his kidneys.


## STATEMENT ON COMPLIANCE WITH NOTICE OF TORT CLAIM RULES

60.)   On or about December 19, 2017, Plaintiff, or his then-counsel, Jean Ross, filed a Notice of Tort Claim seeking $100,000 for the injuries sustained in the fall.

61.)   Plaintiff filed a notice of tort claim on Rutgers University for its negligence on August 18, 2020.

8

## CLASS ALLEGATIONS

62.) The gap in Plaintiff's chronic care medication is not an isolated incident.

63.) Every day, in every prison run by the New Jersey Department of Corrections, inmates are left with empty bottles of prescription medications for serious chronic problems such as heart disease, diabetes, high blood pressure, pain management, and psychiatric drugs.

64.) Inmates wait days and weeks while UCHC fills prescriptions that it knows need to be continually refilled.

65.) These gaps in prescriptions have been recognized as unacceptable by UCHC employees.

66.) Yet UCHC does nothing to remedy this life-endangering problem.

67.) Plaintiff's kidney failure is not an isolated event.

68.) Other inmates have suffered injury and death as a result of UCHC's callous disregard of this problem.

69.) On information and belief, the callous disregard is actually a calculated effort to cut costs.


## FIRST CLAIM FOR RELIEF
## 42 U.SC. § 1983 – EIGHTH AMENDMENT – DELIBERATE DIFFERNECE TO INMATE SAFETY – SUPERVISORY LIABILITY AGAINST GEORGE ROBINSON, SGT. GIBSON, S.C.O. JOHN DOE, and DOC JOHN DOES 1-20

### ~~FEDERAL CONSITUTIONAL VIOLATIONS BY ALL DEFENDANTS~~

70.) The allegations set forth in the preceding paragraphs are incorporated by reference as if fully set forth herein.

71.) Defendant, ~~Northern State Prison~~, New Jersey Department of Corrections, by and through their Administrator George Robinson and DOC John Does 1-20, who are other policymakers, developed policies, procedures and/or customs which caused the deprivation of Plaintiff, Edwin Polynice's constitutional rights.

9

72.)   Said policies were inherently deficient, or inappropriate as formulated, as to the adherence of mandated medical care provided to an inmate that presented with documented medical issues.

73.)   Defendant New Jersey Department of Corrections, ~~Northern State Prison~~, by and through Defendant Administrator George Robinson and DOC John Does 1-20, who are other policymakers, ~~negligently,~~ recklessly, and/or intentionally and/or with deliberate indifference to inmate safety:

      f.   failed to properly train and supervise Defendant Sergeant Gibson and Defendant S.C.O. John Doe with regard to adequately assessing, monitoring and providing necessary and reasonable accommodations for inmates with medical issues, including but not limited to inmates with documented medical restrictions and

      b.   failed to properly train and supervise Defendant Sergeant Gibson and Defendant S.C.O. John Doe, or other prison staff to maintain a safe and suitable environment, and to keep inmates safe from injury or serious harm.

      c.   maintained policies, procedures and/or customs that were deliberately indifferent to the constitutional rights of inmates to be adequately screened for medical issues, to provide necessary and reasonable accommodations for inmates with medical issues; and to be kept safe from injury or serious harm;

      d.   failed to enforce the contractual obligations of ~~the Medical Unit~~ UCHC to monitor and treat inmates with medical issues, including but not limited to inmates with documented medical restrictions.

      e.   with full knowledge, allowed institutional policies and procedures regarding intake, medical screening, custodial watch and medical treatment to be ignored and violated with reckless abandon; and

      f.   failed to provide adequate and needed health care for inmates at the Detention Unit of the Northern State Prison.

74.)   The actions and/or failures to act by Defendant, ~~Northern State Prison~~ New Jersey Department of Corrections, Defendant Administrator George Robinson, Defendant Sergeant Gibson and Defendant S.C.O. John Doe, as illustrated above, amounted to a

deliberate indifference of Mr. Polynice's constitutional rights and proximately caused his injuries.

75.)   The violation of Mr. Polynice's rights under the United States Constitution was the proximate cause of damages to Plaintiff, thereby entitling Plaintiff to compensatory damages from Defendants, ~~Northern State Prison,~~ Administrator George Robinson, Sergeant Gibson, and S.C.O. John Doe in an amount exceeding $1,000,000.00.

**WHEREFORE**, the Plaintiff demands judgment against the Defendants, and each of them, for compensatory and punitive damages, counsel fees, and all costs of suit.

