

**WRONKO LOEWEN BENUCCI**
*Attorneys at Law*

JAMES R. WRONKO
JAMES V. LOEWEN
MARCO M. BENUCCI

KEVIN P. HEWITT, JR.•
MICHAEL POREDA ♦

• Member of MI Bar
♦ Member of NY Bar

OF COUNSEL
GILBERT G. MILLER

website: www.newjerseylawyer.org
main email: WLB@newjerseylawyer.org

69 GROVE STREET
SOMERVILLE, NJ 08876
TEL: (908) 704-9200
FAX: (908) 704-9291

1130 U.S 202, SUITE A/7
RARITAN, NJ 08869
TEL: (908) 393-6445
FAX: (908) 393-6447

**Please reply to Somerville**

December 23, 2020

The Honorable Leda Wettre
United States District Court for the District of New Jersey
50 Walnut Street
Newark, NJ 07102

**RE :POLYNICE v. NEW JERSEY DEP'T OF CORRECTIONS**
Docket No. 2:19-CV-16875-MCA-LDW

Dear Judge Wettre:

     Pursuant to your most recent order, Plaintiff circulated a proposed Amended Complaint, and Defendants submitted objection by December 17, 2020.

     The primary objection is to the negligence claims against Rutgers University and its employees due to perceived deficiencies with the Notice of Tort Claim.[1]  While I do not believe that these are ultimately meritorious objections, I do concede that Rutgers would have a legitimate interest in having its objections heard via motion, if the differences cannot be researched and agreed upon sooner.

     However, I would like time to review the objections with my client.  Whether he wishes to engage in motion practice over the objections about the sufficiency of his Tort Claim Notice as it applies to Rutgers will be dependent upon the through diagnosis of his injuries.  As you may recall, Polynice was in chronic pain in prison for years following his accident, and Polynice was subjected to an ongoing failure by Rutgers to diagnose or treat the underlying cause of the

---

[1] There was also a Statute of Limitations objection that I didn't think was terribly serious since the claims against Rutgers relate back to the original, timely filing where Rutgers was improperly plead as "Northern State Prison Medical Department."  Rutgers also objected to the claim for punitive damages, which I concede is legitimate.

chronic pain.[2]  Fortunately Mr. Polynice was released early due to the pandemic and is now seeking diagnosis and treatment.  During my last conversation with Mr. Polynice, he informed me that he was scheduled for an MRI on January 4, 2020.

      I therefore think it is probably in everyone's interest to schedule a proposed motion, if any is needed, at the conference scheduled for January 20, 2020.

Respectfully Submitted,

MICHAEL POREDA

---

[2] Polynice was given Tylenol for the pain, which would be sufficient medical treatment if these were isolated complaints of acute pain, but using Tylenol long-term to treat chronic pain of an unknown source is not generally accepted in the medical community.