**WRONKO LOEWEN BENUCCI**
Michael Poreda, Esq. (025492010)
69 Grove Street
Somerville, NJ 08876
Telephone: (908) 704-9200
Fax: (908) 704-9291
e-Mail: poreda@poredalaw.com
*Attorney for Plaintiff*

### UNITED STATES DISTRICT COURT
### DISTRICT OF NEW JERSEY

| | |
|---|---|
| EDWIN POLYNICE,<br><br>*Plaintiff*,<br><br>vs.<br><br>NEW JERSEY DEPARTMENT OF CORRECTIONS, ADMINISTRATOR GEORGE ROBINSON, SERGEANT CHRISTOPHER GIBBONS, OFFICER RYAN MOLLOY, OFFICER RAYMOND REYES, RUTGERS UNIVERSITY – UNIVERSRITY CORRECTIONAL HEALTH CARE ("UCHC"), LATIFA FEDAI, APN, UCHC JOHN DOES 1-20, DOC JOHN DOES 1-10,<br><br>*Defendants*. | Docket No. 2:19-cv-16875-MCA-LDW<br><br>**Civil Action**<br><br>**CERTIFICATION OF COUNSEL** |

I, Michael Poreda, being more than 18 years of age, do certify as follows:

1.) I represent the Plaintiff in this case.

2.) This case involves an accident that occurred at Northern State Prison due to the wrongful acts of Defendants.

3.) On October 1, 2017, the Plaintiff fell out of his top bunk at Northern State Prison, resulting in injuries that are chronic but which were never diagnosed or treated by prison medical officials.

4.) The Plaintiff should have been assigned to a bottom bunk at the time of his fall and at all times during his incarceration.

5.) As the court knows, Plaintiff first sought to amend this Complaint after being released from prison in August 2020.

6.) In that proposed amendment, Plaintiff sought to add significant factual allegations regarding acts by University Correctional Health Care that caused Plaintiff's kidneys to fail.

7.) After negotiation with University Correctional Health Care, Plaintiff agreed to wait and file a separate action regarding the kidney failure.

8.) The parties also agreed to wait to amend because whether or not University Correctional Health Care ("UCHC") could be held liable at all depended in part upon the nature of Plaintiff's injuries, which had never been diagnosed by UCHC while he was incarcerated.

9.) The court issued an order that Plaintiff move to amend the Complaint by June 1, 2021.

10.) As there are no MRI results yet, Plaintiff will have to name UCHC as a defendant and preserve the allegations against it.

11.) I ask leave to dispense with the Local Rule 15.1 requirement to provide a redlined version of the proposed amendments as they are, linguistically speaking, very extensive, but substantively not extensive. In short, I do not think the redlined complaint would be worth very much and would be an extensive undertaking.

12.) This is because the original Complaint was drafted by another law firm that didn't seem to understand New Jersey prison litigation.

13.) Substantively, the changes are as follows:

    a. Latifa Fedai, a nurse practitioner, has been added as a defendant. The proposed amendments regarding Fedai are based on recently discovered medical records in which she denies Plaintiff's request for a bottom bunk restriction.

    b. Discovery having revealed that the unknown officer who ordered Plaintiff onto the top bunk from which he fell was either Raymond Reyes or Ryan Molloy.

    c. The original complaint made allegations against the "Medical Department – Northern State Prison," which is the inappropriate name for Rutgers University – University Correctional Health Care, which is named in the proposed amendments.

    d. The original Complaint improperly identified a responsible officer "Sergeant Gibson." The correct name is Sergeant Christopher Gibbons. He has been named in the proposed amendments.

14.) These amendments all relate back to the original filing of the Complaint and are therefore not in violation of the statute of limitations.

_____
MICHAEL POREDA

Date: May 26, 2021