**WRONKO LOEWEN BENUCCI**
Michael Poreda, Esq. (025492010)
69 Grove Street
Somerville, NJ 08876
Telephone: (908) 704-9200
Fax: (908) 704-9291
e-Mail: poreda@poredalaw.com
*Attorney for Plaintiff*

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| EDWIN POLYNICE,<br><br>*Plaintiff*,<br><br>vs.<br><br>NEW JERSEY DEPARTMENT OF CORRECTIONS, ADMINISTRATOR GEORGE ROBINSON, SERGEANT CHRISTOPHER GIBBONS, OFFICER RYAN MOLLOY, OFFICER RAYMOND REYES, RUTGERS UNIVERSITY – UNIVERSRITY CORRECTIONAL HEALTH CARE ("UCHC"), LATIFA FEDAI, APN, UCHC JOHN DOES 1-20, DOC JOHN DOES 1-10,<br><br>*Defendants*. | Docket No. 2:19-CV-16875-MCA-LDW<br><br><u>**Civil Action**</u><br><br>**AMENDED COMPLAINT** |

Edwin Polynice, by way of this Amended Complaint hereby brings the following action against the Defendants as follows:

## JURISDICTION AND VENUE

1.) This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 because the question arises under the laws and Constitution of the United States.

2.) This Court has jurisdiction over state law claims herein presented pursuant to 28 U.S.C. § 1367 because the claims are part of a case over which the court has federal question jurisdiction.

3.) Venue is properly laid in the District of New Jersey pursuant to 28 U.S.C. § 1391(b)(2) because all relevant events took place in New Jersey.

## PARTIES

4.) Plaintiff Edwin Polynice is a resident of New Jersey whose date of birth is November 15, 1978. He was in the custody of the New Jersey Department of Corrections from June 2012 until August 2020. His SBI number was 864138C. He last resided at South Woods State Prison, 215 South Burlington Road, Bridgeton, NJ 08302.

5.) Defendant New Jersey Department of Corrections is a New Jersey State agency headquartered at Whittlesey Road, Trenton, NJ 08625.

6.) Newly added Defendant Rutgers University – University Correctional Health ("UCHC") care is a corporate entity headquartered at 7 College Avenue, New Brunswick, NJ 08901. UCHC is the medical contractor that provides medical services to inmates within the custody of the New Jersey Department of Corrections.

7.) Newly added Defendant Latifa Fedai, APN is a nurse practitioner at Northern State Prison.

8.) Defendant George Robinson is currently the Administrator of the Adult Diagnostic and Treatment Center, a prison facility operated by the New Jersey Department of Corrections. At the times relevant to this complaint, he was the Administrator of Northern State Prison, P.O. Box, 2300, 168 Frontage Road, Newark, NJ 07114. He is an employee of the New Jersey Department of Corrections.

9.) Defendant Sergeant Christopher Gibbons, previously misplead as "Sergeant Gibson" is the correctional sergeant who, on September 30, 2017, was responsible for overseeing the inmates living in Delta Unit 1-E at Northern State Prison. Sergeant Gibbons is an employee of Defendant New Jersey Department of Corrections.

10.) Newly added Defendant Ryan Molloy was an NJ DOC correctional officer employed at Northern State Prison on September 30, 2017.

11.) Newly added Defendant Raymond Reyes was an NJ DOC correctional officer employed at Northern State Prison of September 30, 2017.

12.) Newly added Defendants UCHC John Does 1-20 are employees of UCHC, including nurses, doctors, and supervisors.

13.) Newly added Defendants DOC John Does 1-20 are employees and supervisors of the DOC.

## FACTS

14.) Plaintiff is known to have diabetes, diabetic neuropathy in his feet as well as a history of a torn Achilles tendon. These disabilities substantially limit his activities of daily living, to wit, his ability to climb and jump.

15.) These are disabilities are therefore within the meaning of the New Jersey Law Against Discrimination, the Rehabilitation Act, and the Americans with Disabilities Act.

16.) Due to Plaintiff's disabilities, he was given a permanent bottom bunk restriction in 2013, when he arrived at South Woods State Prison.

17.) Plaintiff often experienced dizziness from fluctuations in blood sugar due to the diabetes. The bottom bunk restriction served to protect him during dizzy spells.

