**MacNeill, O'Neill & Riveles, LLC**
Thomas J. Pyle, Jr. (018411995)
240 Cedar Knolls Road, Suite 104
Cedar Knolls, NJ  07927
973-409-6600
Attorneys For Rutgers university-University Correctional Health Care
Our File No.  9028.05267

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| EDWIN POLYNICE, INDIVIDUALLY AND ON BEHALF OF A CLASS OF SIMILARLY SITUATED INDIVIDUALS,<br><br>**Plaintiff,**<br><br>vs.<br><br>NEW JERSEY DEPARTMENT OF CORRECTIONS, ET AL.,<br><br>**Defendants.** | **DOCKET NO. 2:19-CV-16875-MCA-LDW**<br><br>**CIVIL ACTION**<br><br>**Electronically Filed** |

## BRIEF IN OPPOSITION TO PLAINTIFF'S MOTION TO AMEND COMPLAINT

Of Counsel and on the Brief:  Thomas J. Pyle, Jr.

## PRELIMINARY STATEMENT

Plaintiff Edwin Polynice has filed a Motion to Amend a Complaint that was originally filed on August 19, 2019 as to the New Jersey Department of Corrections, Northern State Prison, Administrator George Robinson, and Sergeant Gibson relating to injuries he sustained from an alleged fall Plaintiff had from a top bunk at Northern State Prison on or about October 1, 2017. Plaintiff now seeks to name Rutgers University, University Correctional Health Care, and Latifa Fedai, APN as Defendants in this matter almost 4 years after the cause of action arose, and almost 2 years after the initial Complaint was filed. For numerous reasons, Amendment of the Complaint should be denied as untimely and futile.

Initially, it is noted that the alleged medical negligence in the proposed Amended Complaint occurred on or about October 2017 (or as early as January 2017). Therefore, any claims would be barred by the applicable Statute of Limitations, N.J.S.A. 2A:14-2. Secondly, Plaintiff's failure to comply with provisions of the New Jersey Tort Claims Act, N.J.S.A. 59:1-1 et seq. would result in the claims against the UCHC and the medical defendants being dismissed. Specifically, Plaintiff has failed to comply with the Tort Claims Act's Notice of Claim provision, N.J.S.A. 59:8-8, which requires that Notice be provided within 90 days of accrual of the cause of action. In this case, Plaintiff never served a Notice of Claim relating to any allegation agaisnt Rutgers, UCHC or Ms. Fadei that is set forth in the proposed Amended Complaint. My review of the December 19, 2017 Notice of Claim reveals that no allegations of medical malpractice were ever made, and no medical care personnel or entities are identified therein. Specifically, neither Rutgers, nor UCHC, nor Latifa Fedai, APN are mentioned or even alluded to in the December 19, 2017 Notice of Claim. Moreover, the December 19, 2017 Notice of Claim was never served on the purported medical defendants identified in the current proposed Amended Complaint. Therefore, Plaintiff has never complied with New Jersey Tort Claims Act of

providing the purported new Defendants with Notice of any claim against them.   Thirdly,

Plaintiff failed to seek leave to file a late Notice Claim as required under N.J.S.A. 59:8-9.  The

time to do so has expired.  Fourth, Plaintiff is barred from recovery against Rutgers, UCHC and

Ms. Fadei as more than 2 years have elapsed since the accrual of the cause of action as per

N.J.S.A. 59:8-8(b).   Thus, for these reasons, Plaintiff's claims against UCHC and/or it's'

employees are futile as they would be dismissed for failure to comply with the New Jersey Tort

Claims Act and the relevant Statute of Limitations.

In addition, the proposed Amended Complaint seeks punitive damages from UCHC and

Ms. Fadei in connection with this case.  Pursuant to N.J.S.A. 59:9-2(c), punitive damages are not

recoverable against a public entity. Since UCHC is a public entity, punitive damages are not

recoverable against my client.

**STATEMENT OF FACTS**

Rutgers University-University Correctional Health Care ("proposed defendants") shall

rely upon the facts set forth in the Certification of Thomas J. Pyle, Jr., Esq. submitted

contemporaneously herewith.

