**WRONKO LOEWEN BENUCCI**
Michael Poreda, Esq. (025492010)
69 Grove Street
Somerville, NJ 08876
Telephone: (908) 704-9200
Fax: (908) 704-9291
e-Mail: poreda@poredalaw.com
*Attorney for Plaintiff*

### UNITED STATES DISTRICT COURT
### DISTRICT OF NEW JERSEY

| | |
|---|---|
| EDWIN POLYNICE,<br><br>        *Plaintiff*,<br><br>vs.<br><br>NEW JERSEY DEPARTMENT OF<br>CORRECTIONS, et al.,<br>        *Defendants*. | Docket No. 2:19-CV-16875-MCA-LDW<br><br>**<u>Civil Action</u>**<br><br>**REPLY CERTIFICATION IN SUPPORT<br>OF MOTION TO AMEND** |

I, Michael Poreda, being more of 18 years of age do certify as follows:

1.) I represent the Plaintiff in this case.

2.) I have been representing plaintiffs who experienced medical mistreatment in the custody of the Department of Corrections since 2019.  As a result, I learned that (1) Rutgers University – University Correctional Health Care is an entity that staffs the medical units at New Jersey State prisons; (2) Rutgers does not let inmates know about its role or existence, leaving many inmates to believe – understandably – that the Department of Corrections is the true entity responsible for their healthcare; and (3) the Department of Corrections exerts physical control over the day-to-day operations of Rutgers – UCHC.

3.)     This action seeks compensation for an accident and subsequent failure to diagnose and treat the resulting injury.

4.)     That injury occurred on October 1, 2017.

5.)     The injury occurred at Northern State Prison, a property owned by the New Jersey Department of Corrections.

6.)     A Tort Claim Notice regarding the accident was filed within 90 days of the event.

7.)     The original Complaint, attached hereto as **Exhibit A**, was filed on the eve of the closing of the statute of limitations period.  It was filed on August 19, 2019 by Joseph Lento and Lisa Pietras of the Optimum Law Group.  (See ECF No. 1).

8.)     The Complaint alleged two factual theories of liability.  First, it alleged that the Plaintiff was forced to utilize a top bunk in spite of his bottom bunk restriction, proximately causing his accident.  (**Exhibit A**, Complaint at ¶ 21-24).  Second, the Complaint alleged that the subsequent medical care was inadequate.  (**Exhibit A**, Complaint at ¶ 32).

9.)     The drafters of the Complaint were aware that there might be an unknown medical contractor responsible for the inadequate medical care.  They named, under the "Parties" of the Complaint, a fictious party, "Health Services Unit for the Department of Corrections for the State of New Jersey with corporate offices located at 168 Frontage Rd, Newark, NJ 07114."  (**Exhibit A**, Complaint at ¶ 17).  They apparently did not anticipate that the entity would be Rutgers – which has the unique and unusual position of being both the medical contractor for State prisoners and parolees, and an agency of the State of New Jersey.

10.)    No discovery took place for over a year because the served Defendants filed a motion to dismiss on October 2, 2019.  [ECF No. 9].

11.)    With the motion still pending, I filed a substitution of attorney on March 6, 2020.

12.)    On or about March 16, 2020, I served the Department of Corrections with a subpoena for Polynice's medical record from September 17, 2017 (about a week before the accident), through the present.  **Exhibit B**.

13.)    On May 28, 2020, the court issued an order substantially denying Defendants' motion to dismiss.  [ECF No. 14].

14.)    Due to a technical issue with PACER, I was not alerted to the decision and found its existence on or about July 3, 2021, when I became worried as to why I had not received any news on the case.  I went to PACER and saw that a decision had been issued and that Defendants had answered.  I worked with PACER to get the problem rectified.  **See Exhibit E,** ECF. No. 18.

15.)    I then attempted to get in contact with Mr. Polynice and discovered that he had disappeared into "temporary housing" within the Department of Corrections.

16.)    When he finally emerged in mid-August, I learned that he had been at St. Francis Hospital for many weeks due to kidney failure caused by the negligence and deliberate indifference of Defendants.  [ECF No. 18].

17.)    Specifically, his kidneys failed when he experienced a month-long gap in access to his prescription blood pressure medication, a problem that is endemic at the New Jersey Department of Corrections.

18.)    On August 23, 2021, Plaintiff filed a motion to amend the Complaint.  [ECF No. 22]. This proposed Amendment, attached hereto as **Exhibit C**, sought to 1.) add a claim for disability discrimination against the Department of Corrections based on the failure to allow Plaintiff to use a bottom bunk; 2.) re-name the fictitiously pled "Health Services

Unit for the Department of Corrections" as "Rutgers University – University Correctional Health Care." 3.) bring claims against Rutgers for causing Plaintiff's kidney failure, and on behalf of a class of inmates who had experienced gaps in their prescription medications.

19.)   A copy of the motion to amend was served on Rutgers, *See* **Exhibit D,** which had its attorney, Tom Pyle enter an appearance on September 14, 2020.  [ECF No. 24]. Pyle asked the court to carry the motion one cycle.  [ECF No. 25].

20.)   In late August 2021, Edwin Polynice was released from prison.

21.)   In reviewing the medical records with him, it became clear that I needed to see all of Polynice's medical history in prison, not just from September 2017 onwards.  This was because someone gave him a new pass to use the bottom bunk, suggesting that someone had revoked it at an earlier point in time.

22.)   Plaintiff was not aware that his bottom bunk restriction had been revoked by Fedai, or anyone.  He was under the belief that he still had the bottom bunk restriction.

23.)   On October 20, 2020, a phone conference was held regarding the pending motion.  At that conference, it was decided to terminate the motion due to: 1.) a persuasive argument from Rutgers that the claim for kidney failure should be a separate action; 2.) due to the fact that the viability of Plaintiff's claim against Rutgers for failure to diagnose and treat the injury from the fall was dependent upon the diagnosis of the injury.

24.)   At this conference, counsel for the Department of Corrections agreed to deliver a copy of the first part of Polynice's medical records.

25.)   The records arrived on or about November 24, 2021.  Upon reviewing them, we learned that Polynice's bottom bunk restriction had actually been revoked by Latifa Fedai before

4

he suffered his injury, which could account for the DOC's decision to place him on the top bunk.

26.) Plaintiff was not aware that his bottom bunk restriction had been revoked.

27.) At the case management conference held on November 24, 2021, the court ordered Plaintiff to circulate a proposed amendment to the other parties.

28.) I did so, and I informed the court that Rutgers objected on December 23, 2020.  [ECF No. 37].

29.) The proposed Amendment explained Latifa Fedai's liability.  Via the same letter, [ECF No. 37], I informed the court that Plaintiff might ultimately decide not to pursue a claim against Rutgers, depending on the outcome of his MRI.  I proposed discussing the date of a motion to amend at the case management conference to be held on January 20, 2021.

30.) That conference was not ultimately held until May 3, 2021, at which time, Polynice still did not have MRI results.  Therefore, it became incumbent upon Plaintiff to seek the amendment against Rutgers in order to preserve his rights against them.

31.) It has now been almost six months since Defendants' learned about Fedai's possible negligence in revoking Plaintiff's bottom bunk restriction.

32.) Attached hereto as **Exhibit F** and **Exhibit G** are samples of Plaintiff's medical record, specifically, his first doctor's visit after his fall, and the visit where Fedai revoked his bottom bunk restriction.  Note that there is no reference to Rutgers on it.


I swear that the foregoing statements by me are true to the best of my knowledge.  I understand that if any of the foregoing statements are knowingly false, I am subject to punishment.

MICHAEL POREDA

Date: June 18, 2021

EXHIBIT

A

## THE UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| EDWIN POLYNICE,<br><br><br>    Plaintiff<br><br>v.<br><br>NEW JERSEY DEPARTMENT OF CORRECTIONS, NORTHERN STATE PRISON, ADMINSITRATOR GEORGE ROBINSON, SERGEANT GIBSON (individually), and S.C.O. JOHN DOE (individually), JOHN DOES 1-10 AND ABC ENTITIES A-Z<br><br>    Defendant | Civil Action No.:<br><br>CIVIL ACTION<br><br>**COMPLAINT<br>AND JURY DEMAND** |

**NOW COMES**, Plaintiff, by and through the undersigned Counsel, and hereby bring this action against the Defendants as follows:

### INTRODUCTORY STATEMENT

1. This is a civil rights action brought pursuant to the State of New Jersey tort laws, the United States Constitution and 42 U.S.C. § 1983 seeking damages against Defendants for committing acts under color of law that deprived Plaintiff, Edwin Polynice, of his rights secured to him by the Constitution and laws of the United States of America.

2. In particular on October 11, 2017, Defendants violated the rights of Edwin Polynice by failing to keep him in a safe and secure environment where he could be kept free from

1

injury and harm, by failing to respect and abide by medical professionals, and by failing to adhere to adequately mandated medical regulations and custodial attention, in violation of the Eighth and Fourteenth Amendments to the United States Constitution.

3. In addition, this action is brought by Plaintiff against Defendants under the Laws of New Jersey that relate to Prisoner rights to be kept in a safe and secure environment where he could be kept free from injury, harm, and death, by failing to provide him with adequate medical care and custodial attention, and by demonstrating deliberate indifference to Edwin Polynice's necessary medical accommodations.

## JURISDICTION AND VENUE

4. Plaintiff's case arises under the Constitution and laws of the United States, specifically, the Eighth and Fourteenth Amendments to the United States Constitution.

5. Plaintiff's suit is authorized by 42 U.S.C. § 1983 (allowing suit to correct constitutional violations) and 42 U.S.C. § 1988 (providing for attorney fees and litigation expense-awards).

