**WRONKO LOEWEN BENUCCI**
Michael Poreda, Esq. (025492010)
69 Grove Street
Somerville, NJ 08876
Telephone: (908) 704-9200
Fax: (908) 704-9291
e-Mail: poreda@poredalaw.com
*Attorney for Plaintiff*

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| EDWIN POLYNICE, | Docket No. No. 2:19-cv-16875-MCA-LDW |
| *Plaintiff*, | **Civil Action** |
| vs. | **LOCAL RULE 15.1 AMENDED COMPLAINT** |
| NEW JERSEY DEPARTMENT OF CORRECTIONS, ~~NORTHERN STATE PRISON~~, ADMINISTRATOR GEORGE ROBINSON, ~~SERGEANT GIBSON, S.C.O. JOHN DOE~~ <u>SERGEANT CHRISTOPHER GIBBONS</u>, <u>OFFICER RYAN MOLLOY</u>, <u>OFFICER RAYMOND REYES</u>, <u>RUTGERS , UNIVERSITY – UNIVERSITY CORRECTIONAL HEALTH CARE ("UCHC")</u>, <u>LATIFA FEDAI, APN</u>, <u>UCHC JOHN DOES 1-20</u>, <u>DOC JOHN DOES 1-10</u>, , | |
| *Defendants*. | |

1

<u>Edwin Polynice, by way of this Amended Complaint hereby brings the following action against the Defendants as follows:</u>

~~NOW COMES, Plaintiff, by and through the undersigned Counsel, and hereby b☐ng this action against the Defendants as follows:~~

**INTRODUCTORY STATEMENT**

~~1. This is a civil rights action brought pursuant to the State of New Jersey tort laws, the United States Constitution and 42 U.S.C. § 1983 seeking damages against Defendants for committing acts under color of law that deprived Plaintiff, Edwin Polynice, of his rights secured to him by the Constitution and laws of the United States of America.~~

~~2. In particular on October 11, 2017, Defendants violated the rights of Edwin Polynice by failing to keep him in a safe and secure environment where he could be kept free from injury and harm, by failing to respect and abide by medical professionals, and by failing to adhere to adequately mandated medical regulations and custodial attention, in violation of the Eighth and Fourteenth Amendments to the United States Constitution.~~

~~3. In addition, this action is brought by Plaintiff against Defendants under the Laws of New Jersey that relate to Prisoner rights to be kept in a safe and secure environment where he could be kept free from injury, harm, and death, by failing to provide him with adequate medical care and custodial attention, and by demonstrating deliberate indifference to Edwin Polynice's necessary medical accommodations.~~

**JURISDICTION AND VENUE**

~~1. Plaintiffs case arises under the Constitution and laws of the United States, specifically, the Eighth and Fourteenth Amendments to the United States Constitution.~~

~~2. Plaintiff's suit is authorized by 42 U.S.C. § 1983 (allowing suit to correct constitutional violations) and 42 U.S.C. § 1988 (providing for attorney fees and litigation expense awards).~~

~~3. This Court has jurisdiction over Plaintiffs federal constitutional claims under 28 U.S.C. § 1331 and 28 U.S.C. § 1343(3).~~

~~4. This case also arises under the law of the State of New Jersey that deal with Prisoners' Rights to be kept in a safe and secure enviromnent free from injury, harm and death, and to receive adequate medical care and custodial~~

~~attention.~~

~~5.   This Court has pendant jurisdiction over Plaintiffs state law claims under 28 U.S.C. §1367.~~

1.) This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 because the question arises under the laws and Constitution of the United States, namely whether Defendants violated Plaintiff's rights under the U.S. Constitution and the Americans with Disabilities Act.

2.) This Court has jurisdiction over state law claims herein presented pursuant to 28 U.S.C. § 1367 because the claims are part of a case over which the court has federal question jurisdiction.

3.) Venue is properly laid in the District of New Jersey pursuant to 28 U.S.C. § 1391(b)(2) because all relevant events took place in New Jersey.

