

| | | |
|---|---|---|
| JAMES R. WRONKO<br>JAMES V. LOEWEN<br>MARCO M. BENUCCI<br><br>KEVIN P. HEWITT, JR.•<br>MICHAEL POREDA ♦<br><br>• Member of MI Bar<br>♦ Member of NY Bar<br><br>OF COUNSEL<br>GILBERT G. MILLER | website: www.newjerseylawyer.org<br>main email: WLB@newjerseylawyer.org | 69 GROVE STREET<br>SOMERVILLE, NJ 08876<br>TEL: (908) 704-9200<br>FAX: (908) 704-9291<br><br>1130 U.S 202, SUITE A/7<br>RARITAN, NJ 08869<br>TEL: (908) 393-6445<br>FAX: (908) 393-6447<br><br>**Please reply to Somerville** |

September 7, 2021

The Honorable Leda Wettre
United States District Court for the District of New Jersey
50 Walnut Street
Newark, NJ 07102

**RE: POLYNICE v. NEW JERSEY DEP'T OF CORRECTIONS**
Docket No. 2:19-cv-16875-MCA-LDW

Dear Judge Wettre:

    I represent Plaintiff in this case. Please accept this letter in reply to the Department of Corrections' opposition to Plaintiff's motion to amend the Complaint.

    The Department of Corrections's only argument is that non-binding case law exists for the proposition that safe sleeping accommodations are not a "service, program, or activity" within the meaning of the ADA. Nothing could be further from the truth. The case that the Department of Corrections cites for this proposition, <u>Riley v. Grainey</u>, No. 3:12-CV-02470, 2015 WL 5693805, at *3 (M.D. Pa. Sept. 24, 2015), plainly does not reach the conclusion that a safe sleeping space is not a "service, program, or activity." The <u>Rainey</u> court stated: "Nevertheless, ***even if*** Riley has sufficiently alleged denial of a service, program, or activity, in refusing to reinstate Riley's Z code housing status, Riley has failed to allege that he was prevented from

1

participating in or benefitting from such a service, program, or activity on the basis of his disability."  Riley v. Grainey, No. 3:12-CV-02470, 2015 WL 5693805, at *3 (M.D. Pa. Sept. 24, 2015) (emphasis added).  In short, the court reaches no conclusion about whether a single cell qualified as a "service, program, or activity."

If the Rainey court did consider whether a cell counted as a "service, program, or activity," it only could have concluded that it does.  The Third Circuit has held that virtually all aspects of prison life are "services, programs, and activities."  In Furgess v. Pennsylvania Department of Corrections, 933 F.3d 285, 290, the Court stated:

> Looking first to the statutory language, Section 504 of the RA defines a "program or activity" quite broadly to include "*all* of the operations of" a state instrumentality.  29 U.S.C. § 794(b).  We have confirmed these terms' broad meaning, calling them "all-encompassing." Yeskey v. Com. of Pa. Dep't of Corr., 118 F.3d 168, 170 (3d Cir. 1997).  The ADA does not define "services, programs, or activities," but both Congress and this Court have recognized that Title II provides at least the same degree of protection as Section 504. Thus, the phrase "service, program, or activity" under Title II, like "program or activity" under Section 504, is "extremely broad in scope and includes anything a public entity does." Disability Rights N.J., Inc. v. Comm'r, N.J. Dep't of Human Servs., 796 F.3d 293, 301 (3d Cir. 2015).

Furgess v. Pennsylvania Dep't of Corr., 933 F.3d 285, 289 (3d Cir. 2019).

Surely, the provision of a safe place to sleep falls within the extremely broad scope of the ADA's "service, program, or activity" language.  Sleep is a major life activity, and in an environment where virtually every aspect of life is controlled by the state, the provision of a bed that is appropriate to the level of ability of the prisoner qualifies as a "service, program, or activity."

                                      Respectfully Submitted,

                                      MICHAEL POREDA