ANDREW J. BRUCK
ACTING ATTORNEY GENERAL OF NEW JERSEY
R.J. Hughes Justice Complex
25 Market Street
P.O. Box 112
Trenton, New Jersey 08625
*Attorney for Defendant George Robinson*

By:  Chanell M. Branch
     Deputy Attorney General
     Attorney ID: 029342010
     (609) 376-2440

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
VICINAGE OF NEWARK

| | | |
|---|---|---|
| EDWIN POLYNICE, | : | Hon. Madeline C. Arleo, U.S.D.J |
| | | Hon. Leda D. Wettre, U.S.M.J |
| Plaintiff, | : | |
| v. | | Civil Dkt.# 2:19-cv-16875 |
| | : | |
| NEW JERSEY DEPARTMENT OF CORRECTIONS, et. al | : | **DEFENDANTS' STATEMENT OF MATERIAL FACTS NOT IN DISPUTE PURSUANT TO L. CIV. R. 56.1** |
| | : | |
| Defendants. | : | |

In support of Defendant's motion for Summary Judgement, Defendant George Robinson hereby submits this Statement of Material Facts not in Dispute Pursuant to L. Civ. R. 56.1

**STATEMENT OF MATERIAL FACTS NOT IN DISPUTE**

**Background Information**

1. Plaintiff Edwin Polynice upon his incarceration in 2012 was housed at South Woods State Prison ("SWSP"). (Ex. B, Excerpts of Deposition of Plaintiff 10:17-22).

2. On or around 2016, Plaintiff got into a physical fight with his bunkmate, which resulted in a transfer to Trenton State Prison for the disciplinary charge. (Ex. B, Excerpts of Deposition of Plaintiff 24:9-18).

3. While at Trenton State Prison, Plaintiff requested a transfer to Northern State Prison ("NSP") to be closer to his family. (Ex. B, Id. at 20-21).

4. His subsequent transfer to NSP on or around 2017 is at all times relevant to this lawsuit. (Ex. A, at ¶11; Ex. B. Excerpts of Deposition of Plaintiff 14:24-15:2).

5. On or about November 4, 2020, Plaintiff was released from DOC's custody. (Ex. B, Excerpts from Deposition of Plaintiff 57:9-11).

6. At all times relevant to this lawsuit, Defendant George Robinson is the administrator at NSP. (Ex. A, at ¶12).

7. Plaintiff alleges that the policies and/or procedures that violated his rights in this matter is N.J.A.C. 10A:31-3.6 in that "a qualified inmate with a disability shall be

housed in a manner that provides for his or her safety, security, and accessibility to facility programs and activities. Rooms sleeping units, or housing units shall be designed for use by qualified inmates with disabilities." ((Ex. C, Excerpt from Plaintiff's Answers to Defendants' First Interrogatories, ¶5).

**Medical Issues**

8. Prior to his incarceration, on or around 2002, Plaintiff was diagnosed with Type 1 diabetes. (Ex. B, Excerpts of Deposition of Plaintiff 10:24-11:8).

9. On or around 2012, prior to Plaintiff's placement in the custody of the New Jersey Department of Corrections ("DOC") he was working at Fridays where he fell on the chair in the office, hit his foot on the safe, and broke his Achilles tendon. (Exhibit B, Excerpts of Deposition of Plaintiff 11:9-24).

10. Due to the Achilles tendon injury, Plaintiff went to prison with the boot on his foot. (Ex B, Id. at 11:23-24).

**Bunk Status**

11. While housed at SWSP, Plaintiff was bottom bunk restricted by a nurse. (Ex B, Excerpts of Deposition of Plaintiff 16:2-6, 23:25).

12. The bottom bunk restriction was in the system allowing an officer to check that Plaintiff should solely be on the

bottom bunk. (Ex B, Excerpts of Deposition of Plaintiff 18:4-19).

13. Plaintiff stated that if an inmate did not have a bottom bunk restriction the officers could deny them the right to sleep on the bottom bunk because the officers always checked their paperwork. (Ex B, Id. at 21-23).

14. While at SWSP, Plaintiff had no problems with receiving a bottom bunk assignment. (Ex. B, Excerpts of Deposition of Plaintiff 19:5-9; 28:6-11).

15. While Plaintiff was in Trenton State Prison, he always had a bottom bunk. (Ex. B, Excerpts of Deposition of Plaintiff 26:13-18; 28:12-19).

16. "On January 24, 2017, Latifia (sic) Fedei (sic), APN revoked [Plaintiff's] bottom bunk restriction at Northern State Prison and didn't tell the Plaintiff why, except for a vague excuse that he didn't meet the standards. (Ex. C, Excerpt from Plaintiff's Answers to Defendants' First Interrogatories, ¶2).

17. Latifa Fedai, APN is not an employee of the DOC. (Ex. D, Excerpt from Defendant Answers to Plaintiff's Interrogatories, ¶12,13).

18. After the revocation of Plaintiff's bottom bunk restriction at NSP from January to September 2017, he no

longer received a bottom bunk assignment. (Ex. B, Excerpt from Deposition of Plaintiff, 33:6-19).

19. Because of the revocation, while at NSP, Plaintiff would receive a top bunk assignment. (Ex. B, Excerpt from Deposition of Plaintiff, 41:5-15).

20. Plaintiff states he would complain to the doctors and nurses stating that he needs his bottom bunk restriction back and then he would complain in the kiosk at least five or ten times. (Ex. B, Excerpt from Deposition of Plaintiff, 36:11-37:3).

21. While Plaintiff does not remember when he filed a grievance about his bottom bunk revocation, he does remember speaking to a Lieutenant, a high raking officer, who informed him that the officers comply with whatever the nurse inputs. (Ex. B, Excerpts from Deposition of Plaintiff 29:10-30:5).

22. The officers comply with the information in the system. (Ex. B, Excerpts from Deposition of Plaintiff 30:9).

23. As explained by the lieutenant, the officers could not override the medical staff's recommendation. (Ex. B, Id. at 33:22-34:5).

24. On or around September 22, 2017, Plaintiff has a physical fight with his bunky and is moved to cell 112 to await his disciplinary hearing. (Ex. B, Excerpts from Deposition of Plaintiff 34:6-15).

25. On or around September 30, 2017, Plaintiff was moved to cell 104. (Ex. A, at ¶21).

26. On or around October 1, 2017, Plaintiff was injured in cell 104 and a medical Code 53 was called. (Ex. B, Excerpts from Deposition of Plaintiff 50:17-51:3)

27. Plaintiff was taken to the infirmary where he received 13 stitches. (Ex. B, Excerpts from Deposition of Plaintiff 48:31-25).

28. Since the incident, Plaintiff reports headache, neck and back pain. (Ex. B, Excerpts from Deposition of Plaintiff 53:11-17).

29. After the October 1, 2017 incident, the medical staff placed a bottom bunk restriction into the system and Plaintiff continued to have a bottom bunk until his release from incarceration. (Ex. B, Excerpts from Deposition of Plaintiff 53:21-24).

30. Plaintiff only received a top bunk assignment upon the revocation of his bottom bunk restriction. (Ex. B, Excerpts from Deposition of Plaintiff 53:25-54:3; 54:13-22).

31. Once the medical staff reinstated the bottom bunk restriction, Plaintiff always received a bottom bunk. (Ex. B, Excerpts from Deposition of Plaintiff 56:8-23).