**MacNeill, O'Neill & Riveles, LLC**
Thomas J. Pyle, Jr. (018411995)
240 Cedar Knolls Road, Suite 104
Cedar Knolls, NJ 07927
973-409-6600
Attorneys For Defendant, Rutgers University-University Correctional Health Care
Our File No. 9028.05267

### UNITED STATES DISTRICT COURT
### DISTRICT OF NEW JERSEY

| | |
|---|---|
| EDWIN POLYNICE, INDIVIDUALLY AND ON BEHALF OF A CLASS OF SIMILARLY SITUATED INDIVIDUALS,<br><br>Plaintiff,<br><br>vs.<br><br>NEW JERSEY DEPARTMENT OF CORRECTIONS, ET AL.,<br><br>Defendants. | DOCKET NO.: 2:19-cv-16875-MCA-LDW<br><br>CIVIL ACTION<br><br>Document Electronically Filed<br><br>**CERTIFICATION OF THOMAS J. PYLE, JR., ESQ. IN OPPOSITION TO PLAINTIFF'S MOTION FOR RELIEF FROM THE COURT'S OCTOBER 25, 2021 ORDER** |

Thomas J. Pyle, Jr., hereby certifies as follows:

1. I am an attorney at law of the State of New Jersey and am partner in the law firm of MacNeill, O'Neill & Riveles, LLC, attorneys for Rutgers University-University Correctional Health Care and Latifa Fedai, APN. As such, I am fully familiar with the facts as hereinafter set forth.

2. I make this Certification in Opposition to Plaintiff's Motion for Relief from the Court's October 25, 2021 Letter Order pursuant to Fed. R. Civ. Proc. 60(b)(6).

3. Plaintiff filed a Complaint alleging negligence on behalf of the New Jersey Department of Corrections and its employees on August 19, 2019. A true and accurate copy of the Complaint is annexed hereto as Exhibit A.

4. The Complaint alleges that Plaintiff fell from a top bunk October 1, 2017 while incarcerated at Northern State Prison, thereby injuring himself. See Exhibit A.

5. Plaintiff's Complaint does not contain any allegations against Rutgers University, University Correctional Health Care or Latifa Fedai, APN.  See Exhibit A.

6. The claims in the Complaint are all directed towards the NJ Department of Corrections personnel. See Exhibit A.

7. Prior to filing the Complaint on August 19, 2019, Plaintiff served a Notice of Claim on the New Jersey Department of Corrections dated December 19, 2017. A true and accurate copy of the Notice of Claim dated December 19, 2017 is annexed hereto as Exhibit B.

8. Plaintiff's December 19, 2017 Notice of Claim does not mention Rutgers University, University Correctional Health Care or Latifa Fedai, APN.  See Exhibit B.

9. Plaintiff's December 19, 2017 Notice of Claim was never served on Rutgers University, University Correctional Health Care or Latifa Fedai, APN.

10. Plaintiff's Complaint was never served on Rutgers University, University Correctional Health Care or Latifa Fedai, APN.

11. Plaintiff has never served a Notice of Claim on Rutgers University, University Correctional Health Care or Latifa Fedai, APN relating to Plaintiff's claim that he fell out of an upper bunk and injured himself on October 1, 2017.

12. The proposed Complaint that was submitted with the Motion to Amend filed on August 23, 2020 alleged medical negligence committed in July 2020 relating to Plaintiff's kidney condition. A true and accurate copy of the proposed Amended Complaint filed August 23, 2020 is annexed hereto as Exhibit C.

13. After opposition was filed by Defendant UCHC to said Motion, Plaintiff decided to voluntarily withdraw same.

14. As a result, the court entered the October 2, 2020 Order terminating Plaintiff's Motion to Amend without prejudice. (ECF 31).

15. Thereafter, Plaintiff decided that he would attempt to assert medical negligence claims against UCHC and Latifa Fedai, APN in connection with the injuries he sustained from a fall out of his top bunk in his jail cell in October 2017.

16. Pursuant to a discussion that was had during a status conference with the court, on or about December 9, 2017 Plaintiff circulated a proposed Amended Complaint containing allegations of medical negligence against UCHC and Latifa Fedai, APN in connection with the injuries Plaintiff sustained when he fell from his bunk in October 2017. A true and accurate copy of the proposed Amended Complaint dated December 9, 2020 is annexed hereto as Exhibit D.

17. By letter dated December 18, 2020, this office advising Plaintiff that the purported Defendants objected to the proposed Amended Complaint dated December 9, 2020. A true and accurate copy of the December 18, 2020 letter is annexed hereto as Exhibit E.

18. It was not until May 26, 2020 that Plaintiff filed a Motion seeking to Amend the Complaint to add UCHC and APN Fedai as defendants in this matter (ECF 44) relating to Plaintiff's fall from his bunk in October 2017. A true and accurate copy of the proposed Amended Complaint dated May 26, 2021 is annexed hereto as Exhibit F.

19. On October 25, 2021, the Court issued a Letter Order denying Plaintiff's Motion. A true and accurate copy of the October 25, 2021 Letter Order is annexed hereto as Exhibit G.

20. There is nothing presented in Plaintiff's current Motion that is new or was not before the court when the Court denied Plaintiff's Motion to Amend in October 2021.

21. Since Plaintiff's Motion offers no basis that the Court's decision as set forth in the October 25, 2021 Letter Order was unjust, Plaintiff's Motion for Relief from said Letter Order pursuant to Fed. R. Civ. Proc. 60(b)(6) should be denied.

I hereby certify that the foregoing statements made by me are true. I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

By:   /s/ Thomas J. Pyle, Jr.
        THOMAS J. PYLE, JR.

Dated: March 7, 2022