# EXHIBIT A

THE UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| EDWIN POLYNICE, | |
| Plaintiff | |
| v. | Civil Action No.: |
| NEW JERSEY DEPARTMENT OF CORRECTIONS, NORTHERN STATE PRISON, ADMINSITRATOR GEORGE ROBINSON, SERGEANT GIBSON (individually), and S.C.O. JOHN DOE (individually), JOHN DOES 1-10 AND ABC ENTITIES A-Z | CIVIL ACTION<br><br>**COMPLAINT AND JURY DEMAND** |
| Defendant | |

**NOW COMES**, Plaintiff, by and through the undersigned Counsel, and hereby bring this action against the Defendants as follows:

## INTRODUCTORY STATEMENT

1. This is a civil rights action brought pursuant to the State of New Jersey tort laws, the United States Constitution and 42 U.S.C. § 1983 seeking damages against Defendants for committing acts under color of law that deprived Plaintiff, Edwin Polynice, of his rights secured to him by the Constitution and laws of the United States of America.

2. In particular on October 11, 2017, Defendants violated the rights of Edwin Polynice by failing to keep him in a safe and secure environment where he could be kept free from

1

        injury and harm, by failing to respect and abide by medical professionals, and by failing to adhere to adequately mandated medical regulations and custodial attention, in violation of the Eighth and Fourteenth Amendments to the United States Constitution.

3. In addition, this action is brought by Plaintiff against Defendants under the Laws of New Jersey that relate to Prisoner rights to be kept in a safe and secure environment where he could be kept free from injury, harm, and death, by failing to provide him with adequate medical care and custodial attention, and by demonstrating deliberate indifference to Edwin Polynice's necessary medical accommodations.

## JURISDICTION AND VENUE

4. Plaintiff's case arises under the Constitution and laws of the United States, specifically, the Eighth and Fourteenth Amendments to the United States Constitution.

5. Plaintiff's suit is authorized by 42 U.S.C. § 1983 (allowing suit to correct constitutional violations) and 42 U.S.C. § 1988 (providing for attorney fees and litigation expense-awards).

6. This Court has jurisdiction over Plaintiff's federal constitutional claims under 28 U.S.C. § 1331 and 28 U.S.C. § 1343(3).

7. This case also arises under the law of the State of New Jersey that deal with Prisoners' Rights to be kept in a safe and secure environment free from injury, harm and death, and to receive adequate medical care and custodial attention.

8. This Court has pendant jurisdiction over Plaintiff's state law claims under 28 U.S.C. §1367.

9. Venue is proper under 28 U.S.C. § 1391 in that the incident took place in the County of Essex, State of New Jersey, and upon information and belief, the Defendants are employed in or around the County of Essex, State of New Jersey.

## PARTIES

10. Plaintiff, Edwin Polynice, brings this action on behalf of himself and in his own right.

11. Defendant, New Jersey Department of Corrections, located in the County of Essex, is a county in the state of New Jersey and owns, operates, manages, directs and controls the New Jersey Department of Corrections. The Northern State Prison division of the New Jersey Department of Corrections is located at 168 Frontage Rd, Newark, NJ 07114 (referred at times herein as the "Northern State Prison").

12. Defendants, at all times material hereto, were the Administrators of the Northern State Prison, located at 168 Frontage Rd, Newark, NJ 07114. To the extent the Court deems appropriate, Administrators of the Northern State Prison for the New Jersey Department of Corrections and Defendants that were active participants in the events leading to Plaintiff's injuries, such as S.C.O. John Doe, should be held liable in their individual capacity.

13. Defendant, Northern State Prison, is a law enforcement entity in the state of New Jersey which operates, manages, directs and controls the Northern State Prison facility within the County of Essex.

14. Defendant, New Jersey Department of Corrections, is a law enforcement entity in the state of New Jersey which operates, manages, directs and controls the Northern State Prison facility within the County of Essex.

15. Defendant, S.C.O. John Doe was at all times material hereto, employed by the Northern State Prison located at 168 Frontage Rd, Newark, NJ 07114. Defendant, S.C.O. John Doe is sued in his individual capacity.

16. Defendant, Sergeant Gibson, was at all times material hereto, employed by the Northern State Prison located at 168 Frontage Rd, Newark, NJ 07114. Defendant, Sergeant Gibson is sued in his individual capacity.

17. The Health Services Unit for the Department of Corrections for the State of New Jersey, with corporate offices located at 168 Frontage Rd, Newark, NJ 07114, was contractually engaged with the Northern State Prison and the New Jersey Department of Corrections to provide health care services for inmates at the Northern State Prison.

