# EXHIBIT E

# MacNeill, O'Neill & Riveles, LLC

COUNSELLORS AT LAW

JAY SCOTT MacNEILL †
LAUREN KOPFLER O'NEILL † •
GARY L. RIVELES †
THOMAS J. PYLE, JR. ∗
ROBERT E. SPITZER ⁎
PATRICIA M. WASON ▫

ETHAN LILLIANTHAL ⁎
ANELIA DIKOVYTSKA BROWN •
ANTHONY A. DOSS

240 CEDAR KNOLLS ROAD – SUITE 104
CEDAR KNOLLS, NEW JERSEY 07927

(973) 409-6600
FAX (862) 260-9313

www.morlawnj.com

† CERTIFIED CIVIL TRIAL ATTORNEY
∗ NJ AND NY BAR
▫ NJ, NY AND OH BAR
• NJ, NY AND MA BAR

December 18, 2020

**VIA E-MAIL (poreda@newjerseylawyer.org)**

Michael Poreda, Esq.
Wronko Loewen Benucci
69 Grove Street
Somerville, NJ 08876

      **RE:** **Polynice v. University Correctional Health Care, et. al.**
           **Docket No.: 2:19-cv-16875-MCA-LDW**
           **MOR File No. 9028.05267**

Dear Mr. Poreda:

    This firm represents University Correctional Health Care ("UCHC") and its employees in connection with the above-referenced matter. I write regarding Plaintiff's proposed Amended Complaint that was forwarded to this office on December 9, 2020. For the reasons set forth below, University Correctional Health Care cannot consent to the filing of the proposed Amended Complaint.

    Initially, it is noted that the alleged medical negligence in the proposed Amended Complaint occurred on or about October 2017 (or as early as January 2017). Therefore, any claims would be barred by the applicable Statute of Limitations, N.J.S.A. 2A:14-2. Secondly, Plaintiff's failure to comply with provisions of the New Jersey Tort Claims Act, N.J.S.A. 59:1-1 et seq. would result in the claims against the UCHC and the medical defendants being dismissed. Specifically, Plaintiff has failed to comply with the Tort Claims Act's Notice of Claim provision, N.J.S.A. 59:8-8, which requires that Notice be provided within 90 days of accrual of the cause of action. In this case, Plaintiff never served a Notice of Claim relating to any allegation of medical malpractice that

December 18, 2020

is set forth in the proposed Amended Complaint. My review of the December 19, 2017 Notice of Claim reveals that no allegations of medical malpractice were ever made, and no medical care personnel or entities are identified therein. Specifically, neither UCHC, Latifa Fedal, APN nor Sandra Connolly, M.D. are mentioned or even alluded to in the December 19, 2017 Notice of Claim. Moreover, the December 19, 2017 Notice of Claim was never served on the purported medical defendants identified in the current proposed Amended Complaint. Thirdly, Plaintiff failed to seek leave to file a late Notice Claim as required under N.J.S.A. 59:8-9. The time to do so has expired. Fourth, Plaintiff is barred from recovery against the medical defendants as more than 2 years have elapsed since the accrual of the cause of action as per N.J.S.A. 59:8-8(b). Thus, for these reasons, Plaintiff's claims against UCHC and/or it's' employees are futile as they would be dismissed for failure to comply with the New Jersey Tort Claims Act.

In addition, the proposed Amended Complaint seeks punitive damages from UCHC in connection with this case. Pursuant to N.J.S.A. 59:9-2(c), punitive damages are not recoverable against a public entity. Since UCHC is a public entity, punitive damages are not recoverable against my client. Also, paragraphs 44-46 and 66-69 of the proposed Amended Complaint are allegations that were asserted in Plaintiff's prior Motion to file an Amended Complaint, which Plaintiff agreed to withdraw and the court administratively terminated. These allegations are not related to the fall in 2017, and arises out of care and treatment rendered in 2020. Thus, as previously mentioned, UCHC objects to the inclusion of these allegations as six months have not expired since Plaintiff filed a Notice of Claim on August 19, 2020 as required by N.J.S.A. 59:8-8.

For the foregoing reasons, UCHC cannot and does not consent to the filing of the proposed Amended Complaint. Please provide me with a copy of any correspondence to the court on this issue or any Motion to File an Amended Complaint that you file. UCHC reserves the right to raise

December 18, 2020

additional defenses and objections in opposition to any Motion seeking leave to file an Amended Complaint.

  Please do not hesitate to contact me should you have any questions or wish to discuss.

      Very truly yours,

      MACNEILL, O'NEILL & RIVELES, LLC

      /s/ *Thomas J. Pyle, Jr.*

      Thomas J. Pyle, Jr.

TJP/tjp
cc: Chanell Branch, DAG (via email)