**EXHIBIT G**

# UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

Chambers of
**Leda Dunn Wettre**
United States Magistrate Judge

Martin Luther King Federal Building
& U.S. Courthouse
50 Walnut Street
Newark, NJ 07101
(973) 645-3574

October 25, 2021

To:   All counsel of record

### LETTER ORDER

Re:   *Polynice v. New Jersey Department of Corrections, et al.*
Civ. A. No. 19-16875 (MCA) (LDW)

Dear Counsel:

This letter order addresses plaintiff Edwin Polynice's Motion for Leave to File an Amended Complaint. (ECF No. 44). Defendant George O. Robinson, as well as proposed defendants New Jersey Department of Corrections ("NJDOC") and University Correctional Health Care ("UCHC"), oppose the motion. (ECF Nos. 46, 54).

Plaintiff alleges that while incarcerated at Northern State Prison, he was directed to use a top bunk despite medical restrictions necessitating that he have a bottom bunk. (Compl. ¶¶ 21-23, ECF No. 1). Plaintiff contends that he fell from the top bunk on October 1, 2017, sustaining severe injuries. (*Id.* ¶¶ 25-31). Plaintiff filed the initial complaint on August 19, 2019, asserting civil rights claims pursuant to 42 U.S.C. § 1983 and negligence claims pursuant to the New Jersey Tort Claims Act ("NJTCA") against the NJDOC, Northern State Prison, Administrator George Robinson, and Sergeant Gibson.[1]

Defendants NJDOC, Northern State Prison, and Robinson were successfully served with the summons and complaint, (ECF Nos. 3, 4, 5), and they moved to dismiss the complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. (ECF No. 9). In an Opinion and Order dated May 28, 2020, the Honorable Madeline Cox Arleo, U.S.D.J. dismissed all claims in the complaint except a § 1983 supervisory liability claim against Administrator George Robinson in his personal capacity premised on policymaking and failure to train and/or supervise. (ECF Nos. 14, 15). Defendant Robinson answered the remaining claim on June 23, 2020. (ECF No. 16).

Plaintiff's current counsel did not draft the initial complaint, but he substituted into the case on March 6, 2020, prior to Judge Arleo's decision on defendants' Motion to Dismiss. (ECF No.

---

[1] Sergeant Gibson has not appeared in this action, and plaintiff has been on notice since June 23, 2020 at the latest that "Defendant Sergeant Gibson is not identified as ever being an employee of Northern State Prison." (Answer ¶ 55, ECF No. 16).

13). He also participated in the Rule 16 initial scheduling conference before the undersigned on August 13, 2020, at which the Court set a schedule for discovery on the sole remaining claim in the case. Ten days after the Rule 16 conference, plaintiff timely filed a Motion to Amend the complaint. (ECF No. 22). Plaintiff's proposed Amended Complaint would have significantly expanded the lawsuit by: (1) pleading a § 1983 claim for deliberate indifference to medical needs against Robinson and Gibson; (2) repleading negligence claims under the NJTCA against the NJDOC, Robinson, and Gibson; (3) asserting new federal and state law claims for failure to accommodate a disability against the NJDOC, Robinson, and Gibson; (4) asserting a negligent supervision claim against NJDOC; (5) adding University Correctional Health Care ("UCHC") and Dr. Sherita Latimore-Collier as defendants and asserting a negligence claim related to plaintiff's alleged kidney failure (an injury unrelated to those plaintiff allegedly sustained in the fall from the top bunk); and (6) asserting § 1983 claims against UCHC and Latimore-Collier and a negligence claim against UCHC on behalf of a class of inmates who received allegedly deficient medical care while incarcerated in NJDOC facilities. (*Id.*). However, after reviewing UCHC's opposition to the Motion to Amend and pursuing settlement negotiations, plaintiff's counsel subsequently informed the Court at an October 2, 2020 telephone conference that he did not intend to pursue some or all of the claims asserted in the proposed Amended Complaint and consented to termination of the Motion to Amend without prejudice. (ECF No. 31).

The parties then proceeded with fact discovery on the sole active claim in the case. The Court held telephonic status conferences with the parties on November 24, 2020, January 20, 2021, and May 3, 2021 and inquired during each of these calls whether plaintiff intended to file an Amended Complaint. Yet plaintiff did not file the instant Motion to Amend until May 26, 2021 – nearly two years after the lawsuit was commenced, one year after Judge Arleo dismissed the majority of plaintiff's claims, and after the parties had substantially completed fact discovery on the only claim in the case.[2] (ECF No. 44). This time, plaintiff proposes to add UCHC and Nurse Practitioner Latifa Fedai as defendants, name Raymond Reyes and Ryan Molloy in place of S.C.O. Officer John Doe, name Sergeant Christopher Gibbons in place of the improperly identified defendant Gibson, add § 1983 deliberate indifference to medical needs claims against Robinson, Gibbons, Molloy, Reyes, and Fedai, assert NJTCA negligence claims and federal and state failure to accommodate a disability claims against "all DOC defendants," and assert a negligent training and supervision claim against NJDOC. (Proposed Am. Compl., ECF No. 44-2). These latest revisions, by counsel's own admission, are "very extensive." (Poreda Cert. ¶ 11, ECF No. 44-1). Proposed defendant UCHC opposes the amendment as untimely and futile. (ECF No. 46). The Office of the Attorney General filed a "Motion to Dismiss Three Counts of Plaintiff's Complaint," presumably on behalf of defendant Robinson and former/prospective defendant NJDOC, which the Court construes as an opposition to the Motion to Amend based on futility. (ECF No. 54).

