*State of New Jersey*

PHILIP D. MURPHY
*Governor*

SHEILA Y. OLIVER
*Lt. Governor*

OFFICE OF THE ATTORNEY GENERAL
DEPARTMENT OF LAW AND PUBLIC SAFETY
DIVISION OF LAW
25 MARKET STREET
PO BOX
TRENTON, NJ 08625-0

MATTHEW J. PLATKIN
*Acting Attorney General*

MICHELLE L. MILLER
*Director*

March 8, 2022

<u>via CM/ECF</u>
Honorable Leda D. Wettre, U.S.M.J.
Martin Luther King Building & U.S. Courthouse
50 Walnut Street, Room 405
Newark, NJ 07102

      Re:    Polynice v. New Jersey Department of Corrections, et. al
                **Opposition to Plaintiff's Motion, ECF No. 63**

Dear Judge Wettre:

      I represent the defendant, George Robinson, in the above-referenced action. Please accept this letter as Defendant's Opposition to Plaintiff's Motion, ECF No. 63.

**<u>Argument</u>**

      By way of his motion, ECF No. 63, Plaintiff seeks relief from the Court's October 25, 2021 denying his May 2021 motion to amend pursuant to Federal Rule of Civil Procedure 60. Rule 60 (b) provides six clauses or bases wherein a party can retain relief from a Judgment or Order. The clauses include 60(b)(1) mistake, inadvertence, surprise, or excusable neglect; 60(b)(2) newly discovered evidence; 60(b)(3) fraud; 60(b)(4) a void judgment; 60(b)(5) satisfied, reversed or vacated judgment; and 60((b)(6) any other reason that justifies relief. The (b) (6) clause and the preceding (b) (1) to (b) (5) clauses are mutually exclusive, and a motion brought under clause (b) (6) must be for some reason other than the five reasons preceding. <u>See</u> <u>Naglieri v. Trabattoni</u>, 14. N.J. Super, 54, 57 (1951). To prevail under Rule 60 (b) (6), there must be a showing of "'a strong

case of extreme hardship or injustice' depriving [Plaintiff'] the opportunity to defend the case." Id.  At present, it is unclear from Counsel's certificate which clause he is seeking relief as it is not clearly stated or defined.  As such, Defendant, George Robinson, will assume that Counsel is seeking relief under Rule 60 (b) (6).  Notwithstanding, Plaintiff's motion should be denied as Counsel has not shown any extreme hardship or injustice depriving Plaintiff the opportunity to defend the case.

Fed. R. Civ. P. 15(a)(2) provides that "a party may amend its pleading only with the opposing party's written consent or the court's leave." When a party seeks leave to amend a pleading, such leave "must generally be granted unless equitable considerations render it otherwise unjust." *Arthur v. Maersk, Inc.*, 434 F.3d 196, 204 (3d Cir. 2006) (citing *Forman v. Davis*, 372 U.S. 178, 182 (1962)). "Among the factors that may justify denial of leave to amend are undue delay, bad faith, and futility." *Id.* "Futility means that the complaint, as amended, would fail to cure a deficiency in the original complaint or fail to state a claim upon which relief could be granted." *K.K-M v. N.J. Dep't of Educ.*, No. 17-11579, 2020 U.S. Dist. LEXIS 217634, at *16 (D.N.J. Nov. 17, 2020) (citing *Jablonski v. Pan American World Airways, Inc.*, 863 F.2d 289, 292 (3d Cir. 1988)). To assess futility, courts apply the same standard as applied under Fed. R. Civ. P. 12(b) (6). *Id.* (citing *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1434 (3d. Cir. 1997)). In other words, "the trial court may properly deny leave to amend when the amendment would not withstand a motion to dismiss." *Id.* (quoting *Massarsky v. Gen. Motors Corp.*, 706 F.2d 111, 125 (3d Cir. 1983)).

In addition, Local Civil Rule 15.1(a) states that "a party who seeks leave to amend a pleading shall do so by motion, which shall state whether such motion is opposed, and shall attach to the motion" both "(1) a copy of the proposed amended pleading; and (2) a form of the amended

2

pleading that shall indicate in what respect(s) it differs from the pleading which it proposes to amend, by bracketing or striking through materials to be deleted and underlining materials to be added."

Here, On May 26, 2021, Plaintiff filed a motion to amend his August 19, 2019 complaint seeking to add additional defendants and additional claims. (ECF No. 40). Prior to the filing of Plaintiff's May 26, 2021 amended complaint, Defendant had responded to Plaintiff's document demands including medical records. As noted in the October 25, 2021 Letter Order, "plaintiff's 'very extensive' amendments would exponentially expand the scope of an action that is otherwise proceeding to briefing of dispositive motions. The filing of the Amended Complaint at this stage would require service of process of five additional defendants … The new defendants would then be entitled to take discovery on any surviving claims. Thus allowing plaintiff to amend at this late stage would further delay resolution of a case that has been pending for over two years and subject the Court to further motion practice." (ECF No. 59). This undue delay as articulated by the Court was the sole reason for denial of the amended complaint and Plaintiff had the ability to continue to defend his case.

Following the denial of the leave to amend, Plaintiff continued to defend his case as both parties filed a joint status letter requesting to extend discovery until December 10, 2021 following the deposition of Plaintiff.  (ECF No. 60). The letter also included a joint dispositive motion schedule, outlined in a Scheduling Order. (ECF No. 61). Plaintiff now seeks further delay of this matter by requesting relief of an October order without a showing of an extreme hardship. As such, the Court should deny Plaintiff's motion.

Lastly, even if Plaintiff was granted leave to amend, he would not prevail on a Motion to dismiss based on Qualified Immunity as there is no clearly established law that an officer deter

from a medical determination. As evidenced in the medical records and documents received and reviewed by Plaintiff, medical professionals not employed by the DOC revoked his bottom bunk restriction.

## Conclusion

For the foregoing reasons, Defendants respectfully request that the Court deny Plaintiff's motion.

                                          Respectfully submitted,

                                          MATTHEW J. PLATKIN
                                          ACTING ATTORNEY GENERAL OF NEW JERSEY

                                    By:    s/ Chanell Branch
                                                 Chanell Branch
                                                 Deputy Attorney General