**SECOND CLAIM FOR RELIEF**

~~**LIABILITY OF DEFENDANTS NEW JERSEY DEPARTMENT OF CORRECTIONS, NORTHERN STATE PRISON, ADMINISTRATORS GEORGE ROBINSON, SERGEANT GIBSON, AND S.C.O. JOHN DOE FOR FEDERAL CONSTITUTIONAL VIOLATIONS**~~

**NEGLIGENCE AGAINST DEPARTMENT OF CORRECTIONS AND ALL DOC DEFENDANTS**

~~44.     The allegations set forth in the proceeding paragraphs are incorporated by reference as if fully set forth herein.~~

~~45.     At all times relevant hereto, Defendants were acting under color of state law as employees or agents of the Northern State Prison and/or Health Services Unit of New Jersey, and/or if not employees or agents, by direction of and under the supervision and control of New Jersey Department of Corrections, the Detention Unit of Northern State Prison and/or Health Services Unit of New Jersey.~~

~~46.     The actions of Defendants as set forth above violated the late Mr. Polynice's rights under the Eighth and Fourteenth Amendments of the United States Constitution to be incarcerated in a safe and suitable environment, and to be safe from injury and harm while incarcerated at the Detention Unit of Northern State Prison.~~

~~47.     The violations of Mr. Polynice's rights under the United States Constitution was the severe and continuous injuries to Edwin Polynice, thereby entitling Plaintiff to compensatory damages from Defendants in their individual capacities.~~

~~48.     The actions of Defendants in their individual capacities were intentional, malicious, willful, wanton, and/or in reckless disregard of Plaintiff's federally protected rights, therefore entitling Plaintiff to an award of punitive damages.~~

49.    ~~Plaintiff is entitled to recover damages against Defendants the individual capacity in an amount greater than $1,000,000.00.~~

50.    ~~Plaintiff is entitled to recover reasonable attorney's fees and the costs and expenses of this action.~~

76.)    If not reckless, intentional, or deliberately indifferent to inmate safety, the decision to place Plaintiff in the top bunk was negligent.

77.)    Bur for the exercise of due care to listen to Plaintiff's truthful pleading that he was bottom-bunk restricted due to his health issues, Plaintiff would not have suffered permanent injuries.

78.)    The failure to exercise due care proximately resulted in Plaintiff's permanent injuries.

79.)    The failure to exercise due care was the fault of S.C.O. John Doe, Sergeant Gibson, John Does 1-20, and/or George Robinson.

80.)    The Department of Corrections is liable on the theory of respondeat superior for the negligence of its employees.

**WHEREFORE**, the Plaintiff demands judgment against the Defendants, and each of them, for compensatory and punitive damages, counsel fees, and all costs of suit.

### THIRD CLAIM FOR RELIEF

~~**SUPERVISORY LIABILITY OF DEFENDANTS ADMINISTRATOR GEORGE ROBINSON, AND SERGEANT GIBSON UNDER 42 U.S.C. § 1983**~~

### NEW JEREY LAW AGAINST DISCRIMINATION – FAILURE TO ACCOMMODATE A DISABILITY

51.    ~~The allegations set forth in the preceding paragraphs are incorporated by reference as is fully set forth herein.~~

52.    ~~At all times relevant hereto, Defendant Administrator George Robinson, and Defendant Sergeant Gibson served as Administrators of the Northern State Prison, in Newark, New Jersey.~~

53. ~~Plaintiffs are informed, believe and therefore allege that on October 1, 2017, Defendant Administrator George Robinson, and Defendant Sergeant Gibson were aware of, should have been aware of, and/or had actual knowledge of the pattern and culture of unconstitutional behavior and indifference, including failure to properly s 54. As such, Defendant Administrator George Robinson, and Defendant Sergeant Gibson not only directed, encouraged, tolerated, acquiesced to this behavior, but were deliberately indifferent to the likelihood that their staff, employees and/or emrections officers would fail to properly screen inmates for medical issues, fail to adequately monitor inmates, fail to have inmates provided necessary and reasonable medical accommodations, fail to treat inmates medically and fail to protect inmates from injury or harm at the Northern State Prison.~~

55. ~~The deliberate indifference of Defendant Administrator George Robinson, and Defendant Sergeant Gibson as to the need for training and supervision of their staff, employees and/or detention officers was a proximate cause of the constitutional violations suffered by the Plaintiff, Edwin Polynice.~~

56. ~~The violation of Mr. Polynice's rights under the United States Constitution was a proximate cause of damages and harm to Plaintiff, thereby entitling Plaintiff to compensatory damages from Defendant Administrator George Robinson, and Defendant Sergeant Gibson in an amount exceeding $1,000,000.00.creen inmates for medical injuries, or other mental health problems, failure to adequately monitor and guard inmates, failure to have inmates properly treated medically, failure to have inmates provided necessary and reasonable medical accommodations, and failure to protect inmates from injury or harm whether self-inflicted or by other inmates, staff, employees and/or corrections officers at the Northern State Prison.~~

FOURTH CLAIM FOR RELIEF
~~VIOLATION OF CIVIL RIGHTS BY DEFENDANTS
NEW JERSEY DEPARTMENT OF CORRECTIONS, NORTHERN STATE PRISON,
ADMINISTRATOR GEORGE ROBINSON, SERGEANT GIBSON,
AND S.C.O. JOHN DOE~~

NEW JERSEY LAW AGAINST DISCRIMINATION – FAILURE TO ACCOMMODATE
A DISABILITY AGAINST DOC DEFENDANTS

57. ~~The allegations set forth in the preceding paragraphs are incorporated by reference as if fully set forth herein.~~

58.   ~~The Defendants were acting under color of law when they failed to properly provide medical accommodations for Plaintiff, Edwin Polynice, for medical issues, failed to adequately monitor Mr. Polynice while incarcerated at the Northern State Prison, and failed to protect Mr. Polynice from injury and harm.~~