18.) In January 2017, he was transferred to Northern State Prison, after having spent several months in New Jersey State Prison.

19.) Plaintiff requested the continuation of his standing bottom bunk order.

20.) This was denied without genuine cause by Latifa Fedai, APN on January 24, 2017. This was supposedly based on Polynice "not meeting the requirements," however she never articulated the requirements to him, and future acts by UCHC employees would prove that this was a sadistic and deliberate lie.

21.) Plaintiff formally grieved the denial of the bottom bunk through the kiosk system at Northern State Prison, but his grievance was either denied or not responded to.

22.) Plaintiff was nevertheless able to secure a bottom bunk informally.

23.) On September 30, 2017, Plaintiff was living in Delta Unit 1-E at Northern State Prison, assigned to a bottom bunk.

24.) For unknown reasons, on September 30, 2020, Plaintiff was told by a corrections officer, either Molloy or Reyes, to move out of his bottom bunk and move to cell 104 and sleep in a top bunk.

25.) Polynice told Molloy or Reyes that he needed to be on the bottom bunk due to his disabilities.

26.) When Molloy or Reyes protested that Polynice was no longer entitled to the accommodation, Polynice told him that the accommodation was for the remainder of his incarceration.

27.) Plaintiff's right to a safe place to sleep is clearly established law.  N.J.A.C. 10A:31-3.6 states: "A qualified inmate with a disability shall be housed in a manner that provides for his or her safety, security and accessibility to facility programs or activities.  Rooms, sleeping units, or housing units shall be designed for use by qualified inmates with disabilities."

28.) Following his explanation, Polynice was ordered to utilize the top bunk, in clear violation of DOC regulation, state law, and federal law.

29.) Molloy or Reyes reiterated that this order had come from Sergeant Gibbons.

30.) Polynice was compelled to follow the order.

31.) On October 1, 2017, at approximately 12:35pm, while attempting to dismount the top bunk to take a daily shower, Plaintiff Edwin Polynice became extremely dizzy from a drop in his blood sugar and fell.

32.) During this fall, Plaintiff, Edwin Polynice attempted to land on a stool, but slipped.  He fell, striking his head on the toilet and his leg against the stool.

33.) Post-fall, Mr. Polynice sustained severe injuries leading to thirteen stitches and five staples.

34.) Mr. Polynice also suffered a dislocated shoulder, severe neck pain, and bruising on his legs.

35.) Plaintiff, Edwin Polynice, required an extended stay in the prison infirmary for ten days due to these injuries.

36.) Throughout his time in the infirmary, he experienced debilitating headaches with the pain extending throughout his entire head, chronic pain in his facial area, ongoing dizziness, and a bruised leg.

37.) On October 20, 2017, Dr. Sandra Connolly, recognizing the obvious misdeed of Fedai, ordered Polynice back to a bottom bunk restriction.

38.) Plaintiff, Edwin Polynice continued to experience constant neck pain, headaches, and lower back pain while he remained incarcerated.

39.) Despite the ongoing pain, Plaintiff was never given any treatment or diagnostic other than Tylenol.

40.) Now released from prison, Plaintiff will be forced to spend money, in excess of $3,500, to treat his injuries.

41.) Additionally, Plaintiff has suffered disfigurement, in the form of significant scarring from his fall.

42.) He has also permanently lost full mobility as a result of the fall.

**STATEMENT ON COMPLIANCE WITH NOTICE OF TORT CLAIM RULES**

43.) On or about December 19, 2017, Plaintiff, or his then-counsel, Jean Ross, filed a Notice of Tort Claim seeking $100,000 for the injuries sustained in the fall.

## FIRST CLAIM FOR RELIEF
## 42 U.SC. § 1983 – EIGHTH AMENDMENT – DELIBERATE DIFFERNECE TO INMATE SAFETY –AGAINST GEORGE ROBINSON, SGT. GIBBONS, OFFICER RYAN MOLLOY, OFFICER RAYMOND REYES, LATIFA FEDAI, DOC JOHN DOES 1-20, and UCHC JOHN DOES 1-20.

44.) The allegations set forth in the preceding paragraphs are incorporated by reference as if fully set forth herein.