**POINT I**

**PLAINTIFF'S MOTION TO AMEND IS FUTILE AS THE STATUTE OF LIMITATIONS HAS EXPIRED AND PLAINTIFF HAS FAILED TO COMPLY WITH THE NEW JERSEY TORT CLAIMS ACT, N.J.S.A. 59:8-1 ET SEQ.**

Plaintiff has clearly failed to provide any Notice of Claim as to the proposed defendants within

the 90 days from the accrual of the cause of action as required by the Tort Claims Act.  The New

Jersey Tort Claims Act, N.J.S.A. 59:1-1, et seq. (hereinafter also "the Act" and "the Tort Claims

Act"), defines the manner in which individuals must proceed when seeking to recover damages

3

from a public entity or public employee.  In relevant part, the Tort Claims Act describes the

parameters delineating the timeframe within which an individual must assert a claim against a

public entity or employee.  Under the Act, a claimant's cause of action accrues on the date upon

which the Tort or accident occurs or when facts authorize one party to maintain an action against

another.  See Torres v. Jersey City Medical Center, 140 N.J. Super 323, 326 (Law Div. 1976);

Fuller v. Rutgers, The State University, 154 N.J. Super 420, 423 (App Div. 1977), certif. den. 75

N.J. 610 (1978); Lutz v. Spencer, 126 N.J Super 288, 297 (Law Div. 1974).  The notice

provisions of the Act do not affect accrual.

> In relevant part, N.J.S.A. 59:8-8 provides (with emphasis added):
>
> A claim relating to a cause of action for death or for injury or damage to person or to
> property shall be presented as provided in this chapter not later than the ninetieth day
> after accrual of the cause of action. After the expiration of six months from the date
> notice of claim is received, the claimant may file suit in an appropriate court of law. The
> claimant shall be forever barred from recovering against a public entity or public
> employee if:
>
> a. He failed to file his claim with the public entity within 90 days of accrual of his claim
> except as otherwise provided in section 59:8-9;
>
> or
>
> b. Two years have elapsed since the accrual of the claim;
>
> or
>
> c. The claimant or his authorized representative entered into a settlement agreement with
> respect to the claim.

A claimant's filing of a Notice of Claim does not mark the time at which the claim

accrues and does not extend the running of the statute of limitation.  Anaya v. Township of

Vernon, 130 N.J. Super, 409 (App. Div.), certif. den., 71 N.J. 494 (1976).  No action shall be

brought against a public entity or a public employee under the Act unless the claim upon which it

is based has been presented in accordance with the procedures set forth in N.J.S.A. 59:8-3.  **The**

**Act clearly includes a ninety-day time limit from accrual of a claim for filing of a Notice of Claim**.

Generally, under the New Jersey Tort Claims Act, immunity for public entities is the rule and liability is the exception. McDade v. Siazon, 208, N.J. 463 (2011). Indeed, the New Jersey Supreme Court has consistently confirmed that "immunity from tort liability is the general rule and liability is the exception" is the foundation principle underpinning the Tort Claims Act. D.D. v. Univ. of Med. & Dentistry of New Jersey, 2013 N.J. 130, 134 (2013) (internal citations omitted). The Court has unequivocally stated that the "area within which government has the power to act for the public good is almost without limit and therefore government should not have the duty to do everything that might be done." McDade v. Siazon, supra at 474 (internal citations omitted). For all of these reasons, failure by a plaintiff to serve a Notice of Claim within ninety days of accrual ordinary results in that plaintiff being "forever barred" from bringing a particular action against a public entity. Id. (citing N.J.S.A. 59:8-8).

"The TCA is strictly construed to permit lawsuits only when it is specifically delineated. Id.; N.J.S.A. 59:1-1, et. seq. Unless permission is granted to file a late Notice of Claim pursuant to N.J.S.A. 59:8-9, the claimant shall forever be barred from recovering against the public entity or public employee if ... he failed to file his claim with the public entity within 90 days of accrual of his claim . . ." N.J.S.A. 59:8-8. The mere filing of a Complaint does not constitute substantial compliance with Title 59 notice requirements. Guzman v. City of Perth Amboy, 214 N.J. Super, 167, 172 (App. Div. 1986).