6. This Court has jurisdiction over Plaintiff's federal constitutional claims under 28 U.S.C. § 1331 and 28 U.S.C. § 1343(3).

7. This case also arises under the law of the State of New Jersey that deal with Prisoners' Rights to be kept in a safe and secure environment free from injury, harm and death, and to receive adequate medical care and custodial attention.

8. This Court has pendant jurisdiction over Plaintiff's state law claims under 28 U.S.C. §1367.

9.    Venue is proper under 28 U.S.C. § 1391 in that the incident took place in the County

of Essex, State of New Jersey, and upon information and belief, the Defendants are

employed in or around the County of Essex, State of New Jersey.

**PARTIES**

10.    Plaintiff, Edwin Polynice, brings this action on behalf of himself and in his own right.

11.    Defendant, New Jersey Department of Corrections, located in the County of Essex, is

a county in the state of New Jersey and owns, operates, manages, directs and controls

the New Jersey Department of Corrections.  The Northern State Prison division of the

New Jersey Department of Corrections is located at 168 Frontage Rd, Newark, NJ

07114 (referred at times herein as the "Northern State Prison").

12.    Defendants, at all times material hereto, were the Administrators of the Northern

State Prison, located at 168 Frontage Rd, Newark, NJ 07114.  To the extent the Court

deems appropriate, Administrators of the Northern State Prison for the New Jersey

Department of Corrections and Defendants that were active participants in the events

leading to Plaintiff's injuries, such as S.C.O. John Doe, should be held liable in their

individual capacity.

13.    Defendant, Northern State Prison, is a law enforcement entity in the state of New

Jersey which operates, manages, directs and controls the Northern State Prison

facility within the County of Essex.

3

14.    Defendant, New Jersey Department of Corrections, is a law enforcement entity in the state of New Jersey which operates, manages, directs and controls the Northern State Prison facility within the County of Essex.

15.    Defendant, S.C.O. John Doe was at all times material hereto, employed by the Northern State Prison located at 168 Frontage Rd, Newark, NJ 07114.  Defendant, S.C.O. John Doe is sued in his individual capacity.

16.    Defendant, Sergeant Gibson, was at all times material hereto, employed by the Northern State Prison located at 168 Frontage Rd, Newark, NJ 07114.  Defendant, Sergeant Gibson is sued in his individual capacity.

17.    The Health Services Unit for the Department of Corrections for the State of New Jersey, with corporate offices located at 168 Frontage Rd, Newark, NJ 07114, was contractually engaged with the Northern State Prison and the New Jersey Department of Corrections to provide health care services for inmates at the Northern State Prison.

18.    At all times relevant hereto, Defendant, John Doe Personnel and/or Corrections Officers and/or Administrators, may contain fictitious names representing unnamed corrections officers and/or other individuals, employed with the Northern State Prison facility located at 168 Frontage Rd, Newark, NJ 07114, who were acting under the supervision of the New Jersey Department of Corrections, the Northern State Prison and Administrators of both agencies. These Defendants are sued in their individual capacities.

19.     All Defendants, for one or more entities, which were contracted to provide medical

        and/or psychiatric services, counseling, security and custodial care to inmates under

        the custody of the New Jersey Department of Corrections.

## FACTUAL ALLEGATIONS

20.     Plaintiff, Edwin Polynice, was incarcerated at the Detention Unit of Northern State

        Prison on or about September 30, 2017.

21.     At said date, S.C.O. John Doe instructed Plaintiff, Edwin Polynice, to move into cell

        104, on the *top* bunk.

22.     Plaintiff, Edwin Polynice, expressed to S.C.O. John Doe that due to mandated

        medical restrictions and persistent medical issues, he was only permitted to be placed

        on the bottom bunk.  Mr. Polynice further advised that his mandatory medical

        accommodation was for the remainder of his incarceration.

23.     Following his explanation, Mr. Polynice was ordered to utilize the top bunk, and

        S.C.O. John Doe reiterated that this order came from Sergeant Gibson.

24.     Given the gentlemen listed in ranking order, Plaintiff, Edwin Polynice was compelled

        to comply with said order.

25.     On or about, October 1, 2017, at approximately 12:35 p.m., while attempting to

        dismount from the top bunk, to take his daily shower, Plaintiff, Edwin Polynice,

        became extremely dizzy and fell.

26.     During this fall, Plaintiff, Edwin Polynice, attempted to step down on the stool, but

        slipped.  He fell, striking his head on the toilet and his leg against the stool.

27. Post-fall, Mr. Polynice sustained severe injuries leading to thirteen stitches and five staples.

28. Mr. Polynice also suffered from a dislocated right shoulder, severe neck pain, and bruising on his legs.

29. Plaintiff, Edwin Polynice, required an extended stay in the prison infirmary for ten days due to these injuries.

30. Throughout his time in the infirmary, he experienced debilitating headaches with the pain extending throughout his entire head, chronic pain in his facial area, ongoing dizziness, and a bruised leg.

31. Additionally, Plaintiff, Edwin Polynice, continues to experience neck pain and lower back from, stemming from this incident, requiring ongoing physical therapy to treat his neck and his back.

32. Upon information and belief, Defendants and representatives and/or employees of Defendant New Jersey Department of Corrections at all times material hereto, failed to properly evaluate Mr. Polynice's medical needs and restrictions, while simultaneously ignoring previously mandated medical advice.

33. Furthermore, Mr. Polynice was ordered to be exposed to harmful and hazardous conditions.  Therefore, they failed to do their duty to maintain a safe and suitable environment, keeping Mr. Polynice safe from injury and harm.

34. In the events described above, Defendants acted contrary to law, and intentionally, willfully, wantonly, and unreasonably deprived Mr. Polynice of his right and privileges secured by the Eighth and Fourteenth Amendments to the United States Constitution and 42 U.S.C. § 1983.

6

35.   The failures of Defendants to properly protect and carry out medical instructions for Mr. Polynice's imminent risk for a head, neck, and back injuries demonstrated a deliberate indifference to and a conscious disregard for medical needs and requirements and the overall safety of Mr. Polynice.

36.   In the events described above, Defendants acted contrary to law, and intentionally, willfully, wantonly, and unreasonably deprived Mr. Polynice of his right and privileges secured by the United States Constitution and 42 U.S.C. § 1983.

37.   The failures of Defendants to properly adhere to Mr. Polynice's medically mandated restrictions, demonstrated a deliberate indifference to and a conscious disregard for the medical requirements and the overall safety of Mr. Polynice.

## FIRST CLAIM FOR RELIEF
## FEDERAL CONSTITUTIONAL VIOLATIONS BY
## ALL DEFENDANTS

38.   The allegations set forth in the preceding paragraphs are incorporated by reference as if fully set forth herein.

39.   Defendant, Northern State Prison, by and through their Administrator George Robinson and other policymakers, developed policies, procedures and/or customs which caused the deprivation of Plaintiff, Edwin Polynice's constitutional rights.

40.   Said policies were inherently deficient, or inappropriate as formulated, as to the adherence of mandated medical care provided to an inmate that presented with documented medical issues.

41.   Defendant Northern State Prison, by and through Defendant Administrator George Robinson and other policymakers, negligently, recklessly, and/or intentionally:

a.  failed to properly train and supervise Defendant Sergeant Gibson and Defendant S.C.O. John Doe with regard to adequately assessing, monitoring and providing necessary and reasonable accommodations for inmates with medical issues, including but not limited to inmates with documented medical restrictions and;

b.  failed to properly train and supervise Defendant Sergeant Gibson and Defendant S.C.O. John Doe, or other prison staff to maintain a safe and suitable environment, and to keep inmates safe from injury or serious harm;

c.  maintained policies, procedures and/or customs that were deliberately indifferent to the constitutional rights of inmates to be adequately screened for medical issues, to provide necessary and reasonable accommodations for inmates with medical issues; and to be kept safe from injury or serious harm;

d.  failed to enforce the contractual obligations of the Health Services Unit for the Department of Corrections for the State of New Jersey, to monitor and treat inmates with medical issues, including but not limited to inmates with documented medical restrictions;

e.  with full knowledge, allowed institutional policies and procedures regarding intake, medical screening, custodial watch and medical treatment to be ignored and violated with reckless abandon; and

f.  failed to provide adequate and needed health care for inmates at the Detention Unit of the Northern State Prison.

42.  The actions and/or failures to act by Defendant, Northern State Prison, Defendant Administrator George Robinson, Defendant Sergeant Gibson and Defendant S.C.O.,

8

as illustrated above, amounted to a deliberate indifference of Mr. Polynice's

constitutional rights and proximately caused his injuries.

43.     The violation of Mr. Polynice's rights under the United States Constitution was the

proximate cause of damages to Plaintiff, thereby entitling Plaintiff to compensatory

damages from Defendants, Northern State Prison and Defendant Administrator

George Robinson, Defendant Sergeant Gibson and Defendant S.C.O., in an amount

exceeding $1,000,000.00.

**WHEREFORE**, the Plaintiff demands judgment against the Defendants, and each of them,

for compensatory and punitive damages, counsel fees, and all costs of suit.

### SECOND CLAIM FOR RELIEF
### LIABILITY OF DEFENDANTS NEW JERSEY DEPARTMENT OF CORRECTIONS, NORTHERN STATE PRISON, ADMINISTRATORS GEORGE ROBINSON, SERGEANT GIBSON, AND S.C.O. JOHN DOE FOR FEDERAL CONSTITUTIONAL VIOLATIONS

44.     The allegations set forth in the proceeding paragraphs are incorporated by reference

as if fully set forth herein.