## **PARTIES**

~~10.   Plaintiff, Edwin Polynice, brings this action on behalf of himself and in his own right.~~

~~11.   Defendant, New Jersey Department of Corrections, located in the County of Essex, is a county in the state of New Jersey and owns, operates, manages, directs and controls the New Jersey Department of Corrections. The Northern State Prison division of the New Jersey Department of Corrections is located at 168 Frontage Rd, Newark, NJ 07114 (referred at times herein as the "Northern State Prison").~~

~~12.   Defendants, at all times material hereto, were the Administrators of the Northern State Prison, located at 168 Frontage Rd, Newark, NJ 07114. To the extent the Court deems appropriate, Administrators of the Northern State Prison for the New Jersey Department of Corrections and Defendants that were active participants in the events leading to Plaintiff's injuries, such as S.C.O. John Doe, should be held liable in their individual capacity.~~

~~13.   Defendant, Northern State Prison, is a law enforcement entity in the state of New Jersey which operates, manages, directs and controls the Northern State Prison facility within the County of Essex.~~

14. ~~Defendant, New Jersey Department of Corrections, is a law enforcement entity in the state of New Jersey which operates, manages, directs and controls the Northern State Prison facility within the County of Essex.~~

15. ~~Defendant, S.C.O. John Doe was at all times material hereto, employed by the Northern State Prison located at 168 Frontage Rd, Newark, NJ 07114. Defendant, S.C.O. John Doe is sued in his individual capacity.~~

16. ~~Defendant, Sergeant Gibson, was at all times material hereto, employed by the Northern State Prison located at 168 Frontage Rd, Newark, NJ 07114. Defendant, Sergeant Gibson is sued in his individual capacity.~~

17. ~~The Health Services Unit for the Department of Corrections for the State of New Jersey, with corporate offices located at 168 Frontage Rd, Newark, NJ 07114, was contractually engaged with the Northern State Prison and the New Jersey Department of Corrections to provide health care services for inmates at the Northern State Prison.~~

18. ~~At all times relevant hereto, Defendant, John Doe Personnel and/or Corrections Officers and/or Administrators, may contain fictitious names representing unnamed corrections officers and/or other individuals, employed with the Northern State Prison facility located at 168 Frontage Rd, Newark, NJ 07114, who were acting under the supervision of the New Jersey Department of Corrections, the Northern State Prison and Administrators of both agencies. These Defendants are sued in their individual capacities.~~

19. ~~All Defendants, for one or more entities, which were contracted to provide medical and/or psychiatric services, counseling, security and custodial care to inmates under the custody of the New Jersey Department of Corrections.~~

4.) <u>Plaintiff Edwin Polynice is a resident of New Jersey whose date of birth is November 15, 1978. He was in the custody of the New Jersey Department of Corrections from June 2012 until August 2020. His SBI number was 864138C. He last resided at South Woods State Prison, 215 South Burlington Road, Bridgeton, NJ 08302..</u>

5.) <u>Defendant New Jersey Department of Corrections is a New Jersey State agency headquartered at Whittlesey Road, Trenton, NJ 08625.</u>

6.) <u>Newly added Defendant Rutgers University – University Correctional Health ("UCHC") care is a corporate entity headquartered at 7 College Avenue, New Brunswick, NJ 08901. UCHC is the medical contractor that provides medical services to inmates within the custody of the New Jersey Department of Corrections.</u>

4

7.) Newly added Defendant Latifa Fedai, APN is a nurse practitioner at Northern State Prison.

8.) Defendant George Robinson is currently the Administrator of the Adult Diagnostic and Treatment Center, a prison facility operated by the New Jersey Department of Corrections. At the times relevant to this complaint, he was the Administrator of Northern State Prison, P.O. Box, 2300, 168 Frontage Road, Newark, NJ 07114. He is an employee of the New Jersey Department of Corrections.