18. At all times relevant hereto, Defendant, John Doe Personnel and/or Corrections Officers and/or Administrators, may contain fictitious names representing unnamed corrections officers and/or other individuals, employed with the Northern State Prison facility located at 168 Frontage Rd, Newark, NJ 07114, who were acting under the supervision of the New Jersey Department of Corrections, the Northern State Prison and Administrators of both agencies. These Defendants are sued in their individual capacities.

19. All Defendants, for one or more entities, which were contracted to provide medical and/or psychiatric services, counseling, security and custodial care to inmates under the custody of the New Jersey Department of Corrections.

## FACTUAL ALLEGATIONS

20. Plaintiff, Edwin Polynice, was incarcerated at the Detention Unit of Northern State Prison on or about September 30, 2017.

21. At said date, S.C.O. John Doe instructed Plaintiff, Edwin Polynice, to move into cell 104, on the *top* bunk.

22. Plaintiff, Edwin Polynice, expressed to S.C.O. John Doe that due to mandated medical restrictions and persistent medical issues, he was only permitted to be placed on the bottom bunk. Mr. Polynice further advised that his mandatory medical accommodation was for the remainder of his incarceration.

23. Following his explanation, Mr. Polynice was ordered to utilize the top bunk, and S.C.O. John Doe reiterated that this order came from Sergeant Gibson.

24. Given the gentlemen listed in ranking order, Plaintiff, Edwin Polynice was compelled to comply with said order.

25. On or about, October 1, 2017, at approximately 12:35 p.m., while attempting to dismount from the top bunk, to take his daily shower, Plaintiff, Edwin Polynice, became extremely dizzy and fell.

26. During this fall, Plaintiff, Edwin Polynice, attempted to step down on the stool, but slipped. He fell, striking his head on the toilet and his leg against the stool.

27. Post-fall, Mr. Polynice sustained severe injuries leading to thirteen stitches and five staples.

28. Mr. Polynice also suffered from a dislocated right shoulder, severe neck pain, and bruising on his legs.

29. Plaintiff, Edwin Polynice, required an extended stay in the prison infirmary for ten days due to these injuries.

30. Throughout his time in the infirmary, he experienced debilitating headaches with the pain extending throughout his entire head, chronic pain in his facial area, ongoing dizziness, and a bruised leg.

31. Additionally, Plaintiff, Edwin Polynice, continues to experience neck pain and lower back from, stemming from this incident, requiring ongoing physical therapy to treat his neck and his back.

32. Upon information and belief, Defendants and representatives and/or employees of Defendant New Jersey Department of Corrections at all times material hereto, failed to properly evaluate Mr. Polynice's medical needs and restrictions, while simultaneously ignoring previously mandated medical advice.

33. Furthermore, Mr. Polynice was ordered to be exposed to harmful and hazardous conditions. Therefore, they failed to do their duty to maintain a safe and suitable environment, keeping Mr. Polynice safe from injury and harm.

34. In the events described above, Defendants acted contrary to law, and intentionally, willfully, wantonly, and unreasonably deprived Mr. Polynice of his right and privileges secured by the Eighth and Fourteenth Amendments to the United States Constitution and 42 U.S.C. § 1983.

35. The failures of Defendants to properly protect and carry out medical instructions for Mr. Polynice's imminent risk for a head, neck, and back injuries demonstrated a deliberate indifference to and a conscious disregard for medical needs and requirements and the overall safety of Mr. Polynice.

36. In the events described above, Defendants acted contrary to law, and intentionally, willfully, wantonly, and unreasonably deprived Mr. Polynice of his right and privileges secured by the United States Constitution and 42 U.S.C. § 1983.

37. The failures of Defendants to properly adhere to Mr. Polynice's medically mandated restrictions, demonstrated a deliberate indifference to and a conscious disregard for the medical requirements and the overall safety of Mr. Polynice.

### FIRST CLAIM FOR RELIEF
### FEDERAL CONSTITUTIONAL VIOLATIONS BY ALL DEFENDANTS

38. The allegations set forth in the preceding paragraphs are incorporated by reference as if fully set forth herein.

39. Defendant, Northern State Prison, by and through their Administrator George Robinson and other policymakers, developed policies, procedures and/or customs which caused the deprivation of Plaintiff, Edwin Polynice's constitutional rights.

40. Said policies were inherently deficient, or inappropriate as formulated, as to the adherence of mandated medical care provided to an inmate that presented with documented medical issues.