The decision whether to allow amendment rests within the "sound discretion" of the Court. *Cureton v. Nat'l Collegiate Athletic Ass'n*, 252 F.3d 267, 272 (3d Cir. 2001). Although Rule

---

[2] At a July 8, 2021 telephone conference before the undersigned, before the Motion to Amend was fully briefed, counsel informed the Court that plaintiff had completed fact discovery, although it is unclear whether defendant has done so. No party has expressed an intent to utilize experts in this case, and the Office of the Attorney General has requested a schedule for filing a dispositive motion. (ECF No. 55).

15(a)(2) of the Federal Rules of Civil Procedure provides that a court should "freely give leave [to amend] when justice so requires," the Court may deny leave to amend where there is "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment [or] futility of the amendment." *Foman v. Davis*, 371 U.S. 178, 182 (1962). "Delay becomes 'undue,' and thereby creates grounds for the district court to refuse leave, when it places an unwarranted burden on the court or when the plaintiff has had previous opportunities to amend." *Bjorgung v. Whitetail Resort, LP*, 550 F.3d 263, 266 (3d Cir. 2008). In considering whether plaintiff's delay in seeking to amend the complaint is undue, the Court "focus[es] on the movant's reasons for not amending sooner . . . and balance[s] these reasons against the burden of delay on the District Court." *Id.* (quotation omitted). *See Harrison Beverage Co. v. Dribeck Importers, Inc.*, 133 F.R.D. 463, 468 (D.N.J. 1990) (noting that "the movant must demonstrate that its delay in seeking to amend is satisfactorily explained") (quotation omitted)).[3]

Plaintiff attributes the delay in formally seeking to amend the complaint to the "lack of transparency about healthcare within the Department of Corrections" and "almost a year" of informal negotiations with UCHC regarding the "merits of the amendment." (Pl. Reply Br. at 10-11, ECF No. 50). The Court understands that plaintiff devoted a significant amount of time to determining how to proceed against proposed defendant UCHC and whether to pursue claims related to plaintiff's alleged kidney failure in this action or in a separate case, as well as to attempting settlement negotiations to avoid motion practice. But this does not explain why plaintiff waited until fact discovery was complete or nearly complete to formally assert the bulk of the claims in the proposed Amended Complaint, which relate to plaintiff's fall from the top bunk and involve defendants beyond UCHC. Importantly, all of the claims that are the subject of the instant motion are substantially the same as the claims plaintiff sought leave to assert in the August 23, 2020 Motion to Amend and then seemingly abandoned by agreeing to terminate the motion and proceeding to complete discovery on a single § 1983 claim against defendant Robinson. Plaintiff had an opportunity to reshape this action early on by filing an Amended Complaint alleging deliberate indifference to medical needs, negligence, failure to accommodate a disability, and negligent training and supervision more than a year ago, but he ultimately decided not to seek amendment at that time and has in no way accounted for the delay in seeking leave to reassert the exact claims he previously declined to pursue.

---

[3] This motion was filed prior to the expiration of the deadline for any request for leave to file an amended pleading set in the Court's May 3, 2021 Amended Scheduling Order. (ECF No. 43). However, as the Court warned plaintiff during the May 3, 2021 telephonic status conference, it does not consider timeliness under a scheduling order to be dispositive of the question of undue delay. *Ford Motor Co. v. Edgewood Props., Inc.*, Civ. A. No. 06-1278, 2011 WL 1321605, at *4 (D.N.J. Apr. 4, 2011) ("[F]iling a motion to amend within the time allowed in an applicable scheduling order does not necessarily mean the motion is not unduly delayed; it simply means that the party does not need to meet Rule 16's higher, 'good cause' standard.").

3

Additionally, the Court notes that plaintiff's "very extensive" amendments would exponentially expand the scope of an action that is otherwise proceeding to briefing of dispositive motions. The filing of the Amended Complaint at this late stage would require service of process on five additional defendants, many of whom would have to request representation from the Office of the Attorney General or secure private counsel, and all of whom would, if the opposition to the Motion to Amend is any indication, likely move to dismiss the Amended Complaint. The new defendants would then be entitled to take discovery on any surviving claims. Thus, allowing plaintiff to amend at this late stage would further delay resolution of a case that has been pending for over two years and subject the Court to further motion practice. *See Bjorgung*, 550 F.3d at 267 (affirming denial of leave to amend where delay in filing proposed amended complaint could "send the court through a substantial period of additional discovery and motions"). In light of the burden such amendment would impose on the Court, and the lack of an adequate explanation for plaintiff's late-breaking decision to officially pursue multiple new claims against five new defendants, the Court finds the proposed Amended Complaint to be the product of undue delay. Having so determined, the Court need not consider whether the proposed amendments would be futile.

Accordingly, plaintiff's Motion to Amend is **DENIED**. The Clerk of Court is directed to terminate the motion at ECF No. 44. The parties are directed to submit a letter proposing a schedule for any remaining discovery and briefing of dispositive motions no later than **November 8, 2021**. It is **SO ORDERED**.

                                                    *s/ Leda Dunn Wettre*
                                                    Hon. Leda Dunn Wettre
                                                    United States Magistrate Judge

Orig:   Clerk
cc:     Hon. Madeline Cox Arleo, U.S.D.J.