59.   ~~The Defendants failed to adequately train or otherwise have and maintain or enforce effective policies regarding the screening and care of inmates with medical restrictions, the adequate monitoring of inmates, and the protection of inmates from injury or harm.~~

60.   ~~The Defendants, New Jersey Department of Collections, Northern State Prison, Administrator George Robinson, Sergeant Gibson and S.C.O. John Doe were deliberately indifferent to the likelihood that Northern State Prison's staff, employees and/or Detention Officers, would fail to properly screen inmates for medical issues, fail to adequately monitor inmates, fail to properly provide necessary medical accommodations, and fail to protect inmates from injury or harm at the Detention Unit of Northern State Prison.~~

81.)   <u>Plaintiff was a person with a disability, namely his diabetes and his Achilles tendon tear.</u>

82.)   <u>The New Jersey Law Against Discrimination entitles Plaintiff to reasonable accommodations that would give him a safe place to sleep.</u>

83.)   <u>Department of Corrections Defendants denied Plaintiff access to a bottom bunk.</u>

84.)   <u>This denial caused Plaintiff permanent injuries.</u>

**WHEREFORE**, the Plaintiff demands judgment against the Defendants, and each of them, for compensatory and punitive damages, counsel fees, and all costs of suit.

**FIFTH CLAIM FOR RELIEF**
~~**NEGLIGENCE**~~
~~**DEFENDANTS NEW JERSEY DEPARTMENT OF CORRECTIONS,**~~
~~**NORTHERN STATE PRISON, ADMINISTRATORS GEORGE ROBINSON,**~~
~~**SERGEANT GIBSON, AND S.C.O. JOHN DOE**~~

**REHABILITATION ACT**

61.   ~~The allegations set forth in the preceding paragraphs are incorporated by reference as if fully set forth herein.~~

62.   ~~Defendants owed a duty of reasonable care to Plaintiff, Edwin Polynice, and to others at the Northern State Prison, to properly screen inmates for medical issues, to~~

~~properly and adequately monitor inmates, to treat inmates medically when indicated, to provide medical accommodations when necessary, and to protect inmates from injury or harm at the Northern State Prison.~~

~~63.    The Defendants failed to use the requisite standard of care pursuant to sound policies and procedures and/or knowingly violated established policies and procedures with reckless abandon.~~

~~64.    The actions and/or failures to act by the Defendants amounted to a breach of said duty of care to Mr. Polynice.~~

~~65.    As a direct and proximate result of Defendants' negligence, Mr. Polynice was seriously injured while in the custody of the Northem State Prison on October 1, 2017.~~

~~66.    Plaintiff is entitled to an award of compensatory damages against the above-referenced Defendants in an amount which exceeds $1,000,000.00.~~

85.) <u>Like the Americans with Disabilities Act, the Rehabilitation Act also requires prisons to provide inmates with disabilities reasonable accommodations so that they can access all the programs, services, and activities of the prison.</u>

86.) <u>The substantive standards for liability under the Rehabilitation Act are the same as under the Americans with Disabilities Act.</u>

87.) <u>The DOC Defendants are liable to Plaintiff under the Rehabilitation Act based upon the same facts recited in the Fourth Claim for Relief above.</u>

<u>**WHEREFORE**, the Plaintiff demands judgment against the Defendants, and each of them, for compensatory and punitive damages, counsel fees, and all costs of suit.</u>

## SIXTH CLAIM FOR RELIEF
## NEGLIGENT HIRING, TRAINING AND SUPERVISION AGAINST NEW JERSEY DEPARTMENT OF CORRECTIONS

88.) <u>DOC John Does 1-10 and/or Sergeant Gibson had a duty to train SCO John Doe and/or Sergeant Gibson in the proper handling of prisoners with disabilities that might not be visible.</u>

89.) <u>DOC John Does 1-10 and/or Sergeant Gibson failed to train SCO John Doe and/or Sergeant Gibson in the proper handling of prisoners with disabilities that might not be visible.</u>

90.) <u>Bur for this failure to train, Plaintiff would not have sustain his permanent injuries.</u>

91.)   DOC John Does 1-10 and/or Sergeant Gibson had a duty to supervise the transfer of Plaintiff from his bottom bunk to cell 104.

92.)   DOC John Does 1-10 and/or Sergeant Gibson failed to properly supervise the transfer of Plaintiff from his bottom bunk to cell 104.

93.)   Had the Defendants properly supervised Plaintiff's cell transfer he would have been assigned to a bottom bunk or else left in his original cell.

94.)   But for the negligent failure to supervise Plaintiff's transfer out of his original cell, Plaintiff would not have sustained his permanent injuries.

**SEVENTH CLAIM FOR RELIEF**
**NEGLIGENCE OF UNIVERSITY CORRECTIONAL HEALTH CARE**

95.)   Rutgers University – University Correctional Health Care and its employees had a duty to make sure that KOP prescriptions for chronic care inmates are promptly refilled such that inmates do not experience gaps in access to life-sustaining medications.

96.)   UCHC and its employees were negligent and failed to make sure that Plaintiff did not suffer gap in his coreg and clonidine.