45.) When Latifa Fedai refused to give Plaintiff the bottom bunk that he requested, it was without genuine basis.

46.) Fedai knew that the Plaintiff had health conditions that rendered the top bunk dangerous. She nevertheless denied him the request without genuine reason, rendering the decision deliberatively indifferent.

47.) George Robinson and DOC John Does 1-20, who are other policymakers, developed policies, procedures and/or customs which caused the deprivation of Plaintiff, Edwin Polynice's constitutional rights.

48.) Said policies were inherently deficient, or inappropriate as formulated, as to the adherence of mandated medical care provided to an inmate that presented with documented medical issues.

49.) Defendant New Jersey Department of Corrections, by and through Defendant Administrator George Robinson and DOC John Does 1-20, who are other policymakers, recklessly, and/or intentionally and/or with deliberate indifference to inmate safety:

  a. failed to properly train and supervise Defendant Sergeant Gibson and Defendants Molloy and Reyes with regard to adequately assessing, monitoring and providing necessary and reasonable accommodations for inmates with medical issues, including but not limited to inmates with documented medical restrictions and

  b. failed to properly train and supervise Defendant Sergeant Gibson and Officers Molloy and Reyes, or other prison staff to maintain a safe and suitable environment, and to keep inmates safe from injury or serious harm.

  c. maintained policies, procedures and/or customs that were deliberately indifferent to the constitutional rights of inmates to be adequately screened for medical issues, to

provide necessary and reasonable accommodations for inmates with medical issues; and to be kept safe from injury or serious harm;

d.     failed to enforce the contractual obligations of UCHC to monitor and treat inmates with medical issues, including but not limited to inmates with documented medical restrictions.

e.     with full knowledge, allowed institutional policies and procedures regarding intake, medical screening, custodial watch and medical treatment to be ignored and violated with reckless abandon; and

f.     failed to provide adequate and needed health care for inmates at the Detention Unit of the Northern State Prison.

50.)   The actions and/or failures to act by Defendant, New Jersey Department of Corrections, Defendant Administrator George Robinson, Defendant Sergeant Gibson and Defendants Molloy and Reyes, as illustrated above, amounted to a deliberate indifference of Mr. Polynice's constitutional rights and proximately caused his injuries.

51.)   The violation of Mr. Polynice's rights under the United States Constitution was the proximate cause of damages to Plaintiff, thereby entitling Plaintiff to compensatory damages from Defendants, Administrator George Robinson, Sergeant Gibson, and Officers Molloy and Reyes in an amount exceeding $1,000,000.00.

**WHEREFORE**, the Plaintiff demands judgment against the Defendants, and each of them, for compensatory and punitive damages, counsel fees, and all costs of suit.

## SECOND CLAIM FOR RELIEF
## NEGLIGENCE AGAINST ALL DOC DEFENDANTS

52.)   If not reckless, intentional, or deliberately indifferent to inmate safety, the decision to place Plaintiff in the top bunk was negligent.

53.)   But for the exercise of due care to listen to Plaintiff's truthful pleading that he was bottom-bunk restricted due to his health issues, Plaintiff would not have suffered permanent injuries.

54.)   Had Defendants exercised due care, they would have placed Plaintiff in a bottom bunk, and he would not have fallen even if he had an attack of low blood sugar.

55.)   The failure to exercise due care proximately resulted in Plaintiff's permanent injuries.

56.) The failure to exercise due care was the fault of Officer Molloy, Officer Reyes, Sergeant Gibson, John Does 1-20, and/or George Robinson.

57.) The Department of Corrections is liable on the theory of respondeat superior for the negligence of its employees.

**WHEREFORE**, the Plaintiff demands judgment against the Defendants, and each of them, for compensatory and punitive damages, counsel fees, and all costs of suit.

### THIRD CLAIM FOR RELIEF
### NEW JERSEY LAW AGAINST DISCRIMINATION – FAILURE TO ACCOMMODATE A DISABILITY AGAINST DOC DEFENDANTS

58.) Plaintiff was a person with a disability, namely his diabetes and his Achilles tendon tear.

59.) The New Jersey Law Against Discrimination entitles Plaintiff to reasonable accommodations that would give him a safe place to sleep.