The purpose of this ninety-day time limit is to compel a claimant to expose his intentions and information early in the process to permit the public entity and public employee to undertake an investigation where witnesses are available and facts are fresh. Lutz v. Township of

Gloucester, 153 N.J. Super, 461, 466 (App. Div. 1977); White v. Violent Crimes Compensation Board, 76 N.J. 368 (1978); S.E.W. Friel Company v. New Jersey Turnpike Authority, 73 NJ 107, 118 (1977).

In the instant matter, Plaintiff concedes that his cause of action accrued on October 1, 2017. Plaintiff commenced this action on August 19, 2019 with the filing of a Summons and Complaint. At no point in time prior to that did Plaintiff serve a Notice of Claim as to the proposed Defendants. Proposed Defendant Latifa Fedai, APN, was an employee of UCHC, a division of Rutgers, the State University of New Jersey. As such, Defendant, she was at all relevant times a public employee of a public entity within the meaning of the Act. N.J.S.A. 18A:65-101. Consequently, the claims brought by Plaintiff against Ms. Fedai are subject to the notice requirement of the Tort Claims Act.

Plaintiff clearly knew that there was an injury to his leg, and counsel originally served a Notice of Claim dated December 19, 2017. However, as discussed *infra*, the December 19, 2017 Notice of Claim did not identify Rutgers, University Correctional Health Care, or Ms. Fedai in that document. Morever, Plaintiff still has not served a Notice of Claim as to Rutgers, University Correctional Health Care, or Ms. Fedai in relationship to the claims asserted in the proposed Amended Complaint.

Pursuant to the Tort Claims Act, the proposed defendants are entitled to a Notice of Claim. Plaintiff's failure to provide one is a fatal flaw to his claims. Not only has Plaintiff failed to provide a Notice of Claim within 90 days of the accrual of the cause of action, but has failed to provide any Notice of Claim in this matter as to these proposed defendants. As such, Plaintiff's Motion should be denied as his claims will be barred by the New Jersey Tort Claims Act due to his failure to provide a Notice of Claim.

## POINT II

**PLAINTIFF'S NOTICE OF CLAIM IS NOT IN COMPLIANCE WITH THE NOTICE REQUIREMENTS OF CHAPTER 8 UNDER TITLE 59 OF THE NEW JERSEY TORT CLAIMS ACT AND DOES NOT SUBSTANTIALLY COMPLY WITH THE REQUIREMENTS OF SAME**

N.J.S.A. 59:8-3 provides that:

> "No action shall be brought against a public entity or public employee under this act unless the claim upon which it is based shall have been presented in accordance with the procedures set forth in this chapter."

N.J.S.A. 59:8-4(e) further provides that:

> Any claim presented by the claimant must include "the name or names of the public entity, employee or employees causing the injury, damage or loss, if known."

It is well settled that any action brought against a public entity or public employee must satisfy the notice requirements of N.J.S.A. 59:8-3; Feinberg v. State, 137 N.J. 126, 134 (1994); see also comments to N.J.S.A. 59:8-3. The Tort Claims Act requires that notice be given to both the public entity and public employee. The Supreme Court in Lowe explained that a 1994 amendment to the Tort Claims Act:

> "Made the notice requirements under N.J.S.A. 59:8-3 applicable to both public entities and public employees under the TCA (tort claims act). A public employee is entitled to notice of claim within ninety days of the accrual of a cause of action."

Lowe, supra. at 611. Pursuant to the 1994 amendment, N.J.S.A. 59:3-1(c) now provides:

> "A public employee is not liable for any injury where a public entity is immune from liability for that injury."

In addition, as noted above:

> "Notice is required to be given to public entities even where the action lies against a public employee."

See comments to N.J.S.A. 59:8-3 at 170. The public policy goals underlying this requirement include: 1) to allow the public entity at least six months for administrative review with an

7

opportunity to settle meritorious claims prior to bringing the suit; 2) to provide public entity with prompt notification of claim to adequately investigate facts and prepare a defense; 3) to afford public entity a chance to correct conditions or practices which gave rise to claim; and 4) to inform state in advance as to indebtedness for liability it may be expected to meet. Beauchamp v. Amedio, 164 N.J. 111, 751 A.2d. 1047 (2000).