45.     At all times relevant hereto, Defendants were acting under color of state law as

employees or agents of the Northern State Prison and/or Health Services Unit of New

Jersey, and/or if not employees or agents, by direction of and under the supervision

and control of New Jersey Department of Corrections, the Detention Unit of Northern

State Prison and/or Health Services Unit of New Jersey.

46.     The actions of Defendants as set forth above violated the late Mr. Polynice's rights

under the Eighth and Fourteenth Amendments of the United States Constitution to be

incarcerated in a safe and suitable environment, and to be safe from injury and harm

while incarcerated at the Detention Unit of Northern State Prison.

9

47.   The violations of Mr. Polynice's rights under the United States Constitution was the severe and continuous injuries to Edwin Polynice, thereby entitling Plaintiff to compensatory damages from Defendants in their individual capacities.

48.   The actions of Defendants in their individual capacities were intentional, malicious, willful, wanton, and/or in reckless disregard of Plaintiff's federally protected rights, therefore entitling Plaintiff to an award of punitive damages.

49.   Plaintiff is entitled to recover damages against Defendants the individual capacity in an amount greater than $1,000,000.00.

50.   Plaintiff is entitled to recover reasonable attorney's fees and the costs and expenses of this action.

**WHEREFORE**, the Plaintiff demands judgment against the Defendants, and each of them, for compensatory and punitive damages, counsel fees, and all costs of suit.

### THIRD CLAIM FOR RELIEF
### SUPERVISORY LIABILITY OF DEFENDANTS
### ADMINISTRATOR GEORGE ROBINSON, AND
### SERGEANT GIBSON UNDER 42 U.S.C. § 1983

51.   The allegations set forth in the preceding paragraphs are incorporated by reference as is fully set forth herein.

52.   At all times relevant hereto, Defendant Administrator George Robinson, and Defendant Sergeant Gibson served as Administrators of the Northern State Prison, in Newark, New Jersey.

53.   Plaintiffs are informed, believe and therefore allege that on October 1, 2017, Defendant Administrator George Robinson, and Defendant Sergeant Gibson were aware of, should have been aware of, and/or had actual knowledge of the pattern and culture of unconstitutional behavior and indifference, including failure to properly

screen inmates for medical injuries, or other mental health problems, failure to adequately monitor and guard inmates, failure to have inmates properly treated medically, failure to have inmates provided necessary and reasonable medical accommodations, and failure to protect inmates from injury or harm whether self-inflicted or by other inmates, staff, employees and/or corrections officers at the Northern State Prison.

54.   As such, Defendant Administrator George Robinson, and Defendant Sergeant Gibson not only directed, encouraged, tolerated, acquiesced to this behavior, but were deliberately indifferent to the likelihood that their staff, employees and/or corrections officers would fail to properly screen inmates for medical issues, fail to adequately monitor inmates, fail to have inmates provided necessary and reasonable medical accommodations, fail to treat inmates medically and fail to protect inmates from injury or harm at the Northern State Prison.

55.   The deliberate indifference of Defendant Administrator George Robinson, and Defendant Sergeant Gibson as to the need for training and supervision of their staff, employees and/or detention officers was a proximate cause of the constitutional violations suffered by the Plaintiff, Edwin Polynice.

56.   The violation of Mr. Polynice's rights under the United States Constitution was a proximate cause of damages and harm to Plaintiff, thereby entitling Plaintiff to compensatory damages from Defendant Administrator George Robinson, and Defendant Sergeant Gibson in an amount exceeding $1,000,000.00.

11

**WHEREFORE**, the Plaintiff demands judgment against Defendant Administrator

George Robinson, and Defendant Sergeant Gibson for compensatory and punitive damages,

counsel fees and all costs of suit.

### FOURTH CLAIM FOR RELIEF
### VIOLATION OF CIVIL RIGHTS BY DEFENDANTS
### NEW JERSEY DEPARTMENT OF CORRECTIONS, NORTHERN STATE PRISON,
### ADMINISTRATOR GEORGE ROBINSON, SERGEANT GIBSON,
### AND S.C.O. JOHN DOE

57.     The allegations set forth in the preceding paragraphs are incorporated by reference as

if fully set forth herein.

58.     The Defendants were acting under color of law when they failed to properly provide

medical accommodations for Plaintiff, Edwin Polynice, for medical issues, failed to

adequately monitor Mr. Polynice while incarcerated at the Northern State Prison, and

failed to protect Mr. Polynice from injury and harm.

59.     The Defendants failed to adequately train or otherwise have and maintain or enforce

effective policies regarding the screening and care of inmates with medical

restrictions, the adequate monitoring of inmates, and the protection of inmates from

injury or harm.

60.     The Defendants, New Jersey Department of Corrections, Northern State Prison,

Administrator George Robinson, Sergeant Gibson and S.C.O. John Doe were

deliberately indifferent to the likelihood that Northern State Prison's staff, employees

and/or Detention Officers, would fail to properly screen inmates for medical issues,

fail to adequately monitor inmates, fail to properly provide necessary medical

accommodations, and fail to protect inmates from injury or harm at the Detention

Unit of Northern State Prison.

12

**WHEREFORE**, Plaintiff brings this cause of action and demands judgment against

Defendants for compensatory and punitive damages, counsel fees and all costs of suit.

### FIFTH CLAIM FOR RELIEF
### NEGLIGENCE
### DEFENDANTS NEW JERSEY DEPARTMENT OF CORRECTIONS, NORTHERN STATE PRISON, ADMINISTRATORS GEORGE ROBINSON, SERGEANT GIBSON, AND S.C.O. JOHN DOE

61.     The allegations set forth in the preceding paragraphs are incorporated by reference as

if fully set forth herein.

62.     Defendants owed a duty of reasonable care to Plaintiff, Edwin Polynice, and to others

at the Northern State Prison, to properly screen inmates for medical issues, to

properly and adequately monitor inmates, to treat inmates medically when indicated,

to provide medical accommodations when necessary, and to protect inmates from

injury or harm at the Northern State Prison.

63.     The Defendants failed to use the requisite standard of care pursuant to sound policies

and procedures and/or knowingly violated established policies and procedures with

reckless abandon.

64.     The actions and/or failures to act by the Defendants amounted to a breach of said duty

of care to Mr. Polynice.

65.     As a direct and proximate result of Defendants' negligence, Mr. Polynice was seriously

injured while in the custody of the Northern State Prison on October 1, 2017.

66.     Plaintiff is entitled to an award of compensatory damages against the above-referenced

Defendants in an amount which exceeds $1,000,000.00.

**WHEREFORE,** the Plaintiff demands judgment against the Defendants for damages, counsel fees and all costs of suit.

## JURY DEMAND

The Plaintiff hereby demands trial by jury.

OPTIMUM LAW GROUP, P.C.

Dated: August 16, 2019                         BY: _____

                                             Joseph D. Lento, Esquire
                                             3000 Atrium Way, Suite 200
                                             Mount Laurel, NJ 08054
                                             (T) 856-652-2000
                                             (F) 856-375-1010
                                             (E) jdlento@optimumlawgroup.com

OPTIMUM LAW GROUP, P.C.

Dated: August 16, 2019                         BY: /s/ Lisa J. Pietras
                                             Lisa J. Pietras, Esquire
                                             3000 Atrium Way, Suite 200
                                               Mount Laurel, NJ 08054
                                             (T) 856-652-2000
                                             (F) 856-375-1010
                                             (E) ljpietras@optimumlawgroup.com

14

EXHIBIT

B



**WLB**
## WRONKO  LOEWEN  BENUCCI
—— *Attorneys at Law* ——

JAMES R. WRONKO
JAMES V. LOEWEN
MARCO M. BENUCCI

KEVIN P. HEWITT, JR.♦
MICHAEL POREDA ♦

• Member of MI Bar
♦ Member of NY Bar

OF COUNSEL
GILBERT G. MILLER

website: www.newjerseylawyer.org
main email: WLB@newjerseylawyer.org

69 GROVE STREET
SOMERVILLE, NJ 08876
TEL: (908) 704-9200
FAX: (908) 704-9291

1130 U.S 202, SUITE A/7
RARITAN, NJ 08869
TEL: (908) 393-6445
FAX: (908 393-6447

**Please reply to Somerville**

March 16, 2020

New Jersey Department of Corrections
Legal Department
Whittlesey Road
P.O. Box 866
Trenton, NJ 08625

**Re: Edwin Polynice v. New Jersey Department of Corrections**
Docket No. 2:19-cv-16875-MCA-LDW

Dear Legal Department:

    I represent Plaintiff Edwin Polynice in this matter. Polynice is an inmate at South Woods State Prison with SBI 864138C.

    Enclosed is a subpoena for his prison medical records from 9/20/2012 to Present.

    If this subpoena is deficient in any way, or you have other concerns, please contact me at 908-704-9200 or poreda@poredalaw.com.