9.) Defendant Sergeant Christopher Gibbons, previously misplead as "Sergeant Gibson" is the correctional sergeant, who on September 30, 2017, on information and belief, is that name of the correctional sergeant who, on September 30, 2017, was responsible for overseeing the inmates living in Delta Unit 1-E at Northern State Prison. Sergeant Gibbons is an employee of Defendant New Jersey Department of Corrections.

10.) Newly added Defendant Ryan Molloy was a NJ DOC correctional officer employed at Northern State Prison on September 30, 2017.

11.) Newly added Defendant Raymond Reyes was an NJ DOC correctional officer employed at Northern State Prison on September 30, 2017.

12.) Newly added Defendants UCHC John Does 1-20 are employees of UCHC, including nurses, doctors, and supervisors.

13.) Newly added Defendants DOC John Does 1-20 are employees and supervisors of the DOC.

### FACTUAL ALLEGATIONS

20. ~~Plaintiff, Edwin Polynice, was incarcerated at the Detention Unit of Northern State Prison on or about September 30, 2017.~~

21. ~~At said date, S.C.O. John Doe instructed Plaintiff, Edwin Polynice, to move into cell 104, on the *top* bunk.~~

22. ~~Plaintiff, Ectwin Polynice, expressed to S.C.O. John Doe that due to mandated medical restrictions and persistent medical issues, he was only permitted to be placed on the bottom bunk. Mr. Polynice further advised that his mandatory medical accommodation was for the remainder of his incarceration.~~

23. ~~Following his explanation, Mr. Polynice was ordered to utilize the top bunk, and~~

5

~~S.C.O. John Doe reiterated that this order came from Sergeant Gibson.~~

24. ~~Given the gentlemen listed in ranking order, Plaintiff, Edwin Polynice was compelled to comply with said order.~~

25. ~~On or about, October 1, 2017, at approximately 12:35 p.m., while attempting to dismount from the top bunk, to take his daily shower, Plaintiff, Edwin Polynice, became extremely dizzy and fell.~~

26. ~~During this fall, Plaintiff, Edwin Polynice, attempted to step down on the stool, but slipped. He fell, striking his head on the toilet and his leg against the stool.~~

27. ~~Post-fall, Mr. Polynice sustained severe injuries leading to thirteen stitches and five staples.~~

28. ~~Mr. Polynice also suffered from a dislocated right shoulder, severe neck pain, and bruising on his legs.~~

29. ~~Plaintiff, Edwin Polynice, required an extended stay in the prison infirmary for ten days due to these injuries.~~

30. ~~Throughout his time in the infirmary, he experienced debilitating headaches with the pain extending throughout his entire head, chronic pain in his facial area, ongoing dizziness, and a bruised leg.~~

31. ~~Additionally, Plaintiff, Edwin Polynice, continues to experience neck pain and lower back from, stemming from this incident, requiring ongoing physical therapy to treat ms neck and his back.~~

32. ~~Upon information and belief, Defendants and representatives and/or employees of Defendant New Jersey Department of Corrections at all times material hereto, failed to properly evaluate Mr. Polynice's medical needs and restrictions, while simultaneously ignoring previously mandated medical advice.~~

33. ~~Furthermore, Mr. Polynice was ordered to be exposed to harmful and hazardous conditions. Therefore, they failed to do their duty to maintain a safe and suitable environment, keeping Mr. Polynice safe from injury and harm.~~

34. ~~In the events described above, Defendants acted contrary to law, and intentionally, willfully, wantonly, and unreasonably deprived Mr. Polynice of his right and privileges secured by the Eighth and Fourteenth Amendments to the United States Constitution and 42 U.S.C. § 1983.~~

35. The failures of Defendants to properly protect and carry out medical instructions for Mr.

~~Polynice's imminent risk for a head, neck, and back injuries demonstrated a deliberate indifference to and a conscious disregard for medical needs and requirements and the overall safety of Mr. Polynice.~~

~~36. In the events described above, Defendants acted contrary to law, and intentionally, willfully, wantonly, and unreasonably deprived Mr. Polynice of his right and privileges secured by the United States Constitution and 42 U.S.C. § 1983.~~

~~37. The FAILURES of Defendants to properly adhere to Mr. Polynice's medically mandated restrictions, demonstrated a deliberate indifference to and a conscious disregard for the medical requirements and the overall safety of Mr. Polynice.~~

## FACTS

14. Plaintiff is known to have both hypertension, diabetes, diabetic neuropathy in his feet as well as a history of a torn Achilles tendon. These disabilities substantially limit his activities of daily living, to wit his ability to climb and jump.