41. Defendant Northern State Prison, by and through Defendant Administrator George Robinson and other policymakers, negligently, recklessly, and/or intentionally:

7

a. failed to properly train and supervise Defendant Sergeant Gibson and Defendant S.C.O. John Doe with regard to adequately assessing, monitoring and providing necessary and reasonable accommodations for inmates with medical issues, including but not limited to inmates with documented medical restrictions and;

b. failed to properly train and supervise Defendant Sergeant Gibson and Defendant S.C.O. John Doe, or other prison staff to maintain a safe and suitable environment, and to keep inmates safe from injury or serious harm;

c. maintained policies, procedures and/or customs that were deliberately indifferent to the constitutional rights of inmates to be adequately screened for medical issues, to provide necessary and reasonable accommodations for inmates with medical issues; and to be kept safe from injury or serious harm;

d. failed to enforce the contractual obligations of the Health Services Unit for the Department of Corrections for the State of New Jersey, to monitor and treat inmates with medical issues, including but not limited to inmates with documented medical restrictions;

e. with full knowledge, allowed institutional policies and procedures regarding intake, medical screening, custodial watch and medical treatment to be ignored and violated with reckless abandon; and

f. failed to provide adequate and needed health care for inmates at the Detention Unit of the Northern State Prison.

42. The actions and/or failures to act by Defendant, Northern State Prison, Defendant Administrator George Robinson, Defendant Sergeant Gibson and Defendant S.C.O.,

as illustrated above, amounted to a deliberate indifference of Mr. Polynice's constitutional rights and proximately caused his injuries.

43. The violation of Mr. Polynice's rights under the United States Constitution was the proximate cause of damages to Plaintiff, thereby entitling Plaintiff to compensatory damages from Defendants, Northern State Prison and Defendant Administrator George Robinson, Defendant Sergeant Gibson and Defendant S.C.O., in an amount exceeding $1,000,000.00.

**WHEREFORE**, the Plaintiff demands judgment against the Defendants, and each of them, for compensatory and punitive damages, counsel fees, and all costs of suit.

## SECOND CLAIM FOR RELIEF
## LIABILITY OF DEFENDANTS NEW JERSEY DEPARTMENT OF CORRECTIONS, NORTHERN STATE PRISON, ADMINISTRATORS GEORGE ROBINSON, SERGEANT GIBSON, AND S.C.O. JOHN DOE FOR FEDERAL CONSTITUTIONAL VIOLATIONS

44. The allegations set forth in the proceeding paragraphs are incorporated by reference as if fully set forth herein.

45. At all times relevant hereto, Defendants were acting under color of state law as employees or agents of the Northern State Prison and/or Health Services Unit of New Jersey, and/or if not employees or agents, by direction of and under the supervision and control of New Jersey Department of Corrections, the Detention Unit of Northern State Prison and/or Health Services Unit of New Jersey.

46. The actions of Defendants as set forth above violated the late Mr. Polynice's rights under the Eighth and Fourteenth Amendments of the United States Constitution to be incarcerated in a safe and suitable environment, and to be safe from injury and harm while incarcerated at the Detention Unit of Northern State Prison.

9

47. The violations of Mr. Polynice's rights under the United States Constitution was the severe and continuous injuries to Edwin Polynice, thereby entitling Plaintiff to compensatory damages from Defendants in their individual capacities.

48. The actions of Defendants in their individual capacities were intentional, malicious, willful, wanton, and/or in reckless disregard of Plaintiff's federally protected rights, therefore entitling Plaintiff to an award of punitive damages.

49. Plaintiff is entitled to recover damages against Defendants the individual capacity in an amount greater than $1,000,000.00.

50. Plaintiff is entitled to recover reasonable attorney's fees and the costs and expenses of this action.

**WHEREFORE**, the Plaintiff demands judgment against the Defendants, and each of them, for compensatory and punitive damages, counsel fees, and all costs of suit.

### THIRD CLAIM FOR RELIEF
### SUPERVISORY LIABILITY OF DEFENDANTS
### ADMINISTRATOR GEORGE ROBINSON, AND
### SERGEANT GIBSON UNDER 42 U.S.C. § 1983

51. The allegations set forth in the preceding paragraphs are incorporated by reference as is fully set forth herein.

52. At all times relevant hereto, Defendant Administrator George Robinson, and Defendant Sergeant Gibson served as Administrators of the Northern State Prison, in Newark, New Jersey.

53. Plaintiffs are informed, believe and therefore allege that on October 1, 2017, Defendant Administrator George Robinson, and Defendant Sergeant Gibson were aware of, should have been aware of, and/or had actual knowledge of the pattern and culture of unconstitutional behavior and indifference, including failure to properly

screen inmates for medical injuries, or other mental health problems, failure to adequately monitor and guard inmates, failure to have inmates properly treated medically, failure to have inmates provided necessary and reasonable medical accommodations, and failure to protect inmates from injury or harm whether self-inflicted or by other inmates, staff, employees and/or corrections officers at the Northern State Prison.