97.)   As a proximate result of UCHC's negligence, Plaintiff suffered kidney failure.

98.)   UCHC has also been negligent with regard to all inmates who have suffered similar lapses in provision of life-sustaining prescription medications.

99.)   UCHC's negligence has caused injuries and death to inmates in all prisons run by the New Jersey Department of Corrections.

**WHEREFORE**, the Plaintiff demands judgment against the Defendants, and each of them, for compensatory and punitive damages, counsel fees, and all costs of suit.

**WHEREFORE**, the class whom Plaintiff represents demands injunctive relief, along with counsel fees and costs of suit.

## EIGHTH CLAIM FOR RELIEF
## 42 U.S.C. § 1983 AGAINST SHERITA LATTIMORE-COLLIER, UCHC JOHN DOES 1-20, AND UCHC FOR DELIBERATE INDIFFERENCE IN VIOLATION OF THE EIGHTH AMENDMENT

100.) Gaps in medication is chronic problem that plagues all of the prisons run by the New Jersey Department of Corrections.

101.) UCHC employees, including South Woods State Prison's Medical Director, Sherita Lattimore-Collier, and UCHC John Does 1-20, are well aware of the gaps occurring in prescription medications.

102.) Lattimore-Collier and UCHC John Does 1-20 refuse to do anything about the gaps occurring the refill of prescription medications out of callous disregard and deliberate indifference.

103.) In fact, Lattimore-Collier and UCHC John Does 1-20 do nothing because they are motivated by the practice's cost saving effects.

104.) The gaps in prescription refills is a policy, practice, or custom of UCHC.

105.) As such, UCHC is directly liable for the damages to Plaintiff and other class members.

**WHEREFORE**, the Plaintiff demands judgment against the Defendants, and each of them, for compensatory and punitive damages, counsel fees, and all costs of suit.

**WHEREFORE**, the class whom Plaintiff represents demands injunctive relief, along with counsel fees and costs of suit.

### JURY DEMAND

Plaintiff hereby demands a trial by jury.

MICHAEL POREDA, ESQ.
*Attorney for Plaintiff*

Date: August 23, 2020

17

### NOTICE OF TRIAL COUNSEL

**PLEASE TAKE NOTICE** that Michael Poreda, Esq. is hereby designated as Trial Counsel in the above-captioned matter.

Michael Poreda, Esq.
*Attorney for Plaintiff*

Date: August 23, 2020

### CERTIFICATION OF NO OTHER ACTION

Pursuant to Rule 4:5-1, it is hereby certified that to the best of my knowledge and belief, there are no other pending actions or proceedings involving the matter in controversy, none are contemplated, and I do not presently know the identity of any other party who should be joined.

Michael Poreda, Esq.
*Attorney for Plaintiff*

Date: August 23, 2020

18

**WRONKO LOEWEN BENUCCI**
Michael Poreda, Esq. (025492010)
69 Grove Street
Somerville, NJ 08876
Telephone: (908) 704-9200
Fax: (908) 704-9291
e-Mail: poreda@poredalaw.com
*Attorney for Plaintiff*

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| EDWIN POLYNICE, *individually and on behalf of a class of similarly situated individuals,*<br><br>                          *Plaintiff,*<br><br>vs.<br><br>NEW JERSEY DEPARTMENT OF CORRECTIONS, et al.<br><br>                          *Defendants.* | Docket No. 2:19-cv-16875-MCA-LDW<br><br><br>**<u>Civil Action</u>**<br><br>**CERTIFICATION OF SERVICE** |

I, Michael Poreda, of full age, do certify as follows:

1.)   On August 23, 2020, I served the Motion to Amend the Complaint on Chanell Branch, Esq., Deputy Attorney General for the Department of Corrections and George Robinson via ECF filing.

2.)   On August 23, 2020, I served the Motion to Amend the Complaint on University Correctional Health Care by mailing a copy to Rutgers University - University

Correctional Health Care, Office of the Secretary, 7 College Avenue, New Brunswick, NJ 08901.

I swear that the foregoing statements by me are true.  I understand that if any of the foregoing statements are knowingly false, I am subject to punishment.

_____
Michael Poreda, Esq.
*Attorney for Plaintiff*

Date: August 23, 2020

# EXHIBIT
# C

TX Result Report

P  1
08/19/2020 12:29
Serial No.  A1UD011003134
TC:    806090

| Addressee | Start Time | Time | Prints | Result | Note |
|---|---|---|---|---|---|
| 19739722382 | 08-19 12:28 | 00:00:51 | 005/005 | OK | |

Note    TMR:Timer TX, POL:Polling, ORG:Original Size Setting, FME:Frame Erase TX,
PDS:Page Separation TX, MIX:Mixed Original TX, CALL:Manual TX, CSI:CSI/SAC,
FWD:Forward, PC:PC-FAX, DBD:Double-Sided Binding Direction, SP:Special Original,
FCODE:F-Code, RTX:Re-TX, RLY:Relay, MBX:Confidential, BUL:Bulletin, SIP:SIP Fax,
IPADR:IP Address Fax, I-FAX:Internet Fax

Result  OK: Communication OK, S-OK: Stop Communication, PW-OFF: Power Switch OFF,
TEL: RX from TEL, NG: Other Error, Cont: Continue, No Ans: No Answer,
Refuse: Receipt Refused, Busy: Busy, M-Full:Memory Full,
LOVR:Receiving length Over, POVR:Receiving page Over, FIL:File Error,
DC:Decode Error, MDN:MDN Response Error, DSN:DSN Response Error.