60.) Department of Corrections Defendants denied Plaintiff access to a bottom bunk.

61.) This denial caused Plaintiff permanent injuries.

**WHEREFORE**, the Plaintiff demands judgment against the Defendants, and each of them, for compensatory and punitive damages, counsel fees, and all costs of suit.

### FOURTH CLAIM FOR RELIEF
### AMERICANS WITH DISABILITIES ACT
### AGAINST DOC DEFENDANTS

62.) Plaintiff was a qualified person with a disability, namely his diabetes and his Achilles tendon tear.

63.) One of the public programs, services, or activities of the prison is the provision of safe places to sleep.

64.) Plaintiff's disabilities could have been reasonably accommodated by the provision of a bottom bunk. This would have provided him with a safe place to sleep.

65.) Department of Corrections Defendants denied Plaintiff access to a bottom bunk.

66.) This denial caused Plaintiff permanent injuries.

**WHEREFORE**, the Plaintiff demands judgment against the Defendants, and each of them, for compensatory and punitive damages, counsel fees, and all costs of suit.

### FIFTH CLAIM FOR RELIEF
### REHABILITATION ACT

67.) Like the Americans with Disabilities Act, the Rehabilitation Act also requires prisons to provide inmates with disabilities reasonable accommodations so that they can access all the programs, services, and activities of the prison.

68.) The substantive standards for liability under the Rehabilitation Act are the same as under the Americans with Disabilities Act.

69.) The DOC Defendants are liable to Plaintiff under the Rehabilitation Act based upon the same facts recited in the Fourth Claim for Relief above.

**WHEREFORE**, the Plaintiff demands judgment against the Defendants, and each of them, for compensatory and punitive damages, counsel fees, and all costs of suit.

### SIXTH CLAIM FOR RELIEF
### NEGLIGENT TRAINING AND SUPERVISION AGAINST NEW JERSEY DEPARTMENT OF CORRECTIONS

70.) DOC John Does 1-20 and/or Sergeant Gibson had a duty to train Molloy, Reyes, and/or Sergeant Gibson in the proper handling of prisoners with disabilities, especially disabilities that might not be visible.

71.) DOC John Does 1-20 and/or Sergeant Gibson failed to train Molloy, Reyes, and/or Sergeant Gibson in the proper handling of prisoners with disabilities, especially disabilities that might not be visible.

72.) Bur for this failure to train, Plaintiff would not have sustained his permanent injuries.

73.) DOC John Does 1-20 and/or Sergeant Gibson had a duty to supervise the transfer of Plaintiff from his bottom bunk to cell 104.

74.) DOC John Does 1-20 and/or Sergeant Gibson failed to properly supervise the transfer of Plaintiff from his bottom bunk to cell 104.

75.) Had the Defendants properly supervised Plaintiff's cell transfer he would have been assigned to a bottom bunk or else left in his original cell.

76.) But for the negligent failure to supervise Plaintiff's transfer out of his original cell, Plaintiff would not have sustained his permanent injuries.

77.) The Department of Corrections is liable *respondeat superior* for the negligent training and supervision of its staff.

**WHEREFORE**, the Plaintiff demands judgment against the Defendants, and each of them, for compensatory and punitive damages, counsel fees, and all costs of suit.

## JURY DEMAND

Plaintiff hereby demands a trial by jury.

                                                             _____
                                                             MICHAEL POREDA, ESQ.
                                                             *Attorney for Plaintiff*

Date: May 26, 2021


## NOTICE OF TRIAL COUNSEL

**PLEASE TAKE NOTICE** that Michael Poreda, Esq. is hereby designated as Trial Counsel in the above-captioned matter.

                                                Michael Poreda, Esq.
                                                *Attorney for Plaintiff*

Date: May 26, 2021

## CERTIFICATION OF NO OTHER ACTION

Pursuant to Rule 4:5-1, it is hereby certified that to the best of my knowledge and belief, there are no other pending actions or proceedings involving the matter in controversy, none are contemplated, and I do not presently know the identity of any other party who should be joined.

                                                Michael Poreda, Esq.
                                               *Attorney for Plaintiff*

Date: May 26, 2021