In the instant case, Plaintiff has not complied with the notice requirements of the Tort Claims Act. Specifically, N.J.S.A. 59:8-4(e) requires that the claim list the name or names of the public entity and any public employees responsible for the alleged injury. Plaintiff's December 19, 2017 Notice of Claim "New Jersey Department of Corrections, SCO John Doe and Sgt. Gibson." There is no mention of any medical provider or other entity. Moreover, the Notice of Claim provided in this case does not allege any medical malpractice or negligence. Nowhere in the Notice of Claim is there any mention whatsoever of Latifa Fedai, APN. This is the only Notice of Claim served in connection with this action. In addition, the proposed defendants have not received any notification, as required by the Tort Claims Act, that a claim has been filed against them. Thus, Plaintiff failed to comply with the notice requirements pursuant to the Tort Claims Act. As such, his claims against Rutgers University-University Correctional Health Care and Latifa Fedai, APN are barred. Moreover, what Plaintiff alleges in the December 19, 2017 Notice of Claim is a slip and fall case/premises liability action against the DOC and Northern State Prison. The claim as to Latifa Fadei, APN as alleged in the proposed Amended Complaint is a completely different claim and cause of action than what was described in the December 19, 2017 Notice of Claim.

## POINT III

**PLAINTIFF SHOULD NOT BE PERMITTED LEAVE TO FILE A LATE NOTICE OF CLAIM BECAUSE PLAINTIFF CANNOT DEMONSTRATE "EXTRAORDINARY CIRCUMSTANCES" AND MORE THAN ONE YEAR HAS PASSED SINCE THE ACCRUAL OF THE CLAIM.**

N.J.S.A. 59:8-8 provides that:

> "A claim relating to a cause of action for death or for injury or damage to person or the property shall be presented as provided in this chapter not later than the ninetieth day after accrual of the cause of action."

N.J.S.A. 59:8-9 provides:

> "A claimant who fails to provide notice within the ninety day time frame may be permitted to file notice, in the discretion of the trial judge, **within one year after the accrual** of the claim provided that the claimant show "extraordinary circumstances" for his failure to file notice of claim within the period of time prescribed by section 59:8-8."

The "extraordinary circumstances" requirement was explained by the court in Blank v. City of Elizabeth:

> "The tort claims act, N.J.S.A. 59-1 to 59:12-3, requires a notice of the claim to be presented to the public entity within ninety days following the accrual of the cause of action except as otherwise provided in section 59:8-9. N.J.S.A. 59:8-8. As originally adopted as part of the Tort Claims Act, N.J.S.A. 59:8-9 accorded the court the discretion to permit a late Notice of Claim after the ninety day period but within a year following accrual on the showing of "sufficient reasons" for the failure of timely filing provided that the public entity would not be "substantially prejudiced" thereby. As tort claims juris prudence developed, the "sufficient reasons" threshold came to be liberally construed and the special reasons standard was implied. N.J.S.A. 59:8-9 was, however, amended by L. 1994, C49 to raise the sufficient reason threshold. The amendment no longer only requires a showing merely of sufficient reasons but rather "sufficient reasons constituting extraordinary circumstances." And the evident legislative purpose of this amendment was the abrogation of the liberal judicial construction of "sufficient reasons" standing alone.

318 N.J. Super. 106, 107-108 (1999). That change "suggested that the amendment may have signaled the end to a rule of liberality." Lowe v. Zarghami, 158 N.J. 606, 626 (1999)(quoting

9

Zois v. New Jersey Sport and Exposition, 286 N.J. Super. 670, 675 (App. Div. 1996)). See also N.J.S.A. 59A-9.

In O'Neill v. City of Newark, 304 N.J. Super, 543 (1997), the Appellate Division held that the Trial Court did not abuse its discretion in finding that plaintiff failed to show extraordinary circumstances warranting permission to file a late notice of claim.  In O'Neill, a police officer sustained injuries in a city owned building when stairs collapsed and a gun discharged into his leg. The officer did not show extraordinary circumstances when he failed to demonstrate that his mental condition prevented him from contacting an attorney, and pre-occupation with getting treatment for injured leg did not justify not filing a notice of claim within the normal day time period following the accident. O'Neill supra at 543.

The court in O'Neill added:

> "It is not significant that plaintiff may have been unaware of the notice requirements. Ignorance of the law, without more, does not constitute sufficient reasons for delay. We find no hint of legislative intent that the time to give notice should be extended until the party discovers a public entity is involved."