    Sincerely,

Michael Poreda

AO 88B  (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the

_____ District of _____

| | |
|---|---|
| _____ | ) |
| *Plaintiff* | ) |
| v. | )   Civil Action No. |
| | ) |
| _____ | ) |
| *Defendant* | ) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To: _____

*(Name of person to whom this subpoena is directed)*

❏ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:

| Place: | Date and Time: |
|---|---|
| | |

❏ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: _____

*CLERK OF COURT*

OR

_____        _____
*Signature of Clerk or Deputy Clerk*                    *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* _____
_____ , who issues or requests this subpoena, are:

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

EXHIBIT

C

**WRONKO LOEWEN BENUCCI**
Michael Poreda, Esq. (025492010)
69 Grove Street
Somerville, NJ 08876
Telephone: (908) 704-9200
Fax: (908) 704-9291
e-Mail: poreda@poredalaw.com
*Attorney for Plaintiff*

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| EDWIN POLYNICE, *individually and on behalf of others similarly situated,*<br><br><br>*Plaintiff,*<br><br>vs.<br><br><br>NEW JERSEY DEPARTMENT OF CORRECTIONS, ~~NORTHERN STATE PRISON,~~ ADMINISTRATOR GEORGE ROBINSON, SERGEANT GIBSON ,S.C.O. JOHN DOE, <u>RUTGERS UNIVERSITY – UNIVERSRITY CORRECTIONAL HEALTH CARE ("UCHC"), SHERITA-LATIMORE-COLLIER, M.D., UCHC JOHN DOES 1-20, DOC JOHN DOES 1-10,</u> ~~JOHN DOES 1-10 AND ABC ENTITIES A-Z,~~<br><br><br>*Defendants.* | Docket No. No. 2:19-cv-16875-MCA-LDW<br><br><br><u>Civil Action</u><br><br><br>**LOCAL RULE 15.1 AMENDED COMPLAINT** |

Edwin Polynice, by way of this Amended Complaint hereby brings the following action against the Defendants as follows:

~~NOW COMES, Plaintiff, by and through the undersigned Counsel, and hereby b☐ng this action against the Defendants as follows:~~

## <u>INTRODUCTORY STATEMENT</u>

~~1.      This is a civil rights action brought pursuant to the State of New Jersey tort laws, the United States Constitution and 42 U.S.C. § 1983 seeking damages against Defendants for committing acts under color of law that deprived Plaintiff, Edwin Polynice, of his rights secured to him by the Constitution and laws of the United States of America.~~

~~2.      In particular on October 11, 2017, Defendants violated the rights of Edwin Polynice by failing to keep him in a safe and secure environment where he could be kept free from injury and harm, by failing to respect and abide by medical professionals, and by failing to adhere to adequately mandated medical regulations and custodial attention, in violation of the Eighth and Fourteenth Amendments to the United States Constitution.~~

~~3. In addition, this action is brought by Plaintiff against Defendants under the Laws of New Jersey that relate to Prisoner rights to be kept in a safe and secure environment where he could be kept free from injury, harm, and death, by failing to provide him with adequate medical care and custodial attention, and by demonstrating deliberate indifference to Edwin Polynice's necessary medical accommodations.~~

## <u>JURISDICTION AND VENUE</u>

1.)   This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 because the question arises under the laws and Constitution of the United States, namely whether Defendants violated Plaintiff's rights under the U.S. Constitution and the Americans with Disabilities Act.

2.)   This Court has jurisdiction over state law claims herein presented pursuant to 28 U.S.C. § 1367 because the claims are part of a case over which the court has federal question jurisdiction.

3.)   Venue is properly laid in the District of New Jersey pursuant to 28 U.S.C. § 1391(b)(2) because all relevant events took place in New Jersey.

## **PARTIES**

10.     Plaintiff, Edwin Polynice, brings this action on behalf of himself and in his own right.

11.     Defendant, New Jersey Department of Corrections, located in the County of Essex, is a county in the state of New Jersey and owns, operates, manages, directs and controls the New Jersey Department of Corrections. The Northern State Prison division of the New Jersey Department of Corrections is located at 168 Frontage Rd, Newark, NJ 07114 (referred at times herein as the "Northern State Prison").

12.     Defendants, at all times material hereto, were the Administrators of the Northern State Prison, located at 168 Frontage Rd, Newark, NJ 07114. To the extent the Court deems appropriate, Administrators of the Northern State Prison for the New Jersey Department of Corrections and Defendants that were active participants in the events leading to Plaintiff's injuries, such as S.C.O. John Doe, should be held liable in their individual capacity.

13.     Defendant, Northern State Prison, is a law enforcement entity in the state of New Jersey which operates, manages, directs and controls the Northern State Prison facility within the County of Essex.

14.     Defendant, New Jersey Department of Corrections, is a law enforcement entity in the state of New Jersey which operates, manages, directs and controls the Northern State Prison facility within the County of Essex.

15.     Defendant, S.C.O. John Doe was at all times material hereto, employed by the Northern State Prison located at 168 Frontage Rd, Newark, NJ 07114. Defendant, S.C.O. John Doe is sued in his individual capacity.

16.     Defendant, Sergeant Gibson, was at all times material hereto, employed by the Northern State Prison located at 168 Frontage Rd, Newark, NJ 07114. Defendant, Sergeant Gibson is sued in his individual capacity.

17.     The Health Services Unit for the Department of Corrections for the State of New Jersey, with corporate offices located at 168 Frontage Rd, Newark, NJ 07114, was contractually engaged with the Northern State Prison and the New Jersey Department of Corrections to provide health care services for inmates at the Northern State Prison.

18.     At all times relevant hereto, Defendant, John Doe Personnel and/or Corrections Officers and/or Administrators, may contain fictitious names representing unnamed corrections officers and/or other individuals, employed with the Northern State Prison facility located at 168 Frontage Rd, Newark, NJ 07114, who were acting under the supervision of the New Jersey

~~Department of Corrections, the Northern State Prison and Administrators of both agencies. These
Defendants are sued in their individual capacities.~~

~~19.    All Defendants, for one or more entities, which were contracted to provide medical
and/or psychiatric services, counseling, security and custodial care to inmates under the custody
of the New Jersey Department of Corrections.~~

4.)    Plaintiff Edwin Polynice is a resident of New Jersey whose date of birth is November 15,
1978.  He has been in the custody of the New Jersey Department of Corrections since
June 2012.  His SBI number is 864138C.  He is currently residing at South Woods State
Prison, 215 South Burlington Road, Bridgeton, NJ 08302.  Due to the recent award of
eight months of public health emergency credits, Polynice is about to be released from
prison.  He plans to reside upon release at 60 North Arlington Avenue, Apt. 104, East
Orange, NJ 07017.

5.)    Defendant New Jersey Department of Corrections is a New Jersey State Agency
headquartered at Whittlesey Road, Trenton, NJ 08625.

6.)    Newly added Defendant Rutgers University – University Correctional Health ("UCHC")
care is a corporate entity headquartered at 7 College Avenue, New Brunswick, NJ 08901.
UCHC is the medical contractor that provides medical services to inmates within the
custody of the New Jersey Department of Corrections.

7.)    Newly added Defendant Sherita Latimore-Collier, M.D. is the Medical Director of South
Woods State Prison.  She is an employee of UCHC.

8.)    Defendant George Robinson is currently the Administrator of the Adult Diagnostic and
Treatment Center, a prison facility operated by the New Jersey Department of
Corrections.  At the times relevant to this complaint, he was the Administrator of
Northern State Prison, P.O. Box, 2300, 168 Frontage Road, Newark, NJ 07114.  He is an
employee of the New Jersey Department of Corrections.

9.)    Defendant Sergeant Gibson, on information and belief, is that name of the correctional
sergeant who, on September 30, 2017, was responsible for overseeing the inmates living
in Delta Unit 1-E at Northern State Prison.  Sergeant Gibson is an employee of Defendant
New Jersey Department of Corrections.

10.)   Defendant S.C.O. John Doe was an NJ DOC correctional officer employed at Northern
State Prison on September 30, 2017.

4

11.) Newly added Defendants UCHC John Does 1-20 are employees of UCHC, including nurses, doctors, and supervisors.

12.) Newly added Defendants DOC John Does 1-20 are employees and supervisors of the DOC.

## FACTS

13.) Plaintiff is known to have both hypertension, diabetes, and history of renal insufficiency.

14.) These are disabilities within the meaning of the New Jersey Law Against Discrimination and the Americans with Disabilities Act.

15.) Plaintiff must take insulin for his diabetes.

16.) Plaintiff must take blood pressure medication to control his high blood pressure.

17.) Hypertension and diabetes are two conditions which can exacerbate renal insufficiency and lead to renal failure.

18.) Due to the diabetes, as well as a tear to his Achilles tendon, Plaintiff was bottom bunk restricted.

19.) The bottom bunk restriction was a reasonable accommodation for Plaintiff's disabilities.

20.) On September 30, 2017, Plaintiff was living in the Delta Unit 1-E at Northern State Prison, assigned to a bottom bunk.  ~~Polynice was incarcerated at the Detention Unit of Northern State Prison on or about September 30, 2017.~~

21.) For unknown reasons, on September 30, 2020, Plaintiff was told by S.C.O. John Doe to move out of his bottom bunk and move to cell 104 and sleep in a top bunk.  ~~At said date, S.C.O. John Doe instructed Plaintiff to move into cell 104 top bunk.~~

22.) Polynice told S.C.O. John Doe that he needed to be on the bottom bunk due to his disabilities.

23.) When S.C.O. protested that the accommodation, Polynice told him that the accommodation was for the remainder of his incarceration.

5

24.) Following his explanation, Polynice was ordered to utilize the top bunk, and S.C.O. John Doe reiterated that this order had come from Sergeant Gibson.

25.) Polynice was compelled to follow the order.

26.) On October 1, 2017, at approximately 12:35pm, while attempting to dismount the top bunk to take a daily shower, Plaintiff Edwin Polynice became extremely dizzy from a drop in his blood sugar and fell.

27.) During this fall, Plaintiff, Edwin Polynice attempted to land on a stool, but slipped.  He fell, striking his head on the toilet and his leg against the stool.

28.) Post-fall, Mr. Polynice sustained severe injuries leading to thirteen stitches and five staples.

29.) Mr. Polynice also suffered a dislocated shoulder, severe neck pain, and bruising on his legs.

30.) Plaintiff, Edwin Polynice, required an extended stay in the prison infirmary for ten days due to these injuries.