15. These are disabilities within the meaning of the New Jersey Law Against Discrimination, the Rehabilitation Act, and the Americans with Disabilities Act.

16. Due to Plaintiff's disabilities, he was given a permanent bottom bunk restriction in 2013 when he arrived at South Woods State Prison.

17. Plaintiff often experienced dizziness from fluctuations in blood sugar due to the diabetes. The bottom bunk restriction served to protect him during dizzy spells.

18. In January 2017, he was transferred to Northern State Prison, after having spent several months in New Jersey State Prison.

19. Plaintiff requested the continuation of his standing bottom bunk order.

7

20. This was denied without genuine cause by Latifa Fedai, APN on January 24, 2017. This was supposedly based on Polynice "not meeting the requirements," however she never articulated the requirements to him, and future acts by UCHC employees would prove that this was a sadistic and deliberate lie.

21. Plaintiff formally grieved the denial of the bottom bunk through the kiosk system at Northern State Prison, but his grievance was either denied or not responded to.

22. Plaintiff was nevertheless able to secure a bottom bunk informally.

23. On September 30, 2017, Plaintiff was living in Delta Unit 1-E at Northern State Prison, assigned to a bottom bunk.

24. For unknown reasons, on September 30, 2020, Plaintiff was told by a corrections officer, either Molloy or Reyes, to move out of his bottom bunk and move to cell 104 and sleep in a top bunk.

25. Polynice told Molloy or Reyes that he needed to be on the bottom bunk due to his disabilities.

26. When Molloy or Reyes protested that Polynice was no longer entitled to the accommodation, Polynice told him that the accommodation was for the remainder of his incarceration.

27. Plaintiff's right to a safe place to sleep is clearly established law. N.J.A.C. 10A:31-3.6 states: "A qualified inmate with a disability shall be housed in a manner that provides for his or her safety, security and accessibility to facility programs or activities. Rooms, sleeping units, or housing units shall be designed for use by qualified inmates with disabilities."

28. Following his explanation, Polynice was ordered to utilize the top bunk, in clear violation of DOC regulation, state law, and federal law.

29. Molloy or Reyes reiterated that this order had come from Sergeant Gibbons.

30. Polynice was compelled to follow the order.

31. On October 1, 2017, at approximately 12:35pm, while attempting to dismount the top bunk to take a daily shower, Plaintiff Edwin Polynice became extremely dizzy from a drop in his blood sugar and fell.

32. During this fall, Plaintiff, Edwin Polynice attempted to land on a stool, but slipped. He fell, striking his head

8

on the toilet and his leg against the stool.

33. Post-fall, Mr. Polynice sustained severe injuries leading to thirteen stitches and five staples.

34. Mr. Polynice also suffered a dislocated shoulder, severe neck pain, and bruising on his legs.

35. Plaintiff, Edwin Polynice, required an extended stay in the prison infirmary for ten days due to these injuries.

36. Throughout his time in the infirmary, he experienced debilitating headaches with the pain extending throughout his entire head, chronic pain in his facial area, ongoing dizziness, and a bruised leg.

37. On October 20, 2017, Dr. Sandra Connolly, recognizing the obvious misdeed of Fedai ordered Polynice back to a bottom bunk restriction.

38. Plaintiff, Edwin Polynice continued to experience constant neck pain, headaches, and lower back pain while he remained incarcerated.