54. As such, Defendant Administrator George Robinson, and Defendant Sergeant Gibson not only directed, encouraged, tolerated, acquiesced to this behavior, but were deliberately indifferent to the likelihood that their staff, employees and/or corrections officers would fail to properly screen inmates for medical issues, fail to adequately monitor inmates, fail to have inmates provided necessary and reasonable medical accommodations, fail to treat inmates medically and fail to protect inmates from injury or harm at the Northern State Prison.

55. The deliberate indifference of Defendant Administrator George Robinson, and Defendant Sergeant Gibson as to the need for training and supervision of their staff, employees and/or detention officers was a proximate cause of the constitutional violations suffered by the Plaintiff, Edwin Polynice.

56. The violation of Mr. Polynice's rights under the United States Constitution was a proximate cause of damages and harm to Plaintiff, thereby entitling Plaintiff to compensatory damages from Defendant Administrator George Robinson, and Defendant Sergeant Gibson in an amount exceeding $1,000,000.00.

**WHEREFORE**, the Plaintiff demands judgment against Defendant Administrator George Robinson, and Defendant Sergeant Gibson for compensatory and punitive damages, counsel fees and all costs of suit.

### FOURTH CLAIM FOR RELIEF
### VIOLATION OF CIVIL RIGHTS BY DEFENDANTS
### NEW JERSEY DEPARTMENT OF CORRECTIONS, NORTHERN STATE PRISON, ADMINISTRATOR GEORGE ROBINSON, SERGEANT GIBSON, AND S.C.O. JOHN DOE

57. The allegations set forth in the preceding paragraphs are incorporated by reference as if fully set forth herein.

58. The Defendants were acting under color of law when they failed to properly provide medical accommodations for Plaintiff, Edwin Polynice, for medical issues, failed to adequately monitor Mr. Polynice while incarcerated at the Northern State Prison, and failed to protect Mr. Polynice from injury and harm.

59. The Defendants failed to adequately train or otherwise have and maintain or enforce effective policies regarding the screening and care of inmates with medical restrictions, the adequate monitoring of inmates, and the protection of inmates from injury or harm.

60. The Defendants, New Jersey Department of Corrections, Northern State Prison, Administrator George Robinson, Sergeant Gibson and S.C.O. John Doe were deliberately indifferent to the likelihood that Northern State Prison's staff, employees and/or Detention Officers, would fail to properly screen inmates for medical issues, fail to adequately monitor inmates, fail to properly provide necessary medical accommodations, and fail to protect inmates from injury or harm at the Detention Unit of Northern State Prison.

**WHEREFORE**, Plaintiff brings this cause of action and demands judgment against Defendants for compensatory and punitive damages, counsel fees and all costs of suit.

### FIFTH CLAIM FOR RELIEF
### NEGLIGENCE
### DEFENDANTS NEW JERSEY DEPARTMENT OF CORRECTIONS, NORTHERN STATE PRISON, ADMINISTRATORS GEORGE ROBINSON, SERGEANT GIBSON, AND S.C.O. JOHN DOE

61. The allegations set forth in the preceding paragraphs are incorporated by reference as if fully set forth herein.

62. Defendants owed a duty of reasonable care to Plaintiff, Edwin Polynice, and to others at the Northern State Prison, to properly screen inmates for medical issues, to properly and adequately monitor inmates, to treat inmates medically when indicated, to provide medical accommodations when necessary, and to protect inmates from injury or harm at the Northern State Prison.

63. The Defendants failed to use the requisite standard of care pursuant to sound policies and procedures and/or knowingly violated established policies and procedures with reckless abandon.

64. The actions and/or failures to act by the Defendants amounted to a breach of said duty of care to Mr. Polynice.

65. As a direct and proximate result of Defendants' negligence, Mr. Polynice was seriously injured while in the custody of the Northern State Prison on October 1, 2017.

66. Plaintiff is entitled to an award of compensatory damages against the above-referenced Defendants in an amount which exceeds $1,000,000.00.

**WHEREFORE**, the Plaintiff demands judgment against the Defendants for damages, counsel fees and all costs of suit.

## JURY DEMAND

The Plaintiff hereby demands trial by jury.

OPTIMUM LAW GROUP, P.C.

Dated: August 16, 2019

BY: *Joseph D. Lento*
Joseph D. Lento, Esquire
3000 Atrium Way, Suite 200
Mount Laurel, NJ 08054
(T) 856-652-2000
(F) 856-375-1010
(E) jdlento@optimumlawgroup.com

OPTIMUM LAW GROUP, P.C.

Dated: August 16, 2019

BY: /s/ Lisa J. Pietras
Lisa J. Pietras, Esquire
3000 Atrium Way, Suite 200
Mount Laurel, NJ 08054
(T) 856-652-2000
(F) 856-375-1010
(E) ljpietras@optimumlawgroup.com