1

## NOTICE OF PROFESSIONAL LIABILITY CLAIM AGAINST RUTGERS
## BIOMEDICAL AND HEALTH SCIENCES - RUTGERS, THE STATE UNIVERSITY
## OF NEW JERSEY

Return To:  Department of Risk Management, Rutgers University
30 Bergen Street, ADMC 14, Room 1403, Newark, New Jersey  07103
Telephone:  (973) 972-6277   FAX:  (973) 972-7257

(This claim form must be returned within 90 days of the date on
item III-A or you may forfeit your rights.)

| I. | Polynice | Edwin | | 11-18-78 | |
|---|---|---|---|---|---|
| | Last Name | First | Middle | Date of Birth | Social Security No. |

Street Address                                                          Mailing Address (if different)

City                                                    State                                          Zip Code

If notices and correspondence in connection with this claim are to be sent to a person other than client, complete item II.

| II. | Michael Poreda, Esq. | | 69 Grove Street | |
|---|---|---|---|---|
| | Name | | Mailing Address | |

| Somerville | | NJ | 08876 |
|---|---|---|---|
| City | | State | Zip Code |

III. The occurrence which gave rise to this claim and/or injury:

A.      July 27, 2020

Date                                                    Time

B.  Exact location of the occurrence:  (Town, address, building name, etc.)

South Woods State Prison, 215 South Burlington Road, Bridgeton, NJ 08302

C.  Describe how the injury or occurrence happened:  (If a diagram will assist your explanation, please use
reverse side of this form.)

Polynice was a known hypertensive diabetic.  He took Klonadine and Coreg to control his blood pressure.
These were KOP (Keep on Person) prescriptions.  It was known that the co-morbidity of hypertension and
diabetes put Polynice at serious risk of kidney failure.  Polynice, like many prisoners, repeatedly experienced
gaps of days to weeks between the end of one bottle of prescription and the delivery of a new bottle.  He notified
his nurse before his prescriptions ran out.  The prescription was never refilled by Rutgers.  Instead, Polynice's
blood pressure went out of control.  After waiting a month for his prescription, Polynice went into kidney failure
and had to be hospitalized at St. Francis Hospital for several weeks.  He now needs dialysis to live and will need
a kidney transplant.  But for Rutgers' failure to fill the prescription, Polynice would not be in kidney failure.

## NOTICE OF PROFESSIONAL LIABILITY CLAIM AGAINST RUTGERS BIOMEDICAL AND HEALTH SCIENCES - RUTGERS, THE STATE UNIVERSITY OF NEW JERSEY

**Return To:  Department of Risk Management, Rutgers University
30 Bergen Street, ADMC 14, Room 1403, Newark, New Jersey  07103
Telephone: (973) 972-6277  FAX: (973) 972-7257**

**(This claim form must be returned within 90 days of the date on
Item III-A or you may forfeit your rights.)**

I.

| Polynice | Edwin | | 11-15-78 | ███████ |
|---|---|---|---|---|
| Last Name | First | Middle | Date of Birth | Social Security No. |

████████████

| _____ | _____ |
|---|---|
| Street Address | Mailing Address (if different) |

| ████████ | ████ | ██████ |
|---|---|---|
| City | State | Zip Code |

If notices and correspondence in connection with this claim are to be sent to a person other than client, complete Item II.

II.

| **Michael Poreda, Esq.** | **69 Grove Street** |
|---|---|
| Name | Mailing Address |

| **Somerville** | **NJ** | **08876** |
|---|---|---|
| City | State | Zip Code |

III. The occurrence which gave rise to this claim and/or injury:

A.

| **July 27, 2020** | |
|---|---|
| Date | Time |

B. Exact location of the occurrence:  (Town, address, building name, etc.)

**South Woods State Prison, 215 South Burlington Road, Bridgeton, NJ 08302**

C. Describe how the injury or occurrence happened:  (If a diagram will assist your explanation, please use reverse side of this form.)

**Polynice was a known hypertensive diabetic.  He took Klonadine and Coreg to control his blood pressure. These were KOP (Keep on Person) prescriptions.  It was known that the co-morbidity of hypertension and diabetes put Polynice at serious risk of kidney failure.  Polynice, like many prisoners, repeatedly experienced gaps of days to weeks between the end of one bottle of prescription and the delivery of a new bottle.  He notified his nurse before his prescriptions ran out.  The prescription was never refilled by Rutgers.  Instead, Polynice's blood pressure went out of control.  After waiting a month for his prescription, Polynice went into kidney failure and had to be hospitalized at St. Francis Hospital for several weeks.  He now needs dialysis to live and will need a kidney transplant.  But for Rutgers' failure to fill the prescription, Polynice would not be in kidney failure.**

2

D.   Was any previous notice of this occurrence given to any official of Rutgers University?

**The medical staff of University Correctional Health Care at South Woods State Prison was aware what was happening to Polynice.  Upper administrative staff at University Correctional Health Care are aware that gaps in life--sustaining prescription drugs are a chronic problem within the organization.**

| Name | Title | Date Given |
|------|-------|------------|

E.  State the name(s) of any Rutgers employee(s) which you claim were at fault for the injury or occurrence, including any information that will assist in identifying them.