Id. at 552-553. See also Wood v. County of Burlington, 302 N.J. Super. 371, 695 A.2d. 377 (App. Div. 1997) (reversing trial court's decision to grant plaintiff's leave to file a late notice of claim, because plaintiff's ignorance of the law does not constitute "extraordinary circumstances").

In the instant case, Plaintiff's proposed Amended Complaint alleges that Latifa Fadei, APN was negligence in her capacity as a medical professional in or about January 2017.  Based on that assertion, as well as any and all medical records available to Plaintiff, Plaintiff either knew or should have known of a potential cause of action against Ms. Fedai within the statutory time frame as her name is clearly contained in Plaintiff's medical records.  Further, the exercise of due diligence would have revealed any potential claim against the proposed defendants prior to now. Failure to exercise due diligence does not constitute "extraordinary circumstances".

Plaintiff argues that he did not discover Ms. Fedai's name until recently, but offers no documentation to support this assertion nor any explanation why it took so long to do so. Moreover, the argument that the original Complaint was "drafted by another law firm that didn't seem to understand New Jersey prison litigation" is, again, unsupported by any facts or evidence and fails to explain why current counsel has never served a Notice of Claim on the proposed defendants. Therein lies the undue prejudice on the proposed defendants.

Finally, and more importantly, even if the Court does find "extraordinary circumstances" warranting leave for Plaintiff to file a late notice of claim against Defendant, more than one year has passed since the accrual of the claim in 2017. As a result, Plaintiff is barred from asserting this action as to Rutgers University-University Correctional Health Care and Latifa Fedai, APN pursuant to the New Jersey Tort Claims Act.

## POINT IV

**PLAINTIFFS' CLAIMS SHOULD BE DISMISSED FOR FAILURE TO COMPLY WITH THE STATUTE OF LIMITATIONS**

Pursuant to N.J.S.A. 2A: 14-2, "every action at law for an injury to the person caused by their wrongful act, neglect or default of any person within this state shall be commenced within **two years next after the cause of any such action shall have accrued**." Absent an applicable exception, the statute of limitations in medical malpractice and analogous professional negligence cases accrues from the date of the negligent act or omission. See, Martinez v. Cooper Hospital - University Medical Center, 163 N.J. 45 (2000); Baird v. American Medical Optics, 155 N.J. 54, 68 (1998); and Caravaggio v. D'Agostini, 166 N.J. 237, 244 (2001) (providing that N.J.S.A. 2A:14-2 embodies the Statute of Limitations in Medical Malpractice Actions).

Whether the Statute of Limitations operates to bar a cause of action is a question of law appropriately decided by the Court. See, Baird, 155 N.J. at 54 (citing Bernandi vs. Strully, 35 N.J. 434, 439 (1961)). The failure to timely file warrants dismissal. Vastano v. Algeier, 178 N.J. 230, 242 (2003). This result is consistent with the Court's interest in avoiding litigation of stale

claims, penalizing delay and providing repose. Galligan v. Westfield Centre Service, 82 N.J. 188,

191- 93 (1980) (Statutes of Limitation "spare courts from litigating stale claims, penalize delay,

and provide repose.").  Notwithstanding, the chief consideration underlying a statute of repose is

fairness to the defendant. See Cyktor v. Aspen Manor Condominium Ass'n., 359 N.J. Super. 459,

470 (App. Div. 2003) (citing Rosenberg v. Town of North Bergen, 61 N.J. 190, 201 (1972)).

In the instant case, Plaintiffs' cause of action accrued on October 1, 2017.  Plaintiff filed

a Complaint in August 2019 and did not name the proposed Defendants.  They knew, or through

the exercise of reasonable diligence, should have known of any potential cause of action as to

Rutgers University, University Correctional Health Care or Latifa Fedai, APN at that point in

time.  In fact, Plaintiff's counsel's Certification concedes the cause of action accrued on October

1, 2017.  Plaintiff's argument that they did not have the relevant medical records for over 3 years

since the incident, and over 2 years since the original Complaint was filed, underscores that lack

of diligence with which this case has been prosecuted.

In addition, the statute of limitations for § 1983 claims is two years. See Wilson v.