31.) Throughout his time in the infirmary, he experienced debilitating headaches with the pain extending throughout his entire head, chronic pain in his facial area, ongoing dizziness, and a bruised leg.

32.) Additionally, Plaintiff, Edwin Polynice, continues to experience neck pain, headaches, and lower back pain.

33.) Despite the ongoing pain, Plaintiff was never given any treatment or diagnostic other than Tylenol.

34.) On or about July 4, 2020, Plaintiff ran out of his prescriptions of the blood pressure medications coreg and clonidine.

35.) Even before this, he alerted his medication nurse to the fact that he needed his prescriptions filled.

36.) The prescriptions were never refilled.

37.) Plaintiff's blood pressure spiked out of control in the absence of his medications.

38.)     Plaintiff previously had a history of renal insufficiency and diabetes.

39.)     Diabetes and high blood pressure both placed Plaintiff at increased risk for kidney insufficiency and kidney failure.

40.)     As a result of Plaintiff's uncontrolled blood pressure, Plaintiff became extremely ill.

41.)     On or about July 27, 2020, Plaintiff was taken to St. Francis Medical Center due to the illness.

42.)     Here, he was diagnosed with kidney failure.

43.)     Plaintiff was placed on dialysis and hospitalized for several weeks.

44.)     As a result of the kidney failure, Plaintiff will incur the expenses of dialysis until he can obtain a kidney transplant.

45.)     Plaintiff will have to incur the expense of a kidney transplant.

46.)     Once he obtains the kidney transplant, he will need additional medical care and oversight of the transplant and a shortened life span due to the transplant.

47.)     Plaintiff will incur future medical expenses as a result of the kidney transplant.

48.)     UCHC is aware and has been aware for some time of a fault in its prescription system that allows Plaintiff's on life-sustaining chronic care drugs to experience gaps of days or weeks between prescriptions.

49.)     Rutgers John Does 1-20 have been aware for some time of a fault in its prescription system that allows Plaintiff's on life-sustaining chronic care drugs to experience gaps of days or weeks between prescriptions.

50.)     Inmates have died due to this fault.

51.)     Despite knowledge of this problem, UCHC and John Does 1-20 have done nothing to remedy it.

52.)     Upon information and belief, representatives and/or employees of Defendant New Jersey Department of Corrections and UCHC at all times material hereto, failed to properly

evaluate Mr. Polynice's medical needs and restrictions, while simultaneously ignoring previously mandated medical advice.

53.)   Furthermore, Mr. Polynice was ordered to be exposed to harmful and hazardous conditions. Therefore, they failed to do their duty to maintain a safe and suitable environment, keeping Mr. Polynice safe from injury and harm.

54.)   In the events described above, Defendants acted contrary to law, and intentionally, willfully, wantonly, and unreasonably deprived Mr. Polynice of his right and privileges secured by the Eighth and Fourteenth Amendments to the United States Constitution and 42 U.S.C. § 1983.

55.)   The failures of Defendants to properly protect and carry out medical instructions for Mr. Polynice's imminent risk for a head, neck, and back injuries demonstrated a deliberate indifference to and a conscious disregard for medical needs and requirements and the overall safety of Mr. Polynice.

56.)   In the events described above, Defendants acted contrary to law, and intentionally, willfully, wantonly, and unreasonably deprived Mr. Polynice of his right and privileges secured by the United States Constitution and 42 U.S.C. § 1983.

57.)   The failures of Defendants to properly adhere to Mr. Polynice's medically mandated restrictions, demonstrated a deliberate indifference to and a conscious disregard for the medical requirements and the overall safety of Mr. Polynice.

58.)   In the events described above Defendants failed to provide Plaintiff with reasonable accommodations for a disability, resulting in permanent injuries.

59.)   As a result of this neglectful, reckless, and/or intentional conduct, Plaintiff has lost the use of his kidneys.

### STATEMENT ON COMPLIANCE WITH NOTICE OF TORT CLAIM RULES

60.)   On or about December 19, 2017, Plaintiff, or his then-counsel, Jean Ross, filed a Notice of Tort Claim seeking $100,000 for the injuries sustained in the fall.

61.)   Plaintiff filed a notice of tort claim on Rutgers University for its negligence on August 18, 2020.

8

**CLASS ALLEGATIONS**

62.)   The gap in Plaintiff's chronic care medication is not an isolated incident.

63.)   Every day, in every prison run by the New Jersey Department of Corrections, inmates are left with empty bottles of prescription medications for serious chronic problems such as heart disease, diabetes, high blood pressure, pain management, and psychiatric drugs.

64.)   Inmates wait days and weeks while UCHC fills prescriptions that it knows need to be continually refilled.

65.)   These gaps in prescriptions have been recognized as unacceptable by UCHC employees.

66.)   Yet UCHC does nothing to remedy this life-endangering problem.

67.)   Plaintiff's kidney failure is not an isolated event.

68.)   Other inmates have suffered injury and death as a result of UCHC's callous disregard of this problem.

69.)   On information and belief, the callous disregard is actually a calculated effort to cut costs.

**FIRST CLAIM FOR RELIEF**
**42 U.SC. § 1983 – EIGHTH AMENDMENT – DELIBERATE DIFFERNECE TO INMATE SAFETY – SUPERVISORY LIABILITY AGAINST GEORGE ROBINSON, SGT. GIBSON, S.C.O. JOHN DOE, and DOC JOHN DOES 1-20**

~~**FEDERAL CONSITUTIONAL VIOLATIONS BY ALL DEFENDANTS**~~

70.)   The allegations set forth in the preceding paragraphs are incorporated by reference as if fully set forth herein.

71.)   Defendant, ~~Northern State Prison~~, New Jersey Department of Corrections, by and through their Administrator George Robinson and DOC John Does 1-20, who are other policymakers, developed policies, procedures and/or customs which caused the deprivation of Plaintiff, Edwin Polynice's constitutional rights.

72.)   Said policies were inherently deficient, or inappropriate as formulated, as to the adherence of mandated medical care provided to an inmate that presented with documented medical issues.

73.)   Defendant New Jersey Department of Corrections, ~~Northern State Prison~~, by and through Defendant Administrator George Robinson and DOC John Does 1-20, who are other policymakers, ~~negligently,~~ recklessly, and/or intentionally and/or with deliberate indifference to inmate safety:

f.   failed to properly train and supervise Defendant Sergeant Gibson and Defendant S.C.O. John Doe with regard to adequately assessing, monitoring and providing necessary and reasonable accommodations for inmates with medical issues, including but not limited to inmates with documented medical restrictions and

b.   failed to properly train and supervise Defendant Sergeant Gibson and Defendant S.C.O. John Doe, or other prison staff to maintain a safe and suitable environment, and to keep inmates safe from injury or serious harm.

c.   maintained policies, procedures and/or customs that were deliberately indifferent to the constitutional rights of inmates to be adequately screened for medical issues, to provide necessary and reasonable accommodations for inmates with medical issues; and to be kept safe from injury or serious harm;

d.   failed to enforce the contractual obligations of ~~the Medical Unit~~ UCHC to monitor and treat inmates with medical issues, including but not limited to inmates with documented medical restrictions.

e.   with full knowledge, allowed institutional policies and procedures regarding intake, medical screening, custodial watch and medical treatment to be ignored and violated with reckless abandon; and

f.   failed to provide adequate and needed health care for inmates at the Detention Unit of the Northern State Prison.

74.)   The actions and/or failures to act by Defendant, ~~Northern State Prison~~ New Jersey Department of Corrections, Defendant Administrator George Robinson, Defendant Sergeant Gibson and Defendant S.C.O. John Doe, as illustrated above, amounted to a

10

deliberate indifference of Mr. Polynice's constitutional rights and proximately caused his injuries.

75.) The violation of Mr. Polynice's rights under the United States Constitution was the proximate cause of damages to Plaintiff, thereby entitling Plaintiff to compensatory damages from Defendants, ~~Northern State Prison,~~ Administrator George Robinson, Sergeant Gibson, and S.C.O. John Doe in an amount exceeding $1,000,000.00.

**WHEREFORE**, the Plaintiff demands judgment against the Defendants, and each of them, for compensatory and punitive damages, counsel fees, and all costs of suit.

**SECOND CLAIM FOR RELIEF**

~~**LIABILITY OF DEFENDANTS NEW JERSEY DEPARTMENT OF CORRECTIONS, NORTHERN STATE PRISON, ADMINISTRATORS GEORGE ROBINSON, SERGEANT GIBSON, AND S.C.O. JOHN DOE FOR FEDERAL CONSTITUTIONAL VIOLATIONS**~~

~~<u>**NEGLIGENCE AGAINST DEPARTMENT OF CORRECTIONS AND ALL DOC DEFENDANTS**</u>~~

~~**44.    The allegations set forth in the proceeding paragraphs are incorporated by reference as if fully set forth herein.**~~

~~**45.    At all times relevant hereto, Defendants were acting under color of state law as employees or agents of the Northern State Prison and/or Health Services Unit of New Jersey, and/or if not employees or agents, by direction of and under the supervision and control of New Jersey Department of Corrections, the Detention Unit of Northern State Prison and/or Health Services Unit of New Jersey.**~~

~~**46.    The actions of Defendants as set forth above violated the late Mr. Polynice's rights under the Eighth and Fourteenth Amendments of the United States Constitution to be incarcerated in a safe and suitable environment, and to be safe from injury and harm while incarcerated at the Detention Unit of Northern State Prison.**~~

~~**47.    The violations of Mr. Polynice's rights under the United States Constitution was the severe and continuous injuries to Edwin Polynice, thereby entitling Plaintiff to compensatory damages from Defendants in their individual capacities.**~~

~~**48.    The actions of Defendants in their individual capacities were intentional, malicious, willful, wanton, and/or in reckless disregard of Plaintiff's federally protected rights, therefore entitling Plaintiff to an award of punitive damages.**~~

49.   ~~Plaintiff is entitled to recover damages against Defendants the individual capacity in an amount greater than $1,000,000.00.~~

50.   ~~Plaintiff is entitled to recover reasonable attorney's fees and the costs and expenses of this action.~~

76.)   If not reckless, intentional, or deliberately indifferent to inmate safety, the decision to place Plaintiff in the top bunk was negligent.