39. Despite the ongoing pain, Plaintiff was never given any treatment or diagnostic other than Tylenol.

40. Now released from prison, Plaintiff will be forced to spend money, in excess of $3,500, to treat his injuries.

41. Additionally, Plaintiff has suffered disfigurement, in the form of significant scarring from his fall.

42. He has also permanently lost full mobility as a result of the fall.

## STATEMENT ON COMPLIANCE WITH NOTICE OF TORT CLAIM RULES

43. On or about December 19, 2017, Plaintiff, or his then-counsel, Jean Ross, filed a Notice of Tort Claim seeking $100,000 for the injuries sustained in the fall.

# FIRST CLAIM FOR RELIEF
## ~~FEDERAL CONSITUTIONAL VIOLATIONS BY ALL DEFENDANTS~~
## 42 U.SC. § 1983 – EIGHTH AMENDMENT – DELIBERATE DIFFERNECE TO INMATE SAFETY – SUPERVISORY LIABILITY AGAINST GEORGE ROBINSON, SGT. GIBBONS, OFFICER RYAN MOLLOY, OFFICER RAYMOND REYES, LATIFA FEDAI, DOC JOHN DOES 1-20, UCHC JOHN DOES 1-20.

44. The allegations set forth in the preceding paragraphs are incorporated by reference as if fully set forth herein.

45. ~~Defendant, Northern State Prison, by and through their Administrator George Robinson and other policymakers, developed policies, procedures and/or customs which caused the deprivation of Plaintiff, Edwin Polynice's constitutional rights.~~

46. <u>Fedai knew that Plaintiff had health conditi9ons that rendered the top bunk dangerous. She nevertheless denied him the request without genuine reason, rendering the decision deliberately indifferent.</u>

47. <u>George Robinson and DOC John Does 1-20, who were policymakers, developed policies, procedures and/or customs which caused the deprivation of Plaintiff, Edwin Polynice's constitutional rights.</u>

48. Said policies were inherently deficient, or inappropriate as formulated, as to the adherence of mandated medical care provided to an inmate that presented with documented medical issues.

49. Defendant <u>New Jersey Department of Corrections,</u> ~~Northern State Prison~~, by and through Defendant Administrator George Robinson and <u>DOC John Does 1-20, who are</u> other policymakers, ~~negligently,~~ recklessly, and/or intentionally <u>and/or with deliberate indifference to inmate safety</u>:

    a. failed to properly train and supervise Defendant Sergeant Gibson and Defendant S.C.O. John Doe with regard to adequately assessing, monitoring and providing necessary and reasonable accommodations for inmates with medical issues, including but not limited to inmates with documented medical restrictions and

10

    b.    failed to properly train and supervise Defendant Sergeant Gibson and Defendant S.C.O. John Doe, or other prison staff to maintain a safe and suitable environment, and to keep inmates safe from injury or serious harm.

    c.    maintained policies, procedures and/or customs that were deliberately indifferent to the constitutional rights of inmates to be adequately screened for medical issues, to provide necessary and reasonable accommodations for inmates with medical issues; and to be kept safe from injury or serious harm;

    d.    failed to enforce the contractual obligations of ~~the Medical Unit~~ <u>UCHC</u> to monitor and treat inmates with medical issues, including but not limited to inmates with documented medical restrictions.

    e.    with full knowledge, allowed institutional policies and procedures regarding intake, medical screening, custodial watch and medical treatment to be ignored and violated with reckless abandon; and

    f.    failed to provide adequate and needed health care for inmates at the Detention Unit of the Northern State Prison.

50.    The actions and/or failures to act by Defendant, ~~Northern State Prison~~ <u>New Jersey Department of Corrections</u>, Defendant Administrator George Robinson, Defendant Sergeant Gibson and Defendant S.C.O. John Doe, as illustrated above, amounted to a deliberate indifference of Mr. Polynice's constitutional rights and proximately caused his injuries.

51.    The violation of Mr. Polynice's rights under the United States Constitution was the proximate cause of damages to Plaintiff, thereby entitling Plaintiff to compensatory damages from Defendants, ~~Northern State Prison,~~ Administrator George Robinson, Sergeant Gibson, and S.C.O. John Doe in an amount exceeding $1,000,000.00.