**Unknown, but it is likely that high-level administrators are at fault.  Another inmate, Michael Henderson, at Northern State Prison recently died due to gaps in his prescriptions.  This is a known problem.**

F.  State in detail each and every negligent or wrongful act of Rutgers and/or its employees which caused your damages:

**Failure to provide prescription medication.**

G.  State the name and address of all witnesses to the injury or occurrence:  (If Rutgers employees, include any information that will assist in locating or identifying them.)

**All nurses and doctors overseeing Ploynice, as well as custody staff.**

IV.      Claim for:  ( **X** ) Bodily Injury      (   ) Property Damage     ( ) Other _____
                                                                    (Explain)

A  (1)  If you claim bodily injury:

**Kidney Failure**

(2)  For each hospital, doctor or other practitioner rendering treatment, examination, or diagnostic service,  state:

| Name of Hospital or Doctor | Address | Dates of Treatment | Amount of Charges To Date | Amount Paid By Any Insurance |
|----------------------------|---------|--------------------|---------------------------|------------------------------|

**St. Francis Medical Center, 601 Hamilton Ave, Trenton, NJ 08629 – past costs should be paid by State of NJ Polynice will incur future costs of dialysis, kidney transplant, and continued care for the transplant.**

For each hospital, doctor or other practitioner rendering treatment, please provide the authorization(s)

3

## AUTHORIZATION FOR RELEASE OF PATIENT RECORDS

Please PRINT (except signature) and provide complete information in each section

Patient Name: **Edwin Polynice**   Birthdate: **11-15-78**   Social Security # ███████

Patient Address: ███████████████ East Orange, NJ 07017██

I authorize the release of a copy of my medical records to <u>Rutgers, the State University of New Jersey, Department of Risk Management & Insurance</u> in connection with a medical malpractice claim/lawsuit filed against Rutgers, the State University of New Jersey and/or its employees and/or against University Hospital. The use of the information furnished to Rutgers, the State University of New Jersey is prohibited for any purpose other than that stated. This release is compliant with HIPAA regulatory requirements.

☐ Robert Wood Johnson University Hospital System

  Date(s) of Treatment _____

☐ Hackensack University Medical Center

  Date(s) of Treatment _____

☐ Jersey Shore University Medical Center/Meridian Health Systems

  Date(s) of Treatment _____

☐ Other/Specify: **St. Francis Medical Center, 601 Hamilton Ave, Trenton, NJ 08629**

  Date(s) of Treatment: _____

☐ Other/Specify: **South Woods State Prison, 215 South Burlington Road, Bridgeton, NJ 08302**

  Date(s) of Treatment: _____

☐ Unless I check this box specifically excluding said disclosure, I understand that if my medical records contain information related to the history, diagnosis and/or treatment of any psychiatric problems, mental illness, drug abuse, alcoholism, sexually transmitted or communicable disease, AIDS, or test for infection with human immunodeficiency virus (HIV), that my signing this document authorizes the provider to release that information. I acknowledge and am aware that New Jersey has a statutory privilege accorded to confidential communications between a patient and a licensed physician or psychologist and that my signing this form waives this privilege.

☐ A check here indicates that I believe my medical records may contain DNA test results or other genetic information. Such information is specially protected by New Jersey law, and I will be contacted for separate, specific consent prior to release of this information.

This authorization may be revoked at anytime by sending written notice to Rutgers, the State University of New Jersey, Department of Risk Management & Insurance and/or to the healthcare facility authorized to release these records. If not previously revoked, this consent will automatically expire upon the conclusion of the aforementioned malpractice claim/lawsuit.

Signature of patient or legal guardian: _____ Date: _____

Relationship, if not the patient: _____

4

(3)  If you claim loss of wages or income as a result of the injury, state:

_____          _____
Name of Employer                           Address of Employer

_____          _____          _____
Occupation                         Date became employed at this job       Present rate of pay

_____          _____          _____
Total lost wages to Date           Dates of absence from work             Expected date of return

NOTE:  If your claimed loss of income arises from self-employment or other than wage, attach a calculation showing
         the basis of your calculation of lost income.

B.     If you claim property damage:

       Describe the property damage: _____
                                          (Attach repair estimates or bills)

C.     Set forth in detail all other items of loss of damages claimed by you and the method by which you made the
       calculation:

       **$3 Million**: Future cost of dialysis, kidney transplant, ongoing medical care, loss of ability to work, loss of
       enjoyment of life due to shortened lifespan, dependents' and family's loss of support and companionship

V.     Are any of the losses/expenses claimed herein covered by any policy of insurance? **No**  For each such   policy,
state name and address of insurance company, policy number, and benefits paid or payable:

**No**
_____

_____

VI.    Have you received or agreed to receive any money from anyone, including, but not limited to, Workmans'
       Compensation, Violent Crimes Compensation or Social Security for any of the losses or expenses claimed in this
       notice?  If so, set forth the details of such agreement.