Garcia, 471 U.S. 261, 276, 105 S. Ct. 1938, 85 L. Ed. 2d 254 (1985); Dique v. New Jersey State

Police, 603 F.3d 181, 185 (3d Cir. 2010) ("[S]tate law provides the statute of limitations

applicable to a section 1983 claim."); N.J.S.A. 2A:14-2.  Therefore, Plaintiff's claim for

deliberate indifference is also barred.

### POINT V

**PLAINTIFF CANNOT SATISFY REQUIREMENTS UNDER RELATION BACK
DOCTRINE OF FED. R. COV. PROC. 15**

Plaintiff cannot benefit from any relation back pursuant to Federal Rule of Civil Procedure

15 as the defendants sought to be added were never put on notice of the claim, and the original

Complaint does not contain any allegations as to the "Medical Department-Northern State Prison" as Plaintiff contends in this Motion.  If so, Plaintiff never pursued any such claims by providing a Notice of Claim or serving a copy the Summons and Complaint for almost 2 years from the filing of the Complaint.  Moreover, Plaintiff lacked due diligence in prosecuting this claim he seeks to add by failing to obtain relevant information in a timely fashion.  All of this creates an undue prejudice on the defendants he now seeks to add in defending this matter.

Pursuant to Federal Rule of Civil Procedure 15, a party may amend its pleading once as a matter of course within 21 days of serving it or 21 days after the service of a responsive pleading or motion under Rule 12(b), (e), or (f), whichever is earlier. Fed. R. Civ. P. 15(a)(1).  In all other circumstances, a party may amend its pleading only with the opposing party's written consent or with leave of court. Fed. R. Civ. P. 15(a)(2). Rule 15 embodies a liberal approach to amendment and specifies that "leave shall be freely given when justice so requires." Dole v. Arco Chemical Co., 921 F.2d 484, 486-87 (3d Cir. 1990); Fed. R. Civ. P. 15(a)(1)(2). "An applicant seeking leave to amend a pleading has the burden of showing that justice requires the amendment." Katzenmoyer v. City of Reading, 158 F. Supp. 2d 491, 497 (E.D. Pa. 2001); see Garvin v. City of Phila., 354 F.3d 215, 222 (3d Cir. 2003) (explaining that a plaintiff must show that the elements of Rule 15(c) are met in order to change the party or the naming of the party against whom claims are asserted).

"The policy favoring liberal amendment of pleadings is not, however, unbounded." Dole, 921 F.2d at 487. Factors which may weigh against amendment include "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed,  undue prejudice to the opposing party by

13

virtue of allowance of the amendment, futility of amendment, etc." Foman v. Davis, 371 U.S.

178, 182, 83 S. Ct. 227, 9 L. Ed. 2d 222 (1962).

Amendment is futile when the claim sought to be added would be barred by the statute of

limitations. See Garvin, 354 F.3d at 219.

Rule 15(c) provides:

(c) Relation Back of Amendments.

(1) *When an Amendment Relates Back*. An amendment to a pleading relates back to the

date of the original pleading when:

(A) the law that provides the applicable statute of limitations allows relation back;

(B) the amendment asserts a claim or defense that arose out of the conduct, transaction, or

occurrence set out—or attempted to be set out—in the original pleading; or

(C) the amendment changes the party or the naming of the party against whom a claim is

asserted, if Rule 15(c)(1)(B) is satisfied and if, within the period provided by Rule 4(m) for

serving the summons and complaint, the party to be brought in by amendment:

(i) received such notice of the action that it will not be prejudiced in defending on the

merits; and

(ii) knew or should have known that the action would have been brought against it, but for

a mistake concerning the proper party's identity.