77.)   Bur for the exercise of due care to listen to Plaintiff's truthful pleading that he was bottom-bunk restricted due to his health issues, Plaintiff would not have suffered permanent injuries.

78.)   The failure to exercise due care proximately resulted in Plaintiff's permanent injuries.

79.)   The failure to exercise due care was the fault of S.C.O. John Doe, Sergeant Gibson, John Does 1-20, and/or George Robinson.

80.)   The Department of Corrections is liable on the theory of respondeat superior for the negligence of its employees.

**WHEREFORE**, the Plaintiff demands judgment against the Defendants, and each of them, for compensatory and punitive damages, counsel fees, and all costs of suit.

### THIRD CLAIM FOR RELIEF

~~**SUPERVISORY LIABILITY OF DEFENDANTS ADMINISTRATOR GEORGE ROBINSON, AND SERGEANT GIBSON UNDER 42 U.S.C. § 1983**~~

### <u>NEW JEREY LAW AGAINST DISCRIMINATION – FAILURE TO ACCOMMODATE A DISABILITY</u>

51.   ~~The allegations set forth in the preceding paragraphs are incorporated by reference as is fully set forth herein.~~

52.   ~~At all times relevant hereto, Defendant Administrator George Robinson, and Defendant Sergeant Gibson served as Administrators of the Northern State Prison, in Newark, New Jersey.~~

53. ~~Plaintiffs are informed, believe and therefore allege that on October 1, 2017, Defendant Administrator George Robinson, and Defendant Sergeant Gibson were aware of, should have been aware of, and/or had actual knowledge of the pattern and culture of unconstitutional behavior and indifference, including failure to properly s 54. As such, Defendant Administrator George Robinson, and Defendant Sergeant Gibson not only directed, encouraged, tolerated, acquiesced to this behavior, but were deliberately indifferent to the likelihood that their staff, employees and/or emrections officers would fail to properly screen inmates for medical issues, fail to adequately monitor inmates, fail to have inmates provided necessary and reasonable medical accommodations, fail to treat inmates medically and fail to protect inmates from injury or harm at the Northern State Prison.~~

55. ~~The deliberate indifference of Defendant Administrator George Robinson, and Defendant Sergeant Gibson as to the need for training and supervision of their staff, employees and/or detention officers was a proximate cause of the constitutional violations suffered by the Plaintiff, Edwin Polynice.~~

56. ~~The violation of Mr. Polynice's rights under the United States Constitution was a proximate cause of damages and hann to Plaintiff, thereby entitling Plaintiff to compensatory damages from Defendant Administrator George Robinson, and Defendant Sergeant Gibson in an amount exceeding $1,000,000.00. creen inmates for medical injuries, or other mental health problems, failure to adequately monitor and guard inmates, failure to have inmates properly treated medically, failure to have inmates provided necessary and reasonable medical accommodations, and failure to protect inmates from injury or harm whether self-inflicted or by other inmates, staff, employees and/or corrections officers at the Northern State Prison.~~

**FOURTH CLAIM FOR RELIEF**
~~**VIOLATION OF CIVIL RIGHTS BY DEFENDANTS**~~
~~**NEW JERSEY DEPARTMENT OF CORRECTIONS, NORTHERN STATE PRISON,**~~
~~**ADMINISTRATOR GEORGE ROBINSON, SERGEANT GIBSON,**~~
~~**AND S.C.O. JOHN DOE**~~

**NEW JERSEY LAW AGAINST DISCRIMINATION – FAILURE TO ACCOMMODATE A DISABILITY AGAINST DOC DEFENDANTS**

57. ~~The allegations set forth in the preceding paragraphs are incorporated by reference as if fully set forth herein.~~

58.   ~~The Defendants were acting under color of law when they failed to properly provide medical accommodations for Plaintiff, Edwin Polynice, for medical issues, failed to adequately monitor Mr. Polynice while incarcerated at the Northern State Prison, and failed to protect Mr. Polynice from injury and harm.~~

59.   ~~The Defendants failed to adequately train or otherwise have and maintain or enforce effective policies regarding the screening and care of inmates with medical restrictions, the adequate monitoring of inmates, and the protection of inmates from injury or harm.~~

60.   ~~The Defendants, New Jersey Department of Collections, Northern State Prison, Administrator George Robinson, Sergeant Gibson and S.C.O. John Doe were deliberately indifferent to the likelihood that Northern State Prison's staff, employees and/or Detention Officers, would fail to properly screen inmates for medical issues, fail to adequately monitor inmates, fail to properly provide necessary medical accommodations, and fail to protect inmates from injury or harm at the Detention Unit of Northern State Prison.~~

81.)   <u>Plaintiff was a person with a disability, namely his diabetes and his Achilles tendon tear.</u>

82.)   <u>The New Jersey Law Against Discrimination entitles Plaintiff to reasonable accommodations that would give him a safe place to sleep.</u>

83.)   <u>Department of Corrections Defendants denied Plaintiff access to a bottom bunk.</u>

84.)   <u>This denial caused Plaintiff permanent injuries.</u>

**WHEREFORE**, the Plaintiff demands judgment against the Defendants, and each of them, for compensatory and punitive damages, counsel fees, and all costs of suit.

**FIFTH CLAIM FOR RELIEF**
~~**NEGLIGENCE**~~
~~**DEFENDANTS NEW JERSEY DEPARTMENT OF CORRECTIONS,**~~
~~**NORTHERN STATE PRISON, ADMINISTRATORS GEORGE ROBINSON,**~~
~~**SERGEANT GIBSON, AND S.C.O. JOHN DOE**~~

**REHABILITATION ACT**

61.   ~~The allegations set forth in the preceding paragraphs are incorporated by reference as if fully set forth herein.~~

62.   ~~Defendants owed a duty of reasonable care to Plaintiff, Edwin Polynice, and to others at the Northern State Prison, to properly screen inmates for medical issues, to~~

~~properly and adequately monitor inmates, to treat inmates medically when indicated, to provide medical accommodations when necessary, and to protect inmates from injury or harm at the Northern State Prison.~~

~~63.    The Defendants failed to use the requisite standard of care pursuant to sound policies and procedures and/or knowingly violated established policies and procedures with reckless abandon.~~

~~64.    The actions and/or failures to act by the Defendants amounted to a breach of said duty of care to Mr. Polynice.~~

~~65.    As a direct and proximate result of Defendants' negligence, Mr. Polynice was seriously injured while in the custody of the Northem State Prison on October 1, 2017.~~

~~66.    Plaintiff is entitled to an award of compensatory damages against the above-referenced Defendants in an amount which exceeds $1,000,000.00.~~

85.) Like the Americans with Disabilities Act, the Rehabilitation Act also requires prisons to provide inmates with disabilities reasonable accommodations so that they can access all the programs, services, and activities of the prison.

86.) The substantive standards for liability under the Rehabilitation Act are the same as under the Americans with Disabilities Act.

87.) The DOC Defendants are liable to Plaintiff under the Rehabilitation Act based upon the same facts recited in the Fourth Claim for Relief above.

**WHEREFORE**, the Plaintiff demands judgment against the Defendants, and each of them, for compensatory and punitive damages, counsel fees, and all costs of suit.

## SIXTH CLAIM FOR RELIEF
## NEGLIGENT HIRING, TRAINING AND SUPERVISION AGAINST NEW JERSEY DEPARTMENT OF CORRECTIONS

88.) DOC John Does 1-10 and/or Sergeant Gibson had a duty to train SCO John Doe and/or Sergeant Gibson in the proper handling of prisoners with disabilities that might not be visible.

89.) DOC John Does 1-10 and/or Sergeant Gibson failed to train SCO John Doe and/or Sergeant Gibson in the proper handling of prisoners with disabilities that might not be visible.

90.) Bur for this failure to train, Plaintiff would not have sustain his permanent injuries.

91.)   DOC John Does 1-10 and/or Sergeant Gibson had a duty to supervise the transfer of Plaintiff from his bottom bunk to cell 104.

92.)   DOC John Does 1-10 and/or Sergeant Gibson failed to properly supervise the transfer of Plaintiff from his bottom bunk to cell 104.

93.)   Had the Defendants properly supervised Plaintiff's cell transfer he would have been assigned to a bottom bunk or else left in his original cell.

94.)   But for the negligent failure to supervise Plaintiff's transfer out of his original cell, Plaintiff would not have sustained his permanent injuries.

**SEVENTH CLAIM FOR RELIEF**
**NEGLIGENCE OF UNIVERSITY CORRECTIONAL HEALTH CARE**

95.)   Rutgers University – University Correctional Health Care and its employees had a duty to make sure that KOP prescriptions for chronic care inmates are promptly refilled such that inmates do not experience gaps in access to life-sustaining medications.

96.)   UCHC and its employees were negligent and failed to make sure that Plaintiff did not suffer gap in his coreg and clonidine.

97.)   As a proximate result of UCHC's negligence, Plaintiff suffered kidney failure.

98.)   UCHC has also been negligent with regard to all inmates who have suffered similar lapses in provision of life-sustaining prescription medications.