**WHEREFORE**, the Plaintiff demands judgment against the Defendants, and each of them, for compensatory and punitive damages, counsel fees, and all costs of suit.

## SECOND CLAIM FOR RELIEF

### ~~LIABILITY OF DEFENDANTS NEW JERSEY DEPARTMENT OF CORRECTIONS, NORTHERN STATE PRISON, ADMINISTRATORS GEORGE ROBINSON, SERGEANT GIBSON, AND S.C.O. JOHN DOE FOR FEDERAL CONSTITUTIONAL VIOLATIONS~~

### NEGLIGENCE AGAINST DEPARTMENT OF CORRECTIONS AND ALL DOC DEFENDANTS

44. ~~The allegations set forth in the proceeding paragraphs are incorporated by reference as if fully set forth herein.~~

45. ~~At all times relevant hereto, Defendants were acting under color of state law as employees or agents of the Northern State Prison and/or Health Services Unit of New Jersey, and/or if not employees or agents, by direction of and under the supervision and control of New Jersey Department of Corrections, the Detention Unit of Northern State Prison and/or Health Services Unit of New Jersey.~~

46. ~~The actions of Defendants as set forth above violated the late Mr. Polynice's rights under the Eighth and Fourteenth Amendments of the United States Constitution to be incarcerated in a safe and suitable environment, and to be safe from injury and harm while incarcerated at the Detention Unit of Northern State Prison.~~

47. ~~The violations of Mr. Polynice's rights under the United States Constitution was the severe and continuous injuries to Edwin Polynice, thereby entitling Plaintiff to compensatory damages from Defendants in their individual capacities.~~

48. ~~The actions of Defendants in their individual capacities were intentional, malicious, willful, wanton, and/or in reckless disregard of Plaintiff's federally protected rights, therefore entitling Plaintiff to an award of punitive damages.~~

49. ~~Plaintiff is entitled to recover damages against Defendants the individual capacity in an amount greater than $1,000,000.00.~~

50. ~~Plaintiff is entitled to recover reasonable attorney's fees and the costs and expenses of this action.~~

52. If not reckless, intentional, or deliberately indifferent to inmate safety, the decision to place Plaintiff in the top bunk was negligent.

12

53. Bur for the exercise of due care to listen to Plaintiff's truthful pleading that he was bottom-bunk restricted due to his health issues, Plaintiff would not have suffered permanent injuries.

54. Had Defendants exercised due care, they would have placed Plaintiff in a bottom bunk, and he would not have fallen even if he had an attack of low blood sugar.

55. The failure to exercise due care proximately caused Plaintiff's permanent injuries.

56. The failure to exercise due care was the fault of Officer Molloy, Officer Reyes, Sergeant Gibson, John Does 1-20, and/or George Robinson.

57. The Department of Corrections is liable on the theory of respondeat superior for the negligence of its employees.

**WHEREFORE**, the Plaintiff demands judgment against the Defendants, and each of them, for compensatory and punitive damages, counsel fees, and all costs of suit.

### THIRD CLAIM FOR RELIEF

~~**SUPERVISORY LIABILITY OF DEFENDANTS ADMINISTRATOR GEORGE ROBINSON, AND SERGEANT GIBSON UNDER 42 U.S.C. § 1983**~~

**NEW JEREY LAW AGAINST DISCRIMINATION – FAILURE TO ACCOMMODATE A DISABILITY AGAINST DOC DEFENDANTS**

~~51.     The allegations set forth in the preceding paragraphs are incorporated by reference as is fully set forth herein.~~

~~52.     At all times relevant hereto, Defendant Administrator George Robinson, and Defendant Sergeant Gibson served as Administrators of the Northern State Prison, in Newark, New Jersey.~~

~~53.     Plaintiffs are informed, believe and therefore allege that on October 1, 2017, Defendant Administrator George Robinson, and Defendant Sergeant Gibson were aware of, should have been aware of, and/or had actual knowledge of the pattern and culture of unconstitutional behavior and indifference, including failure to properly s 54.As such, Defendant Administrator George Robinson, and Defendant Sergeant Gibson not only directed, encouraged, tolerated, acquiesced to this behavior, but were deliberately indifferent to the likelihood that their staff, employees and/or cmrections officers would fail~~