**No**
_____

_____

_____

VII.   Have you made a claim against anyone else for any of the losses or expenses claimed in this notice?  If yes, set
       forth the name and address of all persons and insurance companies against whom you have made such claims.
       Also, set forth in detail the basis of your claims against such person or persons.

**No**
_____

_____

5

VIII.    The claimant has signed page three of this form, the HIPAA compliant release authorizing medical records to be obtained by Rutgers, the State University of New Jersey.

I hereby certify that the foregoing statements made by me are true, that the attached statements, bills, reports, and documents are the only ones known to me to be in existence at this time.  I am aware that if any statement made herein is willfully false or fraudulent, I am subject to punishment provided by law.

**8-18-20**                                                     **Michael Poreda, Esq.**

Dated: _____       _____

                                                     Claimant or Person Filing Claim on Behalf of Claimant

# EXHIBIT
# D

# RUTGERS
**To make an appointment, call (800) 969-5300 (tel:800-969-5300)**

University Behavioral Health Care

(x13.xml)



Clinical   Research   Education



↵ *Overview (clinical/overview.xml)*

Overview (clinical/uchc/overview.xml)

Statistics (clinical/uchc/statistics.xml)

Accomplishments (clinical/uchc/accomplishments.xml)

Leadership (clinical/uchc/leadership.xml)

Opportunities & More (clinical/uchc/opportunities-and-more.xml)

Contact Us (clinical/uchc/contact-us.xml)

# University Correctional Health Care

## *Our Services...*

Established in 2005 through inter-State agency agreements, University Correctional Health Care (UCHC) and its staff of mental health professionals provide mental health and sex offender specific treatment services to the inmates, residents and parolees under the supervision of the New Jersey Department of Corrections (NJDOC), the Juvenile Justice Commission (JJC) and the New Jersey State Parole Board (SPB).

In October 2008, UCHC was awarded a contract expanding the organization's responsibilities by adding medical and dental health care services for the NJDOC inmate population. In January 2011, another contract expansion awarded responsibility for the provision of medical services for the JJC resident population.

Currently, UCHC has cost-based service agreements with a total budget of nearly $175 million and 1,100 staff serving roughly 20,500 inmates in 12 adult correctional facilities, 400 residents in 14 JJC locations and 1,000 individuals in 10 SPB offices.

## Our Mission...

UCHC, operating within Rutgers, The State University of New Jersey, is dedicated to excellence in the provision of medical, mental health, dental and sex offender treatment services to those involved in New Jersey criminal and juvenile justice systems.

We are committed to being leaders in the delivery of effective, compassionate and accessible care within correctional environments. *Our services are informed by research along with sharing* lessons learned with the correctional health community.

## *We Care. We Teach. We Heal. We Improve.*

## Our Vision...

To become a leader for the advancement of medical and mental health care within the criminal justice system.

**Our Values...**

**Populations Served…**

**Treatment Services…**

**Evidence Based Treatment Models...**

**Certification/Credentialing Bodies...**

© 2019, Rutgers, The State University of New Jersey. All rights reserved.



(https://www.instagram.com/rutgershealthubhc/)
(https://www.youtube.com/channel/UC765EC65iqRCgEzkMeBy6mQ/videos)
(https://twitter.com/Rutgers_UBHC)

# EXHIBIT E

# WLB
## WRONKO LOEWEN BENUCCI
*Attorneys at Law*

JAMES R. WRONKO
JAMES V. LOEWEN
MARCO M. BENUCCI

KEVIN P. HEWITT, JR.•
MICHAEL POREDA ♦

 • Member of MI Bar
 ♦ Member of NY Bar

OF COUNSEL
GILBERT G. MILLER

website: www.newjerseylawyer.org
main email: WLB@newjerseylawyer.org

69 GROVE STREET
SOMERVILLE, NJ 08876
TEL: (908) 704-9200
FAX: (908) 704-9291

1130 U.S 202, SUITE A/7
RARITAN, NJ 08869
TEL: (908) 393-6445
FAX: (908 393-6447

**Please reply to Somerville**

August 23, 2020

**VIA U.S. Mail**
Rutgers University
University Correctional Health Care
Office of the Secretary
7 College Avenue
New Brunswick, NJ 08901

**Re: Edwin Polynice v. New Jersey Department of Corrections, et al.**
Docket No. 2:19-cv-16875-MCA-LDW

Dear UCHC:

　　I represent Plaintiff Edwin Polynice, a former inmate at South Woods State Prison. Polynice's suit originally concerned an accident that occurred at Northern State Prison. Before this case advanced past pleadings, Polynice suffered kidney failure due to UCHC's custom of allowing prisoners with chronic care prescriptions to suffer gaps of days and weeks in between bottles of prescription medication. Because Polynice was hospitalized for so long, and was incommunicado during this period, I only found out about the kidney failure on August 14, 2020. A Tort Claim Notice was filed on UCHC via fax on August 18, 2020.