Under Rule    15,    "the    decision    whether    to    allow    a    plaintiff

to amend the complaint [under Rule 15(a)] is separate from, and based upon a different standard

than,  the  decision  whether  the  new  claim  relates back to  the  original complaint [under Rule

15(c)]." Eaglin v. Castle Acquisition, Inc., No. 2011-48, 2012 U.S. Dist. LEXIS 148590, at *4

(D.V.I. Oct. 16, 2012) (quoting Caban-Wheeler v. Elsea, 71 F.3d 837, 840 (11th Cir. 1996)); see

also Arthur v. Maersk Inc., 434 F.3d 196, 202-203 (3d Cir. 2006) (explaining that "[l]eave to amend under subsection (a) and relation back under subsection (c) [of Rule 15], while obviously related, are conceptually distinct" and comparing the standards of Rule 15(a) and Rule 15(c)). Therefore, even if Plaintiff's amended pleading meets the requirements of Rule 15(c) and would relate back to the date of the original pleading, leave to amend under Rule 15(a) may be denied if the Court determines that amendment would be "unjust" and leave should not be granted. See Arthur, 434 F.3d at 203; Wine v. EMSA Ltd. P'ship, 167 F.R.D. 34, 39 (E.D. Pa. 1996) (holding that proposed amendment related back under Rule 15(c) but denying leave to amend under Rule 15(a) because the interests of justice did not warrant allowing amendment).

Under Rule 15(a), "prejudice to the non-moving party is the touchstone for the denial of an amendment." Cornell & Co. v. Occupational Safety & Health Review Comm'n, 573 F.2d 820, 823 (3d Cir. 1978). Absent substantial or undue prejudice, denial "must be based on bad faith or dilatory motives, truly undue or unexplained delay, repeated failures to cure the deficiency by amendments previously allowed, or futility of amendment." Lorenz v. CSX Corp., 1 F.3d 1406, 1414 (3d Cir. 1993). "Delay alone is not sufficient to justify denial of leave to amend." Arthur, 434 F.3d at 204 (citing Adams v. Gould Inc., 739 F.2d 858, 868 (3d Cir. 1984)). However, "at some point, the delay will become 'undue,' placing an unwarranted burden on the court . . . ." *Adams,* 739 F.2d at 868. "The question of undue delay requires that [the Court] focus on the movant's reasons for not amending sooner." Cureton v. NCAA, 252 F.3d 267, 273 (3d Cir. 2001). "When a party fails to take advantage of previous opportunities to amend, without adequate explanation, leave to amend is properly denied." Arthur, 434 F.3d at 204; see Cureton v. NCAA, 252 F.3d at 273.

Rule 15(c) enumerates three distinct prerequisites for an amendment to relate back to the original complaint: (1) the claims in the amended complaint must arise out of the same occurrences set forth in the original complaint, (2) the party to be brought in by amendment must have received notice of the action within 120 days of its institution, and (3) the party to be brought in by amendment must have known, or should have known, that the action would have been brought against the party but for a mistake concerning its identity." *Arthur,* 434 F.3d at 203 (citing Fed. R. Civ. P. 15(c)).

The second prerequisite for an amendment to relate back to the original complaint mandates that "within the period provided by Rule 4(m) for serving the summons and complaint, the party to be brought in by amendment . . . received such notice of the action that it will not be prejudiced in defending on the merits." Fed. R. Civ. P. 15(c)(1)(C)(i). This prerequisite "has two requirements, notice and the absence of prejudice, each of which must be satisfied." Urrutia, 91 F.3d at 458.

Notice, for purposes of Rule 15(c)(1)(C)(i) may be actual or constructive. *Singletary,* 266 F.3d at 195-6. Rule 15(c)(1)(C) "cognizes two means of imputing the notice received by the original defendants to the party sought to be added: (i) the existence of a shared attorney between the original and [*13] proposed new defendant [the 'shared attorney method']; and (ii) an identity of interest between these two parties [the 'identity of interest method']." *Id.* at 189. The notice received "must be more than notice of the event that gave rise to the cause of action; it must be notice that the plaintiff has instituted the action." *Id.* at 195.

Plaintiff does not claim that—nor does he make any showing that—the proposed Defendants received actual notice.  Therefore, the second prerequisite of Rule 15 can only be met if one of the two methods of imputing notice applies here. "The 'shared attorney' method of

imputing Rule 15(c)(3) notice is based on the notion that, when an originally named party and the party who is sought to be added are represented by the same attorney, the attorney is likely to have communicated to the latter party that he may very well be joined in the action." Singletary, 266 F.3d at 196. The relevant inquiry under this method of imputed notice is whether "notice of the institution of this action can be imputed to [the proposed defendants] within the relevant 120 period . . . by virtue of representation [the proposed defendants] shared with a defendant originally named in the lawsuit." Id.