99.)   UCHC's negligence has caused injuries and death to inmates in all prisons run by the New Jersey Department of Corrections.

**WHEREFORE**, the Plaintiff demands judgment against the Defendants, and each of them, for compensatory and punitive damages, counsel fees, and all costs of suit.

**WHEREFORE**, the class whom Plaintiff represents demands injunctive relief, along with counsel fees and costs of suit.

## EIGHTH CLAIM FOR RELIEF
## 42 U.S.C. § 1983 AGAINST SHERITA LATTIMORE-COLLIER, UCHC JOHN DOES 1-20, AND UCHC FOR DELIBERATE INDIFFERENCE IN VIOLATION OF THE EIGHTH AMENDMENT

100.) Gaps in medication is chronic problem that plagues all of the prisons run by the New Jersey Department of Corrections.

101.) UCHC employees, including South Woods State Prison's Medical Director, Sherita Lattimore-Collier, and UCHC John Does 1-20, are well aware of the gaps occurring in prescription medications.

102.) Lattimore-Collier and UCHC John Does 1-20 refuse to do anything about the gaps occurring the refill of prescription medications out of callous disregard and deliberate indifference.

103.) In fact, Lattimore-Collier and UCHC John Does 1-20 do nothing because they are motivated by the practice's cost saving effects.

104.) The gaps in prescription refills is a policy, practice, or custom of UCHC.

105.) As such, UCHC is directly liable for the damages to Plaintiff and other class members.

**WHEREFORE**, the Plaintiff demands judgment against the Defendants, and each of them, for compensatory and punitive damages, counsel fees, and all costs of suit.

**WHEREFORE**, the class whom Plaintiff represents demands injunctive relief, along with counsel fees and costs of suit.

## JURY DEMAND

Plaintiff hereby demands a trial by jury.

_____
MICHAEL POREDA, ESQ.
*Attorney for Plaintiff*

Date: August 23, 2020

17

## NOTICE OF TRIAL COUNSEL

**PLEASE TAKE NOTICE** that Michael Poreda, Esq. is hereby designated as Trial Counsel in the above-captioned matter.

 

 

Michael Poreda, Esq.
*Attorney for Plaintiff*

Date: August 23, 2020

 

## CERTIFICATION OF NO OTHER ACTION

Pursuant to Rule 4:5-1, it is hereby certified that to the best of my knowledge and belief, there are no other pending actions or proceedings involving the matter in controversy, none are contemplated, and I do not presently know the identity of any other party who should be joined.

 

Michael Poreda, Esq.
*Attorney for Plaintiff*

Date: August 23, 2020

18

EXHIBIT

D

# WLB
## WRONKO  LOEWEN  BENUCCI
— *Attorneys at Law* —

JAMES R. WRONKO
JAMES V. LOEWEN
MARCO M. BENUCCI

KEVIN P. HEWITT, JR.•
MICHAEL POREDA ♦

• Member of MI Bar
♦ Member of NY Bar

OF COUNSEL
GILBERT G. MILLER

website: www.newjerseylawyer.org
main email: WLB@newjerseylawyer.org

69 GROVE STREET
SOMERVILLE, NJ 08876
TEL: (908) 704-9200
FAX: (908) 704-9291

1130 U.S 202, SUITE A/7
RARITAN, NJ 08869
TEL: (908) 393-6445
FAX: (908 393-6447

**Please reply to Somerville**

August 23, 2020

**<u>VIA U.S. Mail</u>**
Rutgers University
University Correctional Health Care
Office of the Secretary
7 College Avenue
New Brunswick, NJ 08901

**<u>Re: Edwin Polynice v. New Jersey Department of Corrections, et al.</u>**
Docket No. 2:19-cv-16875-MCA-LDW

Dear UCHC:

I represent Plaintiff Edwin Polynice, a former inmate at South Woods State Prison. Polynice's suit originally concerned an accident that occurred at Northern State Prison. Before this case advanced past pleadings, Polynice suffered kidney failure due to UCHC's custom of allowing prisoners with chronic care prescriptions to suffer gaps of days and weeks in between bottles of prescription medication. Because Polynice was hospitalized for so long, and was incommunicado during this period, I only found out about the kidney failure on August 14, 2020. A Tort Claim Notice was filed on UCHC via fax on August 18, 2020.

Pursuant to Judge Wettre's preferences, I am supposed to seek consent to Amend the Complaint. Please confer with your counsel, and have your counsel let me know if you will consent the amendments.

Sincerely,

Michael Poreda

EXHIBIT

E



**WRONKO  LOEWEN  BENUCCI**
—*Attorneys at Law*—

JAMES R. WRONKO
JAMES V. LOEWEN
MARCO M. BENUCCI

KEVIN P. HEWITT, JR.●
MICHAEL POREDA ♦

  ● Member of  MI Bar
  ♦ Member of  NY Bar

OF COUNSEL
GILBERT G. MILLER

website: www.newjerseylawyer.org
main email: WLB@newjerseylawyer.org

69 GROVE STREET
SOMERVILLE, NJ 08876
TEL: (908) 704-9200
FAX: (908) 704-9291

1130 U.S 202, SUITE A/7
RARITAN, NJ 08869
TEL: (908) 393-6445
FAX: (908 393-6447

**Please reply to Somerville**

July 10, 2020

**VIA ECF**
The Honorable Madeleine Cox Arleo
United States District Court for the District of New Jersey
50 Walnut Street
Newark, NJ 09102

**Re: Edwin Polynice v. New Jersey Department of Corrections**
Docket No. 2:19-cv-16875-MCA-LDW

Dear Judge Arleo:

Since filing my substitution of attorney in March, I have received no notifications about action on the docket.  I found out that an opinion on the Defendants' motion to dismiss had been renedered serendipitously, when I saw it cited in another judge's opinion in another case I am working on.

After contacting ECF's helpdesk for about a week, I got a written confirmation today that the issue had been resovled.  My purpose in sending this letter to make sure that the notifications are actually working.

Sincerely,

Michael Poreda

EXHIBIT

F

**South Woods State Prison-Facility One**
*April  7, 2020*
  Bridgeton, NJ
Page 1330
  Fax:
Internal Other

**EDWIN POLYNICE**
Male  DOB:11/15/1978  Booking #:754112  SBI:000864138C
Ins: NJDOCIC (NJDOCIP)

]

**Electronically Signed by Valentine Okparaeke, RN on 10/02/2017 at 4:44 PM**

_____

**10/02/2017 - Office Visit: Dr. Infirmary Rounds**
**Provider: Sandra Connolly, MD**
**Location of Care: Northern State Prison-Main**

## Vital Signs
Ht: **74** in.  inches

## Body Mass Index in-lb
**Height (in):** 74

## AST to Platelet Ratio Index (APRI)
**SGOT (AST):** 16
**Platelets:** 200 THOUSAND/UL
**APRI:** 0.20

T: **97.2** deg F.  R: **16**  BP: **167/106**
**Radial Pulse rate:** 88 **Rhythm:** regular **Quality:** Bounding
 **Pulse Ox:** 100
**Blood Pressure:** 167/106 mm Hg

## Peak Flow

## Orientation Level
**Oriented to time?** Yes
**Oriented to place?** Yes
**Oriented to person** Yes

## Doctor Visit: subjective

## From Doctor Visit
**Dr Visit Chief Complaint:** scalp laceration
**Reason for Visit:** Infirmary Visit
**Mental Health High-Risk Inquiry Incident:**

## Review of Systems
**General:** Denies fevers, chills, sweats, anorexia.
**Cardiovascular:** Denies chest pains, palpitations.
**Respiratory:** Denies dyspnea.
**Gastrointestinal:** Denies nausea, vomiting, diarrhea.

**South Woods State Prison-Facility One**
 Bridgeton, NJ
 Fax:

*April  7, 2020*
Page 1331
Internal Other

**EDWIN POLYNICE**
Male  DOB:11/15/1978  Booking #:754112  SBI:000864138C
Ins: NJDOCIC (NJDOCIP)


**Genitourinary:** Denies dysuria, hematuria.
**Skin:** Denies rash.
**Neurologic:** Denies syncope.

## Physical Exam
**General appearance:** well nourished, well hydrated, no acute distress

### Eyes
**External:** conjunctivae and lids normal
**Pupils:** equal, round, reactive to light and accommodation

### Ears, Nose and Throat
**External ears:** normal, no lesions or deformities
**External nose:** normal, no lesions or deformities
**Hearing:** grossly intact

### Neck
**Neck:** supple, no masses, trachea midline

### Respiratory
**Respiratory effort:** no intercostal retractions or use of accessory muscles

### Musculoskeletal
**Gait and station:** normal
**RUE:** normal ROM and strength, no joint enlargement or tenderness
**LUE:** normal ROM and strength, no joint enlargement or tenderness
**RLE:** normal ROM and strength, no joint enlargement or tenderness
**LLE:** normal ROM and strength, no joint enlargement or tenderness

### Skin
**Inspection:** no rashes, lesions, or ulcerations

### Neurologic
**Sensation:** intact to touch, and position

### Mental Status Exam
**Orientation:** oriented to time, place, and person


## Assessment
**Does the patient understand the treatment plan?** Yes
**Does the patient agree with treatment plan?** Yes
**Assessment:** A/P- Scalp laceration

Pt reports "I'm supposed to have a lower bunk", due to neuropathy and history of achilles injury.  I
have reviewed the patient's active orders; no lower bunk pass.

Laceration was anesthetized with lidocaine plus epi; 3 staples placed; and running sutures of 3-0
Ethilon.