~~to properly screen inmates for medical issues, fail to adequately monitor inmates, fail to have inmates provided necessary and reasonable medical accommodations, fail to treat inmates medically and fail to protect inmates from injury or harm at the Northern State Prison.~~

~~55.   The deliberate indifference of Defendant Administrator George Robinson, and Defendant Sergeant Gibson as to the need for training and supervision of their staff, employees and/or detention officers was a proximate cause of the constitutional violations suffered by the Plaintiff, Edwin Polynice.~~

~~56.   The violation of Mr. Polynice's rights under the United States Constitution was a proximate cause of damages and harm to Plaintiff, thereby entitling Plaintiff to compensatory damages from Defendant Administrator George Robinson, and Defendant Sergeant Gibson in an amount exceeding $1,000,000.00.creen inmates for medical injuries, or other mental health problems, failure to adequately monitor and guard inmates, failure to have inmates properly treated medically, failure to have inmates provided necessary and reasonable medical accommodations, and failure to protect inmates from injury or harm whether self-inflicted or by other inmates, staff, employees and/or corrections officers at the Northern State Prison.~~

58.   <u>Plaintiff was a person with a disability, namely his diabetes and his Achilles tendon tear.</u>

59.   <u>The New Jersey Law Against Discrimination entitles Plaintiff to reasonable accommodations that would give him a safe place to sleep.</u>

60.   <u>Department of Corrections Defendants denied Plaintiff access to a bottom bunk.</u>

61.   <u>This denial caused Plaintiff permanent injuries.</u>

**WHEREFORE**, the Plaintiff demands judgment against the Defendants, and each of them, for compensatory and punitive damages, counsel fees, and all costs of suit.

14

## FOURTH CLAIM FOR RELIEF

### ~~VIOLATION OF CIVIL RIGHTS BY DEFENDANTS NEW JERSEY DEPARTMENT OF CORRECTIONS, NORTHERN STATE PRISON, ADMINISTRATOR GEORGE ROBINSON, SERGEANT GIBSON, AND S.C.O. JOHN DOE~~

### AMERICANS WITH DISABILITIES ACT AGAINST DOC DEFENDANTS

~~57. The allegations set forth in the preceding paragraphs are incorporated by reference as if fully set forth herein.~~

~~58. The Defendants were acting under color of law when they failed to properly provide medical accommodations for Plaintiff, Edwin Polynice, for medical issues, failed to adequately monitor Mr. Polynice while incarcerated at Northern State Prison, and failed to protect Mr. Polynice from injury and harm.~~

~~59. The Defendants failed to adequately train or otherwise have and maintain or enforce effective policies regarding the screening and care of inmates with medical restrictions, the adequate monitoring of inmates, and the protections of inmates from injury or harm.~~

~~60. The Defendants, New Jersey Department of Corrections, Northern State Prison, Administrator George Robinson, Sergeant Gibson, and S.C.O. John Doe were deliberately indifferent to the likelihood that Northern State Prison's staff, employees and/or Detention Officers, would fails to properly screen inmates for medical issues, fail to adequately monitor inmates, fail to properly provide necessary medical accommodations, and fail to protect inmates from injury or harm at the Detention Unit of Northern State Prison.~~

62.)   Plaintiff was a qualified person with a disability, namely his diabetes and his Achilles tendon tear.

63.)    Once of the public programs, services, or activities of the prison is the provision of safe places to sleep.

64.)    Plaintiff's disabilities could have been reasonably accommodated by the provision of a bottom bunk.  This would have provided him with a safe place to sleep.

65.) Department of Corrections Defendants denied Plaintiff access to the bottom bunk.

15

66.) This denial caused Plaintiff permanent injuries.