　　Pursuant to Judge Wettre's preferences, I am supposed to seek consent to Amend the Complaint. Please confer with your counsel, and have your counsel let me know if you will consent the amendments.

Sincerely,

Michael Poreda

# EXHIBIT
# F

# MacNeill, O'Neill & Riveles, LLC

COUNSELLORS AT LAW

JAY SCOTT MacNEILL †
LAUREN KOFFLER O'NEILL † •
GARY L. RIVELES †
THOMAS J PYLE, JR •
ROBERT E SPITZER *
PATRICIA M WASON ◊

ETHAN LILLIANTHAL •
ANELIA DIKOVYTSKA BROWN •
ANTHONY A. DOSS

240 CEDAR KNOLLS ROAD – SUITE 104
CEDAR KNOLLS, NEW JERSEY 07927

(973) 409-6600
FAX (862) 260-9313
www.morlawnj.com

† CERTIFIED CIVIL TRIAL
  ATTORNEY
* NJ AND NY BAR
◊ NJ, NY AND OH BAR
• NJ, NY AND MA BAR

September 9, 2020

**VIA E-MAIL (poreda@newjerseylawyer.org)**

Michael Poreda, Esq.
Wronko Loewen Benucci
69 Grove Street
Somerville, NJ 08876

      RE:    **Polynice v. University Correctional Health Care, et. al.**
             **Docket No.: 2:19-cv-16875-MCA-LDW**
             **MOR File No. 9028.05267**

Dear Mr. Poreda:

This firm represents University Correctional Health Care ("UCHC") in connection with the above-referenced matter. I write regarding Plaintiff's request for UCHC's consent to the filing of an Amended Complaint. For the reasons set forth below, University Correctional Health Care cannot consent to the filing of the proposed Amended Complaint.

Initially, UCHC objects to the Amended Complaint as it purports to assert a putative class action in connection with this case. UCHC does not consent to same. Secondly, the cause of action relating to the Amended Complaint occurred, to our understanding based upon review of the Notice of Claim dated August 18, 2020, on or about July 27, 2020. Therefore, pursuant to the New Jersey Tort Claims Act, specifically N.J.S.A. 59:8-8, Plaintiff is required, by law, to wait at least 6 months from the date of the filing of a Notice of Claim to institute or file a Complaint against UCHC. Thirdly, the proposed Amended Complaint seeks punitive damages from UCHC in connection with this case. Pursuant to N.J.S.A. 59:9-2(c), punitive damages are not recoverable against a public entity. Since UCHC is a public entity, punitive damages are not recoverable against my client. Finally, as previously mentioned, the claims that gave rise to the filing of the initial Complaint against the New Jersey Department of Corrections in August 2019 are separate and apart, and wholly unrelated to, the claims that are the basis for the claims as to UCHC contained in the proposed Amended Complaint and Notice of Claim. Therefore, it is UCHC's position that these claims should not be combined, and that Plaintiff should file a separate Complaint against UCHC, bearing in mind the aforementioned objections to the proposed Amended Complaint. For these reasons, UCHC cannot and does not consent to the filing of the proposed Amended Complaint. Please provide me with a copy of any Motion to File an Amended Complaint that you file.

September 9, 2020

Please do not hesitate to contact me should you have any questions or wish to discuss.

Very truly yours,

MACNEILL, O'NEILL & RIVELES, LLC

Thomas J. Pyle, Jr.

TJP/grd
cc:   Chanell Branch, DAG (via email)

# EXHIBIT G

MACNEILL, O'NEILL & RIVELES, LLC
Gary L. Riveles (029081994)
240 CEDAR KNOLLS ROAD, SUITE 104
CEDAR KNOLLS, NJ 07927
973-409-6600
ATTORNEYS FOR DEFENDANT, UNIVERSITY CORRECTIONAL HEALTH CARE
OUR FILE NO. 9028.05267

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| **EDWIN POLYNICE, individually and on behalf of a class of similarly situated individuals,**<br><br>vs.<br><br>**NEW JERSEY DEPARTMENT OF CORRECTIONS, et al.** | **DOCKET NO. 2:19-CV-16875-MCA-LDW**<br><br>**CIVIL ACTION**<br><br>**NOTICE OF APPEARANCE**<br><br>Document File Electronically |

**PLEASE TAKE NOTICE** that Gary L. Riveles, Esq., of MacNeill, O'Neill & Riveles, LLC, hereby enters an appearance on behalf of University Correctional Health Care in the above-captioned matter and request that all notices, pleadings and other papers in this matter be served to him.

Thomas J. Pyle, Esq. (N.J. Attorney ID No. 018411995) of MacNeill, O'Neill & Riveles, LLC, will be additional counsel in this matter.

MACNEILL, O'NEILL & RIVELES, LLC
Attorneys for Defendant, University
Correctional Health Care

Dated: September 14, 2020

By:/s/ Thomas J. Pyle, Jr.
Thomas J. Pyle, Jr.
240 Cedar Knolls Road, Suite 104,
Cedar Knolls, NJ 07927
Tel. 973-409-6600/Fax: 862-260-9313
tjp@morlawnj.com