In addition to notice, Rule 15(c) requires that a newly added party will not be prejudiced in defending on the merits. Fed. R. Civ. P. 15(c)(1)(C)(i); Urrutia, 91 F.3d at 458. "[T]he 'prejudice' to which the Rule refers is that suffered by one who, for lack of timely notice that a suit has been instituted, must set about assembling evidence and constructing a defense when the case is already stale." Garvin, 354 F.3d at 222 n.6 (quoting Nelson v. Cnty. of Allegheny, 60 F.3d 1010, 1014-15 (3d Cir. 1995). Plaintiff has not claimed nor advanced any argument that the proposed Defendants will suffer no prejudice in defending on the merits if the Plaintiff is again permitted to amend his Complaint.  The statute of limitations "serves the salutary purpose of preventing stale claims and requiring timely notice to defendants before distance from the event eviscerates accurate recall." Colbert v. City of Phila., 931 F. Supp. 389, 393 (E.D. Pa. 1996). Plaintiff seeks to add claims against the proposed Defendants based on the execution of a search warrant—often a commonplace event in the life of police officers—almost three years ago. Absent a showing of actual, informal or constructive notice, or any reason provided by Plaintiff explaining why prejudice will not occur, a Court cannot conclude that the proposed Defendants would not be prejudiced by permitting Plaintiff

17

to amend his Complaint. See Anderson v. City of Phila., 65 Fed. Appx. 800, 803 (3d Cir. 2003) (citing Singletary, 266 F.3d at 194 n.3.)

In the instant case, Plaintiff cannot establish that the proposed defendants he seeks to add, namely Rutgers University-University Correctional Health Care or Latifa Fedai, APN, had notice of the claims as required by Rule 15(c), nor can Plaintiff establish a lack of prejudice to the proposed Defendants.  In addition, Plaintiff has failed to comply with the statute of limitations to assert claims as to the proposed defendants as the cause of action accrued no later than October 1, 2017.  Therefore, since he cannot satisfy the requirements of relation back under Rule 15, Plaintiff's Motion should be denied.

In addition, Plaintiff cannot satisfy the requirement that the proposed defendants knew, or should have known, but for a misidentification, the claim would have been made against them as required by Rule 15(c)(1)(C)(ii).  Plaintiff did not provide any Notice of Claim to the proposed defendants.  The Notice of Claim dated December 19, 2017, does not mention anything about Rutgers, University Correctional Health Care or Ms. Fedai.  Moreover, there is no evidence that that Notice of Claim was ever served on these purported defendants.  In addition, the initial Complaint dated August 19, 2019 does not assert any claims against any medical defendants as suggested in paragraph 13(c) of Plaintiff's counsel's Certification in support of this Motion. Each and every allegation in the original Complaint is directed at the New Jersey Department of Corrections defendants.   The proposed defendants were never served with the original Complaint.  Also, there is no evidence that the proposed defendants were even aware of the filing of the original Complaint.

Based upon the foregoing, Plaintiff cannot satisfy the requirements of Rule 15 to allow this Amended Complaint to relate back to the original Complaint.  Therefore, Plaintiff's Motion

to amend as to Rutgers University, University Correctional Health Care, and Latifa Fedai, APN should be denied.

## CONCLUSION

Plaintiff's Motion to Amend the Complaint to add Rutgers University and/or University Correctional Health Care and Latifa Fedai, APN as defendants is futile as any such claims are barred by the Statue of Limitations and the TCA notice provision.  As discussed, *supra,* since the cause of action accrued on October 1, 2017, a Notice of Claim was required to be provided within 90 days of that date, or a Motion to File a late Notice of Claim could have been filed within a year.  Neither was done.  Therefore, based upon Plaintiffs' failure to comply with either the 2-year statute of limitations or the notice provisions of the TCA, Plaintiffs' claims as to Rutgers, University Correctional Health Care, and Latifa Fedai, APN are barred.  As such, Plaintiff's Motion to Amend should be dismissed for the reasons set forth herein.

MACNEILL, O'NEILL & RIVELES, LLC
Attorneys for Rutgers University/University
Correctional Health Care


Dated: June 7, 2021                              By*:/s/ Thomas J. Pyle, Jr.*
                                                         Thomas J. Pyle, Jr.