**South Woods State Prison-Facility One**
 Bridgeton, NJ
 Fax:

**EDWIN POLYNICE**
Male  DOB:11/15/1978  Booking #:754112  SBI:000864138C
Ins: NJDOCIC (NJDOCIP)

## Plan:
pt will remain housed in the infirmary for staples; sutures will be removed in 10 days.

## Orders to be Processed and/or Transcribed

**Labs, Consults, Tests&Procedures, Clearances, Restrictions, Referrals, etc.**
Infirmary Discharge [INRF011]

**Electronically Signed by Sandra Connolly, MD on 10/02/2017 at 9:11 AM**
_____

**10/02/2017 - Append: Dr. Infirmary Rounds**
**Provider: Sandra Connolly, MD**
**Location of Care: Northern State Prison-Main**

Recheck of BP shows significant improvement.
Will continue to monitor while pt is domiciled in the infirmary.

**Electronically Signed by Sandra Connolly, MD on 10/02/2017 at 3:44 PM**
_____

**10/02/2017 - Office Visit: Infirmary Rounds**
**Provider: Linda Coleman, RN**
**Location of Care: Northern State Prison-Infirmary**

## Vital Signs
Ht: **74** in.  inches

## Body Mass Index in-lb
**Height (in):** 74

## AST to Platelet Ratio Index (APRI)
**SGOT (AST):** 16
**Platelets:** 200 THOUSAND/UL

T: **97.2** deg F.  T site: **oral**  R: **16**  BP: **167/16**
**Radial Pulse rate:** 88 **Rhythm:** regular **Quality:** Bounding
 **Pulse Ox:** 100
**Blood Pressure:** 167/16 mm Hg

# EXHIBIT G

**South Woods State Prison-Facility Three**
Bridgeton, NJ
Fax:

*November 4, 2020*
Page 193
Internal Other

**EDWIN POLYNICE**
Male  DOB:11/15/1978  Booking #:754112  SBI:000864138C
Ins: NJDOCIC (NJDOCIP)

**Electronically Signed by Racquel English-Gartrell, LPN on 01/24/2017 at 10:26 AM**

_____

**01/24/2017 - Office Visit: Sick Call**
**Provider: Latifa Fedai, APN**
**Location of Care: Northern State Prison-Main**

## Vital Signs
Ht: **74** in.  Wt: **194** lbs.  inches

## Body Mass Index in-lb
**Height (in):** 74
**Weight (lb):** 194
**BMI (in-lb)** 25.00

## AST to Platelet Ratio Index (APRI)
**SGOT (AST):** 18
**Platelets:** 280 X10E3/UL

T: **97** deg F.  R: **16**  BP: **144/98**
**Radial Pulse rate:** 84 **Rhythm:** regular **Quality:** Bounding
 **Pulse Ox:** 99
**Blood Pressure:** 144/98 mm Hg

## Peak Flow

## Orientation Level
**Oriented to time?** Yes
**Oriented to place?** Yes
**Oriented to person** Yes

## Doctor Visit: subjective

## From Doctor Visit
**Referral Source:** clinic
**Dr Visit Chief Complaint:** Asking for increase in neurotin and requesting bottim bunk pass.  Pt. also mentioned that he came from another facility and did not received any of his meds.
**Reason for Visit:** Sick Call
**Mental Health High-Risk Inquiry Incident:**

## Review of Systems
**General:** Denies fevers, chills, sweats, anorexia, fatigue, malaise, weight loss.

**South Woods State Prison-Facility Three**      *November 4, 2020*
Bridgeton, NJ                                                              Page 194
Fax:                                                                        Internal Other

**EDWIN POLYNICE**
Male  DOB:11/15/1978  Booking #:754112  SBI:000864138C
Ins: NJDOCIC (NJDOCIP)

**Eyes:** Denies blurring, diplopia, irritation, discharge, vision loss, eye pain, photophobia.
**Ears/Nose/Throat:** Denies earache, ear discharge, tinnitus, decreased hearing, nasal congestion, nosebleeds, sore throat, hoarseness, dysphagia.
**Cardiovascular:** Denies chest pains, palpitations, syncope, dyspnea on exertion, orthopnea, PND, peripheral edema.
**Respiratory:** Denies cough, dyspnea, excessive sputum, hemoptysis, wheezing.
**Gastrointestinal:** Denies nausea, vomiting, diarrhea, constipation, change in bowel habits, abdominal pain, melena, hematochezia, jaundice.
**Genitourinary:** Denies dysuria, hematuria, discharge, urinary frequency, urinary hesitancy, nocturia, incontinence, genital sores, decreased libido.
**Musculoskeletal:** Complains of back pain. Denies joint pain, joint swelling, muscle cramps, muscle weakness, stiffness, arthritis.
**Skin:** Denies rash, itching, dryness, suspicious lesions.
**Neurologic:** Denies transient paralysis, weakness, paresthesias, seizures, syncope, tremors, vertigo.
**Psychiatric:** Denies depression, anxiety, memory loss, mental disturbance, suicidal ideation, hallucinations, paranoia.
**Endocrine:** Denies cold intolerance, heat intolerance, polydipsia, polyphagia, polyuria, weight change.
**Heme/Lymphatic:** Denies abnormal bruising, bleeding, enlarged lymph nodes.
**Allergic/Immunologic:** Denies urticaria, hay fever, persistent infections, HIV exposure.

## Physical Exam
**General appearance:** over weight

## Eyes
**External:** conjunctivae and lids normal
**Pupils:** equal, round, reactive to light and accommodation

## Ears, Nose and Throat
**External ears:** normal, no lesions or deformities
**External nose:** normal, no lesions or deformities
**Pharynx:** tongue normal, posterior pharynx without erythema or exudate

## Neck
**Neck:** supple, no masses, trachea midline
**Thyroid:** no nodules, masses, tenderness, or enlargement

## Respiratory
**Respiratory effort:** no intercostal retractions or use of accessory muscles
**Auscultation:** no rales, rhonchi, or wheezes

## Cardiovascular
**Auscultation:** S1, S2, no murmur, rub, or gallop

## Gastrointestinal
**Abdomen:** soft, non-tender, no masses, bowel sounds normal

## Lymphatic
**Neck:** no cervical adenopathy

**South Woods State Prison-Facility Three**
  Bridgeton, NJ
  Fax:

**EDWIN POLYNICE**
Male  DOB:11/15/1978  Booking #:754112  SBI:000864138C
Ins: NJDOCIC (NJDOCIP)

**Musculoskeletal**
**Gait and station:** normal, can undergo exercise testing and/or participate in exercise program
**Digits and nails:** no clubbing, cyanosis, petechiae, or nodes
**Head and neck:** normal alignment and mobility
**Spine, ribs, pelvis:** normal alignment and mobility, no deformity
**RUE:** normal ROM and strength, no joint enlargement or tenderness
**LUE:** normal ROM and strength, no joint enlargement or tenderness
**RLE:** normal ROM and strength, no joint enlargement or tenderness
**LLE:** normal ROM and strength, no joint enlargement or tenderness

**Skin**
**Inspection:** no rashes, lesions, or ulcerations

**Neurologic**
**Cranial nerves:** II - XII grossly intact

**Mental Status Exam**
**Judgment, insight:** intact
**Orientation:** oriented to time, place, and person
**Memory:** intact for recent and remote events
**Mood and affect:** no depression, anxiety, or agitation

**Assessment**
**Does the patient understand the treatment plan?** Yes
**Does the patient agree with treatment plan?** Yes
**Assessment:** AAO x 3, NAD, ambulate without any difficulty, no gross deformity, no point tenderness, full ROM.

bp 144/98
10 mg Amlodopin po x 1 given
bp in 30 minute 144/94.
DM
Hypertension
Asthma
Chronic back pain.

**Plan:**
Education
has informed that he is not qualified for bottom bunk.
RN has informed about his medication, orders FAxed to the pharmacy.
Pt has informed that he should come to med line until he get his KOP.

**South Woods State Prison-Facility Three**          *November  4, 2020*
  Bridgeton, NJ                                                                Page  196
  Fax:                                                                      Internal Other

**EDWIN POLYNICE**
Male  DOB:11/15/1978  Booking #:754112  SBI:000864138C
Ins: NJDOCIC (NJDOCIP)

## Orders to be Processed and/or Transcribed

### Labs, Consults, Tests&Procedures, Clearances, Restrictions, Referrals, etc.
CBC with Diff ($3.59) - 005009 [005009]
Cardiac Risk Profile (chol, T.G., HDL) ($4.50) - 221010 [221010]
Comprehensive Metabolic Panel ($3.04) - 322000 [322000]
Hemoglobin A1C ($5.10) - 001453 [001453]

**Electronically Signed by Latifa Fedai, APN on 01/24/2017 at 10:54 AM**
_____

**01/24/2017 - Append: Sick Call**
**Provider: Racquel English-Gartrell, RN**
**Location of Care: Northern State Prison-Main**

labs scheduled as ordered

**Electronically Signed by Racquel English-Gartrell, LPN on 01/24/2017 at 1:35 PM**
_____

**01/23/2017 - Clinical Lists Update: Blood Glucose Check**
**Provider: Melina Roberts-Maragh, LPN**
**Location of Care: Northern State Prison-Main**

Blood glucose check given.  (Click on flowsheet icon to update BG Finger observation on the chronic care
endocrine flowsheet.)

Added new observation of BG FINGER: 240  (01/23/2017 18:46)

**Electronically Signed by Melina Roberts-Maragh, LPN on 01/23/2017 at 6:47 PM**
_____

**01/23/2017 - Clinical Lists Update: Blood Glucose Check**
**Provider: Donna Mingo, LPN**
**Location of Care: Northern State Prison-Main**