### FIFTH CLAIM FOR RELIEF
### ~~NEGLIGENCE~~
### ~~DEFENDANTS NEW JERSEY DEPARTMENT OF CORRECTIONS, NORTHERN STATE PRISON, ADMINISTRATORS GEORGE ROBINSON, SERGEANT GIBSON, AND S.C.O. JOHN DOE~~

### REHABILITATION ACT

~~61. The allegations set forth in the preceding paragraphs are incorporated by reference as if fully set forth herein.~~
~~62. Defendants owed a duty of reasonable care to Plaintiff, Edwin Polynice, and to others at the Northern State Prison, to properly screen inmates for medical issues, to properly and adequately monitor inmates, to treat inmates medically when indicated, to provide medical accommodations when necessary, and to protect inmates from injury or harm at the Northern State Prison.~~
~~63. The Defendants failed to use the requisite standard of care pursuant to sound policies and procedures and/or knowingly violated established policies and procedures with reckless abandon.~~
~~64. The actions and/or failures to act by the Defendants amounted to a breach of said duty of care to Mr. Polynice.~~
~~65. As a direct and proximate result of Defendants' negligence, Mr. Polynice was seriously injured while in the custody of the No1them State Prison on October 1, 2017.~~
~~66. Plaintiff is entitled to an award of compensatory damages against the above-referenced Defendants in an amount which exceeds $1,000,000.00.~~

67. <u>Like the Americans with Disabilities Act, the Rehabilitation Act also requires prisons to provide inmates with disabilities reasonable accommodations so that they can access all the programs, services, and activities of the prison.</u>

68. <u>The substantive standards for liability under the Rehabilitation Act are the same as under the Americans with Disabilities Act.</u>

69. <u>The DOC Defendants are liable to Plaintiff under the Rehabilitation Act based upon the same facts recited in the Fourth Claim for Relief above.</u>

**WHEREFORE**, the Plaintiff demands judgment against the Defendants, and each of them, for compensatory and punitive damages, counsel fees, and all costs of suit.

## SIXTH CLAIM FOR RELIEF
## NEGLIGENT HIRING, TRAINING AND SUPERVISION AGAINST NEW JERSEY DEPARTMENT OF CORRECTIONS

70. DOC John Does 1-10 and/or Sergeant Gibson had a duty to train SCO John Doe and/or Sergeant Gibson in the proper handling of prisoners with disabilities that might not be visible.

71. DOC John Does 1-10 and/or Sergeant Gibson failed to train SCO John Doe and/or Sergeant Gibson in the proper handling of prisoners with disabilities that might not be visible.

72. Bur for this failure to train, Plaintiff would not have sustain his permanent injuries.

73. DOC John Does 1-10 and/or Sergeant Gibson had a duty to supervise the transfer of Plaintiff from his bottom bunk to cell 104.

74. DOC John Does 1-10 and/or Sergeant Gibson failed to properly supervise the transfer of Plaintiff from his bottom bunk to cell 104.

75. Had the Defendants properly supervised Plaintiff's cell transfer he would have been assigned to a bottom bunk or else left in his original cell.

76. But for the negligent failure to supervise Plaintiff's transfer out of his original cell, Plaintiff would not have sustained his permanent injuries.

## JURY DEMAND

Plaintiff hereby demands a trial by jury.

_____

MICHAEL POREDA, ESQ.
*Attorney for Plaintiff*

Date: July 10, 2021

## NOTICE OF TRIAL COUNSEL

**PLEASE TAKE NOTICE** that Michael Poreda, Esq. is hereby designated as Trial Counsel in the above-captioned matter.

                                                Michael Poreda, Esq.
                                                *Attorney for Plaintiff*

Date: July 10, 2021

## CERTIFICATION OF NO OTHER ACTION

Pursuant to Rule 4:5-1, it is hereby certified that to the best of my knowledge and belief, there are no other pending actions or proceedings involving the matter in controversy, none are contemplated, and I do not presently know the identity of any other party who should be joined.

                                                Michael Poreda, Esq.
                                                *Attorney for Plaintiff*

Date: July 10, 2021